IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., Plaintiffs, | ) | No. 06-828L |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES, Defendant. | ) | |

**ANSWER**

Pursuant to RCFC 7(a), 8(b) and 12, Defendant answers the allegations in the numbered paragraphs of Plaintiffs' Complaint as follows:

1. Paragraph 1 contains Plaintiffs' characterization of their complaint, which requires no response. However, Defendant avers that the only proper defendant in this action is the United States.

2. Defendant admits that Kingman Reef is an emergent coral reef with a central lagoon located approximately 900 nautical miles south of Hawaii. As to Plaintiffs' allegation that Kingman Reef includes "surrounding waters," Defendant lacks knowledge or information as to Plaintiffs' meaning or definition of the term "surrounding waters," and therefore denies the allegation on that basis.

3. As to the allegations of the first sentence of paragraph 3, Defendant denies that Lorrin A. Thurston annexed Kingman Reef to the United States of America. As to the allegation in the first sentence of paragraph 3 that Lorrin A. Thurston claimed ownership for the Copra Company, this allegation is based on Plaintiffs' interpretation and characterization of certain documents, which requires no response because those documents provide the best evidence of

their contents. Defendant denies the allegations of the second sentence of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6 that relate to the United States. Defendant is without knowledge or information sufficient to form a belief as to whether the Territory of Hawaii or the State of Hawaii ever made claims to Kingman Reef, and therefore, denies the allegations on that basis. Defendant is without knowledge or information as to plaintiffs' meaning of the term "recorded any document," and therefore denies the allegations regarding the recording of title-related documents on that basis.

7. Defendant admits the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Paragraph 10 contains Plaintiffs' characterization of its complaint, to which no response is required. By way of further response, Defendant denies that the designation in question resulted in a taking of any property owned by Plaintiffs.

11. Defendant denies the allegations of the first and third sentences of paragraph 11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 11 and, on that basis, denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 12 and, on that basis, denies those allegations. Defendant denies the remaining allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14 to the extent that Plaintiffs improperly name the Department of the Interior (DOI) as a defendant in this litigation since the United States is the only proper Defendant in this action. Defendant admits the remaining allegations of the first sentence of paragraph 14. The allegations of the second sentence of paragraph 14 constitute Plaintiffs' characterization and interpretation of certain documents. The referenced documents, which have been produced to Plaintiffs' counsel in connection with the related case of Kingman Reef Atoll Investments, LLC v. United States, No. CV05-00151 (D. Hawaii), provide the best evidence of their contents. With respect to the allegations in the third sentence of paragraph 14, Defendant admits that on January 18, 2001, DOI issued Secretarial Order No. 3223, that this Order created the Kingman Reef NWR, and that Defendant is presently acting in accordance with and is carrying out the terms of that Order. The allegation that Secretarial Order No. 3223 is a "final agency action" is a legal conclusion to which no response is required. Defendant further avers that the issuance Order No. 3223 does not revive Plaintiffs' time-barred claims.

15. Defendant denies the allegations of paragraph 15 to the extent that Plaintiffs improperly name the DOI and its officials and employees as defendants since the United States is the only proper defendant in this action. Defendant admits the factual allegations of the first and second sentences of paragraph 15. With respect to the allegations in the third sentence of paragraph 15, Defendant admits that former Secretary Babbitt signed Secretarial Order No. 3223, and that Secretary Kempthorne is presently acting in accordance with and is carrying out the terms of the order.

16. Defendant denies the allegations of paragraph 16 to the extent that Plaintiffs

improperly name the United States Fish and Wildlife Service (FWS) and its officials and employees as defendants since the United States is the only proper defendant in this action. Defendant admits the remaining allegations of the first sentence of paragraph 16. Defendant denies the allegations of the second sentence of paragraph 16, and avers that the FWS issued a draft environmental assessment for the proposed Kingman Reef National Wildlife Refuge (NWR) in December 2000, an environmental assessment for the Proposed Kingman Reef NWR in January 2001, and a Finding of No Significant Impact for the Proposed Kingman Reef NWR on January 17, 2001. With respect to the allegations in the third sentence of paragraph 16, Defendant admits that the United States is presently acting in accordance with Secretarial Order No. 3223.

