IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., Plaintiffs, | ) | No. 06-828L |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Pursuant to Rules 12(b)(1) and 12(h)(3) of the United States Court of Federal Claims ("RCFC"), and in accordance with the Court's Order of February 9, 2007 (Doc. 8), Defendant United States hereby moves to dismiss Plaintiffs' takings claims for lack of jurisdiction on the grounds that those claims are time-barred under the applicable six-year statute of limitations, 28 U.S.C. § 2501. Alternatively, Defendant moves for judgment on the pleadings pursuant to RCFC 12(c) on the same grounds.

As set forth in the supporting memorandum filed herewith, this case involves Kingman Reef, is a low-lying coral reef atoll located in the central Pacific Ocean, approximately 900 nautical miles south of Hawaii. Plaintiffs allege that their predecessors-in-interest acquired private property rights to Kingman Reef in 1922, and that those rights were conveyed to them in November 2000. Although the question of whether Plaintiffs acquired any compensable property rights to Kingman Reef in 1922 is disputed,[1] that title dispute need not be reached or resolved in

[1] Plaintiff have filed a federal Quiet Title Action ("QTA") seeking title to Kingman Reef in the federal district court for the District of Hawaii. Kingman Reef Atoll Investments, LLC v. United States, No. CV05-00151 JMS-BMK (D. Hawaii). Defendants' position is that these quiet title claims, which are subject to a twelve-year statute of limitations, are also time-barred.

order for the Court to determine whether Plaintiffs' claim that those interests have been taken is time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. Even assuming, *arguendo*, that Plaintiffs acquired private property rights to Kingman Reef in 1922, those rights were interfered with in 1934 when the United States – through the issuance of an Executive Order – clearly, unequivocally and very publicly indicated that Kingman Reef was public property that the United States was thereafter reserving and setting aside for military purposes. Control and jurisdiction over the property was assigned to the Secretary of the Navy, where it remained until 2000, when that control and responsibility was transferred to the Secretary of the Interior. Any private property rights held in Kingman Reef, including the right to exclude others from entering and using the property, were interfered with upon issuance of the 1934 Executive Order. Plaintiffs' actual knowledge of the 1934 Executive Order and the effect of that Order on their claim of private ownership of Kingman Reef is revealed in a series of letters from 1937 and 1938 in which Plaintiffs' predecessors-in-interest presented their claim of ownership of Kingman Reef to the Government and sought compensation due to the 1934 Executive Order. Those claims were denied, in writing, in 1938.

Based on these undisputed facts, which are set forth in more detail with record citations in the attached memorandum, the Court should conclude that Plaintiffs' takings claims involving Kingman Reef accrued as early as 1934, and certainly no later than 1938. Accordingly, those claims – which are subject to a six-year statute of limitations – have been time-barred for nearly 70 years. Defendant's motion to dismiss Plaintiffs' claims for lack of jurisdiction should therefore be granted.

Dated: March 30, 2007

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:
Mariel J. Combs
Office of the Solicitor
United States Department of the Interior
Pacific Northwest Region
500 N.E. Multnomah St., Suite 607
Portland, OR 97232

Robert J. Smith
Office of the General Counsel
Navy Litigation Office
720 Kennon St., SE, Room 233
Washington Navy Yard, DC