# Exhibit "H"

August 12, 1997

Mr. Peter B. Savio
President
Palmyra Development Co. In.
931 University Ave., Suite 105
Honolulu, HI 96826

Dear Peter:

Thank you for sending the information clarifying the rightful title of the Fullard-Leo's to Palmyra and Kingman Reef. The brief is well documented regarding the basis for clear title to the entire area of Palmyra and Kingman, including surrounding reefs.

As we discussed, the General Accounting Office is completing an extensive report regarding the application of the Constitution and federal laws in territories of the United States at the request of Committee on Resources Chairman Don Young. The House of Representatives has designated the Committee with primary jurisdiction for all territories. There is considerable interest in Congress in insuring that private property rights of U.S. citizens are protected. That certainly includes the Fullard-Leo's rights to Palmyra and Kingman currently and under any future legislation which would affect the formal jurisdiction of these islands.

Please keep me posted about any other matters which may arise regarding Palmyra and Kingman. I am particularly concerned about the timely environmental clean up you mentioned of old storage tanks, etc. by the Department of Defense pursuant to Federal Law.

I will forward you and the Fullard-Leo's copies of the completed GAO report. Hopefully, the report will be finalized within the next two months.

Please give my regards to Ainsley.

Sincerely,

Manase

T.E. Manase Mansur
Adviser on Insular and International Affairs

*1324 Longworth HOB, Washington, D.C., 20515 Ph: (202) 226-7400 Fax: 225-5929*
*E-mail: manase.mansur@mail.house.gov*

# Exhibit “I”

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

- - -

KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, AND DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,

Defendants.

CERTIFIED COPY

No. CV05-00151 JMS/BMK

DEPOSITION OF

CHARLES COOK

BURBANK, CALIFORNIA

MARCH 26, 2007

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY: JOSEPH R. LOMBARDI, CSR NO. 12641

FILE NO.: A1007EE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

- - -

KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,

Plaintiff,

vs.

No. CV05-00151 JMS/BMK

THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, AND DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,

Defendants.

Deposition of CHARLES COOK, taken on behalf of Plaintiff, at 2900 North San Fernando Boulevard, Conference Room, Burbank, California, commencing at 9:29 A.M., Monday, March 26, 2007, before Joseph R. Lombardi, CSR No. 12641.

A P P E A R A N C E S:

For Plaintiff:

CANNATA, CHING & O'TOOLE LLP
BY: THERESE Y. CANNATA
899 Ellis Street
San Francisco, California 94109
(415) 409-8900

BROOKS, TOM, PORTER & QUITIQUIT LLP
BY: DONNA H. YAMAMOTO
841 Bishop Street
Honolulu, Hawaii 96813
(808) 526-3011

For The United States of America:

UNITED STATES DEPARTMENT OF JUSTICE
ENVIRONMENT & NATURAL RESOURCES DIVISION
NATIONAL RESOURCES SECTION
BY: DONNA SHEEHAN FITZGERALD
601 D Street Northwest, Room 304
Washington, D.C. 20004
(202) 305-0476

For Charles Cook:

COX, CASTLE & NICHOLSON LLP
BY: ANDREW K. FOGG
2049 Century Park East, 28th Floor
Los Angeles, California 90067
(310) 277-4222

boat out to Kingman Reef that you know of?

A. Not that I know of.

Q. Did you ever ask permission of the Fullard-Leo family to include in one of your trips to Palmyra permission to go to Kingman Reef if you wanted to?

MR. FOGG: Asked and answered.

MS. CANNATA: It's a different question, I think.

Q. Go ahead?

A. Would you repeat it.

Q. Yes.

(Whereupon, the record was read by the reporter.)

THE WITNESS: I don't remember that.

BY MS. CANNATA:

Q. Had you ever heard from anybody that persons wishing to visit the Kingman Reef had to secure permission from the Fullard-Leo family? Had you ever heard that before today?

A. I guess the only real example I had was when Chuck Brady, the astronaut, wanted to go out there.

Q. And --

A. That was on our first trip to the atoll in October 1997. Ainsley and Betty Fullard-Leo were on the trip, as was an astronaut named Chuck Brady. We were

visiting the atoll for the first time.

Mr. Brady is a ham radio guy. He wanted to go to Kingman Reef, and I think he asked Ainsley if he could go while he was out there.

Q. And what came of that?

A. If I recall, Mr. Brady radioed a fishing boat that was fishing around the atoll at night and asked if the fishermen would take him out to the atoll for hire, and that's about all I know because I think he and Ainsley worked out something.

