Of Counsel:
BROOKS TOM PORTER & QUITIQUIT, LLP

Christian P. Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Ph: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

Therese Y. Cannata, California Bar No. 88032
Michael M. Ching, California Bar No. 209426
Cannata, Ching & O'Tooole LLP
100 Pine Street
San Francisco, CA 94111
Ph: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

Jon M. Van Dyke, Hawaii Bar No. 1896
2515 Dole Street
Honolulu, Hawaii 96822
Ph: 956-8509
Fax: 956-5569
Email: jvandyke@hawaii.edu

Attorneys for Plaintiff
KINGMAN REEF ATOLL INVESTMENTS, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,<br><br>Defendants. | NO. CV05-00151JMS-BMK<br><br>DECLARATION OF DAVID GEORGE JOHNSON IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1), 12(b)(6) and RULE 56<br><br><u>HEARING:</u><br>DATE: August 8, 2007<br>TIME: 9:00 a.m.<br>JUDGE: J. Michael Seabright<br><br>(No Trial Date Set) |

DECLARATION OF DAVID GEORGE JOHNSON IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1), 12(b)(6) and RULE 56

DECLARATION OF DAVID GEORGE JOHNSON

I, David George Johnson, declare:

1. I have personal knowledge of the following facts, and can testify competently to them.

2. In October of 2000, I went with an expedition of amateur radio operators to Kingman Reef. We spent approximately nine days on Kingman Reef.

3. Prior to that time, Charles Brady, an amateur radio operator who was working with The Nature Conservancy on the Palmyra Island acquisition told me that the Fullard-Leo family claimed ownership of Kingman Reef. Mr. Brady suggested that if we wanted the Fullard Leo family's permission to visit Kingman Reef that I should assist him in his work on Palmyra during the summer of 2000.

4. I spent approximately eight weeks during the summer of 2000 on Palmyra Island, helping The Nature Conservancy and the Fullard-Leo family with various duties on Palmyra Island which were helpful to The Nature Conservancy. During that time I met Ainsley Fullard-Leo, employees of The Nature Conservancy and the Fish and Wildlife Service and some major donors to The Nature Conservancy. On several occasions, I heard Mr. Fullard-Leo, employees of The Nature Conservancy and the Fish and Wildlife Service discussing The Nature Conservancy's and The Fish and Wildlife service's desire to include Kingman Reef in the Palmyra Island transfer.

5. While staying on Palmyra, Chuck Brady emphasized to me the importance of favorably impressing Mr. Fullard-Leo because Mr. Fullard-Leo owned Kingman Reef and was the only person who could grant permission to visit Kingman Reef. Since I was planning to take

a group of amateur radio operators to Kingman Reef in the fall of that year, I eventually asked Mr. Fullard-Leo for permission to visit Kingman Reef and to stop at Palmyra Island en route. Mr. Fullard-Leo agreed to my request.

6. Our group paid approximately $1,000 to the Palmyra Development Corporation in exchange for permission to visit Kingman Reef and Palmyra. Peter Savio, the Fullard-Leo family's representative, required me to sign an agreement on behalf of our group.

7. The American Radio Relay League has been known to deny credit to amateur radio operators who visit unique geographical locations without obtaining permission from a lawful authority. Although no one from the government told me I was required to obtain permission from the government as a condition of visiting Kingman Reef, I took it upon myself to research whether I was required to obtain permission from the government. I am a lawyer, so I know how to do that kind of research. I looked up Kingman Reef in the Code of Federal Regulations. I contacted the United States Navy at Pearl Harbor, and followed the procedures set forth in the CFR. The Navy people from whom I obtained permission at Pearl Harbor told me that I was the first person who had ever followed the procedures to obtain permission to visit Kingman Reef.

I declare under penalty of perjury under the laws of the United States and the State of Hawaii that the foregoing is true and correct.

DATED and signed in Kurtistown, Hawaii, this 6th day of July, 2007.

DAVID GEORGE JOHNSON