IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT REQUEST FOR FURTHER INSTRUCTION REGARDING THE SCOPE OF DISCOVERY**

**A. <u>Introduction (Jointly Submitted)</u>**

Plaintiffs Kingman Reef Atoll Investments, L.L.C. ("KRAI") and Kingman Reef Atoll Development, L.L.C. ("KRAD"), and defendant United States hereby jointly request further instruction from the Court regarding the scope of discovery in this case.

In this action, plaintiff KRAI alleges that its predecessors-in-interest acquired title to Kingman Reef in1922, and that defendant's designation of Kingman Reef as a National Wildlife Refuge in 2001 constituted a taking of that private property. Complaint, pp. 2-3 (Doc. 1). Defendant contends in this case that plaintiffs' claim is time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. Defendant further contends that plaintiffs do not have standing, which turns on a challenge of the claim that KRAI's predecessor in interest acquired private title to Kingman Reef in 1922. Def.'s Answer, p. 23 (Doc. 7).

On March 30, 2007, defendant moved under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") to dismiss plaintiffs' takings claims for lack of jurisdiction on the ground that those claims accrued no later than 1938 and are thus time-barred

by the applicable six-year statute of limitations (Doc. 15). This motion was premised on the assumption that plaintiffs' predecessors-in-interest acquired a property interest in the subject property in 1922, as alleged by plaintiffs in their Complaint. As a result, neither defendant nor plaintiffs directly addressed the issue of ownership in the briefing to the court.

At oral argument of defendant's motion on June 25, 2007, a number of questions were raised about the issue of ownership of Kingman Reef. During a subsequent telephone conference with the parties convened on September 7, 2007, the Court indicated that it was proving difficult to resolve the statute of limitations issue without also addressing standing and the underlying questions of title and ownership of Kingman Reef because the issues appeared to be intertwined. The Court identified four categories of inquiry that raised legal and factual issues, and directed discovery to these issues. The parties understood the four categories of inquiry ordered by the Court to be:

> (1) the underlying question of ownership and title to Kingman Reef;
>
> (2) claims and decisions concerning ownership and title – both by plaintiffs and defendant;
>
> (3) The *ultra vires* issue as it pertains to the 1934 Executive Order; and
>
> (4) the *terra nullius* theory as it pertains to claims of title or ownership of Kingman Reef.

The court issued an Order on September 10, 2007, setting a discovery cut-off date of February 8, 2008, and further status conference on February 20, 2008.

The parties have since been working cooperatively with regard to discovery in this case.[1] However, the parties disagree on the scope of discovery and whether certain discovery served by plaintiffs on defendant exceeds the discovery anticipated by the Court. In an effort to resolve this dispute without Court intervention, the parties have engaged in some productive discussions, through correspondence and by telephone, regarding objections raised by defendant. However, the parties have reached an impasse, and believe that with clarification from the Court regarding the broad question about the scope of discovery, they could resolve the specific objections regarding the noticed depositions and further responses to written discovery.

The parties agreed to prepare and submit this joint submission to the court outlining their respective questions and concerns.

The parties are available to appear before the Court by telephone to discuss this request for clarification at the Court's earliest convenience.

**B. Plaintiffs' Position Regarding the Scope of Discovery**

The scope of discovery question divides into two subparts:

- Whether the Court intended to have the parties complete all discovery, including that concerning damages.

- Assuming the reference to discovery "cut-off" was limited to those matters related to the defendant's pending motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and having in mind the four categories identified by the court, what are the particulars and limits of that discovery.

---

[1] Written discovery requests and responses (including some objections) have been served by both sides. In addition, plaintiffs have noticed a number of depositions, including depositions under RCFC 30(b)(6) of the United States, the State Department, the Fish & Wildlife Service, the Department of the Navy, and General Services Administration.

Regarding the first question presented, which is whether the court intended the parties to complete all discovery by February 8, 2008, the parties are in agreement – that is, they believe that the Court intended the parties to conduct limited discovery. However, in an abundance of caution, plaintiffs inquired about several broad categories of discovery such as damages. By agreement with defendant, plaintiffs have withdrawn those discovery requests, reserving the right to renew them should the court advise that discovery is to be entirely completed by February 8, 2008.

The second issue is the one of greatest concern particularly as it impacts on the completion of depositions scheduled to commence in December 2007. Plaintiffs have proceeded on the assumption that the parties are entitled to discover any relevant information related to the subject matter of each of these four categories listed above, as well as any claim or defense in connection with the same. RCFC 26(b)(1). This would include information that a party may use to support its denial or rebuttal of the claims or defenses of another party, and should include the identity of any witness or document that the disclosing party may use to support such denials. *See*, Adv. Comm. Notes to 2000 Amendment to FRCP 26(b)(1). The rules are permissive in that relevant information may be discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1). All discovery propounded by plaintiffs to date properly conforms to the scope of discovery permitted by this Court.

