IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | **No. 06-828L** |
| **Plaintiffs,** | **Judge Marian Blank Horn** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; Defendant.** | |

AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF THE UNITED STATES OF AMERICA; U.S. FISH AND WILDLIFE SERVICE UPON ORAL EXAMINATION

CHRISTIAN P. PORTER
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

TO: Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Attorneys for Defendant

PLEASE TAKE NOTICE that Plaintiffs KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF ATOLL DEVELOPMENT, L.L.C., by and through their attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA; U.S. FISH AND WILDLIFE SERVICE by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
|---|---|
| The United States Fish & Wildlife Services<br>By its 30(b)(6) Designee<br>300 Ala Moana Boulevard, Room 5-211<br>Honolulu, Hawaii 96850-0052<br><br>and<br><br>The United States of America<br>By its Rule 30(b)(6) Designee<br>c/o Kristine Tardiff<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301 | April 18, 2008 at 9:30 a.m.<br>Brooks Tom Porter &<br>Quitiquit, LLP<br>841 Bishop Street, Suite 2125<br>Honolulu, Hawaii 96813 |

## I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" shall mean and include the deponent, U.S. Fish and Wildlife Service, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The term "Defendant" shall mean and include Defendant THE UNITED STATES OF AMERICA; their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

3. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

4. The term "1934 Executive Order" means the Executive Order Placing Certain Islands in the Pacific Ocean Under the Control and Jurisdiction of the Secretary of the Navy dated December 29, 1934, executed by President Roosevelt.

5. The term "1941 Executive Order" means Executive Order 8682 establishing naval defensive sea areas around and naval airspace reservations over the islands of Palmyra, Johnston, Midway, Wake, and Kingman Reef of February 14, 1941, executed by President Roosevelt.

6. The term "Palmyra Atoll" or "Palmyra" means the atoll located in the Northern Pacific Ocean at 5° 52'N 162° 6'W, southeast of Kingman Reef and north of Kiribati Line Island,

located almost due south of the Hawaiian Islands, roughly halfway between Hawaii and American Samoa and being the atoll subject to the Palmyra Atoll National Wildlife Refuge.

7. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C., a Hawaii limited liability company and Kingman Reef Atoll Development L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor", collectively "Plaintiff".

8. The term "this Lawsuit" shall mean and include that certain action filed by Plaintiff against Defendant in the United States Court of Federal Claims No. 06-828L.

9. The term "Guano Act" means the Guano Islands Act of 1856, 48 U.S.C. 1411 - 1419.

10. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

11. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular

II. <u>TOPICS OF INQUIRY</u>

1. The ownership interests of any person or entity in Kingman Reef prior to 2001.

2. Title investigations and opinions regarding the ownership of Kingman Reef and Palmyra Atoll, including communications with The Nature Conservancy and Suzanne Case.

3. Kingman Reef as *Terra Nullius* and as unclaimed land prior to 1922.

4. The Guano Act, the 1934 Executive Order, the 1941 Executive Order and/or the Pickett Act.

5. From 1922 to 2001, Defendant's claims if any, to title to Kingman Reef.

6. The acquisition, purchase, transfer, sale of Kingman Reef, including but not limited to the status of ownership in said property.

DATED: San Francisco, California, February 27, 2008.

By ______________________

Therese Y. Cannata, CA Bar No. 88032
Attorney for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF DEVELOPMENT, L.L.C.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | ) **No. 06-828L** |
| **Plaintiffs,** | ) **Judge Marian Blank Horn** |
| **v.** | ) |
| **THE UNITED STATES OF AMERICA; Defendant.** | ) |

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF
THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF INTERIOR UPON ORAL EXAMINATION

CHRISTIAN P. PORTER
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

TO: Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Attorneys for Defendant

PLEASE TAKE NOTICE that Plaintiff KINGMAN REEF ATOLL INVESTMENTS, LLC, ("Plaintiffs") by and through its attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA ("USA"); U.S. DEPARTMENT OF INTERIOR by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
|---|---|
| The United States of America<br>By its Rule 30(b)(6) Designee<br>c/o Dirk Kempthorne, Secretary<br>Department of the Interior<br>1849 C Street NW<br>Washington, DC 20240 | April 17, 2008 at 9:30 a..m.<br>Brooks Tom Porter & Quitiquit, LLP<br>841 Bishop Street, Suite 2125<br>Honolulu HI, 96813 |

and

The United States of America
By its Rule 30(b)(6) Designee
c/o Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

## I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" or "Defendant" shall mean and include Defendant THE UNITED STATES OF AMERICA; their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

3. The term "1934 Executive Order" means the Executive Order Placing Certain Islands in the Pacific Ocean Under the Control and Jurisdiction of the Secretary of the Navy dated December 29, 1934, executed by President Roosevelt.

4. The term "1941 Executive Order" means Executive Order 8682 establishing naval defensive sea areas around and naval airspace reservations over the islands of Palmyra, Johnston, Midway, Wake, and Kingman Reef of February 14, 1941, executed by President Roosevelt.

5. The term "Palmyra Atoll" or "Palmyra" means the atoll located in the Northern Pacific Ocean at 5° 52'N 162° 6'W, southeast of Kingman Reef and north of Kiribati Line Island, located almost due south of the Hawaiian Islands, roughly halfway between Hawaii and American Samoa and being the atoll subject to the Palmyra Atoll National Wildlife Refuge.

6. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C.,

a Hawaii limited liability company and Kingman Reef Atoll Development L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor", collectively "Plaintiff".

7. The term "this Lawsuit" shall mean and include that certain action filed by Plaintiff against Defendant in the United States Court of Federal Claims No. 06-828L.

8. The term "Guano Act" means the Guano Islands Act of 1856, 48 U.S.C. 1411 - 1419.

9. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

10. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

## II. TOPICS OF INQUIRY

1. The acquisition, transfer and purchase of Palmyra and/or Kingman Reef from Plaintiff, including any communications concerning these topics with The Nature Conservancy, Suzanne Case, Chuck Cook, Robert Smith, William Brown, Peter Savio and the Fullard-Leo family.

2. The title and ownership of Kingman Reef.

3. The Guano Act, the 1934 Executive Order, the 1941 Executive Order and/or the Pickett Act, relating to Kingman Reef.

4. The U.S. Government's assertion of jurisdiction and/or sovereignty over Kingman Reef and whether such assertions are claims of ownership to Kingman Reef.

5. Kingman Reef as *Terra Nullius* and as unclaimed land prior to 1922.

6. The letter dated October 3, 1997 to the U.S. Army Corps of Engineers at Fort Shafter, Hawaii, from Robert F. Smith, Pacific Islands Manager for U.S. Fish and Wildlife attached hereto as **Exhibit "1"**.

7. The memorandum dated August 18, 1998 to the Director of the Department of Interior, attached hereto as **Exhibit "2"**, including who prepared the documents, all versions of the document, and any response.

8. Two letters dated October 26, 2000, attached hereto as **Exhibit "3"**, that the U.S. Congress provided additional funding for high-priority land acquisitions for, among others, Kingman Reef .

9. Kingman Reef as public lands of the United States of America at any time prior to January 18, 2001, and lists of public lands and reports to the U.S. Congress that Kingman Reef was and is public lands.

10. The letters dated October 23, 2000, with attachment from Bruce Babbitt, Secretary of the Interior to the Honorable Ralph Regula, Chairman, Subcommittee on Interior and Related Agencies, Committee on Appropriations, House of Representatives, Washington, D. C. and the Honorable Slade Gorton, Chairman, Subcommittee on Interior and Related Agencies, Committee on Appropriations, United States Senate, Washington, D.C., attached hereto as **Exhibit "4"** and designated as "Exhibit Z-7" in the lower right corners.

DATED: San Francisco, California February 27, 2008.

By ______________________________

Therese Y. Cannata, CA Bar No.: 88032
Attorney for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF DEVELOPMENT, L.L.C.

# EXHIBIT 1

United States Department of the Interior

FISH AND WILDLIFE SERVICE
PACIFIC ISLANDS ECOREGION
300 ALA MOANA BOULEVARD, ROOM 3108
BOX 50088
HONOLULU, HAWAII 96850
(808) 541-2749 ◆ (808) 541-2756 FAX

6 OCT 1997
HED
DHD
SECY
EI-E

Either before or after his trip is OK with me.

OCT 3 1997

Recd 1/6/98

Lt. Colonel Ralph H. Graves
Honolulu District Engineer
U.S. Army Corps of Engineers
Building 230
Fort Shafter, HI 96858-5440

Dear Col. Graves:

I am writing you in the interest of good coordination regarding a project in which we share a mutual interest -- the cleanup of Palmyra Atoll. Enclosed please find a memorandum from the Director of the Fish and Wildlife Service (Service), Jamie Clark, which gives her approval for the Service to begin detailed planning toward (hopefully) acquisition of Palmyra Atoll and Kingman Reef as units of the National Wildlife Refuge System. Our efforts to date have been coordinated closely with Mr. Peter Savio, a local realtor who represents the interests of the majority owners. We are also working with Mr. Chuck Cook of The Nature Conservancy (TNC), and at this point foresee TNC actually tendering an offer for the property. If that is successful, the Service will repay TNC in the future with dollars appropriated by Congress through the Land and Water Conservation Fund.

Please note that the third paragraph of Director Clark's memorandum focuses on the contaminant issues at Palmyra. The Service is eager to be of assistance to the Corps in any way needed to carry out the cleanup in an expeditious and environmentally sensitive manner. We just completed an enormous cleanup effort at Midway, where the Navy spent over $80 million in a three year effort. Working together with the Navy and its contractors, the Service used good conservation practices to minimize losses to seabirds, and cooperated with innovative techniques that made the cleanup go more smoothly and efficiently. One practice that really helped for a better project at Midway was using petroleum-soaked soil to make asphalt, rather than disposing of the soil in the landfill. On the natural resource side of the equation, black shade cloth was anchored to the ground where future projects were planned, so that birds were discouraged from nesting in the project area. There were a number of other special practices utilized for the Midway cleanup, and the Service would very much like to share some of our Midway experiences with you because we believe the cleanup efforts at Palmyra will benefit from our experiences at Midway.

I will be traveling to Palmyra on October 14, and will return on October 28. Perhaps we can discuss your cleanup plans either prior to or after my trip. Again, the Service is interested in full cooperation, including but not limited to the issuance of any Migratory Bird Treaty Act permits necessary to facilitate the cleanup.

