KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,** | **CIVIL NO. CV05-00151 JMS/BMK** |
| **Plaintiff,** | **FOURTH AMENDED NOTICE OF TAKING ORAL DEPOSITION** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,** | **[GEORGIA SHIRILLA]** |
| | **(No Trial Date Set)** |
| **Defendants.** | |

FOURTH AMENDED NOTICE OF TAKING ORAL DEPOSITION

TO: Donna S. Fitzgerald, Esq.
Trial Attorney
Natural Resources Section, Environment
& Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663



PENGAD 800-631-6989
EXHIBIT
96
4.25.07

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

Edward H. Kubo, Jr., Esq.
United States Attorney
Thomas A. Helper, Esq.
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Attorneys for Defendants

PLEASE TAKE NOTICE that Plaintiffs KINGMAN REEF ATOLL INVESTMENTS, L.L.C., by and through its attorneys, Brooks Tom Porter & Quitiquit, LLP will take the deposition of the following person on the date and at the time indicated below:

| **Deponent** | **Date and Location** |
|---|---|
| GEORGIA SHIRILLA<br>Realty Branch<br>U.S. Fish and Wildlife Services<br>911 NE 11th Avenue<br>Portland, Oregon 97232 | April 25, 2007 at 10:00 a.m.<br>Double Tree Hotel<br>1000 N.E. Multnomah<br>Portland, Oregon 97232<br>(503) 281-6111 |

This deposition will be taken before a Notary Public, from the offices of Atkinson-Baker Court Reporters, 500 North Brand Boulevard, Third Floor, Glendale, California 91203, who is duly authorized by law to administer oaths and take the testimony in the State of Oregon.

Said deposition will be taken upon oral examination, pursuant to Rule 30 of the *Federal Rules of Civil Procedure*, and will continue from day to day until completed. You are invited to attend and cross-examine.

DATED: Honolulu, Hawaii, April 18, 2007.

By [signature]

Christian Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Jon M. Van Dyke, Hawaii Bar No. 1896
Attorneys for Plaintiff Kingman Reef Atoll Investments, L.L.C.

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

Of Counsel:
BROOKS TOM PORTER & QUITIQUIT, LLP

Christian P. Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Ph: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Cannata, Ching & O'Toole, LLP
899 Ellis Street
San Francisco, CA 94109
Ph: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

Jon M. Van Dyke, Hawaii Bar No. 1896
2515 Dole Street
Honolulu, Hawaii 96822
Ph: 956-8509
Fax: 956-5569
Email: jvandyke@hawaii.edu

Attorneys for Plaintiff
KINGMAN REEF ATOLL INVESTMENTS, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

EXHIBIT
97
4.25.07
PENGAD 800-631-6989

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,** | **CIVIL NO. CV05-00151 JMS/BMK** |
| **Plaintiff,** | **FOURTH AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF THE UNITED STATES FISH & WILDLIFE SERVICES UPON ORAL EXAMINATION; CERTIFICATE OF SERVICE** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,** | |
| **Defendants.** | **(No Trial Date Set)** |

FOURTH AMENDED NOTICE OF TAKING RULE 30(b)(6)
DEPOSITION OF THE UNITED STATES FISH &
WILDLIFE SERVICES UPON ORAL EXAMINATION

TO: Donna S. Fitzgerald, Esq.
Trial Attorney
Natural Resources Section, Environment
& Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

Edward H. Kubo, Jr., Esq.
United States Attorney
Thomas A. Helper, Esq.
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Attorneys for Defendants

PLEASE TAKE NOTICE that Plaintiff KINGMAN REEF ATOLL INVESTMENTS, LLC, ("Plaintiffs") by and through its attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES FISH & WILDLIFE SERVICES ("FWS") by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
| --- | --- |
| The United States Fish & Wildlife Services<br>By its 30(b)(6) Designee<br>300 Ala Moana Boulevard, Room 5-211<br>Honolulu, Hawaii 96850-0052 | April 25, 2007 at 10:00 a.m.<br>Double Tree Hotel<br>1000 N.E. Multnomah<br>Portland, Oregon 97232<br>(503) 281-6111 |

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" or "Defendants" shall mean and include Defendants THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; and STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

3. The term "Copra Co." means The Island of Palmyra Copra Company which was incorporated in the Territory of Hawaii.

4. The term "Palmyra Atoll" or "Palmyra" means the atoll located in the Northern Pacific Ocean at 5° 52'N 162° 6'W, southeast of Kingman Reef and north of Kiribati Line Island, located almost due south of the Hawaiian Islands, roughly halfway between Hawaii and American Samoa and being the atoll subject to the Palmyra Atoll National Wildlife Refuge.

5. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor," collectively "Plaintiff."

6. The term "Plaintiff's Predecessor" means the Copra Co., Ellen Fullard-Leo, E. Fullard-Leo, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Leslie Fullard-Leo, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

7. The term "this Lawsuit" shall mean and include that certain action filed by Plaintiff against Defendants in the United States District Court for the District of Hawaii in CV05-00151 JMS-BMK on March 4, 2005.

8. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

9. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

II. TOPICS OF INQUIRY

1. Any and all facts and documents upon which Defendants relied in asserting that Defendants did not attempt to purchase Kingman Reef.

2. The sale, purchase, acquisition and/or abandonment of any interests in Palmyra and/or Kingman Reef.

3. Communications between Defendants and other persons concerning the sale, purchase and/or abandonment of any interests in Palmyra and/or Kingman Reef.

4. The protocol employed by any person, entity or agency to control access to Kingman Reef.

5. Whether Defendants, the U.S. Navy, U.S. Coast Guard and/or other branches of the military referred requests to access Kingman Reef to the named Plaintiff in this Lawsuit, Plaintiff's Predecessor and/or Peter Savio.

6. Inquiries for access to Kingman Reef between the years 1922 and 2000, including inquiries directed to the named Plaintiff in this Lawsuit, Plaintiff's Predecessor and/or Peter Savio for approval.

7. Defendants' claim that they did not seek funds from the U.S. Congress to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor.

8. Defendants' claim that the U.S. Congress did not appropriate funds to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor.

9. Plaintiff's Predecessor's letter dated April 20, 1937 regarding Pan American Airways attached hereto as Exhibit "1".

10. Any agreement(s) between Pan American Airways and Defendants involving the landing of planes on, at, in or around Kingman Reef, including waters surrounding Kingman Reef.

11. Defendants' challenge, if any, of Plaintiff's and/or Plaintiff's Predecessor's ownership of Kingman Reef at any time prior to December 31, 2000.

12. The deed filed and recorded on November 17, 2000, to Kingman Reef in the United States District Court for the District of Hawaii as Document No. 27, including Defendants' challenge, if any, to the validity of said deed or Defendants' objection, or the legal requirement to object, if any, to the filing of said deed.

13. Any and all funds allocated by the Congress of the United States to purchase Kingman Reef.

14. Whether Defendants, through the U.S. Navy, transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

15. Whether the U.S. Coast Guard transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

16. Whether Defendants, through the U.S. Coast Guard, transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

17. The letter dated October 3, 1997 to the U.S. Army Corps of Engineers at Fort Shafter, Hawaii, from Robert F. Smith, Pacific Islands Manager for FWS attached hereto as Exhibit "2".

18. The report dated October 17, 1997 by the U.S. Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA Report") attached hereto as Exhibit "3".

19. The letter dated October 26, 2000, attached hereto as Exhibit "4", that the U.S. Congress provided additional funding for high-priority land acquisitions for, among others, Kingman Reef .

DATED: Honolulu, Hawaii, April 18, 2007.

By [signature]

Christian Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Jon M. Van Dyke, Hawaii Bar No. 1896
Attorneys for Plaintiff Kingman Reef
Atoll Investments, L.L.C.

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,** | **CIVIL NO. CV05-00151 JMS** |
| | **CERTIFICATE OF SERVICE** |
| **Plaintiff,** | |
| **v.** | |
| **THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,** | |
| **Defendants.** | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing will be duly served upon the following parties at their last known address by courier, DHL Express and/or U.S. Mail, postage prepaid, on April 18, 2007:

EXHIBIT
98
6.25.07
PENGAD 800-631-6989

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

| | DHL EXPRESS | U.S. MAIL |
|---|---|---|
| Donna S. Fitzgerald, Esq.<br>Trial Attorney<br>Natural Resources Section, Environment<br>& Natural Resources Division<br>United States Department of Justice<br>P.O. Box 663<br>Washington, D.C. 20044-0663<br>Email: Donna.Fitzgerald@usdoj.gov | X | |
| Edward H. Kubo, Jr., Esq.<br>United States Attorney<br>Thomas A. Helper, Esq.<br>Assistant United States Attorney<br>Room 6-100, PJKK Federal Building<br>300 Ala Moana Blvd.<br>Honolulu, Hawaii 96850<br>Email: Tom.Helper@usdoj.gov<br>Attorneys for Defendants | | X |

DATED: Honolulu, Hawaii, April 18, 2007.

