# EXHIBIT B

COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., a Hawaii limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF THE INTERIOR; GALE A. NORTON, in her official capacity as Secretary of the Interior; THE UNITED STATES FISH AND WILDLIFE SERVICE; MATTHEW HOGAN, in his Official capacity as Director of United States Fish and Wildlife Service; JOHN DOES 1-10, JANE DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10<br><br>Defendants. | CIVIL NO. 05-00151 JMS/BMK<br><br>ORDER AFFIRMING THE MAGISTRATE JUDGE'S JANUARY 25, 2007 DISCOVERY ORDER |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S JANUARY 25, 2007 DISCOVERY ORDER**

Plaintiff Kingman Reef Atoll Investments, L.L.C. ("Plaintiff") appeals the discovery order entered on January 25, 2007 by Magistrate Judge Barry M. Kurren. Plaintiff seeks discovery regarding ownership of Kingman Reef,

which the Magistrate Judge ruled was beyond the scope of this court's March 2, 2006 Order allowing limited discovery on the issue of abandonment. Based on the following, the court AFFIRMS the Magistrate Judge's January 25, 2007 discovery order.

## II. BACKGROUND

Plaintiff filed an action under the federal Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, claiming title to Kingman Reef, a low-lying coral reef located approximately 925 miles southwest of Hawaii. Defendants moved to dismiss based on the QTA's twelve-year statute of limitations, 28 U.S.C. § 2409a(g), asserting that Defendants claimed ownership of Kingman Reef in the 1930s. In response, Plaintiff argued in part that Defendants abandoned any claim of ownership of Kingman Reef. The court held a hearing on Defendants' motion to dismiss on February 21, 2006. On March 2, 2006, the court entered an Order (Doc. No. 50) denying Defendants' motion to dismiss without prejudice ("March 2, 2006 Order"), pending further discovery and briefing on the abandonment issue.

The court's March 2, 2006 Order states:

> Assuming that the plaintiff's predecessor was on notice of the United States' claim in the 1930s, the plaintiff argues that the United States subsequently abandoned any such claim of ownership.
>
> The issue of abandonment has not been fully

> briefed nor have the parties completed discovery relevant to this issue. Without full briefing on the issue of abandonment, the court is unable to rule on the present motion. Therefore, the court DENIES the United States' motion to dismiss WITHOUT PREJUDICE to refiling the motion after limited discovery is complete and the issue of abandonment has been more thoroughly briefed.

March 2, 2006 Order at 2-3.

The parties dispute the scope of the limited discovery allowed by the court on the issue of abandonment. Defendants object to Plaintiff's First Set of Interrogatories, First Request for Admissions, and Second Request for Production of Documents, arguing that Plaintiff's request for information relating to the basis for Defendants' title to Kingman Reef is beyond the scope of the March 2, 2006 Order. The Magistrate Judge sustained Defendants' objections to Plaintiff's discovery requests on January 25, 2007. On February 5, 2007, Plaintiff appealed the Magistrate Judge's discovery order.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule ("LR") 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a Magistrate Judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." LR 74.1.

The threshold of the "clearly erroneous" test is high. *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed.") (citation and quotation signals omitted); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed") (citation and quotation signals omitted); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir.1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

## IV. ANALYSIS

Plaintiff argues that discovery regarding Defendants' ownership of Kingman Reef is not beyond the scope of the March 2, 2006 Order because Defendants have argued that only Congress can abandon federal property, and therefore, that Defendants must show that Kingman Reef is federal property. The

court disagrees.

The court was clear in the March 2, 2006 Order that discovery was limited to the "issue of abandonment" related to Plaintiff's claim that the United States abandoned any ownership interest in Kingman Reef. The Order states:

> Assuming that the plaintiff's predecessor was on notice of the United States' claim in the 1930s, the plaintiff argues that the United States subsequently abandoned any such claim of ownership.
>
> The issue of abandonment has not been fully briefed nor have the parties completed discovery relevant to this issue. Without full briefing on the issue of abandonment, the court is unable to rule on the present motion. Therefore, the court DENIES the United States' motion to dismiss WITHOUT PREJUDICE to refiling the motion after limited discovery is complete and the issue of abandonment has been more thoroughly briefed.

March 2, 2006 Order at 2-3.

The Magistrate Judge's discovery order sustaining Defendants' objections is not clearly erroneous or contrary to law. Plaintiff's discovery request is outside of the scope of discovery permitted by the court's March 2, 2006 Order. The Magistrate Judge's January 25, 2007 discovery order is AFFIRMED.

To the extent Plaintiff seeks to broaden the scope discovery allowed by the court's March 2, 2006 Order, Plaintiff is time-barred. Plaintiff should have filed a motion for reconsideration of the March 2, 2006 Order within the time

allowed by the Local Rules. *See* LR 60.1 (motions for reconsideration of interlocutory orders must be filed "not more than ten (10) business days after the court's written order is filed.").

## V. <u>CONCLUSION</u>

Based on the foregoing, the court AFFIRMS the discovery order entered by Magistrate Judge Kurren on January 25, 2007.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 23, 2007.

UNITED STATES DISTRICT COURT DISTRICT OF HAWAII

J. Michael Seabright
United States District Judge