# EXHIBIT G

CANNATA, CHING & O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

September 17, 2007

By E-Mail and U.S. Mail
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America*
(United States Federal Court of Claims, Case No.: 06-828L)

Dear Ms. Tardiff:

I want to first thank you for taking the time last week to review the status of discovery in this action. Given that we now face a specific discovery cut-off date (February 8, 2008), I thought it might assist us both to review the preliminary tasks that we discussed.

First, we agreed that documents produced by the parties in the Hawaii District Court case, initial disclosures, depositions, and written discovery responses could be "adopted" in this action (i.e. the Federal Court of Claims case referenced above). We concurrently agreed that both sides would revisit initial disclosures to ensure that they are complete. In that regard, we will forward to you a stipulation. One question is whether the court wants that to be a stipulation and order in the case. That may be a question we need to take up with her clerk.

Second, we also agreed that we could in effect take up where we left off with respect to the government's privilege logs in the Hawaii case but that you need time to confer with Ms. Fitzgerald and independently assess the content of the logs and substance of the documents withheld. We ask specifically that you reconsider the broad claims of privilege asserted by defendants in the Hawaii case, and either produce the documents that had been withheld, or at least provide additional information supporting the claim that the documents are privileged. For example, many documents have been withheld based on a claim of attorney-client privilege simply because attorneys were among the recipients, but there is nothing in the descriptions in the logs to indicate that the communications pertained to or

contained legal advice or requests for legal advice. In the case of documents withheld based on the "deliberative process" privilege, an affidavit by the head of the agency asserting the privilege must be provided. We have analyzed those privilege logs on a document-by-document basis, and are prepared to discuss those logs with you at your convenience, or we can send a more detailed letter setting forth our concerns about the logs if you prefer.

Should you require any information from us that would expedite your review process, please do not hesitate to call or email me or Carolyn Johnston. We thank you for your continued courtesy and cooperation in this matter.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto

S00362.ltr.Tardiff discovery 9-14-07.tyc.wpd

U.S. Department of Justice

Environment & Natural Resources Division
Natural Resources Section

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

September 28, 2007

**By Facsimile (415-409-8904) and Electronic Mail**

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111

Re: Discovery in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear Ms. Cannata:

Thank you for your letter of September 17, 2007, regarding the status of discovery in this case. I am writing back to confirm those areas where we are in agreement, and to clarify Defendant's position with respect to other areas.

First, with respect to document production in the District Court action, we agree the documents produced in that case through initial disclosures, any supplements to the initial disclosures, in response to written discovery requests, at depositions or otherwise may be used by the parties in this case and that it is not necessary for either side to reproduce those documents again in this case. We further agree that any written discovery responses and deposition testimony, to the extent relevant, may be used in this case as well.

Second, with respect to supplementation of initial disclosures, we agree that both sides will conduct a due diligence review of the initial disclosures from the District Court action to ensure that they are complete as they relate to the claims in this case. I believe that we mentioned this to Judge Horn during our last telephonic status conference, but if you would like to create a record of this agreement beyond this correspondence, I am not opposed to filing a stipulation with the court on this point. The one qualification that I would make at this time is that we believe that supplementation to the initial disclosures by both parties in this case is properly limited to the scope of discovery that Judge Horn has allowed, as outlined to the parties during the telephone status conference held on September 7, 2007. The issues for discovery that were identified by the Court during that conference are: (1) the underlying question of title; (2) Plaintiffs' and the Government's claims on title or decisions regarding title; (3) the *ultra vires* issue as to the 1934 Executive Order; and (4) the *terra nullius* theory, which the Court indicated may or may not be relevant.

Third, with respect to whether we can "take up where we left off" on the privilege logs from the District Court action, I wish to clarify our position by this letter. When we spoke by phone on September 6 – the day before our last telephone status conference with Judge Horn – you and Ms. Yamamoto indicated that there are a number of privilege logs from the District Court action, that plaintiff KRAI had raised some questions about the logs, and that the Plaintiffs in this case wanted to revisit these questions in this action. I indicated that I had not yet had an opportunity to obtain copies of all of the District Court records and to review all of the discovery conducted in that case, including the privilege logs, and that I would need an opportunity to do so before we reached any agreement as to how any privilege-related issues should be dealt with in this case.

Based on my initial review of the discovery records in the District Court action and our telephone status conference with Judge Horn on September 7, 2007, I do not believe it is appropriate for the parties to simply "take up where we left off" with respect to any privilege issues that the parties may have been discussing in the District Court action prior to the District Court's decision. First, the discovery that was allowed by the District Court and conducted by the parties in the quiet title action was limited to the question of abandonment. The underlying question of title to Kingman Reef was held by the District Court to be beyond the scope of discovery. Here, in contrast, the Court has ordered discovery on the underlying question of title because the Court believes, at least at this stage of the proceedings, that the question of whether Plaintiffs have standing (which is a jurisdictional question) is intertwined with the underlying question of title. Abandonment is not an issue that Plaintiffs have raised in this case, nor is it an issue on which the Court has ordered discovery. In addition, the underlying question of title relates to a period of time that predates and is temporally distinct from period of time that the plaintiffs identified as the period of "abandonment" and that was the subject of the District Court discovery. For those reasons, the discovery that the Court is allowing in this case cannot be treated as simply a continuation of the discovery that occurred in the District Court action. Discovery was completed in the District Court action and, to the extent that Plaintiffs believe any issues were left unresolved, such issues were necessarily rendered moot by the District Court's decision of August 27, 2007. In this case, the Court is allowing the parties to conduct discovery on a limited number of issues. Any discovery-related concerns, including privilege issues, that might arise in the context of conducting such discovery, can be dealt with in this action.

