U.S. Department of Justice

90-1-23-12048

*Environment & Natural Resources Division*
*Natural Resources Section*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

February 19, 2008

**By Electronic Mail**

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Re: *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)
Amended Rule 30(b)(6) Deposition Notice – U.S. General Services Administration

Dear Ms. Cannata:

This letter addresses plaintiffs' request to take a Rule 30(b)(6) deposition of the U.S. General Services Administration ("GSA") in connection with the limited discovery that has been allowed by the Court in this case. Plaintiffs' original Rule 30(b)(6) deposition notice to GSA was served on October 25, 2007. We identified a number of objections to this notice in our letter of November 9, 2007, to Chris Porter. In addition, at the time the original deposition notice to GSA was served, a written discovery request from plaintiffs for "[c]opies of the U.S. General Services Administration's worldwide inventory of federal real property for each year that Kingman Reef Atoll appeared on said list." Pls.' Request for Production of Documents (Set Two), Request No. 1 (served Oct. 15, 2007). Our response to that request for production was served on November 19, 2007.

Subject to and without waiving a number of objections, we responded to the request for production of GSA records by identifying a number of GSA reports that appeared to be responsive to the request, then further stated that "[t]here is no reference to any property owned by the United States in Kingman Reef Atoll in any of these documents." Def.'s Resp. to Pls.'s Request for Production of Documents (Set Two), Request No. 1 (served Nov. 19, 2007). Although not required by the applicable discovery rules, we also provided an explanation as how these reports are compiled. That explanation included a reference to Executive Order 13327 (Feb. 6, 2004), which explains the reporting requirements relative to real property reports that GSA now prepares each year based on information that other federal agencies are required to submit. Notably, however, Executive Order 13327 excepts from reporting requirements "public domain land (including lands withdrawn for military purposes) or land reserved or dedicated for national forest, national park, or national wildlife refuge purposes except for improvements on those lands." E.O. 13327, Sec. 2. As

we explained, Kingman Reef is therefore excepted from the reporting requirements under Executive Order 13327. Notwithstanding this detailed response, the amended draft Rule 30(b)(6) deposition to GSA that we received from you on February 7, 2008, asks us to produce a GSA witness to testify about "[t]he creation and maintenance of the U.S. General Services Administration's worldwide inventory of federal real property *for each year that Kingman Reef Atoll appeared on said list.*" (Topic of Inquiry number 1). As our prior discovery responses state quite clearly, Kingman Reef does not appear on the GSA reports identified and described in response to plaintiffs' document production requests. The request for a Rule 30(b)(6) deponent on this topic is duplicative and serves no reasonable purpose.

Your letter of February 7, 2007, acknowledges our prior discovery responses, and indicates that plaintiffs believe that they are entitled to conduct a deposition of a GSA witness on "why Kingman Reef was not listed on what purported to be a complete list of federal property." Again, we refer to back to our detailed written response to the request for production referenced above. As stated therein, "both the Summary Reports and the Overviews identified [in our response] were compiled by GSA based upon the voluntary submission of data by federal agencies. Therefore, GSA makes no representation that these listings are exhaustive in terms of their identification of property owned and leased by the United States." GSA cannot testify as to why any other federal agency may or may not have submitted data about real property owned by the government and administered by that agency.

Moreover, as we have indicated previously, whether Kingman Reef is or is not listed on the GSA reports in question has no bearing on the underlying question of title to or ownership of Kingman Reef. This underlying question will be resolved on the historic facts and the applicable law. GSA was not created until 1949, and there is no indication in the voluminous record in this case that GSA had any involvement in the historic events, actions or communications regarding Kingman Reef that are relevant to that underlying question. Notwithstanding this fact, plaintiffs continue to insist that we produce a GSA witness to testify as to matters such as the "Copra Co.'s claim of ownership to Kingman Reef through its agent Lorrin A. Thurston" in 1922 (topic of inquiry number 12), "Kingman Reef as Terra Nullius and as unclaimed land prior to 1922" (topic of inquiry number 14), and "Defendant's claims, if any, to title to Kingman Reef" from 1922 to 2001 (topic of inquiry number 11). The request that we produce a GSA witness on these topics is unreasonable in light of the fact that GSA was not created until 1949, the agency has never had any administrative responsibility for Kingman Reef, and the lack of any documents that connect GSA with Kingman Reef. For these same reasons, the request that we produce a GSA witness to testify as to matters such as the ownership of Kingman Reef, communications regarding Kingman Reef, communications regarding the Guano Islands Act of 1856, the Pickett Act of 1910, the 1934 and 1941 Executive Orders, and the government's assertion of sovereignty and/or jurisdiction is unreasonable.

