IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | |
| Plaintiffs, | No. 06-828L |
| v. | Judge Marian Blank Horn |
| THE UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583/FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

Diane Hoobler
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

Robert J. Smith
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE, Room 236
Washington Navy Yard, DC 20374-5013

J. Ashley Roach
United States Department of State
Office of the Legal Advisor
Oceans, International Environmental &
Scientific Affairs
2201 C Street, NW
Washington, DC 20520-6419

Thomas Hawkins
Acting Deputy Assoc. General Counsel
Real Property Division
Office of General Counsel
General Services Administration
1800 F Street, NW
Washington, DC 20405

In accordance with the Court's scheduling order of February 28, 2008 (Doc. 52), Defendant United States submits this reply brief in support of its motion for a protective order (Doc. 53), and in response to Plaintiffs' opposition to that motion (Doc. 55).

This Court has broad discretion to control and limit discovery, including imposing limits on "[t]he frequency or extent of use of the discovery methods otherwise permitted" under the Court's rules. RCFC 26(b)(2)(C). In this case, which presents significant jurisdictional issues, the Court has allowed discovery on the underlying question of title to or ownership of Kingman Reef and a few other related issues. In addition to the discovery already conducted here and in the District Court action, Plaintiffs seek to take Rule 30(b)(6) depositions of five federal agencies in order to obtain testimony "about institutional knowledge of facts." Pls.' Opp. at 1. Plaintiffs also seek to discover facts by taking the deposition of a former Science Advisor to the Secretary of the Interior. For the reasons set forth in Defendant's motion for a protective order, good cause exists under both RCFC 26(c) and under RCFC 45(c) to preclude each of these depositions.

## I. All "Institutional Knowledge" of the Relevant Facts is Derived From Documents Already in Plaintiffs' Possession

Plaintiffs explain in their opposition brief that they have noticed five Rule 30(b)(6) depositions in order to obtain testimony "about institutional knowledge of facts." Pls.' Opp. at 1-2. Although Defendant has identified a number of reasons why these depositions should be precluded, the one reason that applies to all of the noticed depositions is that the facts relevant to the underlying question of title to or ownership of Kingman Reef (or to any of the other issues on which discovery has been allowed) are obtainable directly from the documents that have been disclosed or produced and are part of the record in this case. See Def.'s Brief at 1, 3, 6-7, 11-12,

17, 19, 22. Plaintiffs fail to address this critical overriding point and explain why the taking of depositions under Rule 30(b)(6) is necessary when all relevant non-privileged documents located by Defendant through the diligent and reasonable searches of each federal agency in question, as well as several National Archives facilities, have been or will be produced.[1/]

Rule 30(b)(6) depositions are not necessary to discover the same facts that are already in Plaintiffs' possession as a result of prior discovery. Indeed, there are no known, living agency employees (current or former) with any personal knowledge or direct involvement with Kingman Reef during the time period when Plaintiffs claim to have acquired private title to the property (1922), when Plaintiffs presented their claim of ownership to the government and that claim was rejected (1930's), or when President Roosevelt issued an executive order regarding Kingman Reef (1934). Plaintiffs do not dispute this point, but contend that personal knowledge of a 30(b)(6) deponent is irrelevant and they are entitled to discover facts "known or reasonably available" to each agency. Pls.' Opp. at 10 (case citation omitted). However, each agency's "institutional knowledge" of the facts relevant to these historical events comes from the documents that already have been discovered.[2/] Accordingly, a Rule 30(b)(6) deponent for any

[1/]As noted in Defendant's motion at 3 n.2, most of Defendant's document production is complete. Defendant is conducting a relevancy and privilege review of some additional documents from the Department of the Interior (in response to Plaintiffs' document production requests under RCFC 34) and from Mr. Brown (in response to the subpoena and related document requests served on him). Defendant expects to complete this review and supplement its prior discovery responses within the next two weeks.

