IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al.,** | ) **No. 06-828L** |
| **Plaintiffs,** | ) **Judge Marian Blank Horn** |
| **v.** | ) |
| **THE UNITED STATES OF AMERICA, Defendant.** | ) |

**PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS PURSUANT TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

CHRISTIAN P. PORTER, HI Bar No. 3744
Brooks Tom Porter & Quitquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Tel: 808-526-3011
Fax: 808-523-1171
Email: cporter@btpqlaw.com

OF COUNSEL:

Therese Y. Cannata, CA Bar No. 88032
Michael M. Ching, CA Bar No. 209426
Carolyn A. Johnston, CA Bar No. 121571
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Tel: 415-409-8900
Fax: 415-409-8904
Email: tcannata@ccolaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . ii

INDEX OF EXHIBITS . . . . . iii

PLAINTIFFS' MOTION TO COMPEL DISCOVERY . . . . . 1

INTRODUCTION . . . . . 1

FACTS . . . . . 3

A. The Hawaii District Court Action . . . . . 3

B. This Action . . . . . 3

ARGUMENT . . . . . 8

I. The Government Should Be Required to Produce the Documents It Withheld In the Hawaii Case Based on the Assertion of the Deliberative Process Privilege . . 8

A. The Documents Are Relevant and Reasonably Calculated to Lead to the Discovery of Admissible Evidence . . . . . 9

B. The Government Does Not Contend in This Case, and Did Not Establish in the Hawaii Case, That Any of the Documents Are Shielded By the Deliberative Process Privilege . . . . . 12

II. The Government Should Be Required to Support its Decision to Withhold Classified Documents . . . . . 14

III. The Government Should Be Compelled to Produce, or List on a Privilege Log In This Case, the Documents That Were Specifically Requested in This Case, But Withheld on Relevance Grounds . . . . . 14

IV. The Government's Interest in Maintaining the Confidentiality of its 1998 Deliberative Process is Outweighed by the Importance of the 1998 Documents to the Litigants in this Case . . . . . 16

CONCLUSION . . . . . 18

# TABLE OF AUTHORITIES

## CASES


*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (C.A.D.C. 1980) . . . . . . . . . . 13, 17

*Cobell v. Norton*, 213 F.R.D. 1 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 17

*Dairyland Power Coop v. United States*, 79 Fed. Cl. 709 (2007) . . . . . . . . . . . . . . . . . 13, 14, 17

*Doyle v. Eli Lilly & Co.*, Slip Copy, 2007 WL 2021828 (D. Neb. 2007) . . . . . . . . . . . . . . . . . . 9

*Evans v. City of Chicago*, 231 F.R.D. 302 (N.D. Ill 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Exxon v. Dep't of Energy*, 91 F.R.D. 26 (N.D. Texas 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395 (C.A.D.C. 1984) . . . . . . . . . . 13, 14

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128 (2006) . . . . . . . . . . . . . . . . . . . . . . 13

*Schreiber v. Society for Sav. Bancorp, Inc.*, 11 F.3d 217 (D.C. Cir. 1993) . . . . . . . . . . . . . . 14, 17

*Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574 (D.C. Cir. 1987) . . . . . . . . . . . . . 12

*Walksy Constr. v. United States,* 20 Cl.Ct. 317 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


## RULES


Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

Fed. R. Civ. P. 26(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

RCFC 26(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

RCFC 37(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INDEX OF EXHIBITS TO PLAINTIFFS' MOTION TO COMPEL

Exhibit No.

1. Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case, Claiming the Deliberative Process Privilege Only; These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in this Case, and Withheld by The Government in this Case Based on Relevance

2. Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case, Claiming *Both* the Deliberative Process Privilege and the Attorney-Client Privilege;[1] These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in this Case, and Withheld by The Government in this Case Based on Relevance

3. Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case Based on a Claim That They Are Classified; These Documents Were Withheld in This Case Based on a Relevance Objection

4. Documents The Government Withheld in the Hawaii Case Based on A Claim of Attorney-Client Privilege Only;[2] These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in This Case and Withheld by The Government in this Case Based on Relevance

5. Documents Listed on the Claims Court Privilege Log, Which the Government Concedes are Relevant to The Issues As to Which This Court has Ordered Discovery, and Now Withheld Based on an Assertion of the Deliberative Process Privilege

6. Declaration of Therese Cannata

6A. Letter and Index of Documents Withheld From Release as Initial Disclosures Due to Privilege, from Donna S. Fitzgerald to Christian Porter and Donna Yamamoto, dated October 17, 2005

6B. Index of Documents Released as Initial Disclosure

6C. Letter and Index to Federal Defendants' Third Set of Initial Disclosures from Donna S. Fitzgerald to Christian Porter and Donna Yamamoto, dated November 30, 2006

---

6D. Letter and Federal Defendants' Index of Privileged Documents Withheld From Third Set of Initial Disclosures from Donna S. Fitzgerald to Christian Porter and Donna Yamamoto, dated February 8, 2007

6E. Letter from Therese Y. Cannata to Kristine Tardiff, dated September 17, 2007

6F. Plaintiffs Kingman Reef Atoll Investments, L.L.C.'s and Kingman Reef Atoll Development, L.L.C.'s Request for Production of Documents to Defendant The United States of America (Set One)

6G. Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents

6H. Letter from Therese Cannata to Kristine Tardiff, dated February 7, 2008

6I. Defendant's Second Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents

6J. Defendant's Index of Documents Withheld From Production Due to Privilege

6K. Defendant's Supplemental Index of Documents Withheld From Production Due to Privilege (April 8, 2008)

6L. Letter from Kristine Tardiff to Therese Cannata and Michael Ching, dated April 9, 2008

6M. Letter from Therese Cannata to Kristine Tardiff, dated April 18, 2008

6N. Letter from Kristine Tardiff to Therese Cannata, dated April 28, 2008

6O. Declaration of H. Dale Hall, dated April 23, 2008

6P. Letter from Therese Cannata to Kristine Tardiff, dated May 23, 2008

6Q. Email from Dennis Pacht, to Gail Oklesson, dated April 10, 2002

6R. Letter from Kitty M. Simmonds to Judson Feder, dated September 4, 1997

6S. Email from Robert P. Smith to Rosalyn Worthan, William Brown, Dan Ashe, Karen Sprecher, Molly Ross, Pete Raynor, Jeffery M. Donahoe, Roger Mcmanus, Anna Badgley, Justin Johnson, Patricia Ball, Jessica Jenkins, Jackie Ellis, Dave Wesley Georgia Shirilla and Catherine Sheppard re: Meeting Request– Kingman, dated April 17, 2000

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs Kingman Reef Atoll Investments, L.L.C. and Kingman Reef Atoll Development, L.L.C. (hereinafter "plaintiffs"), by their attorneys, respectfully move this Court, pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), for an order compelling a further response and production of documents pursuant to plaintiffs' First Request for Production of Documents (Set One), request numbers 21-24, and for an order compelling production of documents withheld in this case based on the assertion of the deliberative process privilege.

## INTRODUCTION

By this motion to compel, plaintiffs seek the production of 124 specific documents that pertain to Kingman Reef. The government has collected, reviewed and indexed these documents, but refuses to produce to plaintiffs. The government's attorneys in this case claim privilege as to **only two** of those documents. The government is withholding **122** of these documents based solely on the assertion that they are irrelevant.