17. Defendant denies the allegations of paragraph 17 to the extent that Plaintiffs improperly name the FWS and its officials and employees as defendants since the United States is the only proper defendant in this action. Defendant otherwise admits the allegations of paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, on that basis, denies those allegations. Defendant further denies the allegations on the basis that the United States is the only proper defendant in this action and that Plaintiffs have improperly named persons and/or entities other than the United States as defendants in this litigation.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies that this Court has jurisdiction because Plaintiffs' claims are time-barred by the six year statute of limitations set forth in 28 U.S.C. § 2501. Defendant further avers that the Court lacks jurisdiction in this matter because Plaintiffs do not have standing to bring takings claims against the United States involving Kingman Reef.

23. The allegations of paragraph 23 assert conclusions of law, to which no response is required. Defendant further avers that the venue provision cited by Plaintiffs does not apply to this action since the United States Court of Federal Claims is a court of national jurisdiction.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that Kingman Reef is approximately 900 miles south of Hawaii, that it is 33 nautical miles north of Palmyra Atoll, and that it lies at 6 degrees, 23'N latitude, and 162 degrees 25'W longitude. The allegations in paragraph 26 are otherwise denied.

27. Defendant denies the allegations of the first sentence of paragraph 27 and avers that Kingman Reef is comprised of both submerged and partially exposed coral reefs. Defendant admits the allegations of the second sentence of paragraph 27.

28. Defendant admits the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29 to the extent that Plaintiffs improperly name the DOI and the FWS as defendants since the United States is the only proper defendant in this action. Defendant denies the remaining allegations in paragraph 29 on the ground that these allegations constitute Plaintiffs' characterization and interpretation of certain documents, which requires no response because those documents provide the best evidence of their contents.

30. Defendant admits the allegations of the first sentence of paragraph 30, and further aver that the United States owns Kingman Reef. The allegations of the second sentence of paragraph 30 constitute Plaintiffs' characterization of Executive Order ("E.O.") 6935, which requires no response because the document itself provides the best evidence of its contents. A copy of E.O. 6935 is attached hereto as Exhibit A.

31. Defendant admits that E.O. 8682 was issued on February 14, 1941, and was amended by E.O. 8729, issued on April 2, 1941. The remaining allegations in paragraph 31 constitute Plaintiffs' characterization of E.O. 8682, as amended, which requires no response because the document itself provides the best evidence of its contents. A copy of E.O. 8682 is attached hereto as Exhibit B. The allegations of the second sentence of paragraph 31 also constitute a conclusion of law to which no response is required.

32. The allegations of paragraphs 32 constitute Plaintiffs' characterization of E.O. 8682, which requires no response because the document itself provides the best evidence of its contents. <u>See</u> Exhibit B.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34, and avers that the first recorded western contact at Kingman Reef was by Captain Fanning in 1798, and that it was visited by Captain Kingman in 1853.

35. The allegations of paragraph 35 include conclusions of law, to which no response is required. However, by way of further response, Defendant specifically denies that any actions taken by Lorrin A. Thurston or the Copra Company in 1922 were legally effective to establish a claim ow ownership to Kingman Reef. Defendant also denies the allegation that Lorrin A.

Thurston annexed Kingman Reef to the United States of America. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Copra Company is or was a corporation under the laws of the Territory of Hawaii and, on that basis, denies that allegation.

36. Defendant denies the allegations in paragraph 36 that Leslie Fullard-Leo and Ellen Fullard-Leo were the "owners" of Kingman Reef. Defendant is without sufficient knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 36 and, on that basis, denies those allegations.

37. Defendant denies the allegations in paragraph 37.

38. Defendant admits that the allegations of paragraph 38 accurately quote a document that purports to be 1922 board minutes of the Island of Palmyra Copra Company, but further states that this document provides the best evidence of its contents. Defendant further avers that Plaintiffs' predecessors-in-interest acknowledged the United States' ownership of Kingman Reef in the late 1930's, and sought compensation from the United States for their 1922 voyage to the reef, and that those claims were specifically and expressly rejected by Defendant in 1938. See Exhibits C-E.

39. The allegations of paragraph 39 constitute Plaintiffs' characterization of certain documents, which requires no response because the documents themselves provide the best evidence of their contents.

40. The allegations of paragraph 40 include conclusions of law, to which no response is required. As to the factual allegations of the first sentence of paragraph 40, Defendant admits that Thurston sailed to Kingman Reef atoll in 1922, but denies that he annexed the atoll to the

United States. The remaining allegations in paragraph 40 are based on Plaintiffs' interpretation and characterization of certain referenced documents, which requires no response because the documents themselves provide the best evidence of their contents.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies those allegations. Defendant denies that there was ever a "formal certificate of possession" that vested title to Kingman Reef in Thurston, Copra Company, or the Fullard-Leo family.