MR. FOGG: To Kingman Reef?

THE WITNESS: To Kingman Reef. I'm sorry. What did I say?

MR. FOGG: The atoll.

BY MS. CANNATA:

Q. To Kingman Reef?

A. Yes. I'm sorry.

Q. As far as you know, he took the trip?

A. Yes. I think he did.

Q. And what was Mr. Brady doing on the trip to begin with, on the trip to Palmyra?

A. Testing communications equipment for NASA.

Q. Was this during the fund-raising part of it?

A. This was the very first trip.

Q. Do you know when this was?

A. October of '97.

Q. Okay. There's a section in this document called "Threats." Do you see that?

A. (Witness shakes head up and down.)

Q. Go down to where it -- yes?

A. Yes.

Q. Go down to where it says "Kingman Reef."

A. Yes.

Q. It says, "The primary threats to the natural resources are oil spills, shipwrecks and poaching." Independent of this document --

A. Yes.

Q. Independent of this document, do you agree with that statement? I say independent of the document to avoid objection from counsel, but my basic question is do you agree with that statement?

A. Not really.

Q. Why?

A. I have no knowledge of oil tankers and ships going that close to Kingman Reef. Maybe the Fish and Wildlife Service has knowledge. I don't. I don't have that kind of knowledge.

Q. Okay. Go to page 6 where it says "Kingman Reef." Do you see that?

A. Yes.

# Exhibit "J"

SHORT CRESSMAN & BURGESS PLLC
Michael R. Garner, Hawaii Bar No. 1768
Richard A. Du Bey, Washington Bar No. 8109
John J. Houlihan, Jr., Washington Bar No. 30285
999 Third Avenue, Suite 3000
Seattle, WA 98104
Ph. 206-682-3333
Attorneys for Plaintiffs Palmyra Pacific Seafoods, LLC and Kingman Reef Enterprises LLC

BROOKS TOM PORTER & QUITIQUIT, LLP
Christian Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Ph. 808-526-3011
Attorney for Plaintiffs Kingman Reef Atoll Investments, LLC and Kingman Reef Atoll Development, LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 07 2002

at 3 o'clock and 37 min. P.M
WALTER A. Y. H. CHINN, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C. *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF INTERIOR et al.<br><br>Defendants. | NO. CV 01-00122 SOM-LEK<br><br>ORIGINAL AFFIDAVIT OF FRANK SORBA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>DATE: March 18, 2002<br>TIME: 9:00 a.m.<br>JUDGE: Susan Oki Mollway<br><br>Trial Date: May 21, 2002 |

# ORIGINAL AFFIDAVIT OF FRANK SORBA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

SHORT CRESSMAN & BURGESS PLLC
Michael R. Garner, Hawaii Bar No. 1768
Richard A. Du Bey, Washington Bar No. 8109
John J. Houlihan, Jr., Washington Bar No. 30285
999 Third Avenue, Suite 3000
Seattle, WA 98104
Ph. 206-682-3333

BROOKS TOM PORTER & QUITIQUIT
Christian Porter, Hawaii Bar No. 3744
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Ph. 808-526-3011
Attorney for Plaintiffs Kingman Reef Atoll Investments, LLC and Kingman Reef Enterprises, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C. *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF INTERIOR et al.<br><br>Defendants. | NO. CV 01-00122<br><br>AFFIDAVIT OF FRANK SORBA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT |

STATE OF WASHINGTON )
) SS.
COUNTY OF KING )

I, FRANK SORBA being first duly sworn on oath, states as follows:

1. I am over 18 years of age, have personal knowledge of the facts contained in this affidavit, and am competent to testify.

2. Kingman Reef is a remote coral atoll located approximately 1,000 miles south of Hawaii and about 30 miles from the Palmyra Atoll. Given its extremely remote location, it is difficult to travel to Kingman Reef. Palmyra is accessible by airplane or a three day boat voyage from Hawaii. Kingman Reef is accessible by boat from Palmyra, three days voyage from Hawaii or by aircraft over-flight.

3. The Fullard- Leo Family owned the Palmyra Atoll until its sale to The Nature Conservancy in October of 2000. The Fullard Leo family has owned Kingman Reef since its annexation to the sovereign jurisdiction of the United States in 1922.