Plaintiffs are informed and believe that defendant views the relevant area of inquiry to be more limited especially as events prior to and including 1922, which is the year that plaintiff KRAI alleges that its predecessor in interest acquired title to Kingman Reef Atoll. Plaintiffs disagree. For example, memoranda dating after 1922, concerning the status of Kingman Reef

both internally created by government employees or those originating in the public arena but relied upon by defendant may be directly relevant or lead to the discovery of admissible evidence. Similarly, evidence of the defendant's acquiesce and/or acknowledgment that the Fullard-Leo family owned Kingman Reef or that defendant did not own the subject property would be relevant. Documents pertaining to title analysis, reports and summaries of the history of ownership are relevant, particularly where the author(s) presents questions, recommendations, and decisions about title, control or jurisdiction over the subject property. There is some evidence that defendant internally debated the ownership status of Kingman Reef at different points in time, up to and including the period just before the 2001 taking alleged in the complaint. There is also evidence that defendant has never resolved (or decided for itself) the question how or when it allegedly acquired title. Plaintiffs contend in this case that the taking that gives rise to the plaintiffs' claims occurred in 2001. Defendant, by contrast, contends in this case that the statute of limitations commenced six years after a taking in 1934 which presumably places at issue discovery aimed at determining the facts and circumstances giving rise to defendant's alleged taking at that earlier date. Stated differently, if the government knew (and documented its belief) that in 1934 that Kingman Reef was not public land, that it was privately owned, and that the Executive Order was never intended as a claim of ownership, then the government cannot now contend the 1934 Executive Order started the running of the statute of limitations for a takings claim.[2]

---

[2] Plaintiffs do not dispute that the questions concerning the merits of this takings claim are in some respects intertwined with issues pertaining to the statute of limitations. The discovery obtained in the coming weeks may therefore disclose information that goes to the merits of the takings claim as well as resolves the statute of limitations questions now before this Court.

Any one of these areas of factual areas of inquiry (for the period of 1922 to the present) has the reasonable potential to yield evidence (including admissions) about title and ownership of the subject property, as well as the related topics in the four categories of inquiry identified by the Court. Plaintiffs submit that these four categories of inquiry sufficiently focus discovery on the factual and legal questions presented, and that a limitation on the time line would unduly restrict access to relevant discovery and be prejudicial to plaintiffs.

As noted, plaintiffs will not seek discovery on fair market value or evidence of valuation on Kingman Reef as it relates to its takings claim if such discovery exceeds the parameters set by the Court. Plaintiffs should be allowed to conduct discovery on information post-dating 1922 as such evidence is reasonably calculated to lead to the discovery of admissible evidence about issues identified by the Court as relevant to the determination of the pending issues before the Court.

Finally, plaintiffs observe that the meet and confer process has taken time that might have otherwise been spent in completing document productions and depositions. This, combined with the limitations often imposed by holiday season schedules (of the witnesses and counsel), raises the potential need for additional time to complete discovery. Plaintiffs therefore request that the Court permit a brief extension (perhaps 30 to 60 days) of the deadline for completion of discovery by 30 to 60 days and adjust all other deadlines. This would allow the parties sufficient time to complete the meet and confer process as well as the agreed upon discovery.

**C. Defendant's Position Regarding the Scope of Discovery**

In this action, plaintiff KRAI alleges that its predecessors-in-interest acquired title to Kingman Reef in 1922, and that the government's designation of Kingman Reef as a National

Wildlife Refuge in 2001 constitutes a taking of that private property. Complaint, pp. 2-3 (Doc. 1). There are two threshold, jurisdictional questions presented by this claim: (1) whether plaintiffs' claim is time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501, and (2) whether plaintiffs have standing, which turns on whether they can prove that the predecessors-in-interest acquired private title to Kingman Reef in 1922, as alleged. Def.'s Answer, p. 23 (Doc. 7).