Thank you for your efforts on behalf of a clean environment at Palmyra. I hope to hear from you or your staff soon.

Sincerely,

Robert P. Smith

Robert P. Smith
Pacific Islands Manager

Enclosure

# EXHIBIT 2

# BRIEFING STATEMENT

Prepared for: Secretary Babbitt
Submitted: August 18, 1998

STATE: HI

TITLE: Proposed Kingman Reef National Wildlife Refuge (NWR)

ISSUE: The Service is in the detailed planning stage for the establishment of the Kingman Reef NWR, Central Pacific Ocean.

BACKGROUND/STATUS:

- The Service is beginning detailed acquisition planning to establish the Kingman Reef National Wildlife Refuge. Kingman Reef features significant national trust resources. The area of the United States' jurisdiction includes the reef and other submerged lands and associated waters to the three-mile limit. Kingman Reef NWR would be managed as a unit of the Pacific Remote Islands National Wildlife Refuge Complex headquartered in Honolulu. There is no permanent emergent land at Kingman Reef, but threatened green sea turtles are reported to haul out on sand spits. The marine waters and coral reef ecosystems support a large population of migratory Pacific seabirds, and a diverse variety of marine organisms.

- The PPP for the proposed Kingman Reef NWR was approved on 10/02/97. The draft environmental assessment is in preparation and may be ready for public review in September 1998.

- Kingman Reef is an unincorporated U.S. possession and is not within the State of Hawaii. Title review would be needed to clarify ownership.

- The Kingman Reef acquisition should be pursued after the acquisition of Palmyra Atoll.

POSITIONS OF INTERESTED PARTIES:

- No contacts have been made regarding the establishment of the proposed Kingman Reef NWR.

DEPARTMENT/BUREAU PERSPECTIVE:

- Acquisition of Kingman Reef would provide long term management and protection for the significant trust resources and unique biological resources of the reef, lagoon, and marine waters. Secretary Babbitt is considering the status of Kingman Reef's marine environment as part of the U.S. Coral Reef Initiative.

---

CONTACT: Robert P. Smith, Pacific Islands Manager, (808) 541-2749.

Robert P. Smith
Pacific Islands Manager

Date

# EXHIBIT 3

TED STEVENS, ALASKA, CHAIRMAN

AD COCHRAN, MISSISSIPPI
LEN SPECTER, PENNSYLVANIA
TE V. DOMENICI, NEW MEXICO
RISTOPHER S. BOND, MISSOURI
ADE GORTON, WASHINGTON
TCH McCONNELL, KENTUCKY
NRAD BURNS, MONTANA
CHARD C. SHELBY, ALABAMA
JDD GREGG, NEW HAMPSHIRE
DBERT F. BENNETT, UTAH
EN NIGHTHORSE CAMPBELL, COLORADO
ARRY CRAIG, IDAHO
AY BAILEY HUTCHISON, TEXAS
DN KYL, ARIZONA

ROBERT C. BYRD, WEST VIRGINIA
DANIEL K. INOUYE, HAWAII
ERNEST F. HOLLINGS, SOUTH CAROLINA
PATRICK J. LEAHY, VERMONT
FRANK R. LAUTENBERG, NEW JERSEY
TOM HARKIN, IOWA
BARBARA A. MIKULSKI, MARYLAND
HARRY REID, NEVADA
HERB KOHL, WISCONSIN
PATTY MURRAY, WASHINGTON
BYRON L. DORGAN, NORTH DAKOTA
DIANNE FEINSTEIN, CALIFORNIA
RICHARD J. DURBIN, ILLINOIS

STEVEN J. CORTESE, STAFF DIRECTOR
JAMES H. ENGLISH, MINORITY STAFF DIRECTOR

# United States Senate

COMMITTEE ON APPROPRIATIONS
WASHINGTON, DC 20510-6025

October 26, 2000

The Honorable Bruce Babbitt
Secretary of the Interior
U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Dear Mr. Secretary:

The Congress provided an additional $179 million for high priority land acquisitions as part of Title VIII of the Department of the Interior and Related Agencies Appropriations Act, 2001. The Congress directed that $130 million of this amount be provided to the Department of the Interior, and that allocation of these funds to specific projects be determined at a later date by the House and Senate Committees on Appropriations. Attached you will find the project lists.

Of the appropriations provided for Timucuan Ecological & Historic Preserve in Florida, the City of Jacksonville has committed to match on a dollar for dollar basis the first $1,000,000. Additionally, the City of Jacksonville has committed to match on a two for one dollar basis the second $1,000,000.

As for Sleeping Bear Dunes NL in Michigan, the funds provided in Title I of the Act combined with the $3,000,000 of the Title VIII funds are to be used to purchase both the Laporte property and the Barratt property.

The funds provided for Silvio Conte NWR are to be distributed as follows: $500,000 for land in Massachusetts and $255,000 for land in Vermont.

Within previously appropriated funds for land acquisition at Stewart B. McKinney NWR, the Committees direct the Fish and Wildlife Service to reprogram $1,600,000 from Ram Island to Calves Island. The Committees expect that these funds, combined with past appropriations for Calves Island, charitable contributions, and the $400,000 provided for the refuge under Title VIII, will complete the Calves Island purchase.