By ______________________________
Christian Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Jon M. Van Dyke, Hawaii Bar No. 1896
Attorneys for Plaintiff Kingman Reef
Atoll Investments, L.L.C.

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

Of Counsel:
BROOKS TOM PORTER & QUITIQUIT, LLP

Christian P. Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Ph: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Cannata, Ching & O'Toole, LLP
899 Ellis Street
San Francisco, CA 94109
Ph: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

Jon M. Van Dyke, Hawaii Bar No. 1896
2515 Dole Street
Honolulu, Hawaii 96822
Ph: 956-8509
Fax: 956-5569
Email: jvandyke@hawaii.edu

Attorneys for Plaintiff
KINGMAN REEF ATOLL INVESTMENTS, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company,** | **CIVIL NO. CV05-00151 JMS/BMK** |
| **Plaintiff,** | **FOURTH AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF THE UNITED STATES OF AMERICA UPON ORAL EXAMINATION; EXHIBITS "1" -"4"; CERTIFICATE OF SERVICE** |
| **v.** | |
| **THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,** | |
| **Defendants.** | **(No Trial Date Set)** |

FOURTH AMENDED NOTICE OF TAKING
RULE 30(b)(6) DEPOSITION OF THE UNITED
STATES OF AMERICA UPON ORAL EXAMINATION

TO: Donna S. Fitzgerald, Esq.
Trial Attorney
Natural Resources Section, Environment
& Natural Resources Division
United States Department of Justice
P.O. Box 663

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

Washington, D.C. 20044-0663
Edward H. Kubo, Jr., Esq.
United States Attorney
Thomas A. Helper, Esq.
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Attorneys for Defendants

PLEASE TAKE NOTICE that Plaintiff KINGMAN REEF ATOLL INVESTMENTS, LLC, ("Plaintiff") by and through its attorneys BROOKS TOM PORTER & QUITIQUIT, LLP, will take the deposition of THE UNITED STATES OF AMERICA ("USA") by and through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, as to each and all of the matters listed below on the date and time indicated below:

| Deponent | Date and Location |
|---|---|
| The United States of America<br>By its Rule 30(b)(6) Designee<br>c/o the Honorable Alberto R. Gonzales<br>United States Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | April 25, 2007 at 10:00 a.m.<br>Double Tree Hotel<br>1000 N.E. Multnomah<br>Portland, Oregon 97232<br>(503) 281-6111 |

and

The United States of America
By its Rule 30(b)(6) Designee
c/o Edward H. Kubo, Jr., United States Attorney General
State of Hawaii
PJKK Federal Building, Room 6-100
Honolulu, Hawaii 96850

## I. DEFINITIONS

Unless context otherwise indicates, the following words and phrases shall have the meaning given here.

1. The terms "you" and/or "your" or "Defendants" shall mean and include Defendants THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF INTERIOR; THE HONORABLE GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH & WILDLIFE SERVICE; and STEVEN A. WILLIAMS, in his official capacity as Director of United States Fish & Wildlife Service, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

2. The term "Kingman Reef " means that certain atoll, the subject of this lawsuit, is located approximately 900 nautical miles southwest of Hawaii in the Pacific Ocean and 33 nautical miles north of the Palmyra Atoll and essentially sits half-way between the Hawaiian Islands and Samoa at Latitude 6° 24' 37" North and Longitude 162° 22' West.

3. The term "Copra Co." means The Island of Palmyra Copra Company which was incorporated in the Territory of Hawaii.

4. The term "Palmyra Atoll" or "Palmyra" means the atoll located in the Northern Pacific Ocean at 5° 52'N 162° 6'W, southeast of Kingman Reef and north of Kiribati Line Island, located almost due south of the Hawaiian Islands, roughly halfway between Hawaii and American Samoa and being the atoll subject to the Palmyra Atoll National Wildlife Refuge.