In terms of moving forward in this case, we believe the appropriate next step is for both sides to serve any written discovery requests they may have on the issues identified by the Court. For planning purposes, we hope to have Defendant's written discovery requests to you by mid-October.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by e-mail):
Christopher P. Porter
Donna H. Yamamoto

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

October 19, 2007

**By U.S. Mail and Electronic Mail**

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Re: Discovery in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear Mr. Porter: Chris

We are in receipt of a number of discovery requests recently served by Plaintiffs in this case. Those requests include:

(1) Plaintiffs' Interrogatories (Set One), containing interrogatory numbers 1 through 22 - served on 10/5/2007; responses due 11/7/2007.
(2) Plaintiffs' Request for Production (Set One), containing request numbers 1 through 41 – served on 10/5/2007; responses due 11/7/2007.
(3) Plaintiffs' Request for Admissions (Set One), containing request for admission numbers 1 through 28 – served on 10/8/2007; responses due 11/13/2007.
(4) Plaintiffs' Interrogatories (Set Two), containing interrogatory numbers 1 through 2, served 10/12/2007; responses due 11/14/2007.
(5) Plaintiffs' Request for Production (Set Two), containing requests numbers 1 through 3 – served on 10/15/2007; responses due 11/19/2007.

In reviewing these discovery requests, we were struck by the number of requests that go well beyond the limited scope of discovery that was ordered by Judge Horn in this case. As you will recall, during the telephone status conference held with the Court on September 7, 2007, the Court indicated that it was proving difficult to resolve the question of whether Plaintiffs have standing (which is a jurisdictional question in this case) without addressing the underlying question of title to or ownership of Kingman Reef. Accordingly, the Court ordered discovery that was limited to these

threshold jurisdictional questions.[1] As previously detailed in my letter to Ms. Cannata of September 28, 2007, the specific issues identified for discovery by the Court during the conference of September 7 are: (1) the underlying question of title; (2) Plaintiffs' and the Government's claims on title or decisions regarding title; (3) the *ultra vires* issue as to the 1934 Executive Order; and (4) the *terra nullius* theory, which the Court indicated may or may not be relevant. The Court's subsequent Order of September 10, 2007, allows for discovery "[a]s discussed with the parties" at the status conference of September 7. The Court's order did not open up discovery on the merits of the Plaintiffs' takings claims or on damages issues, presumably because the Court must determine that it has jurisdiction before proceeding to the merits of Plaintiffs' claims.

Based on our review of Plaintiffs' discovery requests to date, a number of those requests are outside the scope of the limited discovery that has been allowed by the Court at this time. Those requests include, but may not be limited to, all or portions of the Request for Production (Set One) numbers 13, 14, 18–20, 21.a.-21.o., 22.a.–22.z., 22.aa-22.zz., 22.aaa.–22.iii., 23.a–23.m., 24.a–24.z, 24.aa.-24.bb., 26, 29–32, 34–37, and 40-41; and Request for Admissions (First Set) numbers 14–17, 19, and 24–28. We intend to formally object to these and any other discovery requests that are beyond the scope of the discovery that has been allowed and ordered by the Court at the time those responses are due. However, because the Court has encouraged the parties in its Order of September 10, as well as in its instructions to the parties by telephone, to confer during the course of discovery as issues arise, we wanted to provide you with early notice of our position regarding portions of Plaintiffs' pending discovery requests.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by e-mail only):
Therese Y. Cannata
Donna H. Yamamoto

---

[1]The other jurisdictional issue raised by Defendant in this case – whether Plaintiffs' claims are time-barred by the applicable six-year statute of limitations – was fully briefed prior to the Court's Order allowing discovery on standing.

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

November 8, 2007

**By U.S. Mail and Electronic Mail**

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Re: Notice of Deposition and Subpoena to William Brown in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear ~~Mr.~~ Chris Porter:

We are in receipt of the Notice of Deposition of William Brown and the Subpoena served on Mr. Brown. Because Mr. Brown is a former employee of the U.S. Department of the Interior, I will be representing him in connection with the noticed deposition for matters that fall within the scope of his employment with the Department of the Interior.

We have several objections to the Notice of Deposition and related Subpoena that we hope can be resolved by agreement of the parties and without the need to involve the Court.

First, the Subpoena served on Mr. Brown at his current place of business requires him to travel more than 100 miles for the purposes of appearing for a deposition in which he is not a party. Pursuant to RCFC 45, the Subpoena is subject to a motion to quash or modify on this basis. For the convenience of the witness, we propose that the location of the deposition be moved from Baltimore, Maryland to Philadelphia, Pennsylvania, where Mr. Brown presently works. We can assist in locating a conference room for the purposes of taking this deposition.

Second, the Subpoena commands Mr. Brown to produce and permit the inspection and copying of 16 categories of documents that are identified in Attachment A to the Subpoena. In accordance with RCFC 45(c)(1), we object to the following categories as beyond the scope of discovery that has been allowed by the Court and irrelevant to the jurisdictional questions that are presently subject to discovery, as well as on the other grounds specifically listed below. In particular, we object to the following categories of documents requested according to the paragraph numbers used in Attachment A:

1. The request to produce "[a]ll documents and communications that refer, relate to, or describe Kingman Reef Atoll" is overly broad in that it is not limited to those questions on which discovery has been allowed.

2. The documents requested are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. The creation and execution of Executive Order 13089 is not subject to challenge by the Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims.

3. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. The "protection" of Kingman Reef, which was not defined but which we interpret to refer to protection through the designation of Kingman Reef as a National Wildlife Refuge, is a decision that is not subject to challenge by Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims. In addition, discovery regarding Palmyra is not relevant to the questions involving Kingman Reef, nor is it likely to lead to the discovery of any relevant information regarding Kingman Reef. Moreover, Plaintiffs are not entitled to conduct discovery in this case on Palmyra in order to assist in any other litigation against the United State involving Palmyra, such as *Palmyra Pacific Seafoods, LLC, et al. v. United States*, No. 07-35C (Fed. Cl.).

4. Defendant does not object to the request for non-privileged documents regarding the ownership of Kingman Reef, but objects to the request for documents regarding the ownership of Palmyra for the reasons stated in its objection to document request #3, and because the ownership of Palmyra was fully litigated and resolved over 60 years ago. *See United States v. Fullard-Leo*, 331 U.S. 256 (1947). Plaintiffs' request for such documents in connection with this case is unnecessary, unduly burdensome, and appears to have been served along with other similar document requests in order to harass Defendant and this non-party deponent, and to needlessly increase the cost of this litigation, rather than for a proper purpose.

5. This request is duplicative of document request #2 and Defendant objects to this request for the same reasons stated above with respect to document request #2.