The only other topic that you've identified is "[c]ommunications between you and Dennis Pacht and/or anyone from the Department of the Navy concerning the planned interdepartmental transfer of Kingman Reef from the Navy to any other branch of government" (topic of inquiry number 5). Mr. Pacht, the Navy employee who worked on this transfer, was already deposed by plaintiffs and was questioned extensively regarding the 2000 transfer of Kingman Reef from the

Navy to the Department of the Interior. Mr. Pacht explained in response to plaintiffs' questions that the Navy determined that it had delegated authority to transfer Kingman Reef directly to Interior rather than going through GSA's disposal process for excess federal property. *See* Pacht Dep. at 16-17, 69-73. As Mr. Pacht testified, GSA had no role in the transfer of Kingman Reef. *Id.* at 73. Accordingly, the request that we produce a Rule 30(b)(6) witness from GSA on this topic is unreasonably duplicative of prior discovery and is not reasonably calculated to lead to the discovery of admissible evidence on the underlying question of title to or ownership of Kingman Reef, or any of the other limited issues on which discovery has been allowed by the Court.

For all of the reasons set forth in this letter and in our prior communications, we continue to object to plaintiffs' request that we produce a Rule 30(b)(6) deponent from GSA.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by email): Christian P. Porter
Donna Yamamoto
Michael Ching

U.S. Department of Justice

90-1-23-12048

Environment & Natural Resources Division
Natural Resources Section

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

February 20, 2008

**By Electronic Mail**

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Re: *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)
Amended Rule 30(b)(6) Deposition Notice – Department of the Navy

Dear Ms. Cannata:

This letter addresses plaintiffs' request to take a Rule 30(b)(6) deposition of the Department of the Navy in connection with the limited discovery that has been allowed by the Court in this case. Plaintiffs' original Rule 30(b)(6) deposition notice to the Navy was served on October 25, 2007. Our objections to the original notice are set forth in my letter to Chris Porter of November 9, 2007. We are now in receipt of plaintiffs' amended deposition notice and related letter of February 7, 2008. This letter responds to that amended notice and explains our position with respect to the requested deposition.

We note that your amended deposition notice reduces the number of topics of inquiry from 34 topics to 18 topics through the elimination of certain topics and the consolidation of others. However, despite the effort to reduce the topics of inquiry, our objections to plaintiffs' request that we produce a Rule 30(b)(6) deponent from the Navy have not been resolved.

With respect to historical facts, our position here is the same as it is for the amended Rule 30(b)(6) deposition notices directed to other federal agencies. The Navy, like the other agencies, does not have a witness with any personal knowledge or direct involvement in events, Navy activities or actions and/or correspondence that occurred decades ago. For example, the documents in the record reflect correspondence from Mr. Thurston to the Navy officials in Pearl Harbor regarding Kingman Reef in 1922 (US0012-13) and again in 1925 (Doc. 36-2). The records further reflect that the Navy conducted surveys of Kingman Reef in 1926 (US0030-43) and in 1927 (US0045-US0066). In addition, the records show that the Navy examined questions of ownership and sovereignty of Kingman Reef and other Pacific islands in 1934, prior to the President's issuance of Executive Order No. 6935 (Dec. 29, 1934), and looked into the ownership of Kingman Reef

again in the mid-1930's. The numerous letters between the Fullard-Leo family and their representatives and the government during the 1937 to 1938 time period, including correspondence with the Navy, are also part of the record. *See* Answer Exhibits D-E; Doc. 36-4. Internal Navy memorandum regarding the ownership of Kingman Reef are also part of the record. *See* US0001-0004; Doc. 36-3. The only thing that a Rule 30(b)(6) deponent from the Department of the Navy could do with respect to these historical records is to authenticate the documents. However, this is unnecessary since the authenticity of these ancient documents is not disputed by the government and can be stipulated to. In addition, to the extent that the Navy took a position on the topics listed in the amended deposition notice that relate to these historic facts and correspondence, that position is reflected in the documents that have been produced. With respect to the content of those documents, at Rule 30(b)(6) deponent could do no more than testify as to what the documents themselves state. Accordingly, no purpose is served by a Rule 30(b)(6) deposition of the Department of the Navy with respect to the historic facts, events and/or correspondence. We therefore continue to be opposed to such a deposition on the ground that the testimony sought is unreasonably cumulative and duplicative and the information sought through this testimony is obtainable directly from the historic documents in question. This objection applies to most of the topics of inquiry listed in the amended deposition notice, but is particularly applicable to topic numbers 1-7, 11-14 and 18.