[2/]Defendant further notes that the question of whether Plaintiffs acquired any private property interests in Kingman Reef in 1922, as they allege, does not turn on what facts any federal agency or any particular employee of any federal agency knew in the time period preceding the 2001 designation of Kingman Reef as a national wildlife refuge. Instead, the underlying question of title turns on the actions taken by the Plaintiffs in 1922 and the law then in effect.

agency could do no more than review the documents already in Plaintiffs' possession and testify as to what those documents state. Such depositions would be unreasonably duplicative and cumulative of the discovery already conducted, as well as an extremely inefficient, burdensome, expensive and ultimately inappropriate way for Plaintiffs to discover relevant historical facts.[3/]

Plaintiffs further contend that they are entitled to take Rule 30(b)(6) depositions of each agency because the discovery they now seek "was not obtained through prior depositions taken in the District Court case." Pls.' Opp. at 2. However, Defendant's objection to the Rule 30(b)(6) depositions in this case as unreasonably cumulative and duplicative of prior discovery does not rest on these prior depositions alone. To the contrary, as discussed above, Plaintiffs have discovered all relevant facts known to the agencies regarding the underlying question of title to or ownership of Kingman Reef, as well as the other related questions on which discovery was permitted, through the document disclosures and production in this case and in the District Court action. In addition to this prior discovery, Plaintiffs also deposed several agency witnesses on title and ownership issues. Although Plaintiffs correctly point out that the District Court limited discovery in that case to the issue of whether the United States had abandoned its title to Kingman Reef, the deposition transcripts cited by Defendant in support of its motion reveal that Plaintiffs proceeded to question a number of the government's fact and Rule 30(b)(6) witnesses regarding title and ownership of Kingman Reef, including Georgia Shirilla, the Supervisory

[3/] Plaintiffs' contention that the depositions should be allowed to proceed simply because they have "significantly reduced" the number of topics of inquiry listed in their deposition notices misses the point. The fact that several topics have been either eliminated, or in some instances consolidated, just underscores the unreasonableness of the original deposition notices. Moreover, the fact that Plaintiffs eliminated certain topics that were clearly beyond the scope of discovery permitted by the Court does not cure the cumulative and duplicative nature of the remaining topics.

Realty Specialist for the Fish & Wildlife Service ("FWS") and Chief of the Branch of Realty for the region that includes Kingman Reef, and Dennis Pacht, the Navy real estate specialist who was directly involved in the transfer of Kingman Reef from the Navy to the Department of the Interior. Defendant allowed these questions to be answered by its witnesses and that testimony is available to Plaintiffs in this case. Further deposition testimony is not likely to lead to the discovery of any additional relevant facts. Accordingly, Defendant's motion should be granted.

II. Although Plaintiffs Contend That They Are Not Seeking to Discover Legal Analysis and Opinions, The Topics of Inquiry They Identify Suggest Otherwise

Although Plaintiffs assert that they are not seeking testimony regarding any agency's privileged legal analysis, theories, opinions and conclusions, their explanation of the testimony they do seek demonstrates otherwise. For example, Plaintiffs contend Ms. Shirilla's deposition testimony was inadequate because she did not "speak for and explain the agency's position on title[.]" Pls.' Opp. at 9. However, Interior's position on title is clearly stated in the documents produced to Plaintiffs. See, e.g., Answer Ex. F (Doc. 7, p. 11) ("A private entity claimed to own title at Kingman Reef. The [FWS] requested that the Office of Solicitor, Department of the Interior, review the documents provided by the legal firm representing the claimants. The Solicitor believes the claim is not legally valid."); Compl. Ex. 39 (Doc. 13, p. 62). What Plaintiffs really appear to be seeking – despite their contrary protests (Pls.' Opp. at 9) – is an agency witness who can provide testimony on the agency's legal analysis of their claim that they acquired private title to Kingman Reef in 1922, and still possessed such title in 2001 when Kingman Reef was designated as a national wildlife refuges. As set forth in Defendant's motion, Plaintiffs are not entitled to the production of 30(b)(6) witnesses for the purpose of discovering

Defendant's legal analysis and opinions.