Plaintiffs know about these documents because they were listed on the government's privilege logs in the action filed by plaintiff Kingman Reef Atoll Investments L.L.C. in the United States District Court for the District of Hawaii ("the Hawaii case"). Those privilege logs contain enough information to demonstrate that the documents pertain to Kingman Reef, but insufficient information to demonstrate that they are shielded from discovery by the privileges asserted in the Hawaii case (*i.e.*, the deliberative process, classified documents, and attorney-client privilege). It is unclear whether the government will take the position that these documents are privileged in this case. Instead of asserting a privilege claim and properly

substantiating any such claim, the government has simply refused to produce the documents based on a relevance objection.

These documents are reasonably calculated to lead to the discovery of admissible evidence on issues as to which this Court has ordered discovery. Requiring the government to produce the documents would impose no burden or cost on the government. The documents have already been gathered and indexed. The government knows where they are, and has no reason not to produce them. It should be ordered to do so without further delay if they are not privileged. If they are privileged, the government should be required to back up its privilege claims with the specific information required by law.

The government concedes that two documents (out of the 124 documents), dating to1998, are relevant to the issues as to which this Court has ordered discovery. As to those, the government declines to produce based on privilege. The government has provided a declaration by the director of the U.S. Fish and Wildlife Service (FWS) stating that those two documents "primarily involve deliberative discussions rather than factual matters," and that the government has an interest in preventing public disclosure of those documents. However, it is apparent from the descriptions of those documents that they are highly relevant to the issues before the Court in this case. The deliberative process privilege is only a qualified one, and the interests of the government in maintaining the confidentiality of its ten-year-old deliberative process are outweighed by the importance of those two documents to this pending litigation. The Court should order the government to produce those two documents.

## FACTS

### A. The Hawaii District Court Action

The main focus of this motion is a group of documents that the government gathered when searching for the documents that were most relevant to its claims and defenses in the Hawaii case. When it made its initial disclosures pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(B) in the Hawaii case, the United States Attorney's office collected, reviewed, indexed and produced documents that were relevant to the government's claims and defenses. The documents that the government collected during those initial disclosures included well over one hundred documents that the government identified as sufficiently relevant to its claims and defenses to be subject to discovery, but withheld on the basis of various privilege claims. The United States Attorney's office provided several privilege logs of those relevant documents to plaintiffs' counsel. Declaration of Therese Y. Cannata ("Cannata Dec.") Exs. A-D. Plaintiffs requested from counsel for the government in the Hawaii case additional information about many of these documents so as to evaluate the merits of the government's privilege claims. However, discovery in that case was limited to the issue of abandonment, and the meet and confer process was limited by that subject matter restriction on discovery. The Hawaii case was dismissed pursuant to FRCP 12(b)(1) before the meet and confer process on these privilege logs was completed. Cannata Dec. ¶ 3.

### B. This Action

The facts pertinent to the discovery dispute now before the Court in this action arise in large part from the four privilege logs compiled and served by the government in the Hawaii case. By agreement of counsel in this action, the government relied in part on the initial

disclosures made in the Hawaii case. However, the government refused to discuss the privilege claims asserted in the Hawaii Privilege Logs, taking the position that the issues raised by its earlier privilege logs from the Hawaii case "were necessarily rendered moot by the District Court's decision of August 27, 2007."[1] Cannata Dec. ¶ 4, Ex. E. Accordingly, plaintiffs carefully reviewed those Hawaii Privilege Logs, and specifically requested each document listed on those logs that appeared to be relevant, and that either appeared not to be privileged, or that had been described in insufficient detail to enable plaintiffs to ascertain whether or not they were privileged. Cannata Dec. ¶ 5. Instead of relying on the Hawaii Privilege Logs, the government, in this action, compiled a new log, that listed a small minority of the documents previously listed on the Hawaii Privilege Logs. And, as to those not included on the Claims Court Privilege Logs, the government's position is that those documents are not relevant in the context of the limited discovery now in progress in this action. Cannata Dec. Ex. G at 18-23. With this set of background facts in mind, this discovery dispute has two distinctive parts.

The *first* can be broadly described as the "Relevance Dispute," which arises from the Hawaii Privilege Logs, as now brought forward into this action by plaintiffs' specific document requests for some of those documents. The precise issue is whether the government should be compelled to produce or properly establish as privileged certain documents already identified as pertaining in some way to Kingman Reef.

---

[1] For ease of reference, plaintiffs call the government's privilege logs served in the Hawaii District Court action the "**Hawaii Privilege Logs**"and the log served in this action the "**Claims Court Privilege Logs**." The Hawaii Privilege Logs are attached as Exhibits 6-A, B, C and D to Cannata Dec. The Claims Court Privilege Logs are attached as Exhibits 6-J and K to Cannata Dec.

The documents in question in the "Relevance Dispute" were all specifically identified and presumably are still readily available for review by the government (or the Court by *in camera* review). That is, no one is asking the government to go out and search for new documents here. So the government has not (and cannot) claim undue burden here. Instead, the government contends that notwithstanding a specific request for these documents, it can remove these documents from pool of discoverable documents by making its own internal determination that these documents are not relevant and refuse to even address the issue of privilege at all.

Thus, while plaintiffs know, based on the Hawaii Privilege Logs, that the government at one point in time withheld certain documents based on some claim of privilege (identified on those logs), the government seeks *in this action* to confine the debate to the question of relevance. And as to that objection, it is a rather short discussion (*i.e.* the government says it is not relevant; end of discussion). Since no privilege has been asserted in this case as to any of those documents, plaintiffs could have simply moved to compel the unveiling of these documents in this action. However, for the sake of efficiency, anticipating that the government will claim that some of these documents are privileged,[2] plaintiffs have gone back to the privileges asserted in the Hawaii Privilege Logs, and addressed the legal sufficiency of those claims. See Exs 1, 2, 3 and 4 submitted concurrently with this motion to compel. See Argument, Sections I. and II., *infra*.

The *second* part of this motion arises from the Claims Court Privilege Logs. Notably, the government produced in this action some of the documents originally listed on the Hawaii

---

[2] It is unlikely that the government will assert a privilege as to all the documents listed in Requests 21-24. The government has already produced some of those documents. Cannata Dec. Ex. I at 9-10.

Privilege Logs. As noted, the government also did not list on its new log more than one hundred documents listed on the Hawaii Privilege Logs, and in response to plaintiffs inquiry, the government asserted relevance as a basis for excluding these documents from the discovery discussion. However, as to those documents listed on the Claims Court Privilege Log, the government, overall, provided sufficient information to permit the conclusion that the documents listed were in fact privileged and thus properly withheld from production. Plaintiffs take issue with only two, for which the government asserted the deliberative process privilege. *See* Ex. 5. As to these two documents, plaintiffs contend that the government's interest in maintaining the confidentiality of those documents is outweighed by the importance of those documents to the issues in this case.