42. The allegations of paragraph 42 include conclusions of law, to which no response is required. To the extent that paragraph 42 includes factual allegations, those allegations are denied.

43. The allegations of paragraph 43 constitute Plaintiffs' characterization of a document, which requires no response because the referenced document itself provides the best evidence of its contents.

44. The allegations of paragraph 44 constitute Plaintiffs' characterization of a document, which requires no response because the referenced document itself provides the best evidence of its contents.

45. The allegations of paragraph 45 constitute Plaintiffs' characterization of the referenced documents, which requires no response because the referenced documents themselves provide the best evidence of their contents. Defendant further avers that Plaintiffs' predecessors-in-interest acknowledged the United States' ownership of Kingman Reef in the late 1930's, and sought compensation from the United States for their 1922 voyage to the reef, and that those claims were specifically and expressly rejected by Defendant in 1938. See Exhibits C-E.

46. Defendant denies the allegations of the first sentence of paragraph 46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 44 and, on that basis, denies those allegations.

47. The allegations of paragraph 47 constitute Plaintiffs' characterization of certain referenced documents, which require no response because the referenced documents themselves provide the best evidence of their contents. The factual allegations in the second sentence of paragraph 47 are denied in that the Department of State did not dispute the Copra Company's "claim" to ownership of Kingman Reef because it was not legally obligated to. Defendant further avers that contemporaneous actions of the United States conclusively establish that Defendant considered and denied private claims of ownership to Kingman Reef asserted by Plaintiffs' predecessors-in-interest.

48. The allegations of paragraph 48 constitute Plaintiffs' characterization of certain documents, which require no response because the referenced documents themselves provide the best evidence of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 48 and, on that basis, denies those allegations.

49. The allegations of paragraph 49 constitute Plaintiffs' characterization of a certain document, which requires no response because the referenced document itself provides the best evidence of its contents. Defendant specifically denies that Mrs. Ellen Fullard-Leo owned Kingman Reef.

50. The allegations of paragraph 50 constitute Plaintiffs' characterization of certain documents, which requires no response because the referenced documents themselves provide

the best evidence of their contents.

51. The allegations of paragraph 51 constitute Plaintiffs' characterization of certain documents, which are referenced only generally. This characterization requires no response because the referenced documents themselves provide the best evidence of their contents. Defendant further responds that, because the description of these documents is very general, Defendant is without knowledge or information sufficient to form a belief as to the existence of the referenced documents or to the contents of those documents, if any. Defendant further avers that Plaintiffs' predecessors-in-interest acknowledged the United States' ownership of Kingman Reef in the late 1930's, and sought compensation from the United States for their 1922 voyage to the reef, and that those claims were specifically and expressly rejected by Defendant in 1938. See Exhibits C-E.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. The allegations of paragraph 54 constitute Plaintiffs' characterization of the referenced documents, which requires no response because the referenced documents themselves, in their entirety, provide the best evidence of their contents. In that regard, Defendant avers that the referenced memorandum is from "Jamie" and not "Jane" Rappaport Clark. Defendant admits that the allegations in paragraph 54 accurately quote selective portions of the referenced memorandum, and avers that the quoted statements must be read in context of the full memorandum and related documents. Specifically, Defendant responds and avers that any "preliminary" reports, documents or letters that it issued in connection with the process for determining whether to designate Kingman Reef as a National Wildlife Refuge must be

interpreted in light of subsequent investigations undertaken in connection with that determination and the issuance of any final reports and decisions regarding Kingman Reef. Defendant avers that subsequent investigations confirmed that the United States was the owner of Kingman Reef and that the claims of private ownership asserted by the Fullard Leo family and related entities were invalid.