4. In 1999, my company Palmyra Pacific Enterprises, LLC entered into a license agreement with Palmyra Development Co., Inc. and sublicensed all of the rights to my other company, Palmyra Pacific Seafoods, LLC ("PPS"). Palmyra Development held the master lease for Palmyra with the Fullard-Leo family. The license agreement allowed PPS to operate a commercial fishing operation based on the Palmyra Atoll to fish in the waters in and around Palmyra and Kingman Reef subject to certain prohibitions to protect the coral reef environment.

5. PPS invested over $3,500,000.00 in its operation on Palmyra. During 2000, PPS harvested fish in the waters off of Kingman Reef.

6. In November, 2000, my company Kingman Reef Enterprises, LLC ("KRE") entered into a license with Kingman Reef Development LLC to establish a similar fishing operation in and around Kingman Reef.

7. In conjunction with the Family's environmental stewardship and protection of Palmyra and Kingman Reef, the licenses under which PPS and KRE operate contain restrictive provisions governing business operations to protect the coral reef ecosystems.

The licenses contain detailed conditions, prohibitions and restrictions on the use of Kingman Reef and Palmyra in accordance with the Master Lease requirements including:

(i) prohibiting commercial fishing within the 100 fathom mark of Palmyra or Kingman Reef;

(ii) prohibiting any and all fishing, commercial or sport, within the lagoons of Kingman Reef and Palmyra;

(iii) prohibiting any fishing activities that damages the coral reefs of Kingman Reef or Palmyra;

(iv) fishing for or collection of tropical fish for aquarium trade, sharks, porpoises, rays, turtles, clams or corals was strictly prohibited and even such species collected as by-catch from permitting fishing were to be returned to the ocean with a minimum of injury;

(v) prohibition of discharging any fishing vessel waste within 3 miles of Kingman Reef or Palmyra;

(vi) prohibition of any vessel maintenance or repairs within 3 miles of Kingman Reef or Palmyra;

(vii) prohibition of any waste discharge into Kingman Reef lagoon;

(viii) mandate changes to operations in the event the operations cause ecological or environmental harm to Kingman Reef;

(ix) limiting the number and size fishing vessels;

(x) requiring operations to be conducted in a manner that minimizes any impacts to Kingman Reef;

(xi) prohibiting any uses of Kingman Reef other than for a fishing base that would be noxious or detrimental to the environment or ecosystems of Kingman Reef;

(xii) prohibiting the removal of any live or dead coral, shells or other reef structures or inhabitants; and

(xiii) requiring Kingman Reef Enterprises, LLC to make every effort to be sensitive to and protect the flora, fauna, natural beauty and environment of Kingman Reef and its surrounding waters.

8. Kingman Reef Enterprises, LLC intends to fully pursue its fishing rights in and around Kingman Reef after the Kingman Reef Wildlife Refuge designation is invalidated for failure to comply with NEPA and the APA.

9. I participated in the Kingman Reef National Wildlife Refuge designation process in order to ensure that our real property ownership interests in Kingman Reef were protected as well as to ensure that the designation was appropriate and complied with applicable law so that the natural resources at Kingman Reef would be legally protected.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

[signature] 2/27/02
FRANK SORBA

SUBSCRIBED AND SWORN TO before me this 27th day of February, 2002.

BARBARA J. DAY NOTARY PUBLIC STATE OF WASHINGTON COMMISSION EXPIRES 10-23-04

[signature]
Printed Name: Barbara J. Day
NOTARY PUBLIC in and for the State of Washington, residing at Seattle
My Appointment expires: 10/23/04

AFFIDAVIT OF FRANK SORBA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT - 4

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company; KINGMAN REEF ATOLL DEVELOPMENT, L.L.C., a Hawaii limited liability company; KINGMAN REEF ENTERPRISES, L.L.C., a Washington limited liability company; and PALMYRA PACIFIC SEAFOODS, L.L.C., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; MARSHALL JONES in his official capacity as director of Fish & Wildlife Service; DANIEL ASHE in his official capacity as Chief of National Wildlife Refuge System, Fish & Wildlife Service,<br><br>Defendants. | NO. CV01-00122 SOM LEK<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the ORIGINAL AFFIDAVIT OF FRANK SORBA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT was duly served on the following party at their last known address by depositing same in the United States Mail, postage prepaid, on March 7, 2002:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii
THOMAS A. HELPER
Assistant U.S. Attorney
300 Ala Moana Boulevard
Room 6-100
Honolulu, HI 96850
Attorneys for Defendants

DATED: Honolulu, Hawaii, March 7, 2002

CHRISTIAN P. PORTER
DONNA H. YAMAMOTO
Attorneys for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, LLC
AND KINGMAN REEF ATOLL DEVELOPMENT, LLC