On March 30, 2007, defendant moved to dismiss plaintiffs' takings claims for lack of jurisdiction on the ground that those claims accrued no later than 1938 and are thus time-barred by the applicable six-year statute of limitations (Doc. 15). This motion was fully briefed by both sides and argument on the motion was held on June 25, 2007. As noted above, in filing a motion that was limited to the statute of limitations issue, defendant noted that the Court could rule on this issue by assuming, without deciding, that plaintiffs' predecessors-in-interest acquired a property interest in Kingman Reef in 1922, as alleged.[33] At oral argument on defendant's motion, the Court posed a number of questions regarding the basis for the plaintiffs' alleged title to Kingman Reef, as well as the basis for the Government's assertion that Kingman Reef was publicly owned and had never been transferred into private ownership. During the Court's questioning of the parties on this issue, the Court also expressed some doubt as to whether the statute of limitations issue could be resolved without figuring out the question of title. See Transcript of Proceedings, dated June 25, 2007 ("Tr.") at 36-37.

During the subsequent telephone status conference with the parties held on September 7,

---

[3] Defendant disputes plaintiffs' allegation that their predecessors-in-interest acquired title to or an ownership interest in Kingman Reef in 1922. See Joint Statement of Stipulated Facts, ¶ 2 (Doc. 16).

2007, the Court indicated that it was proving difficult to resolve the question of whether plaintiffs have standing without addressing the underlying question of title to or ownership of Kingman Reef because those issues are intertwined. During this telephone conference, plaintiffs requested that discovery be permitted on the question of title and ownership. The Court granted this request, but the Court limited discovery to the jurisdictional question of standing, which the Court had emphasized is intertwined with the underlying question of title.[4] In response to defendant's request that the Court identify the topics on which discovery was being permitted, the Court provided the parties with the following list of discovery topics during the telephone conference of September 7: (1) the underlying question of title to Kingman Reef; (2) plaintiffs' and the Government's claims on title or decisions regarding title; (3) the *ultra vires* issue as to the 1934 Executive Order; and (4) the *terra nullius* theory (the Court noted that this last issue may or may not be relevant).[5] The Court's subsequent Order of September 10, 2007 (Doc. 40), allows for discovery "[a]s discussed with the parties" at the status conference of September 7.

Plaintiffs have the burden of proving that they were the owners of Kingman Reef on the date of the alleged taking. See Cienega Gardens v. United States, 331 F.3d 1319, 1328 (Fed. Cir. 2003) ("For any Fifth Amendment takings claim, the complaining party must show it owned a distinct property interest at the time it was allegedly taken"); Wyatt v. United States, 271 F.3d

---

4 "At its heart, the doctrine of standing is a jurisdictional requirement stemming from the case-or-controversy requirement of Article III, section 1 of the Constitution." Smith v. United States, 58 Fed. Cl. 374, 381 (Fed. Cl. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

5 The other jurisdictional issue raised by defendant in this case – whether plaintiffs' claims are time-barred by the applicable six-year statute of limitations – was fully briefed prior to the Court's Order allowing discovery on standing.

1090, 1097 (Fed. Cir. 2001) (holding that "the existence of a valid property interest is necessary in all takings claims"); Cavin v. United States, 956 F.2d 1131, 1134 (Fed. Cir.1992) ("Without undisputed ownership of the [ ] property [at issue] at the time of the takings, [plaintiffs] cannot maintain a suit alleging that the Government took their property without just compensation"). This is a threshold question because absent such an ownership interest, plaintiffs have no standing to pursue a claim that Kingman Reef has been taken from them.[6] See Maniere v. United States, 31 Fed. Cl. 410, 420-21 (1994) (proof of possessing an interest in the property at issue is required to establish standing in a takings case).

Because the question of whether plaintiffs have standing is a jurisdictional question that must be addressed before the merits are addressed in this case, the Court's prior decision to limit discovery to the question of standing was proper. See Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996) (it is a "well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits"). The Court correctly observed that the question of standing in this case is intertwined with the underlying question of title to or ownership of Kingman Reef. The underlying question of whether plaintiffs' predecessors-in-interest acquired private title to Kingman Reef in 1922, as they allege, is a "'a

[6] Even in those cases that do not address the question of whether a plaintiff possesses a legally cognizable property interest as one of standing, the question is uniformly treated as a threshold question that must be addressed before a court proceeds to the secondary question of whether the government's actions constitute a taking of that private property interest. See Colvin Cattle Co. v. United States, 468 F.3d 803, 806 (Fed. Cir. 2006) ("[U]nder our regulatory takings analysis, . . . the threshold question is 'whether the claimant has established a 'property interest' for the purposes of the Fifth Amendment'") (citations omitted); Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir. 2005) (holding that the court does not reach the question of whether a taking occurred "without first identifying a cognizable property interest").

question of law based on factual underpinnings.'" Mohlen v. United States, 74 Fed. Cl. 656, 660 (2006) (quoting Walcek v. United States, 303 F.3d 1349, 1354 (Fed. Cir. 2002) (other citations omitted)). The relevant "factual underpinnings" in this case are derived from the historical record involving Kingman Reef.