The Committee understands that a private corporation currently holds a license agreement for a fish transhipment operation in the Palmyra Atoll and that the purchase of the atoll by the Fish and Wildlife Service and by The Nature Conservancy will not terminate the current license. The Committees understand that the sale of the land is subject to the license agreement and expect the land owners to fulfill the terms of the agreement. The corporation is entitled to the full benefits of its current license. Additionally, the Committees stress that the corporation shall be treated by federal agents in the same professional manner as The Nature Conservancy or other entities operating on the atoll.

(Palmyra, No. 06-828L (Fed. Cl.)
Def's Motion for a Protective Order
Exhibit 2

EXHIBIT 1154

Furthermore, the Committees understand that a formal request has been made to the Department of Interior's Inspector General to initiate a criminal and civil investigation regarding alleged Migratory Bird Treaty Act violations on the atoll. These allegations should, at a minimum, receive a preliminary review by the Inspector General within the next two months.

Of the $5,000,000 provided for the Nisqually NWR in Washington, $2,000,000 is to be provided for the East Bluff. Improved protection of the lower Nisqually watershed and Delta is greatly needed to maintain habitat quality at Nisqually NWR. Land protection of the forested and riparian bluffs on the eastern boundary of Nisqually NWR is needed to maintain wildlife corridors and protect water and habitat quality. These lands border the eastern shore of the Nisqually River and Salmon Creek. Forested bluff habitat is available to be purchased from Weyerhauser to provide permanent protection of the slope and top of the bluff, similar to what has been done on the western boundary of the Refuge. Protection is urgently needed, because these forested habitats are planned for development in the near future, unless they are purchased for land protection purposes.

The remaining $3,000,000 for the Nisqually NWR is to be used for the Black River Unit. The Black River lies south of Olympia, Washington on the edge of the densely populated Puget Sound region. The Black River Unit of the Nisqually NWR provides high quality habitat for coho and chinook salmon, steelhead trout as well as migratory birds and a diversity of other species. In addition, it provides recreational and wildlife-viewing opportunities to the growing population of Olympia. The Fish and Wildlife Service is currently working with eleven willing sellers owning over 500 acres along the Black River. These properties are adjacent to the Black River and are under the threat of being subdivided and developed as housing tracts unless they are purchased for land protection purposes.

We appreciate your suggestions with regard to the allocation of Title VIII funds and have provided funding for many of the projects on the list that you submitted. Other projects on your list have not been included, either because purchase deals have not been completed or because the limited funds available are required for other high priority projects.

We look forward to working with you to implement these acquisitions.

Sincerely,

Robert C. Byrd
Ranking Minority Member
Subcommittee on Interior
and Related Agencies
United States Senate

Slade Gorton
Chairman
Subcommittee on Interior
and Related Agencies
United States Senate

Ralph Regula
Chairman
Subcommittee on Interior
and Related Agencies
U.S. House of Representatives

Norm Dicks
Ranking Minority Member
Subcommittee on Interior
and Related Agencies
U.S. House of Representatives

Oct-26-00 04:07pm From-INTERIOR SUBCOMMITTEE +2022250 T-181 P.08/09 F-261

THAD COCHRAN, MISSISSIPPI
ARLEN SPECTER, PENNSYLVANIA
PETE V. DOMENICI, NEW MEXICO
CHRISTOPHER S. BOND, MISSOURI
SLADE GORTON, WASHINGTON
MITCH McCONNELL, KENTUCKY
CONRAD BURNS, MONTANA
RICHARD C. SHELBY, ALABAMA
JUDD GREGG, NEW HAMPSHIRE
ROBERT F. BENNETT, UTAH
BEN NIGHTHORSE CAMPBELL, COLORADO
LARRY CRAIG, IDAHO
KAY BAILEY HUTCHISON, TEXAS
JON KYL, ARIZONA

ROBERT C. BYRD, WEST VIRGINIA
DANIEL K. INOUYE, HAWAII
ERNEST F. HOLLINGS, SOUTH CAROLINA
PATRICK J. LEAHY, VERMONT
FRANK R. LAUTENBERG, NEW JERSEY
TOM HARKIN, IOWA
BARBARA A. MIKULSKI, MARYLAND
HARRY REID, NEVADA
HERB KOHL, WISCONSIN
PATTY MURRAY, WASHINGTON
BYRON L. DORGAN, NORTH DAKOTA
DIANNE FEINSTEIN, CALIFORNIA
RICHARD J. DURBIN, ILLINOIS

STEVEN J. CORTESE, STAFF DIRECTOR
JAMES H. ENGLISH, MINORITY STAFF DIRECTOR

# United States Senate

COMMITTEE ON APPROPRIATIONS
WASHINGTON, DC 20510-6025

October 26, 2000

The Honorable Dan Glickman
Secretary of the Department of Agriculture
U.S. Department of Agriculture
14th St. & Independence Ave., S.W.
Washington, D.C. 20250

Dear Mr. Secretary:

The Congress provided an additional $179 million for high priority land acquisitions as part of Title VIII of the Department of the Interior and Related Agencies Appropriations Act, 2001. The Congress directed that $49 million of this amount be provided to the Forest Service, and that allocation of these funds to specific projects be determined at a later date by the House and Senate Committees on Appropriations. Attached you will find the project list for the Forest Service funds.