5. The term "Plaintiff" shall mean Plaintiff Kingman Reef Atoll Investments, L.L.C., a Hawaii limited liability company, its agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them and sometimes together with "Plaintiff's Predecessor," collectively "Plaintiff."

6. The term "Plaintiff's Predecessor" means the Copra Co., Ellen Fullard-Leo, E. Fullard-Leo, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Leslie Fullard-Leo, their agents, attorneys, experts, consultants, employees, independent contractors, representatives, or other persons acting or purporting to act on their behalf, or any one of them.

7. The term "this Lawsuit" shall mean and include that certain action filed by Plaintiff against Defendants in the United States District Court for the District of Hawaii in CV05-00151 JMS-BMK on March 4, 2005.

8. The term "person" shall mean and include all natural persons, corporations, general partnerships, limited partnerships, joint ventures, trusts, estates, unincorporated business entities or associations, governmental bodies or entities, and any and all other legal entities.

9. The term "and", "or", as well as "and/or" shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of the request all responses which might otherwise be construed to be outside the scope of the particular request.

II. <u>TOPICS OF INQUIRY</u>

1. Any and all facts and documents upon which Defendants relied in asserting that Defendants did not attempt to purchase Kingman Reef.

2. The sale, purchase, acquisition and/or abandonment of any interests in Palmyra and/or Kingman Reef.

3. Communications between Defendants and other persons concerning the sale, purchase and/or abandonment of any interests in Palmyra and/or Kingman Reef.

4. The protocol employed by any person, entity or agency to control access to Kingman Reef.

5. Whether Defendants, the U.S. Navy, U.S. Coast Guard and/or other branches of the military referred requests to access Kingman Reef to the named Plaintiff in this Lawsuit, Plaintiff's Predecessor and/or Peter Savio.

6. Inquiries for access to Kingman Reef between the years 1922 and 2000, including inquiries directed to the named Plaintiff in this Lawsuit, Plaintiff's Predecessor and/or Peter Savio for approval.

7. Defendants' claim that they did not seek funds from the U.S. Congress to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor.

8. Defendants' claim that the U.S. Congress did not appropriate funds to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor.

9. Plaintiff's Predecessor's letter dated April 20, 1937 regarding Pan American Airways attached hereto as Exhibit "1".

10. Any agreement(s) between Pan American Airways and Defendants involving the landing of planes on, at, in or around Kingman Reef, including waters surrounding Kingman Reef.

11. Defendants' challenge, if any, of Plaintiff's and/or Plaintiff's Predecessor's ownership of Kingman Reef at any time prior to December 31, 2000.

12. The deed filed and recorded on November 17, 2000, to Kingman Reef in the United States District Court for the District of Hawaii as Document No. 27,

including Defendants' challenge, if any, to the validity of said deed or Defendants' objection, or the legal requirement to object, if any, to the filing of said deed.

13. Any and all funds allocated by the Congress of the United States to purchase Kingman Reef.

14. Whether Defendants, through the U.S. Navy, transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

15. Whether the U.S. Coast Guard transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

16. Whether Defendants, through the U.S. Coast Guard, transported Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef.

17. The letter dated October 3, 1997 to the U.S. Army Corps of Engineers at Fort Shafter, Hawaii, from Robert F. Smith, Pacific Islands Manager for FWS attached hereto as Exhibit "2".

18. The report dated October 17, 1997 by the U.S. Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA Report") attached hereto as Exhibit "3".

19. The letter dated October 26, 2000, attached hereto as Exhibit "4", that the U.S. Congress provided additional funding for high-priority land acquisitions

KRAI v. US, No. 06-828L (Fed. Cl.)
Def.'s Motion for a Protective Order
Exhibit 8

for, among others, Kingman Reef .

DATED: Honolulu, Hawaii, APR 20 2007.

By ______________________

Christian Porter, Hawaii Bar No. 3744
Donna H. Yamamoto, Hawaii Bar No. 5881
David W.H. Chee, Hawaii Bar No. 5776
Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Jon M. Van Dyke, Hawaii Bar No. 1896
Attorneys for Plaintiff Kingman Reef
Atoll Investments, L.L.C.