6.-7. Defendant does not object to these requests for non-privileged documents regarding title or ownership of Kingman Reef, if any such documents are in Mr. Brown's possession.

8. The documents requested are overly broad and not relevant to any issues in this case, much less the limited jurisdictional issues on which the Court has allowed discovery.

9. The documents requested are overly broad in that Plaintiffs are seeking documents regarding ownership of all coral reefs, without limitation. Such documents are not

relevant to any issues in this case, much less the limited jurisdictional issues on which the Court has allowed discovery. This request should be limited to Kingman Reef, which is the only coral reef at issue in this case. As so limited, the request is duplicative of document request #7.

10. This request is not relevant to any of the jurisdictional questions on which the Court has allowed discovery in this case. Plaintiffs requested and received such documents from Defendant in connection with the related quiet title action ("QTA"), Kingman Reef Atoll Investments. LLC v. United States (D. Hawaii). That case is now on appeal and Plaintiffs have no grounds for conducting discovery in this case that is only relevant, if at all, to the QTA.

11. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, Secretarial Order 3223, which established the Kingman Reef National Wildlife Refuge is not subject to challenge by the Plaintiffs in this case, nor is that Order subject to review by the Court of Federal Claims.

12. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, the establishment of a National Wildlife Refuge over Kingman Reef is not subject to challenge by the Plaintiffs in this case, nor is that Order subject to review by the Court of Federal Claims.

13.-16. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, this request is overly broad in that it seeks documentation of communications on anything related to Kingman Reef, rather than being limited to the jurisdictional issues on which the Court has allowed discovery.

In accordance with RCFC 45(c) and 45(d), the documents in Mr. Brown's possession will be reviewed for documents responsive to those document requests that we have not objected to by this letter. In accordance with RCFC 45(d)(2), we will undertake a review of any such responsive documents to determine if any privileges apply prior to Mr. Brown's scheduled deposition.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by e-mail): Therese Y. Cannata, Michael Ching, Donna H. Yamamoto

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

November 9, 2007

**By Facsimile and Electronic Mail**

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com
Fax to: 808-523-1171

Re: Deposition Notices in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear ~~Mr.~~ Chris Porter:

The purpose of this letter is to identify several significant and substantive objections that we have to the numerous Rule 30(b)(6) deposition notices that we have been served with in this case. Because the first of the Rule 30(b)(6) depositions that you have noticed is scheduled for December 10, we propose that the parties meet and confer by telephone at the earliest date possible to discuss these objections and determine whether we can resolve these issues without the involvement of Judge Horn. We suggest a conference call on either Thursday, November 15 or Friday, November 16, at 3:00 p.m. Eastern.

We are in receipt of the following deposition notices for Rule 30(b)(6) depositions:

(1) Notice of Rule 30(b)(6) Deposition of the United States (served 10/25/2007);
(2) Notice of Rule 30(b)(6) Deposition of the U.S. Fish & Wildlife Service (served 10/25/2007);
(3) Notice of Rule 30(b)(6) Deposition of the U.S. General Services Administration (served 10/25/2007);
(4) Notice of Rule 30(b)(6) Deposition of the U.S. Department of Navy (served 10/25/2007); and,
(5) Notice of Rule 30(b)(6) Deposition of the U.S. Department of State (served 10/25/2007)

There is tremendous duplication in the discovery topics identified in each deposition notice and, correspondingly, some duplication in the nature of our objections.

Objections to Attempts to Re-Take Deposition Testimony on Topics on Which Defendant Already Produced Witnesses

The parties have agreed in this case that the discovery taken in connection with the quiet title action ("QTA") involving Kingman Reef, Kingman Reef Atoll Investments, LLC ("KRAI") v. United States, No. CV05-00151 (D. Hawaii), is available to the parties in this case. Defendant produced a number of Rule 30(b)(6) witnesses in that case. The deposition notices for Rule 30(b)(6) witnesses in this case identify topics of inquiry that are identical to topics identified in the QTA deposition notices. Those depositions were taken and Plaintiffs had an opportunity to inquire as to the listed topics. In addition to relevancy objections on many of these topics, it is unduly burdensome, duplicative and an unnecessary waste of resources to cover these grounds again in this case. We therefore object to Plaintiffs' request that we produce Rule 30(b)(6) witnesses on the same topics on which we already have produced Rule 30(b)(6) witnesses.

As an example, in the table below we have identified the topics of inquiry listed in the Rule 30(b)(6) Deposition Notice for the U.S. Fish and Wildlife Service (FWS), that were also listed in the Fourth Amended Rule 30(b)(6) Deposition Notice for the FWS in the QTA. Defendant produced Georgia Shirilla in response to this Notice and her deposition was taken by Plaintiffs in the QTA on April 25-26, 2007 in Portland, Oregon, in a deposition that lasted longer than the 7 hour limit, to which we did not object..

| Current Deposition Notice | Topics of Inquiry (by paragraph number) | QTA Deposition Notice and Topics of Inquiry (by paragraph number) |
|---|---|---|
| Rule 30(b)(6) – FWS | 1–6 and 9 | 4th Amended Rule 30(b)(6) Notice-FWS, Topics of Inquiry Nos. 1–3. |
| Rule 30(b)(6) – FWS | 10 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 4 |
| Rule 30(b)(6) – FWS | 13 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 5 |
| Rule 30(b)(6) – FWS | 14 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 6 |
| Rule 30(b)(6) – FWS | 15 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 13 |
| Rule 30(b)(6) – FWS | 18–19 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 11 |
| Rule 30(b)(6) – FWS | 20 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 12 |

| | | |
|---|---|---|
| Rule 30(b)(6) – FWS | 21 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry No. 14 |
| Rule 30(b)(6) – FWS | 22 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry Nos. 15-16 |
| Rule 30(b)(6) – FWS | 28-30 | 4th Amended Rule 30(b)(6) Notice-FWS, Topic of Inquiry Nos. 17–19 |