These same objections apply to topic of inquiry number 10, which requests that we produce a Department of Navy witness to testify as to the landing of planes at or near Kingman Reef by Pan American Airways. The documents in the record indicates that this activity occurred in the 1930's pursuant to a revocable permit issued by the Navy. *See* FLD00099-FLD00110; US0133; Def. Ex. 4. The historic facts are set forth in the documents themselves and no purpose is served by a Rule 30(b)(6) deposition on this topic, which is also irrelevant to the underlying question of title to or ownership of Kingman Reef or to any of the other limited issues on which discovery has been permitted.

In addition, we continue to object to your request that we produce a Rule 30(b)(6) deponent on topics that were covered by prior Navy witnesses who were deposed in connection with the quiet title action. For example, a number of the topics of inquiry in the amended notice request that we produce a witness to address issues regarding access to Kingman Reef (topic numbers 1 and 8–10). We provided a Rule 30(b)(6) witness from the Navy to testify as to these issues in the quiet title action and that testimony is available to plaintiffs in this case. Plaintiffs' request that we produce another Rule 30(b)(6) deponent on these topics is unreasonably cumulative and duplicative of the prior discovery. Moreover, these access issues have no relevance to the underlying question of title to or ownership of Kingman Reef, nor has there been any showing by plaintiffs that further inquiry on access-related issues is reasonably calculated to lead to the discovery of admissible evidence on the underlying question of title to or ownership of Kingman Reef or on any of the other limited issues on which discovery has been allowed.

Other listed topics are also duplicative of prior depositions. For example, in topic of inquiry number 16, you ask for testimony on "[t]he planned interdepartmental transfer of Kingman Reef from you to any other United States governmental agency or department." Topic of inquiry number 18 also seeks testimony about the transfer of Kingman Reef. Dennis Pacht, the Navy real estate

specialist who was directly involved in the process leading to the transfer of Kingman Reef from the Navy to Interior, already provided extensive deposition testimony on this subject. The request for a Rule 30(b)(6) witness from the Navy to testify as to these same topics, is unreasonably cumulative and duplicative of this prior discovery. In addition, the referenced transfer, which occurred in 2000 (Compl. Ex. 27), is not relevant to or probative of the underlying question of title and ownership, including the question of whether the plaintiffs' predecessors-in-interest acquired private title to Kingman Reef in 1922, as they allege.

Similarly, in topic of inquiry number 3, you ask us to produce a Rule 30(b)(6) deponent from the Navy to testify regarding "[t]itle investigations and opinions regarding the ownership of Kingman Reef and Palmyra Atoll by the Nature Conservancy." Again, Dennis Pacht, the Navy real estate specialist who was directly involved in the process to transfer Kingman Reef from the Navy to Interior, already has testified that he did not have any communications with The Nature Conservancy (TNC). Further, during our last telephone conference with Judge Horn, TNC attorney Andrew Fogg described the privileged memorandum prepared by one of its attorneys that apparently contains some mention of Kingman Reef. We confirmed during that same telephone conference, as we have on a number of prior occasions, that the United States does not have a copy of this memorandum. Moreover, even if TNC has an opinion regarding the ownership of Kingman Reef, that opinion is irrelevant to the underlying question of title to or ownership of Kingman Reef, which will turn on the historic facts and the applicable law. The request for a Rule 30(b)(6) deponent on this topic is thus duplicative, irrelevant, unreasonable and an unnecessary waste of resources.

In topic of inquiry numbers 13 and 14, you ask us to produce a Rule 30(b)(6) witness regarding challenges to Plaintiffs' alleged ownership of Kingman Reef and communications concerning ownership of Kingman Reef. As noted above, the Navy's examination of ownership issues for Kingman Reef in the 1930's, and contemporaneous communications from the government to Plaintiffs' predecessors-in-interest and their representatives, are both fully set forth in the documents that are part of the record. In addition, Navy real estate specialist Dennis Pacht has provided testimony that he was not aware of any title dispute involving Kingman Reef prior to the Navy's transfer of Kingman Reef to Interior in 2000 (Pacht Dep. at 57-58). Mr. Pacht further testified at deposition that his office, which handles title work for the region where Kingman Reef is located, was not asked to and did not conduct title research on Kingman Reef (Pacht Dep. at 20-21; 34-36; 54-56; 79, 81).