Similarly, Plaintiffs explain in their opposition brief that they seek "[a] witness with expertise in the analysis and application of U.S. sovereignty and private ownership rights." Pls.' Opp. at 9. To begin with, Plaintiffs are not entitled to obtain expert testimony from a fact witness under Rule 30(b)(6) or otherwise. Moreover, the expert testimony Plaintiffs seek here is testimony regarding the law and the application of law to the facts of this case. Plaintiffs have obtained the facts relevant to the underlying question of title and ownership of Kingman Reef through prior discovery. The analysis of these facts under any applicable laws is legal analysis that is a task for Plaintiffs' attorneys, and is not a proper subject for depositions.[4/]

III. There Has Been No Waiver of Any Privilege With Respect to Title and Ownership Issues

Although Plaintiffs contend that they are not seeking to obtain testimony regarding any agency's privileged legal analysis or opinions, they alternatively submit that such discovery is proper because Defendant has waived its privileges. Specifically, Plaintiffs contend that Defendant has waived its privileges with respect to the question of title to and ownership of Kingman Reef by placing those questions "'at issue' in its answer to the complaint and its motion to dismiss under 12(b)(1)." Pls.' Opp. at 2-3; see also Pls.' Opp. at 16. There has been no such waiver in this case.

At-issue waiver "applies where the privilege holder makes factual assertions, the truth of which can only be assessed by examination of privileged communications." Jade Trading, LLC

[4/]These same issues apply with respect to other listed items of information that Plaintiffs seek. See Pls.' Opp. at 9-10. The factual information that Plaintiffs seek is contained in the documents that have been produced. The other listed topics really call for a witness who can conduct legal research and provide some legal interpretation of the historical documents in Plaintiffs' possession.

v. United States, 65 Fed. Cl. 487, 496 (2005). See also Blue Lake Forest Products, Inc. v. United States, 75 Fed. Cl. 779, 783 (2007) (same). As explained in the case relied on by Plaintiffs, "[i]mplied waiver of the attorney-client privilege can occur where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc., 176 F.R.D. 269, 272 (N.D. Ill. 1997). In Pyramid Controls, the plaintiff put its communications with its attorneys "at issue" in the litigation when it attempted to defeat the statute of limitations by arguing that it first acquired knowledge that the defendant had violated a state franchise law as a result of conversations with its attorney in January 1997. Id. at 273. Under these circumstances, the court found a limited at issue waiver "because the specific content of those communications [between the plaintiff and its counsel] is essential to resolving the statute of limitations issue." Id. at 274. However, courts do not allow a party "to have access to privileged documents merely because they are relevant to a claim the opponent has raised [because doing so] would 'unnecessarily undermine the purpose of the attorney-client privilege to encourage full and frank communication between attorneys and their clients.'" Dexia Credit Local v. Rogan, 231 F.R.D. 268, 276 (N.D. Ill. 2004) (quoting Hayes v. Burlington N. & Santa Fe Ry., 752 N.E.2d 470, 476 (Ill. App. 2001)).

Here, Plaintiffs allege that the United States took their private property interests in Kingman Reef in 2001 when the Secretary of the Interior designated Kingman Reef as a national wildlife refuge. This claim is premised on the allegation that Plaintiffs acquired private title to Kingman Reef in 1922. The question of whether Plaintiffs acquired any private property interests in Kingman Reef in 1922 affects their standing (which is a jurisdictional issue), and is

also a threshold question that must be addressed before a court proceeds to the secondary question of whether the government's actions constitute a taking of that private property interest. See Colvin Cattle Co. v. United States, 468 F.3d 803, 806 (Fed. Cir. 2006) ("[U]nder our regulatory takings analysis, . . . the threshold question is 'whether the claimant has established a 'property interest' for the purposes of the Fifth Amendment'") (citations omitted); Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir. 2005) (holding that the court does not reach the question of whether a taking occurred "without first identifying a cognizable property interest"). Plaintiffs bear the burden of establishing jurisdiction and of proving each element of their takings claim, which includes proving that they possessed private property interests in Kingman Reef in 2001, when the alleged taking occurred. Of course, if Plaintiffs' predecessors did not acquire private title to Kingman Reef in 1922, as they allege, then they had no such title to convey to Plaintiffs. Accordingly, contrary to Plaintiffs' assertions, the question of title and ownership was not put "at issue" by Defendant. Instead, the question of title to or ownership of Kingman Reef was put at issue by Plaintiffs' filing of a takings claim that is necessarily premised on the assertion that they possess private title to or ownership of Kingman Reef. There is no "at issue" privilege waiver based on these circumstances.