Turning now to the specifics, plaintiffs provide the following summary, which corresponds to Exhibits 1 through 5 submitted in support of this motion.

| **Exhibit Number** | **Documents in Dispute** | **Relief Sought** |
|---|---|---|
| 1 | Documents Listed on the Hawaii Privilege Logs That Were Withheld Based on the Deliberative Process Only, and Withheld in This Action Based on Relevance. There are forty-four (44) documents in dispute. | (a) that the documents be ordered a part of the universe of documents in the Claims Court action, requiring production or a proper assertion of this privilege;<br>(b) that the government produce the documents, or if the government declines to produce the documents based on the deliberative process privilege, the government must provide one or more sworn declarations by agency or department heads containing the information required by law sufficient to warrant assertion of this privilege. |

| | | |
|---|---|---|
| 2 | Documents Listed on the Hawaii Privilege Logs as Withheld Based on *both* the Deliberative Process and Attorney-Client Privilege, and Withheld in This Action Based on Relevance. There are fourteen (14) documents in dispute. | (a) that the documents be ordered a part of the universe of documents in the Claims Court action, requiring production or a proper assertion of these privileges; (b) that the government produce the documents, or if the government declines to produce the documents based on the deliberative process privilege and/or the attorney-client privilege, the government must provide that information required by law sufficient to warrant assertion of these privileges. |
| 3 | Documents Listed on the Hawaii Privilege Logs as Withheld as Classified Documents, and Withheld in This Action Based on Relevance. There are five (5) documents in dispute. | (a) that the documents be ordered a part of the universe of documents in the Claims Court Action, requiring production or a proper assertion of this privilege; (b) that the government produce the documents, or if the government declines to produce the documents based on the "classified documents privilege," the government must provide that information required by law sufficient to warrant assertion of this privilege. |
| 4 | Documents Listed on the Hawaii Privilege Logs as Withheld Based on the Attorney-Client Privilege Only, and Withheld in This Action Based on Relevance. There are fifty-nine (59) documents in dispute. | (a) that the documents be ordered a part of the universe of documents in the Claims Court Action, requiring production or a proper assertion of this privilege;<br>(b) that the government produce the documents, or if the government declines to produce the documents based on the attorney-client privilege, the government must provide that information required by law sufficient to warrant assertion of this privilege. |
| 5 | Documents Listed on the **Claims Court Privilege Log** as Withheld Based on the Deliberative Process. There are two (2) documents in dispute. | That the Government produce the documents. |

Plaintiffs have in good faith met and conferred with the government in an effort to obtain adequate responses to the disputed requests. Cannata Dec. ¶¶ 3, 4; Exs. H, M, P. The parties were able to resolve some of the disputes, but the government, standing on its relevance objections based on relevance, has steadfastly refused to provide a further response to these discovery requests. Cannata Dec. Ex. N at 4. While there are many issues that have yet to be resolved regarding the adequacy of the government's responses to plaintiffs' discovery requests, this motion addresses the issue that is most in need of resolution at this juncture – meaning some of the documents withheld in the Hawaii District Court action and this action, based on claims of privilege.[3]

## ARGUMENT

### I. The Government Should Be Required To Produce The Documents It Withheld in the Hawaii Case Based on the Assertion of the Deliberative Process Privilege

At no point during the meet and confer process has the government contended that its invocation of the deliberative process privilege in the Hawaii case was proper. Instead, the government has contended that it does not have to claim or discuss the deliberative process privilege as to those documents (listed on Exhibits 1 and 2, attached hereto) because the government has determined that these documents are not relevant to the issues identified and ordered by this Court as the subject of the limited discovery. The Court should require the

[3] The government has objected to many requests for production of documents and interrogatories on relevance grounds, and the parties have not been able to resolve all the issues. Cannata Dec. Exs. M, N, P. Plaintiffs are hopeful that upcoming rulings by the Court on the government's jurisdictional arguments will provide enough guidance to the parties to enable them to resolve those objections without the Court's involvement. If, however, those issues cannot be resolved at that time, plaintiffs will move to compel further responses as to those issues.

government to produce the documents, or to demonstrate that they are privileged.

### A. The Documents Are Relevant And Reasonably Calculated to Lead to the Discovery of Admissible Evidence

The government refuses to produce the requested documents based on the contention that documents pertaining to the Navy's transfer of Kingman Reef to the Department of the Interior ("DOI") (Request Nos. 22 and 24), and to access issues (Request No. 23) do not refer or relate to title to or ownership of Kingman Reef, or to any other issue identified as within the limited scope of discovery allowed by this Court. This relevance objection is without merit.

Relevance, for purposes of discovery, is defined as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). Information sought in discovery should be considered relevant if there is any possibility that it may be relevant to an issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on those issues. *Doyle v. Eli Lilly & Co.*, Slip Copy, 2007 WL 2021828 (D. Neb. 2007). The government should not be permitted to make unilateral decisions to withhold from discovery entire categories of documents simply because, in its judgment, they do not refer or relate to title.

For example, the government objected to Request Nos. 22a-iii and 24a-bb on the grounds that they "are recent documents that relate to the period of time preceding and encompassing the Department of Navy's transfer of Kingman Reef to the Department of the Interior." Cannata Dec. Ex. I at 4, 8. There is no logical reason to carve out from discovery documents that pertain to the transfer of Kingman from the Navy to DOI, as those documents are reasonably likely to

shed light on the issue of title. The government contends that the transfer was one of ownership, and not just of administrative control. If there was in fact a transfer of title from one branch of government to the other, anything about that transaction is reasonably calculated to lead to the discovery of admissible evidence of ownership.

Some of the documents the government has produced that pertain to the transfer from the Navy to DOI illustrate the fact that ownership issues were considered and researched in connection with that transfer. For example, an exchange of emails on April 10, 2002 between Gail E. Oklesson and Dennis Pacht regarding the transfer mentions that the transfer of Kingman to DOI was "stuck" because "there was a snag over who actually owns it." Cannata Dec. Ex. Q. A number of the documents that listed on Exhibit 1 appear from their descriptions to be similar, and were between the same people, and are therefore reasonably calculated to lead to the discovery of admissible evidence as to ownership. For example, the document sought by request no. 22tt is "the May 24, 2000 emails between Dennis Pacht, Howard D. Kelsey, Charles Cocks, Gail Okelesson, Francesca Ryan, Gail E. Oklesson and Georgia Shirilla regarding Kingman Reef." Ex. 1 at 1, 2, 3, 4, Request Nos. 22rr, 24f, 24g, 24k, 24k, 24r, 24s, and 24t. Ex. 2 at 1, 2 [4], Request Nos. 22qq and 24u.

The government also withheld the documents listed in Request No. 23 on relevance

---

[4] On the Hawaii Privilege Logs the government also claimed the attorney-client privilege as to a minority of the documents it withheld pursuant to the deliberative process privilege, including those sought by Request Nos. 22qq and 24u. Ex. 2 at 1, 2. No basis for invoking the attorney-client privilege can be ascertained from the descriptions of any of those documents. To the extent any of these documents may contain privileged attorney-client communications, the government should be required to provide a privilege log establishing the grounds for the privilege, and produce redacted documents if part of the documents are not protected by the attorney-client privilege.

grounds, contending that "these documents generally relate to access to Naval Defensive Sea

Areas, including instructions or regulations governing the issuance of entry authorizations to such areas." Cannata Dec. Ex. I at 7. This is not a proper basis for withholding the documents, which are reasonably calculated to lead to the discovery of admissible evidence of one of the issues in this case – whether the Navy's administrative control over Kingman pursuant to the 1934 and 1941 Executive Orders vested any ownership rights in the government. Plaintiffs contend that the Executive Orders had no effect on ownership; the government seems to contend that by exercising administrative control over Kingman, the government was exercising its rights as property owner. The documents are one way to delve into the validity of the government's assertion.

Many documents the government produced that pertain to access to Kingman also discuss ownership of Kingman. *See, e.g.,* Cannata Dec. Ex. R. Thus, there is good reason to believe that the documents listed in Request 23 may lead to the discovery of admissible evidence on the ownership, *terra nullius* and *ultra vires* issues.

It should be noted that there is absolutely no burden or significant expense to the government associated with producing these documents. The documents have been found, collected and indexed. *See* Cannata Dec. Exs. A, B, C, D. Plaintiffs are not asking the government to go out and find documents.

The government's position that, despite its previous determination that these documents were relevant to their claims and defenses in the Hawaii case, they are not relevant to issues of ownership in this case, has no merit. The government should not be permitted to decide unilaterally which of these documents is sufficiently relevant to merit production. It should be

required to produce the documents if they are not privileged.

### B. The Government Does Not Contend in This Case, and Did Not Establish in the Hawaii Case, That Any of the Documents Are Shielded By the Deliberative Process Privilege

When it first withheld the documents in the Hawaii case, the United States Attorney's office claimed that many of the documents identified in Request Nos. 22, 23 and 24 were protected by the deliberative process privilege. *See* Cannata Dec. Exs. B, C, D. The government has not specifically asserted any claims of privilege as to those documents in this case (withholding those documents based on relevance objections instead of privilege). The Court should not permit the government to withhold any of these documents based on the deliberative process privilege.

The deliberative process privilege applies only to documents that are predecisional. *Cobell v. Norton*, 213 F.R.D. 1, 4-5 (D.C. Cir. 2003); *citing Senate of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987). In order to establish that documents are actually predecisional, the government must establish when those documents were prepared, and pinpoint the decision to which they relate, and which they predate, and how they relate to that decision. Many of the documents sought in Request Nos. 22, 23 and 24 are undated, or dated after the announcement of the government's decision to establish the KRNWR.[5] Therefore, they are not covered by the privilege.

The deliberative process privilege is limited to documents that, according to an affidavit provided by the agency or department head with control over the matter, were designed to and

---

5 These include, for example, Request Nos. 22 aa-ff, aaa, bbb, ddd, fff-iii, and Request Nos. 24 e, h, i, q, w, y, and aa. Cannata Dec. Ex. F.

did contribute directly to the formulation of important public policy. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866-688 (D.C. Cir. 1980); *Evans v. City of Chicago,* 231 F.R.D. 302, 317 (N.D. Ill, 2005); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 405 n. 11 (D.C. Cir. 1984). "[T]he deliberative process privilege is a qualified privilege, to be applied as narrowly as possible, consistent with efficient administrative operations. . . . It is the agency's burden to substantiate its claim of privilege by establishing that the communications requested were tentative recommendations or opinions without precedential significance or operative effect." *Exxon v. Dep't of Energy*, 91 FRD 26, 43 (N.D. Tex. 1981), *citing Coastal States Gas Corp.,* 617 F.2d at 866-68. There are "three procedural requirements for assertion of the privilege: 1) the agency head must assert the privilege after personal consideration; 2) the agency head must state 'with particularity' the information subject to the privilege; and 3) the agency must aver 'precise and certain' reasons" for preserving the confidentiality of the requested document." *Dairyland Power Cooperative v. United States.*, 77 Fed. Cl. 330, 336-37 (2007) *quoting, Walksy Constr. v. United States,* 20 Cl.Ct. 317, 320 (1990) (*emphasis in original*). The Government did not meet that burden. *Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134-44 (2006).[6]

Even if the government had properly asserted the deliberative process privilege by

---

[6] The government has suggested during the meet and confer process that plaintiffs somehow waived their right to seek the documents that were withheld in the Hawaii case because the government's privilege claims were never adjudicated in that case. Cannata Dec. Ex. N at 3-4. The assertion of a privilege in that case is no basis for refusing to produce relevant, nonprivileged documents in this case. On March 6, 2006, the Hawaii District Court limited the scope of discovery to the issue of abandonment, so KRAI had no opportunity to move to compel documents that pertained to issues other than abandonment. In any event, there was no discovery cutoff in the Hawaii case. Cannata Dec. ¶ 3.

establishing, through the affidavit of an agency or department head, that any document was predecisional, that it directly contributed to important public policy, and that its disclosure would stifle honest and frank communication within the agency, the deliberative process privilege is only a qualified one. The relevance of these documents to this litigation may counterbalance the government's need for confidentiality as to decisions that were made over eight years ago. *Schreiber v. Soc'y for Savings Bancorp, Inc.*, 11 F.3d 217, 220-21 (D.C. Cir. 1993); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 709, 719, 720 (2007). In any event, any factual material that is severable from the information protected under the deliberative process privilege must be disclosed. *Cobell*, 213 F.R.D. at 6.

## II. The Government Should Be Required to Support its Decision to Withhold Classified Documents

The government claims that the documents listed on Exhibit 3 hereto were withheld because they are classified. Cannata Dec. Ex. K at 6-7. The government has failed to provide information, obtained from a department head, about the dates, authors and subject matter of the documents, and about the consequences of disclosing those documents to plaintiffs in this case. *Northrop Corp.*, 751 F.2d at 405 n. 11 (claim of state secret privilege failed procedurally where it did not include a statement by the head of the department responsible for the documents that they *have been examined* and that disclosure would be against the public interest.) The government should be compelled to provide that information, or to produce the documents.

## III. The Government Should Be Compelled to Produce, or List on a Privilege Log In This Case, the Documents That Were Specifically Requested in This Case, But Withheld on Relevance Grounds

Defense counsel in this case declined to adopt the Hawaii Privilege Logs. They have

refused to produce most of the documents that were withheld in that case based on the attorney-client privilege, on the grounds that they are outside the scope of discovery ordered by this Court. For the reasons set forth in Section IA, *supra*, those documents are reasonably calculated to lead to the discovery of admissible evidence of ownership, and should be produced if they are not privileged.[7] Plaintiffs do not seek to compel further responses or production of documents that, from the descriptions on the privilege logs in the Hawaii case, appeared to be privileged. However, the vast majority of those descriptions on the logs failed to establish that they were privileged. Those documents are listed on Exhibit 4 hereto. If there is a valid privilege claim as to any of those documents, the Court should order the government to supply more information supporting its privilege claims.

Court of Federal Claims Rule 26(b)(5) and the identical Federal Rule of Civil Procedure 26(b)(5) require that "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged ... the party shall make the claim expressly and shall describe the nature of the documents ... not produced or disclosed in a manner that, without

---

[7] The government objects to Request Nos. 21 through 24 on the grounds that plaintiffs should have challenged the privilege claims in the Hawaii case, and that it is now too late for plaintiffs to request documents as to which a claim of privilege was asserted in another case. *See, e.g.,* Cannata Dec., Exh. J at 6. These privilege claims were never adjudicated in the Hawaii case because the Hawaii District Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) while counsel were engaged in the meet and confer process regarding documents. Cannata Dec. ¶ 3. The government has refused to adopt the previous privilege log in this case, or to provide a new privilege log in this case for all of the documents sought by Request Nos. 21-24 that the government is refusing to produce. To the extent the government is may be relying on a claim of privilege in refusing to protect any of the documents not listed on its current privilege log, there is no barrier to plaintiffs seeking adjudication of such privilege claims in this Court.

revealing information itself privileged, will enable other parties to assess the applicability of the privilege or protection." The government has not done that. None of the descriptions include any information suggesting the privileged purpose of any communication. Some of the descriptions fail to identify any attorney author or recipient. *See, e.g.,* Ex. 4 at 5, No. 23a ("The undated Issue Paper regarding whether U.S. Naval Defensive Sea Areas comply with international law and policy (tab no. 8)"). Other documents list attorneys among many recipients. *See, e.g.,* Ex. 3 at 1, No. 21k ("December 20, 2000 email from Catherine Sheppard to Steven Siegal and others at DOI regarding Kingman Reef"); No. 21a ("April 14, 2000 email from Rosalyn Worthan to Pete Raynor, Karen Sprecher Keating, and Molly Ross and others at DOI regarding Kingman Reef"). The mere fact that an attorney is one of the recipients of an email sent to many persons does not make it privileged. *See, e.g.,* Cannata Dec. Ex. S, 4/17/00 email from Robert P. Smith to Rosalyn Worthan, William Brown, Dan Ashe, Karen Sprecher-Keating, Molly Ross, Pete Raynor, et al. The government has not provided the basic information plaintiffs and the Court need in order to evaluate their privilege claims. It should be required to do so.

## IV. The Government's Interest in Maintaining the Confidentiality of its 1998 Deliberative Process is Outweighed by the Importance of the 1998 Documents to the Litigants in this Case

Turning now to the two documents identified in the Claims Court Privilege Log that are in dispute, the government claims that these two documents, which it concedes are relevant to the issues as to which this Court has ordered discovery, are protected from discovery by the deliberative process privilege. *See* Ex. 5. Unlike the Hawaii case, in this case the government has provided a declaration by the Director of FWS claiming the privilege. Cannata Dec. Ex. O.

While that declaration asserts that the documents were part of the deliberative process, the Court should order their production for two reasons.

First, documents can lose their protection under the deliberative process privilege after the agency makes its decision. "[E]ven if the document is pre-decisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public." *Cobell,* 213 F.R.D. at 5, *quoting Coastal States Gas Corp.*, 617 F.2d at 866. The documents listed on Exhibit 5 were predecisional in 1998, but on December 11, 2000, FWS's positions as to the establishment of the Kingman Reef National Wildlife Refuge were made public.

The government nevertheless speculates that public disclosure of these ten-year-old communications "could cause FWS personnel in field and regional offices in the future to be hesitant to provide their frank advice to the Director and the Secretary." Cannata Dec. Ex. O, ¶ 8. This theoretical concern must be weighed against plaintiffs' need for these documents in order to discover evidence pertaining to this case. *Dairyland Power Coop.*, 79 Fed. Cl. at 720. Moreover, if the Court concludes that the government has a legitimate interest in maintaining the confidentiality of the documents listed on Exhibit 5, the Court can order the documents' production subject to a protective order. *Schreiber*, 11 F.3d at 222 ("That concern would largely be alleviated if the court could fashion a practical protective order, one that reconciles the agencies' interest in confidentiality with the plaintiff's potential need to introduce some or all of the subpoenaed documents (or information therefrom) into evidence at a public trial.") *See also, Dairyland Power Coop.*, 79 Fed. Cl. at 720.

## CONCLUSION

For the foregoing reasons, the government should be compelled to bring the documents listed on Exhibits 1-4, which were identified on the Hawaii Privilege Logs into the universe of documents in the Claims Court action. From there, the government should be directed to either produce the documents, or if the government declines to produce the documents based on a claim of privilege, the Government must provide that information required by law sufficient to warrant assertion of privilege. The government should be compelled to produce the documents listed on Exhibit 5.

Dated: June 9, 2008

CANNATA CHING & O'TOOLE LLP

s/ Therese Y. Cannata
THERESE Y. CANNATA
Of Counsel for Plaintiffs KINGMAN REEF ATOLL INVESTMENTS L.L.C. and KINGMAN REEF ATOLL DEVELOPMENT LLC.

# EXHIBIT 1

**Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case, Claiming the Deliberative Process Privilege Only;[1] These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in this Case, and Withheld by The Government in this Case Based on Relevance.[2]**

No. 22. The following documents that are listed in the Index of Documents Released as Initial Disclosure, dated January 12, 2006:

22z. The undated draft Executive Order, administration of Kingman Reef (2 pages) (tab no. 464).

22cc. The April 11, 2005 email from Brenda Johnson Turner to Thomas Ledvina cc: A. Eric Alvarez regarding Kingman (tab no. 469).

22dd. The July 28, 2005 email from David W. LaCroix to Brenda Johnson Turner regarding Kingman Reef (tab no. 470).

22ff. The August 3, 2005 email from Thomas Herold to Brenda Johnson Turner regarding Kingman Reef (tab no. 472).

22rr. The June 21, 2000 email from Howard D. Kelsey to Dennis Pacht, cc: Charles C. Cocks, regarding Kingman Reef (tab no. 512).

22ss. The June 21, 2000 email from Angela M. Ryan to Howard D. Kelsey and englera@navfac.navy.mil, cc: Carl J. Turnquist, regarding Kingman Reef (tab no. 514).

22tt. The May 24, 2000 emails between Dennis Pacht, Howard D. Kelsey, Charles Cocks, Gail Okelesson, Francesca Ryan, Gail E. Oklesson and Georgia Shirilla regarding Kingman Reef (tabs nos. 514, 515, 516 and 517).

22uu. The May 19, 2000 draft Executive Order - Administration of Kingman Reef (tab no. 518).

22aaa. The February 2, 2003 briefing statement entitled, "Kingman Reef National

---

1 *See*, Cannata Dec Exs. B, C and D.

2 *See*, Cannata Dec. Ex. F at 10-25 and Ex.G at 20-23.

Wildlife Refuge- Draft Executive Order" (tab no. 569).

22bbb. The undated Memorandum from the chief of Division of Realty to the Director of the Fish and Wildlife Service regarding the Kingman Reef National Wildlife Refuge- Executive Order with four attachments (tab no. 575).

22ddd. The September 20, 2005 email from Brenda Johnson-Turner to Georgia Shirilla, Catherine Sheppard, Don Palawski and Doug Vandergraft regarding Kingman Reef (tab no. 577).

22fff. The October 5, 2004 email from Brenda Johnston-Turner to Don Palawski, Georgia Shirilla, Jerry Leinecke, and Forrest Cameron regarding Kingman E.O. (Tab no. 577 (sic)).

22ggg. The October 4, 2004 email from Don Palawski to Brenda Johnson-Turner, Jerry Leinecke and Forest Cameron, regarding Kingman E.O. (Tab no. 578).

22hhh. The January 29, 2004 email from Brenda Johnson-Turner to Don Palawski, Georgia Shirilla, Catherine Sheppard, and Eric Alvarez regarding Kingman briefing (tab no. 579).

22iii. The January 20, 2004 email from Brenda Johnson-Turner to Georgia Shirilla regarding updates (tab no. 580).

No. 23. The following documents that are listed in the Index to Federal Defendants' Third Set of Initial Disclosures, dated November 30, 2006:

23d. The undated memo from Chief of Naval Operations regarding regulations, with attached draft of OPNAV Instruction 5500.11E (tab no. 40)

23e. The 2 different drafts, dated July 26, 1990, of OPNAV Instruction 5500.11E regulations governing the issuance of entry authorizations for Naval Defensive Sea Areas, Naval Airspace Reservations, Areas under Navy Trust Administration, and the Trust Territory of the Pacific Island, with hand-written notes in the margins (tab no. 41).

23h. Draft OPNAV Instruction 5500.11E (tab no. 49).

23i. Memo from Chief of Naval Operations re: regulations governing the issuance of entry authorizations for naval defensive sea areas, naval airspace reservations, areas under Navy Administration, and the Trust

Territory of the Pacific Islands with draft OPNAV Instruction 5500.11E (tab no. 57).

23j. The March 1, 1995 Memorandum from Robert W. Smith, to Departments of Interior, Commerce, Justice, Defense, Coast Guard and OMB re: Federal Register Notice on U.S. EEZ and Maritime Boundaries (tab no. 64).

23k. The August 20, 1974 Proposed OPNAV Instruction 550.11D, with hand-written notes in text and margins (tab no. 65).

23l. The undated memo from Chief of Naval Operations re: Draft OPNAV Instruction 3128.9D re: diplomatic clearance for certain U.S. Navy Marine Data Collection Activities in Foreign Jurisdictions (tab no. 69).

23m. The undated draft of OPNAV Instruction 550.11D with handwritten notes in text and on margins (tab no. 78).

No. 24. The following documents that are listed in the Federal Defendants' Index of Privileged Documents Withheld from third Set of Initial Disclosures, dated February 8, 2007

24c. Memorandum to Duncan from Rich dated August 8, 2000 regarding the transfer of Kingman Reef to the Department of the Interior with attached signed August 25, 2000 letter from Duncan Holaday to M. John Berry regarding transferring Kingman Reef from Navy to DOI (Bates Range: US1952-1955).

24d. Memorandum to Duncan from Rich dated November 3, 2000 via Tom regarding Submission of Proposed Executive Order Rescinding DON Jurisdiction over Kingman Reef (Bates Range: US1956).

24e. Undated draft letter to Honorable Jacob J. Lew regarding the fact that the Navy no longer has use for Kingman Reef and listing seven enclosures (Bate Range US1957-US1958).

24f. Email from Dennis Pacht to Francesca Ryan and Georgia Shirilla and others dated May 15, 2000 attaching his first draft of the E.O. to transfer Kingman Reef to USF & WS (Bates Range: US1959).

24g. Emails between Howard Kelsey and Gail Oklesson and others dated October 10-11, 2000 regarding the draft Kingman Reef EO (Bates Range: US1960-US1961).

24h. Undated draft letter to Honorable M. John Berry from Robert B. Pirie, Jr. regarding Kingman Reef and stating that he hereby transfers custody and accountability for Kingman Reef to DOI with list of enclosures (Bates US1962-US1964).

24i. Undated Handwritten note with Francesca Ryan and Joseph McDermott's names on it and notes about the Executive Order (Bates Range US1965).

24j. Copy of U.S. Code: Title 43 Section 1458, dated May 9, 2000 giving the definition of the code and handwritten notes re: draft EO (Bates Range: US1966).

24k. Email from Francesca Ryan to Dennis Pacht and others dated May 18, 2000 regarding her review of the EO (Bates Range US1967).

24r. Real Estate Action NAVFAC Routing Sheet dated October 17, 2000 - Re: Transfer of Kingman Reef to the Department of Interior - Action Officer Gail Oklesson, document enclosed the Executive Order to the Honorable Jacob J. Lew (Bates Range: US1988).

24s. Email from Howard Kelsey to Richard Anderson, Charles Cocks, and Gail Oklesson dated August 24, 2000 regarding the letter from NAVFAC to Interior (Bates Range: US1989).

24t. Emails between Dennis Pacht to Charles C. Cocks and Gail Oklesson dated June 7, 2000 regarding Cocks conversation with Captain Tubello morning of June 7, 2000 (Bates Range: US1990).

24w. Emails - First one dated 12/17/04 to Don Palawski, Georgia Shirilla, and Catherine Sheppard from Brenda Turner-Johnson asking about the January 2004 briefing paper; second one dated 10/5/04 from Brenda Turner-Johnson to Don Palawski, Cameron forrest, DOI, Jerry Leinecke, and Georgia Shirilla regarding briefing paper and EO (Bates Range:US1993).

24x. Email from Don Palawski to Brenda Johnson-Turner, Jerry Leinecke, and Forrest Cameron dated October 4, 2004 regarding status of Kingman Reef EO (Bates Range: US1994).

24y. Emails – First one dated 1/29/04 from Brenda Johnson-Turner to Don Palawski, Georgia Shirilla, Catherine Sheppard, and A. Eric Alvarez regarding the Kingman briefing and attaching a draft briefing paper for the meeting Monday with Bill and the Director; second email dated 1/20/04 from Brenda M. Johnson-Turner to Georgia Shirilla regarding the updates

(Bates Range 1995).

24z. 4/14/00 email from T. Egeland to D. Pacht and M. Kilian asking about any new developments concerning Kingman (US1996-US1997).

24aa. March 16, 2001 email from Tom Egeland to Ron tickle, Angela Ryan, Pamela Morris, Richard Anderson and Paul Yaroschak regarding Kingman Reef FOIA Request and forwarding 3/16/01 email from Ron Tickle to Tom Egeland regarding FOIA request (Bates Range US1998).

24bb. March 2, 2000 draft memorandum for Assistant Secretary of the Navy (Installations and Environment) from VADM J.F. Amerault, USN re: Proposed transfer of Kingman Reef to the DOI - Information Memorandum (Bates Range: US 1999).

# EXHIBIT 2

**Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case, Claiming *Both* the Deliberative Process Privilege and the Attorney-Client Privilege;[1] These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in this Case, and Withheld by The Government in this Case Based on Relevance.[2]**

No. 22. The following documents that are listed in the Index of Documents Released as Initial Disclosure, dated January 12, 2006:

22aa. The July 27, 2005 emails between David W. LaCroix, Thomas C. Herold and John Kauffman regarding Kingman (tab nos. 466 and 467).

22bb. The June 2, 2005 email from Thomas Ledvina to David LaCroix regarding Kingman (tab no. 468).

22ee. The August 1, 2005 email from David W. LaCroix to Thomas Ledvina regarding Kingman Reef (tab no. 471).

22qq. The June 21, 2000 email from Dennis Pacht to Howard D. Kelsey, cc: Charles C. Cocks, Gail E. Okelsson, Mike Killian regarding Kingman Reef – forwarding 2 emails: 1.June 12 email to Gail and charlie, waiting for DASN (environment) re: conditions in EO re: protection of reef and 2., June 13 email to John Wittman re: approval, and discussing contents of both (tab no. 511).

No. 24. The following documents that are listed in the Federal Defendants' Index of Privileged Documents Withheld from third Set of Initial Disclosures, dated February 8, 2007

24l. Emails between Angela Ryan and Scott Whiteford and others dated May 9, 2000 regarding what the PACDIV appraiser estimated Kingman Reef's value to be; and what is required under 41C.F.R. 101-47.601 (Bates Range US1968).

24m. Emails between Carole Gaasch, Marc Laverdiere, Pamela Morris Raul

---

1 *See*, Cannata Dec Exs. B, C and D

2 *See*, Cannata Dec. Ex. F at 10-25 and Ex. G at 20-23.

Pedrozo, Angela Ryan and Tom Egeland, dated January 8-9, 2001 requesting comments on the attached draft 1/10/01 comment letter to Phyllis Ha, from Raul A. Pedrozo to the Undersecretary of Defense for Policy regarding Environmental Assessment for a Proposed Kingman Reef National Wildlife Refuge (Bates Range: US1969-1971).

24n. Emails between Raul Pedrozo, Angela Ryan, Pamela Morris and others dated January 8-9, 2001 regarding comments on Environmental Assessment for a Proposed Kingman Reef National Wildlife Refuge (Bates Range: US1972-US1973).

24o. Emails between Raul Pedrozo, Mrc Laverdiere, Pamela Morris and others dated January 3-4, 2001 regarding status of Kingman Reef transfer from Navy to DOI (Bates Range: US1974-1975).

24p. Email from Angie to Richard Anderson, Tom Egeland, Howard Kelsey and other Navy recipients dated May 9, 2000 advising of appraisal for Kingman Reef and regulations at 41 C.F.R. 101-47.601(a) (bates Range:US1976).

24q. Emails beginning September 8, 2005 and ending September 20, 2005 between Brenda Johnson-Turner, Georgia Shirilla, Thomas Herold, Dave LaCroix and others at Navy and DOI regarding setting up a call in Kingman Reef; sending background to Brenda Turner-Johnson on the case; and stating what should be in the Executive Order (Bates Range: US1978-US1987).

24u. Emails between Richard Anerson, Howard Kelsey, Angela Ryan, Charles Cocks, Gail Oklesson and Duncan Holaday dated September 19, 2000 regarding status of Kingman Reef transfer to DOI (Bates Range: US1991).

24z. 4/27/00 email from R. Anderson to D. Holaday and T. Egeland stating what A. Ryan thinks and should be done, what PACDIV and GSA have determined; 4/25/00 email from D. Holaday to T. Egeland, R. Anderson and A. Ryan, re transfer process;4/18/00 email to R. Anderson and D. Holaday from T. Egeland forwarding PACDIV's response to query Egland made the previous Friday. That email is dated 4/18/00 from D. Pacht to T. Egeland, A. Ryan, H. Kelsey and G. Oklesson re CNR Hawaii submitting a Report of Excess for property and discussing report and discussing matters re the report and the transfer process of the reef).

# EXHIBIT 3

**Documents Collected, Withheld and Listed By the Government on Privilege Logs in the Hawaii Case Based on a Claim That They Are Classified; These Documents Were Withheld in This Case Based on a Relevance Objection.**[1]

No. 23. The following documents that are listed in the Index to Federal Defendants' Third Set of Initial Disclosures, dated November 30, 2006:

23b. Documents described as undated Blank-Classified (tabs nos. 18, 22 and 24).

23c. The March 2, 1987 letter for Executive Orders, Documents 1, 3 and 4 (tab no. 32).

23g. Memorandum of conversation, undated memorandum of the office of the Assistant General Counsel, International Affairs, Department of Defense regarding Naval Defensive Sea Areas and a September 12, 1969 OGC memo, and documents 2 and 3 in group. (tab no. 48)

---

[1] *See*, Cannata Dec. Ex. C at 3 and 5, and Ex. I at 6-7.

## EXHIBIT 4

**Documents The Government Withheld in the Hawaii Case Based on A Claim of Attorney-Client Privilege Only;[1] These Documents Were Specifically Requested in Plaintiffs' Request for Production of Documents (Set One) in This Case and Withheld by The Government in this Case Based on Relevance.[2]**

No. 21. The following documents listed in the Index of Documents Withheld From Release as Initial Disclosures Due to Privilege, dated October 17, 2005:

21a. April 14, 2000 email from Rosalyn Worthan to Pete Raynor, Karen Sprecher Keating, and Molly Ross and others at DOI regarding Kingman Reef.

21b. April 14, 2000 email from Stephen Saunders to Karen Sprecher Keating, Molly Ross and Peter Raynor, and others at DOI regarding possible overlay refuge.

21c. April 14, 2000 email from Karen Sprecher Keating to Pete Raynor and other DOI employees regarding possible overlay refuge.

21d. April 18, 2000 email from Tim Elliot to Karen Sprecher Keating, Peter Raynor, Molly Ross and others at DOI regarding Kingman Reef- possible overlay refuge.

21e. April 14, 2000 email from Peter Raynor to "reviewers" regarding Kingman Reef.

21f. April 14, 2000 email from Robert Smith to Peter Raynor, Karen Sprecher Keating, Molly Ross and others at DOI regarding Kingman Reef.

21i. May 14, 2001 letter from Phyllis Y. Ha to Bob Morean transmitting documents for the administrative record, with 1 page list of documents.

21k. December 20, 2000 email from Catherine Sheppard to Steven Siegal and others at DOI regarding Kingman Reef.

21l. April 17, 2001 letter from Georgia to Steve forwarding documents from

---

1 *See*, Cannata Dec. Exs. A-C

2 *See*, Cannata Dec. Ex. F at 9-20 and Ex. G at 18-21.

Archives regarding Kingman Reef.

21n. May 14, 2001 fax cover sheet from Steve Siegel to Ben Harrison and Georgia Shirilla regarding documents from the administrative record and attaching a one page fax from Robert Morean to Steven Siegel regarding Kingman Reef.

21o. December 6, 2000 email from William Brown to Karen Sprecher Keating and others at DOI regarding Kingman Reef.

22. The following documents listed in the Index of Documents Released as Initial Disclosure, dated January 12, 2006.

22a. The March 9, 2001 fax cover sheet to Mrs. Hommon from Paul Sullivan regarding Kingman Reef (tab no. 251).

22c. The March 6, 2000 one page document titled "Kingman Reef" and referencing emails between Dennis Pacht and Angela Ryan (tab no. 266).

22g. The February 29, 2000 email from Angela Ryan to Dennis Pacht, Tom Egeland and Richard Anderson regarding Kingman Reef (tab no. 278).

22h. The April 18, 2000 email from Dennis Pacht to Tom A. Egeland cc: Angela Ryan, Hoard Kelsey, Gail E. Oklesson, and Kike Kilian regarding Kingman Reef (tab no. 301).

22i. The April 14, 2000 email from Tom Egeland to Dennis Pacht and Mike Killian regarding Kingman- Requesting status due to meeting with DOI and DASNs and forwarding information from Angela Ryan (tab no. 302).

22j. The April 18, 2000 email from Gail Oklesson to Dennis Pacht, Angela Ryan and others regarding Kingman Reef forwarding email chain (tab no. 303).

22k. The April 18, 2000 email from Koward D. Kelsey to Richard Anderson, Rob O. Fetter, Angela M. Ryan, Charles C. Cocks and others regarding Kingman Reef- query to PACDIV (tab no. 304).

22l. The April 18, 2000 email from Richard Anderson to Rob O. Fetter, Angela M. Ryan, Charles C. Cocks, Thom A. Egeland and Howard Kelsey regarding Kingman Reef (tab no. 305).

22m. The April 17, 2000 email from Rob O. Fetter to Angela M. Ryan, Charles

C. Cocks, Richard Anderson, cc. Jeffrey Tubello regarding Kingman Reef (tab no. 306).

22o. The March 13, 2000 email from Charles C. Cocks to Rob Fetter regarding Kingman Reef (tab no. 308).

22p. The February 18, 2000 email from Elise L. Munsell to Duncan Holaday, William Brown cc: Robert B. Pirie, Tom A. Egeland, Carl J. Turnquist, Angela M. Ryan and Richard Anderson regarding Kingman Reef (tab no. 309).

22q. The February 18, 2000 email from Duncan Holday to Elsie Munsell, William Brown cc: Robert B. Pirie, Tom A. Egeland, Carl J. Turnquist, Angela M. Ryan, and Richard Anderson regarding Kingman Reef (tab no. 310).

22r. The Feburary 18, 2000 email from Elsie L. Munsell to William brown cc: Robert B. Pirie, Tom A. Egeland, Carl J. Turnquist, Angela M. Ryan, Duncan Holaday regarding Kingman Reef (tab no. 311).

22t. The February 18, 2000 email between Tom A. Egeland, Angela Ryan, Steve Smith, Elsie L. Munsell, Duncan Holaday, William Brown, Robert B. Pirie, Carl J. Turnquist, Dennis Pacht, and Richard Anderson regarding Kingman Reef (tabs no. 316, 317, 318, 319 and 320).

22x. The November 5, 1999 email from Sean Clark to John Schrewsbury, cc: Paul Borkowski, Rebeca Hommon regarding DASN Bill Cassidy questions (tab no. 454).

22y. The November 4, 1999 email from John M. Shrewsbury to Paul Borkowski regarding DASN Bill Cassidy questions (tab no. 456).

22gg. The February 24, 2000 email from Patrick J. Neher, Neil Sheehan from Marc Laverdiere regarding response to request of Munsell (tab no. 490).

22hh. The February 24, 2000 emails between Dennis Pacht and Rob O. Fetter, Glenn M. Miyashiro, Angela M. Ryan, Charles C. Cocks, and Joe E. Hautzenroder, cc: Dave Watts, Pete Check, Dennis Pacht, Dallas J. Conley, and Jeffrey Tubello regarding Kingman Reef (tab nos. 491 and 492).

22ii. The June 27, 2000 email from Angela M. Ryan to Dennis Pacht, cc. Mike Killian, Howard D. Kelsey, Charles C. Cocks, Gail E. Oklesson, regarding

Kingman reef (tab no. 498).

22jj. The June 26, 2000 email from Dennis Pacht to Angela Ryan, cc: Mike Killian, Howard D. Kelsey, Charles C. Cocks, Gail Okelesson, regarding Kingman Reef (tab no. 499).

22kk. The June 22, 2000 email from Charles C. Cocks to Dennis Pacht, no message, forwarding message from John Wittman regarding Kingman Reef (tab no. 500).

22ll. The June 13, 2000 emails between Dennis Pacht and Charles C. Cocks, Mike Killian and wittmanjs@cpf.navy.mil regarding Kingman Reef (tabs no. 501 and 502).

22nn. The June 12, 2000 email from Richard Anderson to Jeffrey Tubello regarding Kingman Reef forwarding June 12, 2000 email from Carl J. Turnquist to John S. Wittman, cc: Thomas Ledvina, Elsie L. Munsell, Richard Anderson and Angela Ryan regarding Kingman Reef (tabs no. 507 and 508).

22oo. The June 8, 2000 email from John S. Wittman to Carl Turnquist regarding Kingman reef (Tab no. 509).

22qq. The June 21, 2000 email from Dennis Pacht to Howard D. Kelsey, cc: Charles C. Cocks, Gail E. Okelesson, Mike Killian regarding Kingman Reef- forwarding 2 emails: 1. June 12 email to Gail and Charlie, waiting for DASN (environment) re: conditions in EO re: protection of reef and 2. June 13 email to John Wittman re: approval, and discussing contents of both (tab no. 511).

22vv. The April 20, 2000 email from Gail E. Oklesson to Dennis Pacht regarding Kingman- forwarding email of April 19, 2000 to Richard Anderson from Jeffrey Tubello, cc: Rob O. Fetter, Gail E. Oklesson, Angela Ryan, Mike Killian and Howard D. Kelsey, regarding Kingman (tabs nos. 520 and 521).

22ww. The April 19, 2000 emails between Richard Anderson, Jeffrey Tubello, Angela Ryan and Howard Kelsey regarding Kingman (tabs nos. 522, 523, 524 and 525).

22xx. The April 18, 2000 email from Dennis Pacht to Tom A. Egeland, cc: Angela Ryan, Howard Kelsey, Gail E. Oklesson and Mike Killian, regarding Kingman (tab no. 527).

22yy. The April 19, 2000 emails between Gail E. Oklesson, Dennis Pacht, Angela Ryan, Richard Anderson, Jeffrey Tubelo, and Howard Kelsey regarding Kingman Reef (tab nos. 529, 530, 531, 532 and 533).

22zz. The January 10, 2001 draft letter from Raul A. Padrozo to Phyllis Ha regarding Environment Assessment for Proposed Kingman Reef National Wildlife Refuge (2 pages) (tab no. 540).

22ccc. The documents attached to the March, 2000 draft letter responding to FOIA request from Short, Creseman & Burgess and letter from Paul Sullivan with attached documents for review as potentially responsive to FOIA request (tab no. 576).

22eee. The August 17, 2005 email from Brenda Johnson-Turner to Larry Mellinger and others at FWS regarding Kingman Reef (tab no. 575 (sic)).

23. The following documents that are listed in the Index to Federal Defendants' Third Set of Initial Disclosures, dated November 30, 2006:

23a. The undated Issue Paper regarding whether U.S. Naval Defensive Sea Areas comply with international law and policy (tab no. 8).

23f. The July 20, date indiscernible letter from Ira H. Hunn, Rear Admiral, Judge Advocate General to Raymond T. Yingling, Assistant Legal Adviser, Department of State regarding naval defensive sea areas (tab no. 47).

## EXHIBIT 5

**Documents Listed on the Claims Court Privilege Log, Which the Government Concedes are Relevant to The Issues As to Which This Court has Ordered Discovery, and Now Withheld Based on an Assertion of the Deliberative Process Privilege.**[1]

US0369-73 Undated and unsigned memorandum from Regional Director, Pacific Region, FWS, to the Director, FWS, entitled "Coral Reef Initiative in the Pacific: National Wildlife Boundaries" and marked "Confidential, Predecisional Document, Not for Distribution." This memo provides the views and recommendations of the FWS Pacific Islands Fish and Wildlife Office (PIFWO) and the FWS Regional Office (RO) on proposals for action that had been suggested by the Counselor to the Secretary. It contains candid discussion and advice from the PIFWO and RO to the the FWS Director for the Director's consideration up the chain of command.

US0496-501 Memorandum dated September 16, 1998, signed by Anne Badgley, Acting Regional Director, Pacific Region, FWS, to the Director, FWS, entitled "Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries" and marked "Confidential, Predecisional Document, Not for Distribution"). This memo is the same as the document at US0369-373 except it is signed and dated. This copy was provided by William Brown.

---

1 *See*, Cannata Dec. Ex. I at 8-9 and Ex. K.