55. Defendant denies that Kingman Reef is or was ever privately owned by Plaintiff KAI, and Defendant denies that defendant ever "admitted or acknowledged that Kingman Reef is privately owned by plaintiff KAI." The remaining allegations of paragraph 55 constitute Plaintiffs' characterization of the referenced document, which requires no response because the referenced document itself provides the best evidence of its contents. However, Defendant admits that the allegations in paragraph 55 accurately quote selective portions of the referenced memorandum, and avers that the quoted statements must be read in context of the full memorandum and related documents. Specifically, Defendant responds and avers that any "preliminary" reports, documents or letters that it issued in connection with the process for determining whether to designate Kingman Reef as a National Wildlife Refuge must be interpreted in light of subsequent investigations undertaken in connection with that determination and the issuance of any final reports and decisions regarding Kingman Reef. Defendant admits that the FWS was proposing in 1997 to study fee title acquisition of Kingman Reef and avers that subsequent investigations and studies of this issue confirmed that the United States was the owner of Kingman Reef and that the claims of private ownership asserted by the Fullard Leo family and related entities were invalid.

56. The allegations of paragraph 56 constitute Plaintiffs' interpretation and

characterization of the referenced document as well as the documents referenced in paragraphs 54 and 55, which requires no response because the document referenced in each paragraph provides the best evidence of their contents. Defendant further avers that the referenced letter is from "Robert P. Smith," not "Robert F. Smith," and notes that the reference letter deals primarily with coordination regarding the cleanup of contamination at Palmyra. Defendant further responds that any preliminary reports, documents or letters that it issued in connection with the process for determining whether to designate Kingman Reef as a National Wildlife Refuge must be interpreted in light of subsequent investigations undertaken in connection with that determination and the issuance of any final reports and decisions regarding Kingman Reef.

57. The allegations of paragraph 57 constitute Plaintiffs' characterization of the referenced document, which requires no response because that document itself provides the best evidence of its contents. Defendant specifically denies that the Fullard-Leo family owns or ever owned an interest in Kingman Reef, and avers that the author of the referenced document was not charged with investigating or otherwise assessing title to Kingman Reef and had no authority to claim or disclaim title to federal property, and that the quoted statement is incorrect.

58. On information and belief, Defendant denies the allegations of the first sentence of paragraph 58, and further avers that the 1991 meeting between The Nature Conservancy ("TNC") and Peter Savio was regarding Palmyra. The allegations of the second sentence of paragraph 58 constitute Plaintiffs' characterization of the referenced 1991 memorandum from Jim Maragos of The Nature Conservacy, which requires no response because the referenced document itself provides the best evidence of its contents. Defendant further avers that TNC was not acting as an agent of the United States in any dealings it had or may have had with Savio or

others.

59. Defendant denies the allegations of the first sentence of paragraph 59. Defendant admits that the GAO issued the 1997 report referenced in paragraph 59. The remaining allegations in paragraph 59 constitute Plaintiffs' characterization of that report, which requires no response since the report itself provides the best evidence of its contents.

60. The allegations of paragraph 60 constitute Plaintiffs' characterization of certain documents, which requires no response because the referenced documents themselves provide the best evidence of their contents.

61. Defendant admits the allegations of the first sentence of paragraph 61. The allegations of the second sentence of paragraph 61 constitute Plaintiffs' characterization of the referenced document, which requires no response because the referenced document itself provides the best evidence of its contents.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the first sentence of paragraph 63.

a. The allegations of paragraph 63.a. constitute Plaintiffs' characterization of the referenced documents, which requires no response because the referenced documents themselves provide the best evidence of their contents.

b. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63.b. and, on that basis, denies those allegations.

c. Defendant denies the allegations of paragraph 63.c.

d.-e. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63.d.-e. and, on that basis, denies those allegations. With

respect to the allegations of paragraph 63.d., Defendant specifically denies that KRAI, and any of their agents, associates, or representatives were authorized at any time to grant permission to access Kingman Reef, a federal property.

f. Defendant denies the allegations of paragraph 63.f.

g.-j. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63.g.– 63.j. and, on that basis, denies those allegations. With respect to the factual allegations in paragraph 63.h., Defendant specifically denies that the allegation that Kingman Reef was the property of the Fullard-Leo family, and defendant denies that the Fullard-Leo family, KRAI, and any of their agents, associates, or representatives were authorized at any time to grant permission to access Kingman Reef, a federal property. Likewise, defendant denies that the Fullard-Leo family, KRAI, and any of their agents, associates, or representatives were authorized at any time to stop commercial fishing in and around Kingman Reef, or to survey and/or inspect Kingman Reef. Finally, defendant denies that the Fullard-Leo family, KRAI, and any of their agents, associates, or representatives were authorized at any time to visit Kingman Reef without first obtaining permission from the United States Navy or the FWS.

k. The allegations in paragraph 63.k. constitute Plaintiffs' characterization of the referenced correspondence between Captain Charles F. Brady, who was assigned to National Aeronautics and Space Administration for a period of time, and both Peter Savio and Ainsley Fullard-Leo, that sought permission for amateur ham radio operations on Kingman Reef. No response to Plaintiffs' characterization of the referenced documents is required because those documents provide the best evidence of their contents. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63.k. and, on that basis, denies those allegations. Defendant denies that the Fullard-Leo family or any of their representatives were authorized at any time to grant permission to access Kingman Reef, a federal property.

l.–q. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63.l.– 63.q. and, on that basis, denies those allegations. Defendant denies that the Fullard-Leo family, KRAI, and any of their agents, associates, or representatives were authorized at any time to stop commercial fishing in and around Kingman Reef, or to survey and/or inspect Kingman Reef. Finally, defendant denies that the Fullard-Leo family, KRAI, and any of their agents, associates, or representatives were authorized at any time to visit Kingman Reef without first obtaining permission from the United States Navy or the FWS.

r. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.r. and, on that basis, denies those allegations. Defendant denies that it tried to purchase Kingman Reef from the Fullard-Leo family.

s. Defendant denies the allegations of paragraph 63.s.

t. Defendant denies the allegations of the first and second sentences of paragraph 63.t. As to the factual allegations of the third sentence of paragraph 63.t., Defendant admits that it has not filed a deed, but denies any legal conclusions implied by that allegation, and further avers that the United States was not required to "file" a deed to establish its ownership of Kingman Reef.

u. Defendants denies the allegations of paragraph 63.u.

v. Defendant denies the allegations of paragraph 63.v.

64. Defendant denies the allegations of the first sentence of paragraph 64, and avers that while certain documents indicate that Defendant knew that Plaintiffs had purportedly asserted a claim to Kingman Reef, Defendant denies that Plaintiffs and/or their predecessors in interest ever owned Kingman Reef, and Defendant denies that the federal government ever acknowledged or admitted that plaintiffs owned any interest in Kingman Reef. As to the allegations of the second sentence of paragraph 64, Defendant admits that Kingman Reef was designated as a National Wildlife Refuge ("NWR"), Defendant admits that it did not obtain the consent of Plaintiffs before designating Kingman Reef a NWR, but avers that it was not legally required to do so because Plaintiffs had no ownership interest in Kingman Reef at the time of the designation. Defendant denies all other allegations in paragraph 64.

65. Defendant denies the allegations of paragraph 65, and further avers that Plaintiffs never had any "ownership" or other "private property interests" associated with Kingman Reef.

66. Defendant denies the allegations of paragraph 66 to the extent that Plaintiffs improperly refers to the FWS as a defendant in this litigation. Defendant admits the remaining allegations of paragraph 66 to the extent that the FWS did not extend the time period for public comment on the Draft Environmental Assessment for the proposed Kingman Reef NWR, and that on January 18, 2001, the Secretary of the Interior signed Order No. 3223 establishing Kingman Reef NWR , which is administered by the FWS. Defendant denies the remaining allegations of paragraph 66, including the allegation that Plaintiffs had an ownership interest in Kingman Reef.

67. Defendant denies the allegation of paragraph 67 that the FWS issued a press

release regarding a Draft Environmental Assessment (EA) and Draft Conceptual Management Plan (CMP) on December 11, 2000, and avers that FWS issued a press release on December 12, 2000. Defendant admits the remaining allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69, and avers that the FWS provided notice of Defendant's ownership position to the plaintiffs and the Fullard-Leo family in the EA. Defendant further avers that Plaintiffs and their predecessors-in-interest were provided with notice of Defendant's assertion of ownership and exclusive control of Kingman Reef no later than 1934, when President Franklin D. Roosevelt issued an executive order that "reserved [and] set aside" Kingman Reef and placed it and other small Pacific Islands and associated reefs "under the control and jurisdiction of the Secretary of the Navy." A copy of this 1934 Executive Order is attached hereto as Exhibit A. Defendant further avers that Plaintiffs' predecessors-in-interest acknowledged the United States' ownership of Kingman Reef in the late 1930's, and sought compensation from the United States for Lorrin Thurston's 1922 voyage to the reef, and that those claims were specifically and expressly rejected by Defendant. Copies of the 1937 and 1938 correspondence between Plaintiffs' predecessors-in-interest and Defendant are attached hereto as Exhibits C-E.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding how or when the Fullard-Leo Family and Plaintiffs first obtained copies of the "Draft EA and Draft CMP," both of which are public documents that were made available for public review and comment during the process that led to the designation of Kingman Reef as a NWR. Defendant denies the remaining allegations of paragraph 70, and

incorporates by reference its response to paragraph 69.

71. Defendant admits that there was a 30 day public comment period on the Draft EA, but denies all of the other allegations of paragraph 71.

72. Defendant admits that several persons or parties, including those listed in paragraph 72, requested that the public comment period be extended. The reasons for these requests are set forth in the letters in which such requests were made, which documents are the best evidence of their contents.

73. Defendant admits that requests to extend the public comment period beyond 30 days were denied. Defendant denies the remaining allegations of paragraph 73.

74. Defendant admits the allegation of paragraph 74 to the extent that the FWS timely received comments from a law firm on behalf of the Fullard-Leo family and Plaintiffs. The remaining allegations regarding those comments constitute Plaintiffs' characterization of the documents containing the referenced comments, which requires no response because the referenced documents themselves provide the best evidence of their contents. Defendant denies the remaining allegations of paragraph 74.

75. Defendant admits the allegation of paragraph 75 that the FWS issued a Finding of No Significant Impact ("FONSI") on January 17, 2001 concluding that establishing a National Wildlife Refuge at Kingman Reef would not significantly affect the quality of the human environment. The remaining allegations in paragraph 75 constitute Plaintiffs' characterization of the FONSI, which requires no response because the document itself provides the best evidence of its contents. However, Defendant avers that the FONSI states that the Solicitor's Office of the Department of the Interior reviewed assertions that Kingman Reef was privately owned and

determined that these claims of private ownership were not legally valid. A copy of the FONSI is attached hereto as Exhibit F. The remaining allegations in paragraph 75 are denied.

76. Defendant denies the allegations of paragraph 76.

77. Defendant admits that on January 18, 2001, then Secretary of the Interior Bruce Babbitt signed Secretarial Order No. 3223 and that this Order designated Kingman Reef as a National Wildlife Refuge. Defendant denies the allegations of the second sentence of paragraph 77. A copy of Secretarial Order No. 3223, which is referred to in this and earlier paragraphs of Plaintiffs' Complaint, is attached hereto as Exhibit G.

78. The allegations in paragraph 78 constitute conclusions of law, which require no response. Defendant admits that the public access to Kingman Reef NWR is restricted, but further avers that public access to and use of Kingman Reef, including the surrounding waters, has been restricted for more than 60 years. <u>See</u> Exhibits A-B (1934 and 1941 Executive Orders). The remaining factual allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 constitute conclusions of law, which require no response. Defendant further avers that to the extent Plaintiffs seek to challenge the designation of Kingman Reef as a NWR under either National Environmental Policy Act ("NEPA") or the Administrative Procedure Act ("APA"), the Court of Federal Claims lacks jurisdiction to hear such claims. To the extent that paragraph 79 contains factual allegations, those allegations are denied. Further, Defendant denies that the designation of Kingman Reef NWR was a violation of either NEPA or the APA.

80. Defendant admits that on February 16, 2001, Plaintiffs herein and two other parties filed suit in the U.S. District Court for the District of Hawaii, and that the action, styled

Kingman Reef Atoll Investments, L.L.C., et al. v. The United States Dep't of the Interior, et al., Case No. 1-00122 SOM-LE, was dismissed by the court on March 22, 2002. Kingman Reef Atoll Investments, LLC v. Dep't of the Interior, 195 F. Supp.2d 1178 (D. Hawaii 2002). Defendant further avers that the district court dismissed the plaintiffs' claims in that case after finding that the plaintiffs lacked both prudential and procedural standing. Id. The remaining allegations of paragraph 80 purport to characterize the referenced lawsuit and therefore require no response.

Defendant further avers that Plaintiffs herein and two other parties filed a prior complaint in this Court alleging a taking of their purported ownership interest in Kingman Reef on February 20, 2002. Kingman Reef Atoll Investments, LLC, et al. v. United States, No. 02-140L (Fed. Cl.). However, the plaintiffs voluntarily dismissed this action under RCFC 41(a)(1)(A) on April 19, 2002.

81. Defendant admits the allegations of paragraph 81. Defendant further avers that the claims asserted by the plaintiffs in the quiet title action are barred by the twelve-year statute of limitations set forth in the federal Quiet Title Act, 28 U.S.C. § 2409a(g). With respect to the allegations in footnote 1, Defendant admits that the quiet title action pending in federal district court does not include a takings claim and does not seek monetary damages.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

84. Defendant denies the allegations of paragraph 84. Defendant further avers that access to Kingman Reef has been restricted since 1934. See Exhibits A-B.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. The allegations in paragraph 87 include conclusions of law, which require no response. To the extent that paragraph 87 contains factual allegations, those allegations are denied. Defendant specifically denies the allegation that Plaintiffs have ever owned property at Kingman Reef. Defendant admits that it has not offered any compensation to Plaintiffs, but avers Plaintiffs are not legally entitled to any compensation, and further avers that it specifically denied a request for compensation by Plaintiffs' predecessors-in-interest in 1938. See Exhibits C-E. Defendant further avers that the United States owns Kingman Reef and denies any allegation that Plaintiffs are entitled to compensation due to actions taken with respect to property that they do not own.

88. Defendant incorporates by reference its above responses, admissions and denials to the allegations in paragraphs 1 through 87.

89. The allegations in paragraph 89 constitute Plaintiffs' characterization of the takings clause of the Fifth Amendment to the Constitution, which requires no response because the Constitution provides the best evidence of its contents.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96.

97. Defendant incorporates by reference its above responses, admissions and denials to the allegations in paragraphs 1 through 96.

98. The allegations in paragraph 98 constitute conclusions of law, which require no response.

99. The allegations in paragraph 99 constitute conclusions of law, which require no response. To the extent that paragraph 99 contains factual allegations, those allegations constitute Plaintiffs' interpretation and characterization of documents relating to the designation and implementation of Kingman Reef as a NWR, which require no response because those documents provide the best evidence of their contents. Any remaining factual allegations in paragraph 99 are denied.

100. Defendant denies the allegations of paragraph 100. Defendant further denies that Plaintiffs have or had any private property interests in Kingman Reef.

101. Defendant denies the allegations of paragraph 101. Defendant further denies that Plaintiffs have or had any private property interests in Kingman Reef.

102. Defendant denies the allegations of paragraph 102. Defendant further denies that Plaintiffs have or had any private property interests in Kingman Reef.

103. Defendant denies the allegations of paragraph 103. Defendant further denies that Plaintiffs have or had any private property interests in Kingman Reef.

**PLAINTIFFS' REQUEST FOR RELIEF**

104.-106. The allegations in paragraphs 104 to 106 of the Complaint constitute Plaintiffs' request for relief, to which no response is required.

**GENERAL DENIAL**

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable six-year statute of limitations. See 28 U.S.C. § 2501. Defendant's ownership and control of Kingman Reef, to the exclusion of Plaintiffs, their predecessors, and all others, dates back to at least 1934, when President Franklin D. Roosevelt issued an executive order that "reserved [and] set aside" Kingman Reef and placed it and other small Pacific Islands and associated reefs "under the control and jurisdiction of the Secretary of the Navy." See Exhibit A. Plaintiffs' predecessors subsequently acknowledged Defendant's ownership of Kingman Reef and sought compensation for their purported interests in Kingman Reef. See Exhibits C–D. Defendant denied those claims for compensation in 1938. See Exhibit E. Plaintiffs' takings claims are therefore time-barred.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue takings claims based on the designation of Kingman Reef as a National Wildlife Refuge because they did not possess a compensable property interest in Kingman Reef at the time of the designation. Instead, Kingman Reef was owned by the United States at the time of the designation.

THIRD AFFIRMATIVE DEFENSE

This Court should postpone the exercise of its jurisdiction to determine whether Plaintiffs' claims are time-barred or whether Plaintiffs lack standing to pursue takings claims

pending the outcome of the related quiet title action brought by Plaintiffs that is pending in federal district court. Because the claims in both cases arise from the same operative facts, such abstention would conserve judicial resources and avoid duplicative litigation.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

WHEREFORE, having fully answered, Defendant denies that Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be allowed its costs and such other further relief as the Court may allow.

Dated: February 5, 2007

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

Mariel J. Combs
Office of the Solicitor
United States Department of the Interior
Pacific Northwest Region
500 N.E. Multnomah St., Suite 607
Portland, OR 97232