With respect to plaintiffs' assertion that their predecessors-in-interest acquired private title to Kingman Reef in 1922, the relevant factual underpinnings are the factual events prior to and including 1922. The Court's prior instructions to the parties allow for discovery regarding the factual underpinnings of title to and ownership of Kingman Reef. Discovery regarding the merits of plaintiffs' takings claim, including the question of whether any government action after 1922 constituted a taking, are not relevant to the jurisdictional question of standing on which discovery has been allowed.[7] Specifically, it is not necessary or appropriate to allow discovery on the question of whether the 1934 Executive Order, the 2001 designation of Kingman Reef as a national wildlife refuge, or any intervening event constitutes a taking without *first* determining whether plaintiffs have any property interest in Kingman Reef. The government cannot "take" what the plaintiffs do not have. Accordingly, if plaintiffs' predecessors-in-interest did not acquire private title to Kingman Reef in 1922, as they allege in their Complaint, then they had nothing to convey to plaintiffs in subsequent years and it is unnecessary (and beyond the Court's jurisdiction) to determine whether any actions taken by the government with respect to Kingman

---

[7] In addition, defendant acknowledges that the Court – in allowing discovery on "the underlying question" of title to or ownership of Kingman Reef – also permitted discovery as to defendant's ownership of Kingman Reef. This question is also based on the historical record involving Kingman Reef, and all such records located by defendant, including records obtained from several facilities operated by the National Archives & Records Administration, have been disclosed or produced to plaintiffs.

Reef after 1922 constituted a taking.[8] Moreover, the government's decision to designate Kingman Reef as a national wildlife refuge in 2001, including its consideration of plaintiff KRAI's assertion that it was the owner of that reef, has no bearing on the question of whether plaintiffs' predecessors-in-interest actually acquired private title to Kingman Reef in 1922.

In sum, defendant's position is that the Court correctly limited the scope of discovery to the question of standing, which is a threshold jurisdictional question in this case that must be resolved before any proceedings on the merits of plaintiffs' takings claim, including discovery on the merits. Although plaintiffs acknowledge that the Court intended for the parties to conduct limited discovery, their expansive interpretation of the Court's prior instructions as permitting discovery on both jurisdiction issues *and* the merits of their takings claims and any defenses thereto eviscerates the limits properly imposed by the Court.[9] Plaintiffs seek unlimited discovery on the merits of their takings claims, including "the facts and circumstances giving rise to defendant's alleged taking."[10] The Court did not permit discovery on the merits in its prior order,

---

[8] In this respect, defendant disagrees with plaintiffs' assertion herein that discovery has been opened up as to "the facts and circumstances giving rise to defendant's alleged taking."

[9] Although plaintiffs have agreed to withdraw their discovery requests regarding valuation and just compensation issues, they have not agreed to withdraw or limit their requests that go only to the merits of their takings claims and have no relevance to the underlying question of title to or ownership of Kingman Reef.

[10] For example, plaintiffs seek production of all documents that relate to the establishment of the Kingman Reef National Wildlife Refuge, including documents relating to legislative intent, environmental studies and public comments. Plaintiffs also seek to take depositions under RCFC 30(b)(6) on these and other topics that have no relevance to the underlying question of title. Further instruction from the Court will assist the parties in resolving defendant's objections to these discovery requests.

nor should such discovery be permitted prior to resolution of the jurisdictional questions presented by this case. Because plaintiffs have interpreted the Court's discovery orders differently than defendant, defendant respectfully requests that the parties be instructed that discovery at this stage of the proceedings be limited to the question of standing, and shall not include matters solely directed at establishing whether a compensable taking has occurred. With respect to the discovery period scheduled to close on February 8, 2008, defendant submits that the decision as to whether plaintiffs need an extension and, if so, how long that extension should be, will be affected by the Court's further instructions regarding the scope of the current discovery and therefore should be deferred until after the Court has had an opportunity to consider this joint request for further instruction.

Dated: December 13, 2007

Respectfully submitted,

BROOKS TOM PORTER
& QUITIQUIT, LLP

s/ Christian P. Porter
CHRISTIAN P. PORTER
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
TEL (808) 526-3011
FAX (808) 523-1171
E-MAIL cporter@btpqlaw.com

Counsel of Record for Plaintiffs

OF COUNSEL:

Therese Y. Cannata
Michael M. Ching
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
TEL (415) 409-8900
FAX (415) 409-8904
E-MAIL tcannata@ccolaw.com

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

Counsel of Record for Defendant