We appreciate your suggestions with regard to the allocation of Title VIII funds and have provided funding for many of the projects on the list that you submitted. Other projects on your list have not been included, either because purchase deals have not been completed, or because the limited funds available are required for other high priority projects.

We look forward to working with you to implement these acquisitions.

Sincerely,

Robert C. Byrd
Ranking Minority Member
Subcommittee on Interior
and Related Agencies
United States Senate

Slade Gorton
Chairman
Subcommittee on Interior
and Related Agencies
United States Senate

Ralph Regula
Chairman
Subcommittee on Interior
and Related Agencies
U.S. House of Representatives

Norm Dicks
Ranking Minority Member
Subcommittee on Interior
and Related Agencies
U.S. House of Representatives

FWS

| Area (State) | Amount |
|---|---|
| Attwater Prairie (TX) | $500,000 |
| Balcones Canyonlands NWR (TX) | 750,000 |
| Canaan Valley NWR (WV) | 7,000,000 |
| Centennial Valley NWR (MT) | 1,100,000 |
| Don Edwards SF Bay NWR (Cargill) (CA) | 8,000,000 |
| Great Meadows Complex (MA) | 2,000,000 |
| Great Swamp NWR (NJ) | 1,000,000 |
| Hakalau Forest (HI) | 500,000 |
| Harris Neck (GA) | 400,000 |
| J.N. Ding Darling NWR (FL) | 3,000,000 |
| Lake Umbagog NWR (NH) | 3,000,000 |
| Minnesota Valley NWR (MN) | 1,000,000 |
| Montezuma NWR (NY) | 500,000 |
| Nisqually NWR (WA) | 5,000,000 |
| Ottawa NWR (OH) | 1,000,000 |
| Palmyra Atoll/Kingman Reef (HI) | 8,250,000 |
| Patoka River Islands NWR (IN) | 500,000 |
| Pelican Island NWR (Montgomery tract) (FL) | 2,800,000 |
| Prime Hook NWR (DE) | 700,000 |
| Rachel Carson NWR (ME) | 2,000,000 |
| Rappahannock River NWR (incl. Mt. Landing Creek) (VA) | 2,000,000 |
| Rhode Island NWR Complex (RI) | 2,000,000 |
| San Diego NWR (CA) | 1,500,000 |
| Silvio Conte NWR (MA/VT) | 755,000 |
| Stewart McKinney NWR (CT) | 400,000 |
| Waccamaw NWR (SC) | 1,000,000 |
| Walkill River NWR (NJ) | 2,000,000 |
| Subtotal | $58,655,000 |

# EXHIBIT 4

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 2

THE SECRETARY OF THE INTERIOR

WASHINGTON

OCT 23 ..

Honorable Slade Gorton
Chairman, Subcommittee on Interior
and Related Agencies
Committee on Appropriations
United States Senate
Washington, D.C. 20510

Dear Mr. Chairman:

I would like to take this opportunity to express my appreciation for your work on behalf of the Department of the Interior and for providing funding for the new Land Conservation, Preservation and Infrastructure Improvement Program in Title VIII of the recently enacted Interior and Related Agencies Appropriations Act.

Within this new program, the Congress provides $130.0 million in unallocated Federal land acquisition funds for the Department of the Interior. Enclosed is the Department's proposal for land acquisition priorities for this funding. This proposal represents the highest priority projects for the use of these funds and will protect valuable natural and cultural resources across the Nation. Please note that this list contains funding for the Dillionwood Tract in California. The President's FY 2001 budget requested funding for this project in the U.S. Forest Service, but the expected enactment of S. 2279 would expand the boundary of Sequoia National Park to include this tract. Thank you for your consideration of this proposal.

A similar letter has been sent to the Honorable Robert C. Byrd, Ranking Minority Member, Subcommittee on Interior and Related Agencies, Committee on Appropriations, United States Senate, the Honorable Ralph Regula, Chairman, Subcommittee on Interior and Related Agencies, Committee on Appropriations, House of Representatives, and the Honorable Norman D. Dicks, Ranking Minority Member, Subcommittee on Interior and Related Agencies, Committee on Appropriations, House of Representatives.

If you have any questions on these projects, please do not hesitate to call me.

Sincerely,

[signature]

Enclosure

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 2

THE SECRETARY OF THE INTERIOR

WASHINGTON

OCT 23 2000

Honorable Ralph Regula
Chairman, Subcommittee on Interior
and Related Agencies
Committee on Appropriations
House of Representatives
Washington, D.C. 20515

Dear Mr. Chairman:

I would like to take this opportunity to express my appreciation for your work on behalf of the Department of the Interior and for providing funding for the new Land Conservation, Preservation and Infrastructure Improvement Program in Title VIII of the recently enacted Interior and Related Agencies Appropriations Act.

Within this new program, the Congress provides $130.0 million in unallocated Federal land acquisition funds for the Department of the Interior. Enclosed is the Department's proposal for land acquisition priorities for this funding. This proposal represents the highest priority projects for the use of these funds and will protect valuable natural and cultural resources across the Nation. Please note that this list contains funding for the Dillionwood Tract in California. The President's FY 2001 budget requested funding for this project in the U.S. Forest Service, but the expected enactment of S. 2279 would expand the boundary of Sequoia National Park to include this tract. Thank you for your consideration of this proposal.

A similar letter has been sent to the Honorable Norman D. Dicks, Ranking Minority Member, Subcommittee on Interior and Related Agencies, Committee on Appropriations, House of Representatives, the Honorable Slade Gorton, Chairman, Subcommittee on Interior and Related Agencies, Committee on Appropriations, United States Senate, and the Honorable Robert C. Byrd, Ranking Minority Member, Subcommittee on Interior and Related Agencies, Committee on Appropriations, United States Senate.

If you have any questions on these projects, please do not hesitate to call me.

Sincerely,

[signature]

Enclosure

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 2

Enclosure
10/23/00

# DOI LWCF Proposal for $130 Million in Title VIII Funds

($ in Thousands)

| Bureau | Project | State | Title VIII Proposal |
|---|---|---|---|
| NPS | Great Sand Dunes NM | CO | 15,000 |
| FWS | Palmyra Atoll and Kingman Reef NWRs | Pac Is. | 8,250 |
| BLM | White Vulcan Pumice Mine | AZ | 1,000 |
| FWS | Quinault Settlement | WA | 10,000 |
| NPS | Pinnacles NM | CA | 3,000 |
| BLM | Petrified Forest | AZ | 2,000 |
| BLM & NPS | California Desert | CA | 15,000 |
| | BLM (Wilderness Inholdings) | | [10,000] |
| | NPS | | [5,000] |
| BLM | Steens Mountain | OR | 5,200 |
| FWS | Don Edwards NWR (Cargill addition) | CA | 8,000 |
| NPS | Saddleback Mountain | ME | 3,500 |
| NPS | Civil War Battlefields | Several | 13,169 |
| | Fredricksburg-Spotsylvania NMP | VA | [5,119] |
| | Manassas NBP | VA | [1,000] |
| | Monocacy NB | MD | [250] |
| | Gettysburg NMP | PA | [4,500] |
| | Stones River NB | TN | [1,300] |
| | Shenandoah Nat'l Heritage Area | VA | [1,000] |
| FWS | Cat Island NWR | LA | 2,500 |
| NPS | Fort Sumter NM | SC | 1,600 |
| BLM | Upper MO Nat'l Wild & Scenic River /Lewis & Clark Trail | MT | 3,000 |
| FWS | Pelican Island NWR | FL | 2,800 |
| FWS | Hakalau Forest NWR | HI | 3,000 |
| NPS | Santa Monica Mts. NRA | CA | 2,400 |
| BLM | Grand Staircase-Escalante NM | UT | 2,000 |
| FWS | San Diego NWR | CA | 3,000 |
| FWS | Great Meadows Complex | MA | 2,000 |
| NPS | Nez Perce NHP | ID | 2,300 |
| BLM | Grand Canyon-Parashant NM | AZ | 1,500 |
| FWS | Balcones Canyonlands NWR | TX | 2,750 |
| NPS | Black Canyon of the Gunnison/Curecanti NRA | CO | 700 |
| BLM | King Range NCA | CA | 1,000 |
| FWS | J.N. Ding Darling Complex | FL | 3,000 |
| NPS | Salt River Bay NHP | VI | 1,500 |
| NPS | Sequoia NP (Dillionwood) | CA | 5,000 |
| NPS | Timucuan E & H Pres | FL | 750 |
| NPS | Blue Ridge Parkway | VA/NC | 750 |
| NPS | Voyageurs NP | MN | 1,831 |
| NPS | Home of FDR | NY | 500 |
| FWS | Lake Umbagog NWR | NH/ME | 2,000 |
| | TOTAL, Title VIII LWCF Projects | | 130,000 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | ) **No. 06-828L** |
| **Plaintiffs,** | ) **Judge Marian Blank Horn** |
| **v.** | ) |
| **THE UNITED STATES OF AMERICA; Defendant.** | ) |

AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF NAVY UPON ORAL EXAMINATION

CHRISTIAN P. PORTER
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

TO: Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Attorneys for Defendant

PLEASE TAKE NOTICE that Plaintiffs KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF ATOLL DEVELOPMENT, L.L.C., by and through their attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF NAVY, by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
| --- | --- |
| The United States Navy<br>By its Rule 30(b)(6) Designee<br>c/o Kristine Tardiff<br>United States Department of Justice<br>Environmental & Natural Resources Division<br>Natural Resources Section<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br><br>and<br><br>The United States of America<br>By its Rule 30(b)(6) Designee<br>c/o Kristine Tardiff<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301 | April 15, 2008 at 9:30 a.m.<br>Brooks Tom Porter &<br>Quitiquit, LLP<br>841 Bishop Street, Suite 2125<br>Honolulu, Hawaii 96813 |

I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" or shall mean and include the deponent, The United States Navy, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The terms "defendant" or shall mean and include the Defendant The United States of America, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

3. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

4. The term "1934 Executive Order" means the Executive Order Placing Certain Islands in the Pacific Ocean Under the Control and Jurisdiction of the Secretary of the Navy dated December 29, 1934, executed by President Roosevelt.

5. The term "1941 Executive Order" means Executive Order 8682 Establishing naval defensive sea areas around and naval airspace reservations over the islands of Palmyra, Johnston, Midway, Wake, and Kingman Reef of February 14, 1941, executed by President Roosevelt.

6. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C.,

a Hawaii limited liability company and Kingman Reef Atoll Development L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor", collectively "Plaintiff".

7. The term "this Lawsuit" shall mean and include that certain action filed by Plaintiff against Defendant in the United States Court of Federal Claims No. 06-828L.

8. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

9. The term "The Nature Conservancy" as used herein means The Nature Conservancy, worldwide office located at 4245 North Fairfax Drive, Suite 100 Arlington, VA 22203-1606, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

10. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

## II. <u>TOPICS OF INQUIRY</u>

1. The ownership interests of any person or entity in Kingman Reef prior to 2001.

2. The Hydrographic Department's records, studies, surveys and/ or communications concerning Kingman Reef.

3. Title investigations and opinions regarding the ownership of Kingman Reef and Palmyra Atoll, including those by private parties such as The Nature Conservancy.

4. Kingman Reef as *Terra Nullius* and as unclaimed land prior to 1922.

5. Kingman Reef as public lands of the United States of America at any time prior to January 18, 2001, any lists of public lands, and/or reports to the U.S. Congress that Kingman Reef is or was public land.

6. The Guano Act, the 1934 Executive Order, the 1941 Executive Order and/or the Pickett Act related to Kingman Reef.

7. Inquiries for access to Kingman Reef between the years 1922 and 2000, including inquiries directed to the named plaintiff in this lawsuit, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio for approval.

8. The landing of planes on, at, in or around Kingman Reef by Pan American Airways, including waters surrounding Kingman Reef, and any agreements to do so between you and/or Defendant and Pan American Airways.

9. The transport of Plaintiff, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

10. The planned interdepartmental transfer of Kingman Reef from the U.S. Navy to any other United States governmental agency or department.

DATED: San Francisco, California, February 27, 2008.

By ______________________________
Therese Y. Cannata, CA State Bar 88032
Attorney for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF DEVELOPMENT, L.L.C.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | **No. 06-828L** |
| **Plaintiffs,** | **Judge Marian Blank Horn** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; Defendant.** | |

AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF
THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF STATE UPON ORAL EXAMINATION

CHRISTIAN P. PORTER
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

TO: Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Attorneys for Defendant

PLEASE TAKE NOTICE that Plaintiffs KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF ATOLL DEVELOPMENT, L.L.C., by and through their attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF STATE by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
| --- | --- |
| The United States of America<br>Department of State<br>By its Rule 30(b)(6) Designee<br>c/o Secretary of State Condoleezza Rice<br>U.S. Department of State<br>2201 C Street NW<br>Washington, DC 20530<br><br>and<br><br>The United States of America<br>By its Rule 30(b)(6) Designee<br>c/o Kristine Tardiff<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301 | April 14, 2008 at 9:30 a.m.<br>Brooks Tom Porter & Quitiquit, LLP<br>841 Bishop Street, Suite 2125<br>Honolulu, Hawaii 96813 |

## I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" or "Defendant" shall mean and include Defendant THE UNITED STATES OF AMERICA; their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

3. The term "1934 Executive Order" means the Executive Order Placing Certain Islands in the Pacific Ocean Under the Control and Jurisdiction of the Secretary of the Navy dated December 29, 1934, executed by President Roosevelt.

4. The term "1941 Executive Order" means Executive Order 8682 establishing naval defensive sea areas around and naval airspace reservations over the islands of Palmyra, Johnston, Midway, Wake, and Kingman Reef of February 14, 1941, executed by President Roosevelt.

5. The term "Copra Co." means The Island of Palmyra Copra Company which was incorporated in the Territory of Hawaii.

6. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C., a Hawaii limited liability company and Kingman Reef Atoll Development L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent

contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor", collectively "Plaintiff".

7. The term "Plaintiff's Predecessor" means the Copra Co., Ellen Fullard-Leo, E. Fullard-Leo, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Leslie Fullard-Leo, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

8. The term "Guano Act" means the Guano Islands Act of 1856, 48 U.S.C. 1411 - 1419.

9. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

10. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

## II. TOPICS OF INQUIRY

1. The annexation and claimed ownership by the Copra Co., and its successor's in interests, in Kingman Reef Atoll.

2. Kingman Reef as *Terra Nullius* and as unclaimed land prior to 1922.

3. The U.S. Government's views, opinions, claims and studies concerning the ownership of Kingman Reef at any time prior to January 18, 2001.

4. The U.S. Government's assertion of jurisdiction and/or sovereignty over Kingman Reef and whether such assertions are claims of ownership to Kingman Reef.

5. Excerpts from The Department of State's memorandum dated November 9, 1934 regarding Kingman Reef, attached hereto as **Exhibit "1"**.

6. The Guano Act, the 1934 Executive Order, the 1941 Executive Order and/or the Pickett Act, regarding Kingman Reef.

7. Records, lists, memoranda, reports to Congress and/or any other form, of documentation of the public land holdings of defendant prior to January 18, 2001, including any such list or record reflecting Kingman Reef as public lands of the United States.

8. Title searches or other inquiries, including any requests for information, concerning the ownership of Kingman Reef.

DATED: San Francisco, California, February 27, 2008.

By ______________________
Therese Y. Cananta, CA Bar No. 88032
Attorney for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF DEVELOPMENT, L.L.C.

# EXHIBIT 1

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 4

Reproduced at the National Archives

DEPARTMENT OF STATE
RECEIVED
AUG 14 1935
DIVISION OF COMMUNICATIONS AND RECORDS

DEPARTMENT OF STATE

THE LEGAL ADVISER

November 9, 1934.

Dear Mr. Phillips:

The attached memorandum discusses at some length the status of various guano and other islands in the Pacific mentioned in the Navy's memorandum to the White House of October 15th, and its letter to the Department of the same date.

As appears therefrom this Department as well as the courts and the Attorney General have taken the position that the United States did not acquire sovereignty of, or title to, the guano islands under the Guano Islands Act of 1856 (reenacted as Sections 5570 to 5578 of the Revised Statutes). This Department has in the past stated that it has been the course of the Department to recognize such islands only while occupied for the purpose of procuring guano, and therefore upon the cessation of such occupancy they may become open again to discovery, possession, et cetera.

The Navy Department lists the status of the following islands as undetermined and claimed by both the United States and Great Britain: Jarvis, Baker, Howland, Washington and Christmas. While attributing Fanning to Great Britain, the facts regarding that island are similar to those in the case of

Christmas

## KINGMAN'S REEF
(Kingman, Maria Shoal, Caldeu Reef, "Dangers Rock")

Kingman's Reef is situated about 33 miles north of Palmyra Island. At high tide it is submerged, save possibly for a few hundred square feet.

This Reef is said to have been first seen and reported by Captain Kingman on the American ship SHOOTING STAR.

It was included in Captain Taylor's list of alleged guano islands of February 12, 1857, under the name of "Dangers Rock" and was bonded by the United States Guano Company on February 8, 1860, and "Danger" or "Dangers" Rock appears in the lists of guano islands appertaining to the United States, compiled by the Treasury Department, with the usual notation on the list of August 23, 1867, that a certificate for it was issued to the United States Guano Company. There is no other record of such a certificate having been issued and it seems almost certain that no guano was ever removed from the Island.

On July 15, 1922, the Island of Palmyra Copra Company, a Hawaiian Corporation, notified the State Department that it had annexed Kingman's Reef in the name of the United States and for its own use on May 10, 1922.

No other action appears to have been taken with respect to the incorporation of the Island into the territory of Hawaii or the United States. (See Ex Order 6935 12-29-34 placing it under Navy Dept.)

While

While it does not appear that any other country has claimed Kingman's Reef, it might be well for this Government to take some affirmative action to show definitely that it is a part of the territory of the United States. The mere mention of it in an Act of Congress as American territory would be sufficient.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | **No. 06-828L** |
| **Plaintiffs,** | **Judge Marian Blank Horn** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; Defendant.** | |

AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF
THE UNITED STATES OF AMERICA; U.S. GENERAL SERVICE ADMINISTRATION
UPON ORAL EXAMINATION

CHRISTIAN P. PORTER
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

TO: Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Attorneys for Defendant

PLEASE TAKE NOTICE that Plaintiffs KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF ATOLL DEVELOPMENT, L.L.C., by and through their attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA; U.S. GENERAL SERVICE ADMINISTRATION by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
|---|---|
| The United States of America<br>U.S. General Service Administration<br>By its Rule 30(b)(6) Designee<br>c/o Administrator Lurita Alexis Doan<br>U.S. General Service Administrator<br>NCR National Administrator<br>301 7th Street SW<br>Washington, DC 20407 | April 16, 2008 at 9:30 a.m.<br>Brooks Tom Porter & Quitiquit, LLP<br>841 Bishop Street, Suite 2125<br>Honolulu, Hawaii 96813 |

and

The United States of America
By its Rule 30(b)(6) Designee
c/o Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

# I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" shall mean and include the deponent, U.S. General Service Administration its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on its behalf, or any one of them.

2. The terms "you" and/or "your" or "Defendant" shall mean and include Defendant THE UNITED STATES OF AMERICA; their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

3. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

4. The term "Palmyra Atoll" or "Palmyra" means the atoll located in the Northern Pacific Ocean at 5° 52'N 162° 6'W, southeast of Kingman Reef and north of Kiribati Line Island, located almost due south of the Hawaiian Islands, roughly halfway between Hawaii and American Samoa and being the atoll subject to the Palmyra Atoll National Wildlife Refuge.

5. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

## II. TOPICS OF INQUIRY

1. The Claim that Kingman Reef was public lands of the United States of America at any time prior to January 18, 2001, and/or reports to the U.S. Congress that Kingman Reef was or is public lands.

2. Any lists, inventories or reports of public lands of the United States created prior January 2001.

3. The creation and maintenance of the U.S. General Services Administration's worldwide inventory of federal real property for each year that Kingman Reef Atoll appeared on said list.

4. The title and ownership of Kingman Reef.

5. The GSA's involvement, if any, in the sale, purchase, transfer of Palmyra and/or Kingman Reef.

DATED: San Francisco, California, February 27, 2008.

By ______________________________
Therese Y. Cannata, CA Bar No. 88032
Attorney for Plaintiffs
KINGMAN REEF ATOLL INVESTMENTS, L.L.C. and KINGMAN REEF DEVELOPMENT, L.L.C.