Similar duplication is found in the Rule 30(b)(6) notices for the Department of the Navy. Specifically, the following topics of inquiry listed in the Rule 30(b)(6) deposition notice for the Navy were previously identified in the Rule 30(b)(6) deposition notice for the United States in the QTA: topic paragraphs 3 – 5, 7–23 and 28. Again, defendant has produced a 30(b)(6) witness on these topics and it is unnecessarily duplicative and burdensome to request that another 30(b)(6) witness be produced on the exact same topics. The Rule 30(b)(6) notices for the United States, the State Department and GSA include the same overly broad and duplicative list of topics of inquiry and therefore suffer from the same over-reaching and duplication. We therefore have the same objections to the duplication in those notices as well. All of the Rule 30(b)(6) deposition notices served in this case should be amended to eliminate topics on which Defendant has already produced a Rule 30(b)(6) deponent. The prior deposition testimony is available to the Plaintiffs in this case, as the parties' citation to those transcripts in the briefs currently pending before the Court reveals. We object to the request that we produce 30(b)(6) witnesses for a second time on any of these issues. As noted below, many of these issues are also objectionable on relevance grounds and fall outside the scope of discovery that has been allowed by the Court in this case.

Objection to Attempts to Conduct Discovery on Matters That Are Outside the Scope of Discovery Ordered by Judge Horn

The deposition notices served by Plaintiffs in this case suffer from the same over-reaching as the interrogatories and document production requests that have been served. As explained in our letters of September 28 (to Ms. Cannata) and October 19, 2007 (to you), discovery in this case has not been opened up by the Court on all issues. The Court indicated to the parties during the telephone status conference held on September 7, 2007, that it was proving difficult to resolve the question of whether Plaintiffs have standing (which is a jurisdictional question in this case) without addressing the underlying question of title to or ownership of Kingman Reef. Accordingly, the Court ordered discovery that was limited to these threshold jurisdictional questions.[1] The specific issues identified for discovery by the Court during the conference of September 7 are: (1) the underlying question of title; (2) Plaintiffs' and the Government's claims on title or decisions regarding title; (3) the *ultra vires* issue as to the 1934 Executive Order; and (4) the *terra nullius*

[1]The other jurisdictional issue raised by Defendant in this case – whether Plaintiffs' claims are time-barred by the applicable six-year statute of limitations – was fully briefed prior to the Court's Order allowing discovery on standing-related issues.

theory, which the Court indicated may or may not be relevant. The Court's subsequent Order of September 10, 2007, allows for discovery "[a]s discussed with the parties" at the status conference of September 7. The Court's order did not open up discovery on the merits of the Plaintiffs' takings claims or on damages issues, presumably because the Court must determine that it has jurisdiction before proceeding to the merits of Plaintiffs' claims.

Although discovery in this case was limited to certain jurisdictional issues, Plaintiffs have noticed depositions on topics that go far beyond those limits. We object to the taking of depositions on topics that exceed the proper limits on discovery at this stage of the case. For example, the following topics of inquiry listed in the Rule 30(b)(6) deposition notice for the FWS exceed the scope of discovery, and are not relevant to the jurisdictional issues currently subject to discovery, and/or are overly broad: 1 – 6, 10, 11, 13, 14, 15, 17, 21-25, 28–35, 38. Although your numbering system varies in each deposition notice, these same topics of inquiry are listed in the Rule 30(b)(6) deposition notices for the United States, the Navy Department, the Department of State, and GSA, and we object to these topics of inquiry for the same reasons set forth above.

Objection to Attempts to Conduct Discovery Regarding Palmyra

This case involves Kingman Reef. Title and ownership issues regarding Palmyra were litigated long ago and are not a proper part of this case. Discovery regarding Palmyra is not relevant to the questions involving Kingman Reef, nor is it likely to lead to the discovery of any relevant information regarding Kingman Reef. In addition, the ownership issues involving Palmyra were fully litigated and resolved over 60 years ago. *See United States v. Fullard-Leo*, 331 U.S. 256 (1947). Moreover, Plaintiffs are not entitled to conduct discovery in this case on Palmyra in order to assist in any other litigation against the United States involving Palmyra, such as *Palmyra Pacific Seafoods, LLC, et al. v. United States*, No. 07-35C (Fed. Cl.).

For these reasons, Defendant objects to the portions of the following deposition notices that seek discovery as to Palmyra:

| Deposition Notice | Topics of Inquiry (by numbered paragraph) |
|---|---|
| Rule 30(b)(6) – FWS | 1–5, 7, 9, 15 and 39 |
| Rule 30(b)(6) – State Dept. | 2, 4, 10 and 34 |
| Rule 30(b)(6) – Navy | 2, 9 and 32 |
| Rule 30(b)(6) – United States | 3, 5, 11 and 35 |
| Rule 30(b)(6) – GSA | 2, 4, 10 and 34 |

All of Plaintiffs' Rule 30(b)(6) deposition notices should be amended to eliminate the discovery sought as to Palmyra.

Timing and Location of Depositions

All five of the Rule 30(b)(6) depositions have been noticed to take place in Honolulu, Hawaii. Because the identification of the Rule 30(b)(6) deponents depends in part on the parties' resolution of the objections contained in this letter, we have not yet identified the 30(b)(6) witness for all agencies and all listed topics of inquiry. At this point, if any of the deponents are physically located in the Honolulu area, we will consent to the deposition at the location specified in the deposition notices. However, for those deponents who are located on the mainland, we do object to producing those witnesses for deposition in Honolulu. Once the deponents are identified, we will provide you with the name of each deponent and the city and state where they are work so that we can confer and agree on a date and location for each deposition.

The Court has encouraged the parties in its Order of September 10, as well as in its instructions to the parties by telephone, to confer during the course of discovery as issues arise. As noted above, we propose that the parties schedule a meet and confer by telephone at your earliest convenience, and have suggested November 15 and 16 as possible dates.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by e-mail only):
Therese Y. Cannata
Michael M. Ching
Donna H. Yamamoto

U.S. Department of Justice

*Environment & Natural Resources Division*
*Natural Resources Section*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

November 13, 2007

**By Electronic Mail**

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Re: Notice of Deposition and Subpoena to T.E. Manase Mansur in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear ~~Mr. Porter~~ Chris:

We are in receipt of the Notice of Deposition of T.E. Manase Mansur and the Subpoena served or to be served on Mr. Mansur. Assuming that Mr. Mansur has been served, because he is a former employee of the U.S. Congress, I would represent him in connection with the noticed deposition for matters that fall within the scope of his employment with the United States.

We object to the taking of Mr. Mansure's deposition. Mr. Mansur has not, to our knowledge, ever been employed by one of the federal executive branch agencies charged with management responsibility for Kingman Reef. His employment with the U.S. Congress does not provide a sufficient basis to take his deposition in connection with this case. The taking of deposition testimony from former government employees – such as William Brown and T.E. Manase Mansur – who certainly have no personal knowledge of the historical facts relevant to the underlying question of title to or ownership of Kingman Reef, is not likely to lead to the discovery of relevant or admissible evidence. In addition, former employees such as the individuals you seek to depose cannot testify as to the position of the United States on any of the matters that the Court is allowing discovery on. For these reasons, Plaintiffs' attempt to take depositions of former employees such as Mr. Mansur and Mr. Brown appears to be directed at topics that are not relevant to their claims in this case and that fall well outside the scope of discovery that has been allowed in this case.

In addition, the Subpoena commands Mr. Mansur to produce and permit the inspection and copying of 16 categories of documents that are identified in Attachment A to the Subpoena. In accordance with RCFC 45(c)(1). These 16 broad categories are the same 16 categories listed in the

attachment to the subpoena served on Mr. Brown and, for the same reasons set forth in my letter of November 8, 2007, regarding the deposition notice and subpoena served on Mr. William Brown, we object to most of these document production requests as beyond the scope of discovery that has been allowed by the Court and irrelevant to the jurisdictional questions that are presently subject to discovery, as well as on the other grounds specifically listed in that November 8th letter. Defendant also objects to the taking of deposition testimony from Mr. Mansure (as it does for Mr. Brown) on all of these objectionable categories for those same reasons.

Please advise us at your earliest convenience whether you have in fact served Mr. Mansur with a subpoena and whether you intend to pursue this deposition. If we are unable to reach agreement as to whether this deposition should occur, or as to the narrowing of this deposition, we expect to file a motion to quash and/or a motion for a protective order.

Sincerely,

Kristine S. Tardiff
Trial Attorney

cc (by e-mail): Therese Y. Cannata, Michael Ching, Donna H. Yamamoto

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

*90-1-23-12048*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

November 16, 2007

**By Facsimile and E-Mail**

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Re: Deposition Notice for Judson Feder in *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)

Dear Counsel:

We are in receipt of the Notice of Deposition of Judson Feder, National Oceanic Atmospheric Administration ("NOAA") that was served on October 29, 2007. As you are aware, Mr. Feder is an attorney employed by NOAA in its General Counsel's office. We have several objections to this Notice that need to be resolved prior to any deposition of Mr. Feder.

First, we object to the request contained in the Notice that Mr. Feder produce documents in sixteen broadly framed categories attached to the Notice as Attachment A. Earlier this year, in connection with the quiet title action involving Kingman Reef, *Kingman Reef Atoll Investments, LLC ("KRAI") v. United States*, No. CV05-00151 (D. Hawaii), KRAI served a subpoena dated February 12, 2007, on NOAA's Custodian of Records that sought the production of a similarly broad set of documents. NOAA responded to this subpoena by producing responsive documents from NOAA's National Marine Fisheries Service, Pacific Islands Regional Office, and the Western Pacific Fisheries Management Council. As stated in the letter from NOAA attorney Shepherd R. Grimes to Mr. Porter dated March 26, 2007, NOAA's response to KRAI's subpoena provided "those documents that relate to ownership and access to the area in question[.]" which included Kingman Reef. Because NOAA already has produced such documents to Plaintiff pursuant to a

subpoena, the request that Mr. Feder appear at a deposition and produce the same documents is unreasonably cumulative and duplicative of prior discovery conducted by Plaintiff in the quiet title action. That discovery is available to Plaintiffs in this case and it is unreasonably burdensome and completely unnecessary to request that NOAA – through the proposed deposition of one of its attorneys – produce these documents a second time.

Second, and in addition to the objection stated above, we further object to the document production request included in the Notice of Deposition of Mr. Feder because the documents requested by Plaintiffs involve issues that are beyond the scope of discovery that has been allowed by the Court and irrelevant to the jurisdictional questions that are presently subject to discovery. In particular, we have the following additional objections to the categories of documents requested in the Notice of Deposition of Mr. Feder:

1. The request to produce "[a]ll documents and communications that refer, relate to, or describe Kingman Reef Atoll" is overly broad in that it is not limited to those questions on which discovery has been allowed.

2. The request to produce documents related to a draft briefing statement dated March 30, 2000, is overly broad in that it is not limited to those questions on which discovery has been allowed. Moreover, this document in question was produced by the Fish & Wildlife Service and is not a NOAA document.

3. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. The "protection" of Kingman Reef, which was not defined but which we interpret to refer to protection through the designation of Kingman Reef as a National Wildlife Refuge, is a decision that is not subject to challenge by Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims. In addition, discovery regarding Palmyra is not relevant to the questions involving Kingman Reef, nor is it likely to lead to the discovery of any relevant information regarding Kingman Reef. Moreover, Plaintiffs are not entitled to conduct discovery in this case on Palmyra in order to assist in any other litigation against the United State involving Palmyra, such as *Palmyra Pacific Seafoods, LLC, et al. v. United States*, No. 07-35C (Fed. Cl.).

4. Defendant does not object to the request for non-privileged documents regarding the ownership of Kingman Reef and, as noted above, those documents were previously produced by NOAA in response to KRAI's subpoena. Defendant also objects to the request for documents regarding the ownership of Palmyra for the reasons stated in its objection to document request #3, and because the ownership of Palmyra was fully litigated and resolved over 60 years ago. *See United States v. Fullard-Leo*, 331 U.S. 256 (1947). Plaintiffs' request for such documents in connection with this case is unnecessary, unduly burdensome, and appears to have been served along with other similar document requests in order to harass Defendant and this non-party deponent, and to needlessly increase the cost of this litigation, rather than for a proper purpose.

5. The documents requested are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. The creation and execution of Executive Order 13089, including reports or studies prepared in connection with that Executive Order are not relevant to the issues on which discovery has been allowed. Moreover, Executive Order 13089 is not subject to challenge by the Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims.

6.-7. Defendant does not object to these requests for non-privileged documents regarding title or ownership of Kingman Reef and, as noted above, NOAA already has produced such documents.

8. The documents requested are overly broad and not relevant to any issues in this case, much less the limited jurisdictional issues on which the Court has allowed discovery.

9. The documents requested are overly broad in that Plaintiffs are seeking documents regarding ownership of all coral reefs, without limitation. Such documents are not relevant to any issues in this case, much less the limited jurisdictional issues on which the Court has allowed discovery. This request should be limited to Kingman Reef, which is the only coral reef at issue in this case. As so limited, the request is duplicative of document request #7.

10. This request is not relevant to any of the jurisdictional questions on which the Court has allowed discovery in this case. Plaintiffs requested and received such documents from Defendants in connection with *KRAI v. United States*, No. CV05-00151 (D. Hawaii). That case is now on appeal and Plaintiffs have no grounds for conducting discovery in this case that is only relevant, if at all, to the quiet title action.

11. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, Secretarial Order 3223, which established the Kingman Reef National Wildlife Refuge is not subject to challenge by the Plaintiffs in this case, nor is that Order subject to review by the Court of Federal Claims. Moreover, Secretarial Order 3223 was issued by the Secretary of the Interior, not by a NOAA official.

12. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, the establishment of a National Wildlife Refuge over Kingman Reef is not subject to challenge by the Plaintiffs in this case, nor is that Order subject to review by the Court of Federal Claims. Moreover, Kingman Reef was designated as a National Wildlife Refuge by the Department of the Interior, not by NOAA.

13.-16. The documents requested here are not relevant to any of the jurisdictional questions on which the Court has allowed discovery. In addition, this request is overly broad in that it seeks documentation of communications on anything related to Kingman Reef, rather than being limited to the jurisdictional issues on which the Court has allowed discovery. As noted above, NOAA has produced those documents that relate to ownership of Kingman Reef.

In addition to the objections we have with respect to the document production requests included in the Notice of Deposition directed to Mr. Feder, we object the taking of Mr. Feder's deposition without any specific identification by Plaintiffs as to the topics on which they wish to depose Mr. Feder. Mr. Feder is a NOAA attorney. Accordingly, the proposal to depose him raises significant concerns regarding attorney-client privileges and attorney work product privileges. Although NOAA is not directly involved in this case, in accordance with the Rules of the United States Court of Federal Claims and consistent with certain regulations generally applicable to the provision of testimony by NOAA employees (see 15 C.F.R. §§ 15.11- 15.18), we have informed NOAA of your desire to depose Mr. Feder. In order to enable the Department of Justice, in consultation with NOAA, to make an informed decision as to whether we will agree to produce Mr. Feder for deposition on any specifically identified topics, or whether we will need to file a motion to quash or a motion for a protective order, please identify the specific factual issues on which Mr. Feder's testimony is sought.

Because of the significant privilege issues implicated by the Notice to depose one of NOAA's attorney, we further ask that you agree to defer any deposition of Mr. Feder from the date identified in the Notice (November 30, 2007), to a later date to be agreed on by the parties once the objections set forth in this letter have been resolved by the parties, either with or without the involvement of the Court of Federal Claims, as needed. I am available to discuss this matter with you at your earliest convenience.

Sincerely,

Kristine S. Tardiff
Trial Attorney

cc (by email only): Michael Ching, Donna Yamamoto

CANNATA, CHING & O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

November 22, 2007

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America*
(United States Federal Court of Claims, Case No.: 06-828L)

Dear Ms. Tardiff:

I want to first apologize for our delay in responding to your earlier correspondence. This will be the first in a series of letters that we will send concerning written and deposition discovery propounded by plaintiffs to the government.

Turning first to the proposed deposition schedule, I want to confirm our willingness to move deposition dates provided plaintiffs are not put to the burden and expense of re-serving the witnesses. I realize that you cannot speak for The Nature Conservancy, which is a third party witness. However, we assume that you can speak for current or former government employees as well as potential witnesses that the government will produce in response to plaintiffs' Rule 30(b)(6) deposition notices.

As to specific depositions, we propose the following changes:

- For Mr. Mansur, we will withdraw his deposition notice for the present time, subject to re-noticing if and when we confirm his current address.

- For Mr. Feder, whose deposition is currently set for Friday, November 30, 2007 in Long Beach, California, we are willing to move that date to a time convenient to all parties provided, as noted, he will appear without need of a further subpoena.

- For Mr. Brown, whose deposition is set for Monday,

December 3, 2007, we agreed to change the location to Pennsylvania, but (unless I overlooked an email) we have not heard further about a specific place. Again, we are willing to reschedule this provided he will appear without need of a further subpoena.

- The next deposition date on our calendar is Friday, December 7, 2007 for a Rule 30(b)(6) deposition of The Nature Conservancy. In that regard, we will need to respond to Mr. Fogg's recent letter and possibly objections that you have raised. However, before we move that date, I would want to have Mr. Fogg's consent that we will not need to re-serve the subpoena.

The balance of the depositions are set for the week of December 10, which should be far enough away to permit us to resolve the pending issues concerning the scope of discovery. I expect it is not reasonable to ask witnesses to appear for deposition between December 24 and January 2. So, whatever we cannot complete before the holiday break, we should re-set for early January 2008. However, if we postpone depositions into January, it affords both sides limited time to complete discovery. My concern is that should we determine through discovery the need for additional depositions, we would not have time to complete them in light of the current discovery cut-off date.

Regarding the balance of the issues that you raised in your letter, we plan to forward a detailed meet and confer letter to you on Monday, November 26 and suggest that we schedule a conference call for November 28 or 29, if you schedule permits. Donna Yamamoto and/or Chris Porter will join us which presents a significant time zone issue. I would suggest 12:00 p.m. (PST), which would be 10:00 a.m. in Hawaii and 3:00 p.m in New Hampshire.

We thank you for your continued courtesy and cooperation in this matter.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.ltr.Tardiff discovery 11-19-07.tyc.wpd

CANNATA,
CHING &
O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

November 26, 2007

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America*
(United States Federal Court of Claims, Case No.: 06-828L)

Dear Ms. Tardiff:

This letter is a continuation of our discussion about the Government's objections to discovery propounded by plaintiffs to the Government. The first and perhaps most important question to resolve is the scope of discovery. That divides into two subparts:

- Whether Judge Horn intended by her order to have the parties complete all discovery, including that concerning damages.

- Assuming the reference to discovery "cut-off" was limited to those matters related to the Government's pending motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, what are the particulars of that general topic.

If the court intended us to proceed with the more limited discovery, we would certainly agree to withdraw written discovery that pertains solely to the question of damages. We therefore propose that the parties seek court guidance on this. We could request a telephone conference with the judge's clerk to see what Judge Horn prefers in such instances. Alternatively, we could submit a stipulation and proposed order confirming that the court has directed limited discovery at this time.

As to the specific issues, as listed in your letter dated October 19, 2007, we restate them as follows:

(1) The underlying question of ownership and title, including how title was (or was not) acquired by the plaintiffs (their predecessors in interest) and the Government. We note the related topics of the Government's claim of sovereignty, possession and control of the subject property as well as its concerns and communications with others about these issues.

(2) Plaintiffs' and the Government's claims and/or beliefs concerning ownership and title, including communications and writings in which the Government, for example, internally reviewed its claim of title or the claim of private ownership.

(3) The *ultra vires* issue as to the 1934 Executive Order, including the extent to which the Government could use (or historically did use) this as a legal basis on which to claim sovereignty, administrative jurisdiction, title or ownership of the subject property.

(4) The *terra nullius* theory, and again, this would include communications or writings in which the Government internally considered this issue in connection with its claim of title and ownership of the subject property. We agree that the relevance of this issue is to be determined.

Your comment that the court did not open up discovery on the merits of plaintiffs' takings claim(s) presents a more difficult question. The Government, as I understand it, claims that it owned the property when it established the Kingman Reef National Wildlife Refuge in 2001, and in its motion to dismiss, the Government has taken the position that the statute of limitations has run on plaintiffs' claims in this action, because their predecessors in interest had notice of the Government's "taking" of the property sometime between1934 and 1938. The Government has also taken the position that neither the Guano Act nor the1934 Executive Order conferred title of Kingman Reef to the Government. However, the 1934 Executive Order purportedly gave notice to plaintiffs of the Government's claim to title. To reach both of these conclusions, the Government has denied all claims of ownership by plaintiffs and/or their predecessors in interest. Accordingly, the resolution of the jurisdictional questions here require a determination of the essential claims and defenses in this case (*i.e.* ownership and the "taking").

We will address in further correspondence the specific objections raised in your other letters. My intent here was to present our position and seek consensus on the scope of discovery. We thank you for your continued courtesy and cooperation in this matter.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.ltr.Tardiff discovery 11-26-07 rev.tyc.wpd

CANNATA,
CHING &
O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

November 27, 2007

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America*
(United States Federal Court of Claims, Case No.: 06-828L)

Dear Ms. Tardiff:

This is in response to your letter dated November 8, 2007, pertaining to the deposition of William Brown. First, as noted earlier, we agree to change the location to the conference room at the Academy of Natural Sciences in Philadelphia, or a comparable location nearby. Second, regarding your general objection that many of the categories of documents requested are beyond the scope of discovery, we disagree for the reasons stated in our letter dated November 26, 2007, concerning the scope of discovery.

Turning now to your specific objections to the document requests, we start with several general comments.

- Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, we are entitled to documents reasonably calculated to lead to the discovery of admissible evidence.

- This document request is directed to an individual, who is a former government employee. This is quite different than a request directed to the United States government, which might require the responding party to make inquiry with hundreds of agencies in order to fully comply with the request. Accordingly, we do not believe that any of these requests impose a burden on the witness.

- We understand that Mr. Brown is an attorney. However, we do not know the nature of the documents that he has concerning each category of requested documents or whether any responsive documents were generated by him in a context that might trigger the applicability to the attorney-client privilege. We refer you generally to FRCP, Rule 45(d)(2), but we are also prepared to meet and confer with you on issues or particular documents.

- Though it may be unnecessary these days, I wanted to make sure that the witness knows that we are requesting *all* writings, including emails, maps, handwritten notes, diaries, and calendar books (to the extent they are responsive to a particular request and/or would help pinpoint dates and events relevant to his knowledge of Kingman Reef). Again, I would not expect boxes of documents here but I am requesting a complete search in advance of the deposition.

We now address the specific objections that you made to each document request:

| **Text of Document Request** | **Plaintiffs' Response to Objection** |
|---|---|
| 1. All documents and communications that refer, relate to, or describe Kingman Reef Atoll. | It is a necessarily broad request but to clarify, we seek documents that refer to the subject property and issues of ownership, title, sovereignty, possession, control, and administrative jurisdiction, as well as discussions, debates or disputes about all of these issues. Items not included in this request might include, for example, maps that post date the formation of the KRNWR in 2001. We are prepared to discuss this category further so that we can all be clear on the scope of this particular request. |

2. All documents or communications that refer, relate to, or summarize the creation and execution of Executive Order 13089 on Coral Reef Protection signed on June 11, 1998.

We are informed and believe that Mr. Brown worked on the preparation of this Executive Order and stated in an article that the next step was to find a suitable reef. (Honolulu Advertiser, June 18, 2006.) This statement, in combination with other government documents from the 1998/1999 period, suggests that the Government may have targeted Kingman Reef for a taking with full knowledge of the private property rights involved. While such documents may not be directly relevant, such documents may lead to the discovery of admissible evidence on issues such as ownership, title, possession and control of the subject property. We offer no opinion about status of this Executive Order or whether it is presently subject to judicial review.

3. All documents or communications that refer, summarize, describe or relate to the protection of Palmyra Atoll and/or Kingman Reef Atoll.

There appears to be a link between these two properties as evidenced on a number of documents prepared by the Government. Topics include offers to purchase both properties from the Fullard-Leo family, Congressional Appropriations for both properties, and at various points in time, in connection with the Government's analysis of ownership and title to Kingman Reef. While such documents may not be directly relevant to the matters before this court, such documents may lead to the discovery of admissible evidence on issues such as ownership, title, possession and control of the subject property. We are not seeking discovery for the purpose of assisting any other party in litigation against the United States. We offer no opinion about status of this Executive Order or whether it is presently subject to judicial review.

| | |
|---|---|
| 4. All documents that memorialize or constitute research on the ownership of Palmyra Atoll or Kingman Reef Atoll. | We are unaware, at present, whether Mr. Brown has any documents responsive to this request. If he does, and if you and/or Mr. Brown wish to assert the attorney-client privilege as to those documents, we will inquire about the basis of each such claim. We refer you to our comments in response to your objections to Request #3, concerning the link to Palmyra. I cannot see how a former government employee can complain about the burden of searching for the requested documents unless you are suggesting that he has maintained a large personal library of such information since his departure from his position at the Department of Interior. If that is the case, we would have additional comments about relevancy, but I see no point in making that assumption here. |
| 5. All documents or communications that refer, relate to, or constitute reports or studies prepared pursuant to Executive Order 13089, including section 5, subsections (a) – (d) of Executive Order 13089, regarding Palmyra Atoll and Kingman Reef Atoll. | Please see our response to your objections to Request #2, above. |
| 6. All documents that refer to, relate to, summarize or describe title to Kingman Reef or any submerged reefs, lagoons or waters within a three-mile radius of Kingman Reef. | The claim of ownership here includes emergent and submerged reefs and lands, lagoons or waters within a three-mile radius of Kingman Reef. I am not sure if you intended to object to that category. We are requesting that category of documents as well. |
| 7. All documents that refer to, relate to, summarize or describe ownership of Kingman Reef or any submerged reefs, lagoons or waters within a three-mile radius of Kingman Reef. | The claim of ownership here includes emergent and submerged reefs and lands, lagoons or waters within a three-mile radius of Kingman Reef. I am not sure if you intended to object to that category. We are requesting that category of documents as well. |

| | |
|---|---|
| 8. All documents that refer to, relate to, summarize or describe the economic value of coral reefs, including without limitation appraisals, valuations, and feasibility studies. | We offer two comments here. First, we are not yet certain that damages are off the table in this phase of discovery. Second, documents reflecting this witness's knowledge or familiarity with the value of the property is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |
| 9. All documents that refer to, relate to, summarize or describe the ownership of coral reefs, and submerged lands, lagoons or waters within a three-mile radius of coral reefs. | If the Government has taken a position concerning such ownership rights for coral reefs, submerged lands, lagoons or waters within a three-mile radius for properties other than Kingman Reef that is different than the position it takes with respect to Kingman Reef, such information is discoverable. Given this witness's background and experience, we expect that he will know one way or the other about this question. |
| 10. All documents or communications that refer, relate to or memorialize any requests to obtain congressional approval to appropriate money to purchase Palmyra Atoll and Kingman Reef Atoll. | There is evidence that the Government offered to purchase Kingman Reef, which suggests knowledge that the property was privately owned at the time of the taking in 2001. Such evidence is relevant to the issues of ownership, title, control, and possession. |
| 11. All documents or communications that refer or relate to Order 3223 signed on January 18, 2001, establishing the Kingman Reef National Wildlife Refuge. | We refer you to our response to the Government's objection to Request #3, above. There is substantial evidence that the Government was internally debating the question of the claim of private ownership of the subject property. Without debating the motives at this time, it is sufficient to conclude that such evidence is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |

| | |
|---|---|
| 12. All documents or communications that refer, relate to or memorialize your discussions with any person regarding the establishment of a National Wildlife Refuge over Kingman Reef Atoll. | There is substantial evidence that from 1998 to 2001 the Government was *internally* debating the question of the claim of private ownership of the subject property. Without debating the motives at this time, it is sufficient to conclude that such evidence is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |
| 13. All documents that refer, relate to, or memorialize any communications between you and Robert Smith regarding Kingman Reef Atoll. | There is evidence that the Government offered to purchase Kingman Reef and Congress appropriated funds for the same, which suggests knowledge that the property was privately owned at the time of the taking in 2001. Mr. Smith made one such written offer. Mr. Brown referenced Mr. Smith's knowledge of Kingman Reef in his June 2006 article referenced above. Such evidence is relevant to the issues of ownership, title, control, and possession. |
| 14. All documents that refer, relate to, or memorialize any communications between you and any other person regarding Kingman Reef Atoll. | There is substantial evidence that the Government was *internally* debating the question of the claim of private ownership of the subject property – perhaps as far back as the 1930's and continuing on through to 2001. For reasons that are not altogether clear, the Government appeared intent on keeping such debates secret from the owners (the Fullard Leo family) and the general public. Without debating the motives at this time, it is sufficient to conclude that such evidence is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |

| | |
|---|---|
| 15. All documents or communications that refer or relate to any of the following: Ainsley Fullard–Leo, Dudley Fullard–Leo, Ellen Fullard–Leo, Leslie Fullard–Leo, Peter Savio, Kingman Reef Atoll Investments, L.L.C., Kingman Reef Atoll Development, L.L.C., Lorrin A. Thurston, and/or T.E. Manase Mansur. | There is substantial evidence that the Government was *internally* debating the question of the claim of private ownership of the subject property – perhaps as far back as the 1930's and continuing on through to 2001. For reasons that are not altogether clear, the Government appeared intent on keeping such debates secret from the owners (the Fullard Leo family) and the general public. Without debating the motives at this time, it is sufficient to conclude that such evidence is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |
| 16. Any documents or communications concerning this litigation. | To the extent that this former Government employee has communications concerning this litigation, and there is no valid claim of privilege, such documents would be discoverable insofar as it is reasonably calculated to lead to the discovery of admissible evidence about the subject property, including issues of ownership, title, control, and possession. |

As previously noted, we will continue to forward to you letters addressing each of your further specific objections raised in your other letters. I want to also emphasize our willingness to discuss compromises that permit us to resolve these disputes without need of court intervention. These comments provide the starting point of that discussion. We thank you for your continued courtesy and cooperation in this matter.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.Ltr. Tardiff Disc-Brown 11-27-0.tyc.wpd