There are also a number of topics of inquiry listed in the amended deposition notice to which a Department of Navy witness simply cannot speak. For example, you continue to request that we produce a witness from the Navy to testify as to "the Territory of Hawaii, and later, the State of Hawaii's position on title to Kingman Reef" (topic number 15). The Navy cannot speak for Hawaii regarding its position on this or any other issue. Several topics of inquiry are also addressed to the actions of the U.S. Coast Guard (topic numbers 9 and 12). A Navy witness cannot speak for the U.S. Coast Guard, and the Coast Guard has already provided a Rule 30(b)(6) deponent on these matters. Plaintiffs also seek a Navy witness to testify about "[t]he appropriation of funds from the U.S. Congress to purchase Palmyra Atoll and Kingman Reef from Plaintiff or Plaintiff's predecessor" (topic of inquiry number 17). A Navy witness cannot testify as to the actions of the

U.S. Congress. Moreover, plaintiffs already deposed Mr. Pacht on this issue. *See* Pacht Dep. at 107-109. Plaintiffs are not entitled to the re-production of Mr. Pacht or another Navy witness on this issue, which has no relevance to the underlying question of title or ownership of Kingman Reef.

In topic of inquiry number 12, you ask us to produce a Rule 30(b)(6) deponent from the Navy to testify as to the Navy's "transport of Plaintiff, Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio to or over Kingman Reef." Any transport "to or over" Kingman Reef is not relevant to or probative of the underlying question of title to or ownership of Kingman Reef. Moreover, the facts regarding any such transport are known to these three individuals, each of whom has provided declaration testimony on behalf of the plaintiffs in this case, with Ainsley Fullard-Leo testifying that "he over flew Kingman Reef on several occasions since the 1980's" (Doc. 30-15), and Dudley Fullard-Leo testifying he over flew Kingman Reef in 1998 and 1999 (Doc. 30-16). Given the irrelevance of these facts to the underlying question of title and ownership, and the fact that each of the individuals identified has personal knowledge of their transport over Kingman Reef and can (and have) testified to such, the burden and expense of a Rule 30(b)(6) deposition on this topic far outweighs any conceivable benefit.

Finally, the draft Rule 30(b)(6) deposition notice directed to the Navy includes five document production requests. The first four requests seek the production of all documents "that constitute, refer, relate to, or identify Kingman Reef" that are maintained at: (1) Navy Region Hawaii; (2) the Commander, U.S. Pacific Fleet, Pearl Harbor, Hawaii; (3) the Naval Facilities Engineering Command, Washington, D.C.; and (4) the Chief of Naval Operations, Washington, D.C. The fifth request seeks the production of "[a]ll documents or communications that constitute, refer or relate to Kingman Reef that has not already been produced" in this case or the quiet title action. First, we object to these requests as overly broad and exceeding the scope of discovery that has been allowed in this case. Second, these requests are duplicative of the document production requests previously served by plaintiffs in this action, to which defendant has served written responses. Moreover, by a letter from DOJ attorney Donna Fitzgerald dated July 3, 2007, we informed you that each of these Navy offices, as well as several others, had been searched for documents related to Kingman Reef. Early correspondence also confirmed that the search conducted was not limited to any time period and sought any and all documents related to Kingman Reef. *See* Letter from D. Fitzgerald to C. Porter, dated Jan. 12, 2006. All non-privileged documents located in those searches that relate to Kingman Reef, including any documents that relate or refer to title or ownership issues involving Kingman Reef or any of the other topics on which discovery has been allowed, have been produced.[1] In addition, we undertook a search of the National Archives & Records Administration ("NARA") facilities and produced all of the

---

[1]As indicated in our written responses to Plaintiffs' First Set of Requests for Production, we are undertaking a review of the documents that were withheld as privileged in connection with the quiet title action and identified as such on privilege logs provided in that action. If any of those documents refer or relate to title to or ownership of Kingman Reef, or any of the other limited topics on which discovery has been permitted, we will identify those documents in a privilege log for this case and will supplement our prior discovery responses accordingly.

documents related to Kingman Reef that we located through that effort. In particular, we would refer you to Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents, which included the production of a number of Navy documents from NARA-San Bruno and from the Franklin D. Roosevelt Presidential Library. For all of these reasons, the document production requests included in the amended Rule 30(b)(6) deposition to the Navy are unreasonably duplicative and cumulative of prior discovery.

For the reasons set forth in this letter and in our prior communications, we do not believe that a Rule 30(b)(6) deposition of the Department of the Navy is necessary, appropriate or required in this case. To the extent that the Navy took any positions regarding title, ownership and sovereignty issues involving Kingman Reef during the 1920's or 1930's in connection with the claim asserted at that time by the plaintiffs' predecessors-in-interest, those positions are set forth in the historic documents that are part of the record in this case. You also have deposition testimony from the Navy that the Navy did not conduct a title search for Kingman Reef prior to the Navy's transfer of the property in the year 2000 to Interior. Accordingly, the request for a Rule 30(b)(6) deponent from the Navy is unreasonably cumulative and duplicative of prior discovery, seeks discovery on a number of topics that exceed the scope of discovery that has been allowed in this case, and is not likely to lead to the discovery of any additional admissible evidence regarding the underlying question of title or ownership of Kingman Reef or the other limited issues on which discovery has been allowed.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc (by email): Christian P. Porter
Donna Yamamoto
Michael Ching

U.S. Department of Justice

90-1-23-12048

Environment & Natural Resources Division
Natural Resources Section

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

February 20, 2008

**By Electronic Mail**

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Re: *Kingman Reef Atoll Investments, LLC v. United States*, No. 06-828L (Fed. Cl.)
Amended Rule 30(b)(6) Deposition Notices – Fish & Wildlife Service and Department of the Interior

Dear Ms. Cannata:

This letter addresses plaintiffs' request to take a second Rule 30(b)(6) deposition of the Fish & Wildlife Service ("FWS"), and a separate Rule 30(b)(6) deposition of the U.S. Department of the Interior in connection with the limited discovery that has been allowed by the Court in this case. Plaintiffs' original Rule 30(b)(6) deposition notice to the FWS was served on October 25, 2007. Our objections to the original notice are set forth in my letter to Chris Porter of November 9, 2007, and we've also discussed some of our concerns and objections in our telephone calls during this meet and confer process. We are now in receipt of plaintiffs' amended deposition notice for the FWS, the new deposition notice for Interior, and the related letter of February 7, 2008.

Amended Rule 30(b)(6) Deposition Notice Directed to the FWS

Our primary objection to the deposition notice directed to the FWS continues to be that the topics of inquiry identified are either identical to or encompassed within the topics on which we already have produced a Rule 30(b)(6) witness from the FWS, or are topics on which current and former FWS employees already have been deposed. Although you indicate in your letter of February 7 that you have eliminated all such duplication, the duplication remains and our objection to this requested deposition as unreasonably duplicative and cumulative of prior discovery stands.

For example, topic of inquiry number 1 seeks testimony regarding "[c]ommunications between you, the Nature Conservancy and any person regarding the sale of Palmyra and/or Kingman Reef from Plaintiffs, including but not limited to communications between Chuck Cook, Robert Smith, William Brown, Peter Savio, members of the Fullard-Leo Family, or defendant." We continue to object to all requests for deposition testimony regarding Palmyra for reasons stated in

prior correspondence. In addition, this topic is duplicative of and encompassed within topic number 3 in the Fourth Amended Rule 30(b)(6) Notice to the FWS in the quiet title action (hereinafter "4th Amended Notice"), which sought testimony regarding "[c]ommunications between Defendant and other persons concerning the sale, purchase and/or abandonment of any interests in Palmyra and/or Kingman Reef."[1] It also overlaps with topics 1 and 2 in that same notice. Ms. Georgia Shirilla from the FWS was deposed on these and numerous other topics over the course of two days in April 2007. Plaintiffs' questioning of Ms. Shirilla included repeated questioning regarding communications with The Nature Conservancy. *See* Shirilla Dep., Vol. 1, pp. 93, 95-96, 121-122, 127-130, 184. Plaintiffs also deposed Mr. Chuck Cook of The Nature Conservancy and Mr. Robert Smith, a retired FWS employee, on such topics. Similarly, in topic of inquiry number 2, plaintiffs seek testimony regarding "[i]nquiries directed to Ainsley Fullard-Leo, Dudley Fullard-Leo and/or Peter Savio for permission and approval to enter Kingman Reef." This request is duplicative of topics 5 and 6 in the 4th Amended Notice, is not limited to the period of time when Interior was responsible for Kingman Reef, and is irrelevant to the underlying question of title to or ownership of Kingman Reef.[2] In topic of inquiry number 9, plaintiffs seeks testimony regarding "[a]ny challenge to Plaintiff's and/or Plaintiff's Predecessor's ownership of Kingman Reef at any time prior to December 31, 2000." This request is duplicative to topic of inquiry number 11 in the 4th Amended Notice, and also relates to a period of time that predates Interior's responsibility for Kingman Reef. The request that we produce another Rule 30(b)(6) deponent on these topics is therefore unreasonably duplicative and cumulative of the discovery already conducted, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs also seek a Rule 30(b)(6) deponent from the FWS to testify about "[t]he appropriation of funds from the U.S. Congress to purchase Palmyra Atoll and Kingman Reef from Plaintiff or Plaintiff's Predecessor" (topic of inquiry number 13). We continue to object to Plaintiffs' attempts to conduct discovery regarding Palmyra for the reasons stated in prior correspondence. In addition, the FWS, as an executive branch agency cannot testify as to the actions of the U.S. Congress. Moreover, to the extent that this topic of inquiry is limited to the actions of the FWS, this topic is objectionable because it is duplicative of topics identified in the 4th Amended Notice for which a deponent was previously provided. *See* 4th Amended Notice, Topic of Inquiry numbers 7, 8, 13 and 19 (seeking testimony on: "Defendant's claim that they did not seek funds from the U.S. Congress to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor"; "Defendants' claim that the U.S. Congress did not appropriate funds to purchase Kingman Reef from Plaintiff or Plaintiff's Predecessor"; and, "[a]ny and all funds allocated by the Congress of the United States to purchase Kingman Reef."). *See also* Shirilla Dep., Vol. 2, pp. 290-296. The request for another deponent on this topic is unreasonably duplicative and cumulative of prior discovery.

---

[1]Similar topics of inquiry were also listed in the 4th Amended Rule 30(b)(6) Notice to the United States in the quiet title action.

[2]A Rule 30(b)(6) witness for Interior or the FWS cannot testify as to the actions of the Navy between 1934 and 2000, and the Navy already produced a Rule 30(b)(6) witness to testify as to access-related issues.

In addition, you note in your letter of February 7 that the "heart of the inquiry" in the revised notice to the FWS "is the title search and analysis of ownership rights." The amended notice includes a number of topics of inquiry that relate to title and ownership, including topic numbers 3, 4, 8, 9 and 12. We object to these topics as unreasonably duplicative of prior discovery. Plaintiffs previously deposed Ms. Georgia Shirilla, who is a Supervisory Realty Specialist for the FWS and is the Chief of the Branch of Realty for the region that includes Kingman Reef. Ms. Shirilla was questioned extensively regarding the agency's investigation of title and about the conclusions that she made as a result of that investigation. *See* Shirilla Dep. Vol. 1, pp. 66-88, 88-91, 94-95, 103-107, 121-126, 132-133, 141-142, 176-177, 195-196, 201-210, 215-216. Ms. Shirilla testified that she did not order a title report concerning Kingman Reef. *Id.* at 114. She further testified that she consulted with attorneys in the Solicitor's Office of the Department of the Interior and received oral opinions from that office, but did not receive any written opinions from that office. *Id.*, Vol. 2, p. 254-256. In addition, we have confirmed in writing to you that the Solicitor's Office did not have any written legal opinions on the issue of ownership of Kingman Reef in its records. *See* Letter from Donna Fitzgerald, DOJ. to Therese Cannata, dated July 3, 2007. Accordingly, we have already produced a FWS witness who is knowledgeable on the agency's investigation of title and opinions regarding ownership of Kingman Reef, and plaintiffs have inquired on these topics. Ms. Shirilla's discussions with agency counsel on these topics are privileged, as are any opinions reached by those attorneys. Accordingly, further deposition on these topics is unreasonably duplicative and cumulative of prior discovery, and is not reasonably calculated to lead to the discovery of admissible evidence on any of the topics on which discovery has been permitted.

Plaintiffs also continue to request that we produce a witness from the FWS to testify as to "the Territory of Hawaii, and later, the State of Hawaii's position on title to Kingman Reef" (topic of inquiry number 6). As we've previously stated, the FWS cannot testify as to Hawaii's position on this or any other issue. Hawaii's position regarding title, if it has one, is also irrelevant. Accordingly, we continue to object to this request.

Plaintiffs are also seeking a Rule 30(b)(6) deponent from the FWS to testify as to historical events or facts that predate the involvement of the FWS with Kingman Reef. As plaintiffs are aware from the documents in the record and the deposition testimony of a number of current and former FWS employees, including Georgia Shirilla, Robert Smith and Phyllis Ha, the FWS's interest in and involvement with Kingman Reef began in the 1990's. Historical facts that may be relevant to the underlying question of title to or ownership of Kingman Reef or the other limited topics on which discovery has been allowed predate this involvement and are set forth in the ancient documents that are part of the record in this case. To the extent that the FWS has any knowledge, as an agency, of these historic facts, that knowledge derives from the documents. Moreover, Ms. Shirilla was asked about her review of documents dating from 1922 through the late 1990's and testified that "[f]rom the documents [she] saw the government always claimed ownership" of Kingman Reef, both prior to and after the 1934 executive order. Shirilla Dep., Vol. 1, pp. 195-196. We therefore continue to be opposed to a deposition of the FWS on these historical facts on the grounds that the testimony sought is unreasonably cumulative and duplicative and the information sought through this testimony is obtainable directly from the historic documents in question. This objection encompasses all or parts of topic of inquiry numbers 5, 7, 8, 9, 10, 11 and 12.

Finally, in topic of inquiry number 14 plaintiffs seek a Rule 30(b)(6) deponent to testify about "Kingman Reef as public lands of the United States at any time prior to January 18, 2001, and lists of public lands and reports to the U.S. Congress that Kingman Reef was and is public lands." This topic duplicates plaintiffs' request for production number 2. Defendant initially responded to this request for production on November 14, 2007, and supplemented its responses on December 13, 2007. As you should be aware from your review of the documents disclosed and produced in connection with the quiet title action and in this case, the FWS identifies Kingman Reef in its *Annual Report of Lands Under Control of the U.S. Fish & Wildlife Service*. *See* Def.'s Supplemental Responses to Pls.' First Set of Requests for Production of Documents (served Dec. 13, 2007). However, because Kingman Reef was not designated as a national wildlife refuge until January 18, 2001, the Reef does not appear in this Annual Report prior to that date. No other reports to Congress that list Kingman Reef as public lands originate from the FWS and the FWS cannot testify as to the records of any other federal agency. The request for a Rule 30(b)(6) deponent from the FWS for a period of time that predates FWS's responsibility for Kingman Reef is unreasonable and not reasonably calculated to lead to the discovery of admissible evidence. This area of inquiry is also irrelevant. Whether Kingman Reef was listed as public lands on any report to Congress has no bearing on the underlying question of title to or ownership of Kingman Reef, which turns on the historical facts and the applicable law.

In sum, we do not believe that plaintiffs have identified any topics of inquiry on which a Rule 30(b)(6) deposition of the FWS is warranted at this time given the extensive discovery already conducted and the limited discovery that has been permitted by the Court.

New Rule 30(b)(6) Deposition Notice Directed to the Department of the Interior

In addition to seeking another Rule 30(b)(6) deponent from the FWS, plaintiffs are now seeking a Rule 30(b)(6) deponent from the Department of the Interior. We note initially that the 22 topics of inquiry listed in this draft notice are identical to the topics of inquiry listed in the original Rule 30(b)(6) notice to the FWS that you served us with on October 25, 2007, with the topics simply consolidated and numbered differently. We therefore refer you to the objections stated in our letter of November 9, 2007, and simply summarize our objections to this requested deposition below.

To begin with, the Navy transferred Kingman Reef to the Department of the Interior on August 25, 2000, and Interior acknowledged and accepted that transfer on September 1, 2000. By Secretarial Order No. 3223, dated January 18, 2001, Kingman Reef was designated as a National Wildlife Refuge and administrative responsibility was assigned to the FWS. The FWS has administered Kingman Reef since that time. Accordingly, the matters known or reasonably available to the Department of the Interior are the same matters known or reasonably available to the FWS and plaintiffs' request for a Rule 30(b)(6) deponent from Interior is unnecessarily duplicative of its request for such a deponent from the FWS. In addition, as stated above and in prior correspondence, the topics of inquiry are largely duplicative of topics of inquiry listed in the 4th Amended Rule 30(b)(6) Deposition Notices to the FWS and the United States on which the government has already produced a witness. Topics of inquiry in the current draft notice which are identical to or duplicative of topics in the 4th Amended Notice to the FWS include topic numbers 1-

2, 10-12, 18-19 and 22. The request for another Rule 30(b)(6) witness on these topics is unreasonably duplicative and cumulative of discovery already conducted by the plaintiffs.

The request for a Rule 30(b)(6) witness from Interior to testify about title and ownership issues is also duplicative of prior discovery. As explained above, we have already produced a FWS witness who is knowledgeable on the agency's investigation of title and opinions regarding ownership of Kingman Reef, and plaintiffs inquired on these topics over the course of two days. The only area of inquiry that was not covered in Ms. Shirilla's deposition was her discussions with agency counsel and any legal opinions of agency counsel, which are of course privileged. Accordingly, further deposition on these topics is unreasonably duplicative and cumulative of prior discovery, and is not reasonably calculated to lead to the discovery of admissible evidence on any of the topics on which discovery has been permitted. This objection covers some or all of topic numbers 3-4, 13-14 and 16-17.

For the same reasons detailed above, we also object to the request that we produce a Rule 30(b)(6) witness from Interior to provide testimony as to historic facts on the grounds that the testimony sought is unreasonably cumulative and duplicative and the information sought through this testimony is obtainable directly from the historic documents in question. This objection encompasses all or parts of topic of inquiry numbers 5-7 and 9-11. In addition, our objections to topic numbers 8 and 21 (documents listing Kingman Reef as public lands), topic numbers 12, 19 and 22 (regarding Congressional appropriations), and topic number 15 (the positions of the Territory of Hawaii and the State of Hawaii regarding ownership of and title to Kingman Reef) are the same as stated above in response to the amended deposition notice directed to the FWS.[3]

We also object to plaintiffs' request that we produce a Rule 30(b)(6) witness from Interior to offer what amounts to a legal opinion as to the effect of certain government actions. For example, topic of inquiry number 20 seeks testimony about "[t]he effect that Kingman Reef Wildlife Refuge (Order 3223) had on private property interests in Kingman Reef." This request is objectionable for a number of reasons. First, we are not required to produce a witness to provide you with legal analysis or a legal opinion regarding the "effect" of any action taken by the government in connection with Kingman Reef. That analysis is the job of the attorneys for the parties in the case. Second, the "effect" of Order 3223 is a merits inquiry in this case and is therefore beyond the scope of discovery that has been allowed by the Court.

---

[3]With respect to topic numbers 8 and 21 regarding the listing of Kingman Reef as public land, we also refer you to Defendant's Response to Plaintiffs' Requests for Production of Documents (Set Two), dated November 19, 2007. Plaintiffs' request number 2 sought production of "[a]ll documents maintained by the U.S. Department of the Interior, Bureau of Land Management demonstrating that Kingman Reef Atoll was public land of the United States." In response to this request, we stated that "Defendant's search of records maintained by the Bureau of Land Management ("BLM") did not produce any documents responsive to this request."

Finally, we note that you also seek testimony from an Interior witness regarding Palmyra. *See* Topics of Inquiry numbers 1, 3, 12 and 17. For the reasons set forth in our prior correspondence, we continue to object to Plaintiffs' requests to conduct discovery regarding Palmyra, which is not at issue in this case. The question of title to Palmyra was fully litigated between the Fullard-Leo family and the United States and resolved over 60 years ago. *See United States v. Fullard-Leo*, 331 U.S. 256 (1947). Plaintiffs have made no showing that conducting discovery again on a matter that they already litigated, and that is not at issue in this case, has any relevance to this case whatsoever. Moreover, the Court indicated in our last telephone conference that it was not allowing discovery on Palmyra.

For the reasons set forth in this letter and in our prior correspondence, we do not believe that a further Rule 30(b)(6) deposition of the FWS or a Rule 30(b)(6) deposition of the Department of the Interior is necessary or appropriate in this case at this time.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

cc: C. Porter
D. Yamamoto
M. Ching