Moreover, the question of whether Plaintiffs acquired any private property interests in or rights to Kingman Reef in 1922 necessarily turns on the historical facts and the applicable law. Privileged communications between various federal agencies and their counsel have no bearing on this question, nor has the specific content of those communications been placed at issue in this

case.[5] Accordingly, there has been no "at issue" privilege waiver in this case. The facts relevant to title and ownership of Kingman Reef have been discovered through document production. Plaintiffs are not entitled to discover Defendant's legal analysis of those facts under the guise of conducting Rule 30(b)(6) depositions of multiple federal agencies.

Plaintiffs' contention that a newspaper commentary regarding the Northwestern Hawaii Islands National Monument, authored by Mr. Brown and published more than five years after his tenure as Science Advisor to the Secretary of the Interior ended, results in a waiver of privilege with respect to any communications Mr. Brown may have had with agency attorneys related to Kingman Reef, is equally specious. See Pls.' Opp. at 16. To begin with, the article in question (Pls. Ex. J) is not about title to or ownership of Kingman Reef. Instead, the article simply references Kingman Reef as one of several coral reefs that the Department of the Interior sought to protect and that were designated as national wildlife refuges while Brown was with the Department. This type of reference to Kingman Reef in a newspaper commentary by a former federal employee does not constitute a waiver of any privilege on any issue relevant to this case. Moreover, the privilege that applies to any attorney-client communications regarding title issues involving Kingman Reef is the agency's privilege to either assert or waive. See CIT Group v. United States, 24 Cl. Ct. 540, 543 (1991) (the attorney-client privilege "applies to agency counsel who provide legal counsel to government agencies"); Blue Lake Forest Products, 75 Fed. Cl. at 792 ("For the purposes of applying the attorney-client privilege, a federal agency qualifies as a 'client,' and federal agency counsel function as attorneys"); In re Seagate Technology, LLC v.

[5] Indeed, Plaintiffs' interpretation of the concept of "at issue" waiver is so broad that it would eliminate the privilege as to any communications involving any legal issue in a case.

United States, 497 F.3d 1360, 1372 (Fed. Cir. 2007) ("The attorney-client privilege belongs to the client, who alone may waive it."). Although there was no disclosure of any privileged communications here, Plaintiffs' argument, which is premised on the erroneous assumption that a former agency employee could waive the agency's privilege through statements made in a newspaper commentary, is simply incorrect.

Plaintiffs' only other justification for taking Mr. Brown's deposition is their unsupported assertion that he "likely considered ownership" of Kingman Reef in connection with the identification of the reef for possible designation as a national wildlife refuge. Again, as detailed in Defendant's motion, the question of whether Plaintiffs acquired private title to Kingman Reef in 1922, as they alleged and as they have the burden of proving in this case, turns on the historical facts and applicable law. Mr. Brown's opinion on this matter, if any, has no bearing on the resolution of this underlying question at all, and Interior's position on Plaintiffs' claim of title has been disclosed through the documents already produced. The proposed deposition of Mr. Brown serves no reasonable purpose in this case at this time, would impose an undue burden on Mr. Brown and Defendant, and therefore should be precluded.

IV. Plaintiffs' Demand for Deposition Testimony Regarding Palmyra Should Be Rejected

Plaintiffs continue to push for deposition testimony regarding Palmyra based on the unsupported assertion that such discovery "is reasonably calculated to lead to the discovery of admissible evidence concerning the title and ownership of Kingman Reef." Pls.' Opp. at 7-8. However, Palmyra and Kingman Reef are distinct properties, located approximately 30 miles apart from one another, with distinct title and ownership histories. The ownership of Palmyra was fully litigated and resolved over 60 years ago, see United States v. Fullard-Leo, 331 U.S. 256

(1947), and Plaintiffs have made no claims regarding Palmyra in this case. Plaintiffs' ongoing efforts to conduct discovery in this case regarding Palmyra exceeds the scope of discovery permitted by the Court, and serves no discernable or reasonable purpose other than to harass and impose undue burden and expense on Defendant. Accordingly, Plaintiffs' demand that it is entitled to conduct discovery regarding Palmyra in this case should be flatly rejected.

CONCLUSION

For the reasons stated in Defendant's motion and in this reply brief, Defendant respectfully requests that the Court grant is motion for a protective order.

Dated: March 27, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov