IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant hereby responds to Plaintiff's first set of requests for production of documents.

**GENERAL OBJECTIONS**
**(APPLICABLE TO EACH REQUEST FOR PRODUCTION)**

In addition to the specific objections listed below in response to each individual Request for Production, Defendant has the following general objections that apply to all of the requests in Plaintiffs' First Set of Requests for Production.

1. Many of Plaintiffs' requests for Defendant to produce documents are duplicative of requests made by Plaintiff Kingman Reef Atoll Investments, LLC ("KRAI") in the earlier filed quiet title action, <u>KRAI v. United States</u>, Civ. No. 05-151 (D. Hawaii). Other requests are directed to or encompass matters that go well beyond the scope of discovery that was allowed by the Court at this stage of the case. For both reasons, Plaintiffs' First Set of Requests for Production of Documents are unnecessary, unduly burdensome, and appear to have been served



EXHIBIT 66

along with other voluminous discovery requests in order to harass Defendant and needlessly increase the cost of this litigation rather than for a proper purpose.

2. Broadly construed, the definitions included in Plaintiffs' First Set of Requests for Production ask Defendant to search the records of every federal executive branch agency and department for responsive information and documents. However, Plaintiffs' Complaint alleges a taking only of Kingman Reef. Based on the extensive research done in connection with the quiet title action previously filed by Plaintiff KRAI, KRAI v. United States (D. Hawaii), the search for information is properly limited to agencies that have had some present or historical involvement with Kingman Reef. Those agencies are the Department of State, the Department of Navy, the Department of the Interior and, to a lesser extent, the Department of Commerce. Defendant objects to any request that it conduct a search of every federal executive branch agency and department for responsive information and has instead reasonably limited its search to the records of the agencies listed above.

3. Plaintiffs' definitions and Requests for Production cover a period of time that includes historical records and/or information no longer in the possession of the agencies listed above. Historical records are maintained by the federal government primarily at The National Archives & Records Administration ("NARA"). The National Archives is the nation's repository for official government records that have been determined to have "sufficient historical or other value to warrant their continued preservation by the Federal Government . . . ." 44 U.S.C. § 2901(11). With a few exceptions not relevant to this case, these records are open to the public. To the extent that Plaintiffs' Requests for Production ask Defendant to search the National Archives and produce any documents that it locates, Defendant objects on the ground



EXHIBIT 64

that such documents are public records that are equally accessible to both parties. Without waiving this objection, Defendant's search for relevant records has included the National Archives in College Park, Maryland, the regional Nation Archives facility in San Bruno, California, and President Franklin D. Roosevelt's Presidential Library, which is administered by NARA. *See* http://www.fdrlibrary.marist.edu/.

Without waiving these general objections, Defendant otherwise responds to or specifically objects to Plaintiffs' numbered Requests for Production as follows.



EXHIBIT 69

1. All documents and communications that refer, relate to, evidence or memorialize your fee title ownership in Kingman Reef, including but not limited to all documents that refer, relate to or evidence how, when or from whom you acquired fee title ownership of Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request on the ground of relevance. In a Fifth Amendment takings case, the only "ownership" issue that is relevant to the question of jurisdiction and standing is whether the Plaintiffs can prove that they have a private ownership interest or rights to Kingman Reef that are protected by the Constitution. Subject to and without waiving this objection, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in Kingman Reef Atoll Investments LLC ("KRAI") v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant has located documents from the regional National Archives & Records Administration facility in San Bruno, California ("NARA-San Bruno"). The holdings of this Pacific Region NARA facility "are comprised of Federal records from northern and central California, Nevada (except Clark County), Hawaii, American Samoa and the Trust Territory of the Pacific Islands[.]" See http://www.archives.gov/pacific/san-francisco/. Although the documents obtained from NARA-San Bruno are believed to be duplicative of documents previously disclosed or produced by the parties, out of an abundance of caution Defendant has



EXHIBIT 64

marked and is producing copies of the documents recently obtained from NARA-San Bruno with these responses as US0001 through US0148.

2. All documents and communications that refer, relate to, evidence or memorialize whether Kingman Reef was public lands of the United States of America at any time prior to January 18, 2001, including but not limited to lists of public lands and reports to the U.S. Congress that Kingman Reef was and is public lands.

DEFENDANT'S RESPONSE:

Defendant objects to this request on the ground of relevance. In a Fifth Amendment takings case, the only "ownership" issue that is relevant to the question of jurisdiction and standing is whether the Plaintiffs can prove that they have a private ownership interest or rights to Kingman Reef that are protected by the Constitution. Subject to objection, and because the Court has allowed discovery on both title to and ownership of Kingman Reef, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from



EXHIBIT 66

NARA-San Bruno. Those documents are enclosed with these responses, and have been marked as US0001 through US0148.

3. All documents and communications that refer, relate to, evidence or memorialize whether or not Plaintiffs owned fee title of Kingman Reef at any time prior to January 18, 2001.

DEFENDANT'S RESPONSE:

Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from NARA-San Bruno. Those documents are enclosed with these responses, and have been marked as US0001 through US0148.



EXHIBIT 69

4. All documents and communications that refer, relate to, evidence or memorialize whether Copra Co.'s agent, Lorrin Thurston, in 1922 vested fee title ownership of Kingman Reef in Plaintiff's Predecessor.

DEFENDANT'S RESPONSE:

The actions of Copra Company and its agent did not operate to vest fee title ownership of Kingman Reef in Plaintiffs' Predecessor and Defendant is not aware of and has not located any documents that demonstrate or suggest otherwise. All other documents related to Kingman Reef and to the ownership of Kingman Reef that have been located were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from NARA-San Bruno. Those documents are enclosed with these responses, and have been marked as US0001 through US0148.



EXHIBIT 64

5. All documents that refer, relate to, evidence or memorialize whether fee title of Kingman Reef was transferred to Plaintiff Kingman Reef Atoll Investments, L.L.C.

DEFENDANT'S RESPONSE:

Defendant is not aware of and has not located any documents that are responsive to this request. Defendant is aware that Plaintiff KRAI is claiming to have acquired title to Kingman Reef by a deed dated November 17, 2000. However, this is a quitclaim deed that only purports to transfer the interest, if any, held by the grantor. Plaintiffs' predecessors-in-interest never acquired "fee title" to Kingman Reef. Accordingly, their quitclaim deed did not convey any such interest.

All other documents related to Kingman Reef and to the ownership of Kingman Reef that have been located were disclosed or produced by the parties in Kingman Reef Atoll Investments LLC ("KRAI") v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from NARA-San Bruno. Those documents are enclosed with these responses, and have been marked as US0001 through US0148.



EXHIBIT 64

6. All documents that refer, relate to, evidence or memorialize the legislative intent in establishing the Kingman Reef National Wildlife Refuge.

DEFENDANT'S RESPONSE:

Defendant objects to this request as irrelevant to the questions regarding title to or ownership of Kingman Reef or any other jurisdictional issues on which the Court has allowed discovery. In addition, the establishment of the Kingman Reef National Wildlife Refuge is not subject to challenge by Plaintiffs in this case, nor subject to review by the Court of Federal Claims. Further, the legislative history of the authorizing legislation for the creation of National Wildlife Refuges is a matter of public record that is equally accessible to Plaintiffs through the legal research of their attorneys.

7. All documents that refer, relate to or concern, including but not limited to public comment, the establishment of the Kingman Reef National Wildlife Refuge.

DEFENDANT'S RESPONSE:

Defendant objects to this request as irrelevant to the questions regarding title to or ownership of Kingman Reef or any other jurisdictional issues on which the Court has allowed discovery, and also beyond the scope of discovery allowed by the Court. In addition, the establishment of the Kingman Reef National Wildlife Refuge is not subject to challenge by Plaintiffs in this case, nor subject to review by the Court of Federal Claims.



EXHIBIT 64

8. All documents that refer, relate to or concern the issuance of and reason and intent for the 1934 Executive Order.

DEFENDANT'S RESPONSE:

Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from the Franklin D. Roosevelt Presidential Library, which is administered by NARA, that are responsive to this request. *See* http://www.fdrlibrary.marist.edu/. Copies of the documents obtained from the FDR Presidential Library are marked and produced with these responses as US0149 through US0238.

9. All documents that refer, relate to or concern the issuance of and reason and intent for the 1941 Executive Order.

DEFENDANT'S RESPONSE:

In response to Plaintiffs' Interrogatory # 8, which asked "Do you contend that the 1941 Executive Order (Executive Order 8682) vested fee title ownership interest in Kingman Reef in you?," Defendant responded "No." Accordingly, Defendant objects to this request as irrelevant. Without waiving this objection, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are



EXHIBIT 64

contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from the Franklin D. Roosevelt Presidential Library, which are responsive to this request. Copies of the documents obtained from the FDR Presidential Library are marked and produced with these responses as US0149 through US0238.

10. All documents that refer, relate to or concern the Pickett Act as it pertains to the 1934 Executive Order.

DEFENDANT'S RESPONSE:

To the extent that this request purports to require the identification of documents that have been located (i.e., statutes, court decisions, and other legal research) or prepared (i.e., attorney notes, legal memoranda, etc.) as a result of legal research conducted by Defendant's counsel of record and attorneys working with the counsel of record, Defendant objects to this request on the basis that such documents are trial preparation materials, privileged attorney work product and/or privileged attorney-client communications.

Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii). In addition, Defendant has located documents from the Franklin D. Roosevelt Presidential Library, which relate to the 1934 Executive Order and therefore may be responsive to this request. Copies of the documents obtained from the FDR Presidential Library are marked and produced with these responses as US0149 through US0238.



EXHIBIT 66

11. All documents that refer, relate to or concern the fee title ownership of Kingman Reef prior to the claim of Copra Co.'s agent in 1922.

DEFENDANT'S RESPONSE:

Defendant is not aware of and has not located any documents that are responsive to this request. All other documents related to Kingman Reef and to the ownership of Kingman Reef that have been located were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from NARA-San Bruno. Those documents are enclosed with these responses, and have been marked as US0001 through US0148.

Defendant's review of the documents previously disclosed or produced by the parties and the documents produced with these responses reveals that Kingman Reef was never transferred out of public ownership and that no person has held private "fee title ownership" of Kingman Reef.



EXHIBIT 64

12. All documents that refer, relate to or concern your investigation of the fee title to Kingman Reef for the purpose of the 1934 Executive Order.

DEFENDANT'S RESPONSE:

All non-privileged documents related to Kingman Reef and to the ownership of Kingman Reef that have been located were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

In addition, to the extent that this request ask for the production of documents that are contained in the National Archives, Defendant objects on the ground that such documents are public records that are equally accessible to both parties and Defendant is therefore not obligated to conduct research on Plaintiffs' behalf at any National Archives facility. Without waiving this objection, Defendant responds that it has located documents from NARA-San Bruno and the FDR Presidential Library relating to Kingman Reef, some of which may be responsive to this request. Although these documents appear to be duplicative of documents already disclosed to or produced by the parties in KRAI v. United States (D. Hawaii), Defendant is producing all of the documents recently obtained from NARA-San Bruno and the FDR Presidential Library. Those documents are enclosed with these responses, and have been marked as US0001 through US0238.



EXHIBIT 64

13. Any environmental studies of any kind related to the establishment of the Kingman Reef National Wildlife Refuge.

DEFENDANT'S RESPONSE:

Defendant objects to this interrogatory as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. Without waiving this objection, Defendant refers Plaintiffs to the documents disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

14. Any and all surveys regarding Kingman Reef, including but not limited to size, location and dimension.

DEFENDANT'S RESPONSE:

Defendant objects to this interrogatory as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. Without waiving this objection, Defendant refers Plaintiffs to the documents disclosed or produced by the parties in KRAI v. United States (D. Hawaii). Subject to the objections stated above with respect to producing documents from NARA facilities that are available to the public, Defendant further refers the documents produced herewith from NARA-San Bruno, and to the Kingman Reef National Wildlife Refuge Land Status map marked and produced herewith as US0239.



EXHIBIT 66

15. All documents that you identified in response to Plaintiffs' first set of special interrogatories served concurrently with these requests for production of documents.

DEFENDANT'S RESPONSE:

Subject to and without waiving its general and specific objections to Plaintiffs' first set of interrogatories, Defendant refers Plaintiffs to the documents disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and to the documents produced herewith.

16. All documents that refer, relate to, evidence or memorialize your sovereignty over Kingman Reef, including but not limited to all documents that refer, relate to, evidence or memorialize how, when and from whom you acquired sovereignty over Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as irrelevant and beyond the scope of discovery on jurisdictional questions allowed by the Court. There is no dispute that Kingman Reef is a U.S. Territory over which the United States has sovereignty, Plaintiffs cannot challenge the sovereignty of the United States in this case, and the Court of Federal Claims does not have jurisdiction to review the United States' exercise of its sovereignty.

Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and to the documents produced herewith.



EXHIBIT 66

17. All documents that refer, relate to, evidence or memorialize the recovery of guano from Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

18. All documents that refer or relate to Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and exceeding the scope of discovery on jurisdictional questions allowed by the Court. Without waiving these objections, Defendant interprets this request as limited to all documents that refer or relate to title to or ownership of Kingman Reef and, with the request so limited, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and any additional documents produced herewith.



EXHIBIT 64

19. All documents that refer or relate to Plaintiffs, one or both of them.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and exceeding the scope of discovery on jurisdictional questions allowed by the Court. Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and any additional documents produced herewith.

20. All documents that refer or relate to Plaintiffs' Predecessors.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and exceeding the scope of discovery on jurisdictional questions allowed by the Court. Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and any additional documents produced herewith.



EXHIBIT 64

21. The following documents that are listed in the Index of Documents Withheld From Release as Initial Disclosures Due to Privilege, dated October 17, 2005: [a. – o.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the Defendant's assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates provided to Plaintiffs of the privileged documents in KRAI v. United States (D. Hawaii), the documents withheld as privileged generally relate to the designation of Kingman Reef as a National Wildlife Refuge ("NWR"). The decision to designate Kingman Reef as a NWR is not subject to challenge by Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims.

Further, Defendant has reviewed the privileged documents in connection with this case and this request for production and has determined that only two of those documents are potentially responsive to Plaintiffs' request for all documents that refer to or relate to title to or ownership of Kingman Reef. The first is the document identified in 21.j., titled "July 12, 2001 list of documents regarding Kingman Reef-Summary of Ownership Claims, Events and Related Issues, Facts, and Comments." This document was withheld on the basis of attorney-client privilege, that privilege has not been waived, and Defendant re-asserts that privilege in this case.



EXHIBIT 64

The second document that is potentially responsive is identified in 21.m. as "December 3, 2001 fax cover sheet from Ron Swan to Carolyn Bohan transmitting a November 30, 2001 letter from Richard A. DuBey [and Christian Porter] to Thomas Helper [AUSA, D. Hawaii] regarding Kingman Reef." The fax cover sheet was withheld as a privileged attorney-client communication. The attachment is a confidential settlement communication that is protected under F.R.E. 408. Moreover, this letter is from KRAI's attorneys, including its attorney of record in this case. Accordingly, although Defendant is obligated to protect this document as a confidential communication, the document is also in the possession and control of Plaintiff KRAI.

The remaining documents identified in this request are not relevant to the underlying question of ownership or title or any other issue identified as within the scope of discovery that the court has permitted on jurisdictional issues. The documents relevant to the underlying question of title to or ownership of Kingman Reef are historical documents that reference events that date back to the first recorded western contact with Kingman Reef by Captain Fanning, an American whaler, and extend through the late 1930's, when the United States denied Plaintiffs' predecessors' claim that they possessed private ownership interests in or rights to Kingman Reef. Plaintiffs' claim in this case that they possess a private ownership interest in Kingman Reef is premised on actions taken by their predecessor-in-interest in 1922. The question of whether those actions had any legal effect is necessarily premised on the historical facts on or before that date.



EXHIBIT 64

22. The following documents that are listed in the Index of Documents Released as Initial Disclosure, dated January 12, 2006: [a. – z., aa. – zz., aaa. – iii.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates provided to Plaintiffs of the privileged documents in KRAI v. United States (D. Hawaii), the documents withheld as privileged are recent documents that relate to the period of time preceding and encompassing the Department of Navy's transfer of Kingman Reef to the Department of the Interior, and the subsequent designation of Kingman Reef as a National Wildlife Refuge ("NWR"). The Navy's decision to "excess" Kingman Reef and transfer this property to Interior, and the Secretary's decision to designate Kingman Reef as a NWR are not subject to challenge by Plaintiffs in this case, nor subject to judicial review by the Court of Federal Claims. Nonetheless, Defendant is undertaking a review of these recent documents to determine whether any of those documents are responsive to the requests for production that Defendant has not objected to. If any of the privileged documents identified in Request for Production #22 are so responsive, Defendant will separately identify those privileged documents as it has in response to Request #21.



EXHIBIT 66

23. The following documents that are listed in the Index to Federal Defendants' Third Set of Initial Disclosures, dated November 30, 2006: [a.–m.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates of the documents provided to Plaintiffs in KRAI v. United States (D. Hawaii), the documents withheld as privileged – some of which are classified military documents – are not relevant to the underlying question of ownership or title or any other issue identified as within the scope of discovery that the court has permitted on jurisdictional issues. The documents relevant to the underlying question of title to or ownership of Kingman Reef are historical documents that reference events that date back to the first recorded western contact with Kingman Reef by Captain Fanning, an American whaler, and extend through the late 1930's, when the United States denied Plaintiffs' predecessors' claim that they possessed private ownership interests in or rights to Kingman Reef. Nonetheless, Defendant is undertaking a review of these recent documents to determine whether any of those documents are responsive to the requests for production that Defendant has not objected to. If any of the privileged documents identified in Request #23 are so responsive, Defendant will separately identify those privileged documents as it has in response to Request #21.



EXHIBIT 64

24. The following documents that are listed in the Federal Defendants' Index of Privileged Documents Withheld From Third Set of Initial Disclosures, dated February 8, 2007: [a.–z., aa.–bb.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates of the documents provided to Plaintiffs in KRAI v. United States (D. Hawaii), the documents withheld as privileged relate to the transfer of Kingman Reef from Navy to Interior and the subsequent designation of Kingman Reef as a National Wildlife Refuge ("NWR"). The decision to transfer Kingman Reef from Navy to Interior and the subsequent designation of Kingman Reef as a NWR are not subject to challenge by Plaintiffs in this case, nor subject to judicial review by the Court of Federal Claims.

As is evident from the descriptions and dates of the documents provided to Plaintiffs in KRAI v. United States (D. Hawaii), the documents withheld as privileged are not relevant to the underlying question of ownership or title or any other issue identified as within the scope of discovery that the court has permitted on jurisdictional issues. The documents relevant to the underlying question of title to or ownership of Kingman Reef are historical documents that reference events that date back to the first recorded western contact with Kingman Reef by



EXHIBIT 64

Captain Fanning, an American whaler, and extend through the late 1930's, when the United States denied Plaintiffs' predecessors' claim that they possessed private ownership interests in or rights to Kingman Reef. Nonetheless, Defendant is undertaking a review of these recent documents to determine whether any of those documents are responsive to the requests for production that Defendant has not objected to. If any of the privileged documents identified in Request for Production #24 are so responsive, Defendant will separately identify those privileged documents as it has in response to Request for Production #21.

25. THERE IS NO REQUEST NUMBER 25.



EXHIBIT 64

26. All documents that refer to, relate to, contain, describe, document or memorialize William Brown's communications or writings regarding Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad in that it is not limited to the issues on which the Court has permitted to the parties to conduct discovery in this case at this time. Because the request is overly broad, the request also seeks the production of documents that are not relevant to the underlying question of title to or ownership of Kingman Reef, or any other jurisdictional issues on which the Court has permitted the parties to conduct discovery. Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

27. All documents that refer or relate to or were used or reviewed to prepare the Department of State's memorandum dated November 9, 1934 attached hereto as Exhibit "A".

DEFENDANT'S RESPONSE:

Defendant objects to this request as vague and incomplete in that the 1934 memorandum that is referenced in the request is not attached to Plaintiffs' First Set of Requests for Production, as stated. Defendant assumes for the purposes of responding to this request that the referenced memorandum is the 4-page letter of the same date that is included in the documents previously disclosed or produced by the parties in KRAI v. United States (D. Hawaii). One copy of that document is labeled as FLD00501-FLD00504. Assuming that this is the document Plaintiffs are referring to, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and to the documents located at NARA-San Bruno or the FDR Presidential Library and produced in response to these document production requests.



EXHIBIT 64

28. All documents and communications that refer or relate in any way to the landing of planes by Pan American Airways at Kingman Reef, including but not limited to Pan American Airways' request to do so.

DEFENDANT'S RESPONSE:

Defendant objects to this request on the ground that the requested documents are not relevant to the issues on which discovery has been allowed by the Court. Defendant further objects to this request as duplicative of Plaintiffs' prior discovery requests, including Plaintiffs' Second Request for Production of Documents, Request No. 10, which Defendant responded to on November 30, 2006. Without waiving these objections, Defendant refers to and incorporates by reference its prior discovery responses and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii), and refers to the documents located at NARA-San Bruno and produced in response to these document production requests.

29. All documents and communications relating to the appropriation of funds by the Congress of the United States to buy Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as irrelevant to the questions regarding title to or ownership of Kingman Reef or any other jurisdictional issues on which the Court has allowed discovery. Defendant also objects to this request as duplicative of Plaintiffs' Second Request for Production of Documents, Request No.4, in KRAI v. United States (D. Hawaii), which Defendant served its response to on November 30, 2006. Subject to and without waiving these objections, Defendant responds that Congress did not appropriate any funds for the purchase of Kingman Reef. Defendant also incorporates by reference its responses to Plaintiffs' prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 64

30. All documents and communications relating to the legal or equitable title to Kingman Reef in any person, entity, or agency between 1922 to the present.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and duplicative of prior requests for production. Without waiving these objections, Defendant refers to and incorporates by reference all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

31. All documents and communications relating to and evidencing requests and your responses from/to individuals to enter Kingman Reef or Palmyra Atoll from 1934 to the present.

DEFENDANT'S RESPONSE:

Defendant objects to this request as beyond the scope of discovery allowed by the Court and irrelevant to the underlying question of title to or ownership of Kingman Reef or any other jurisdictional questions on which discovery has been allowed by the Court. In addition, this request is duplicative of discovery conducted by Plaintiffs in KRAI v. United States (D. Hawaii). Without waiving these objections, Defendant refers to and incorporates by reference its responses to Plaintiffs' requests for production of documents, including Federal Defendants' Response to Plaintiff's Second Request for Production of Documents (Request Nos. 1 and 2) (served Nov. 30, 2006), and to all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 66

32. All documents and communications relating to, in connection with and evidencing Defendants' negotiations to buy Kingman Reef from Plaintiff.

DEFENDANT'S RESPONSE:

Defendant objects to this request as beyond the scope of discovery allowed by the Court and irrelevant to the underlying question of title to or ownership of Kingman Reef or any other jurisdictional questions on which discovery has been allowed by the Court. In addition, this request is duplicative of discovery conducted by Plaintiffs in KRAI v. United States (D. Hawaii). Without waiving these objections, Defendant responds that it did not attempt to buy Kingman Reef from either Plaintiff KRAI or KRAD and, therefore, there are no documents responsive to this request. In addition, Defendant refers and incorporates by reference its responses to Plaintiffs' prior discovery requests and to all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

33. All documents and communications which relate to, refer to, support or refute the allegations contained in the April 26, 1938 letter from G.J. Rowcliff, Judge Advocate General of the Navy to Townsend & Lewis.

DEFENDANT'S RESPONSE:

Defendant objects to this request as duplicative of Plaintiffs' Second Request for Production of Documents, Request No.17, in KRAI v. United States (D. Hawaii), which Defendant served its response to on November 30, 2006. Subject to and without waiving this objection, Defendant incorporates by reference its responses to Plaintiffs' prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 66

34. All documents and communications which relate to or were used in connection with the January 17, 2001 Finding of No Significant Impact ("FONSI") issued by Defendant U.S. Fish &Wildlife Service on January 17, 2001.

DEFENDANT'S RESPONSE:

Defendant objects to this request as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. The referenced FONSI relates to the decision of the Secretary of the Interior to designate Kingman Reef as a National Wildlife Refuge. That decision is not subject to challenge by Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims. Defendant also objects to this request on the ground that it is duplicative of Request No. 19 in Plaintiffs' Second Request for Production of Documents in KRAI v. United States (D. Hawaii), which Defendant responded to on November 30, 2006. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

35. All documents and communications which relate to or were used in connection with Preliminary Project Proposal dated August 1997.

DEFENDANT'S RESPONSE:

Defendant objects to this request as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. The referenced Preliminary Project Proposal dated August 1997 relates to the consideration of Kingman Reef for designation as a National Wildlife Refuge. The decision to designate Kingman Reef as a National Wildlife Refuge, and the process that led to that decision, are not subject to challenge by



EXHIBIT 64

Plaintiffs in this case, nor is that process or final decision subject to judicial review by the Court of Federal Claims. Defendant also objects to this request on the ground that it is duplicative of Request No. 20 in Plaintiffs' Second Request for Production of Documents in KRAI v. United States (D. Hawaii), which Defendant responded to on November 30, 2006. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

36. All documents and communications which relate to or were used in connection with the October 2, 1997 Project Proposal.

DEFENDANT'S RESPONSE:

Defendant objects to this request as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. The referenced Project Proposal dated October 2, 1997, relates to the consideration of Kingman Reef for designation as a National Wildlife Refuge. The decision to designate Kingman Reef as a National Wildlife Refuge, and the process that led to that decision, are not subject to challenge by Plaintiffs in this case, nor is that process or final decision subject to judicial review by the Court of Federal Claims. Defendant also objects to this request on the ground that it is duplicative of Request No. 21 in Plaintiffs' Second Request for Production of Documents in KRAI v. United States (D. Hawaii), which Defendant responded to on November 30, 2006. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 64

37. All documents and communications relating to or connected with the U.S. Department of Commerce, National Oceanic and Atmospheric Administration's ("NOAA") report dated October 17, 1997.

DEFENDANT'S RESPONSE:

Defendant objects to this request as not relevant to the questions before the Court in this case, and exceeding the scope of discovery that has been allowed in this case. The referenced NOAA report relates to the consideration of Kingman Reef for designation as a National Wildlife Refuge. The Secretary of the Interior's subsequent decision to designation Kingman Reef as a National Wildlife Refuge, and the process that led to that decision, including consultation with other federal agencies, are not subject to challenge by Plaintiffs in this case, nor is that process or final decision subject to judicial review by the Court of Federal Claims. Defendant also objects to this request on the ground that it is duplicative of Request No. 22 in Plaintiffs' Second Request for Production of Documents in KRAI v. United States (D. Hawaii), which Defendant responded to on November 30, 2006. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 66

38. All documents that refer to, relate to, summarize or describe title to Kingman Reef or any submerged reefs, lagoons or waters within a three-mile radius of Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad in that no time period is identified for which documents are sought. Defendant also objects on relevancy grounds in that the submerged lands or reefs, lagoons and waters surrounding Kingman Reef are not subject to private ownership. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).

39. All documents that refer to, relate to, summarize or describe ownership of Kingman Reef or any submerged reefs, lagoons or waters within a three-mile radius of Kingman Reef.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad in that no time period is identified for which documents are sought. Defendant also objects on relevancy grounds in that the submerged lands or reefs, lagoons and waters surrounding Kingman Reef are not subject to private ownership. Without waiving these objections, Defendant incorporates by reference its responses to the prior discovery requests and all of the documents that were disclosed or produced by the parties in KRAI v. United States (D. Hawaii).



EXHIBIT 69

40. All documents that refer to, relate to, summarize or describe the economic value of coral reefs, including without limitation appraisals, valuations, and feasibility studies.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and not relevant to the questions on which discovery has been allowed by the Court in this case.

41. All documents that refer to, relate to, summarize or describe the ownership of coral reefs, and submerged lands, lagoons or waters within a three-mile radius of coral reefs.

DEFENDANT'S RESPONSE:

Defendant objects to this request as overly broad and not relevant to the questions on which discovery has been allowed by the Court in this case.



EXHIBIT 66

Dated: November 14, 2007

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

Kristine S. Tardiff

KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

Mariel Combs
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

Robert J. Smith
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE. Room 236
Washington Navy Yard, DC 20374-5013



EXHIBIT 64

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of November, 2007, a copy of the foregoing **Defendant's Response to Plaintiffs' First Set of Requests for Production of Documents** was served via first class U.S. mail, postage prepaid, with a courtesy copy by electronic mail, to the following counsel of record for Plaintiffs and Plaintiffs' Of Counsel:

Christian P. Porter
Donna Yamamoto
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Therese Y. Cannata
Michael Ching
Cannata, Ching & O'Toole, LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Kristine S. Tardiff

EXHIBIT 66

CANNATA, CHING & O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

February 7, 2008

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America*
(United States Federal Court of Claims, Case No. 06-828L)

Dear Ms. Tardiff:

This letter concerns the Government's responses to plaintiffs' Interrogatories and Requests for Production in this case. The matter of greatest urgency here is the document requests because these impact on the scope of pending depositions as well as whether additional depositions are needed.

**A. Objections Based On Relevancy**

**1. Interrogatories – Set One**

The government has not stated in its responses to Interrogatory No. 2 whether or not it contends that fee title ownership to Kingman Reef is vested in the United States. The government should be able to respond yes or no to this question, and it is clearly relevant to the issues as to which Judge Horn has ordered discovery. Please respond yes or no, and if the response is yes, provide the date on which the United States contends it obtained ownership of Kingman Reef.

As to Interrogatory No. 3, the government should provide the date on which Kingman Reef became "owned by the United States." This information is relevant and/or reasonably calculated to lead to the discovery of admissible evidence of plaintiffs' ownership of Kingman Reef.

EXHIBIT 6H

**2. Interrogatories – Set Two**

The government's response to Interrogatory No. 2 (a)–(e) is not responsive. The request calls for each response to plaintiffs' request for admissions that the government did not, without qualification, admit, it is to answer No. 2 (a)–(e). The government either denied, or provided qualified admissions to each of the 28 request for admissions. Your response to Interrogatory No. 2 (a) correctly states that the government did not respond to any of the requests for admission with unqualified admissions. Accordingly, we ask that you supplement your response to address Interrogatory No. 2 (a)–(e), as it relates to your responses (either qualified admission or denial) to plaintiffs' request for admissions Nos. 1 – 28.

**3. Request for Production – Set One**

Regarding Requests Nos. 1-3, 8-10, 15-17, 19-20, 26, 27, 28, 29, 30, 31, 32, 33 and 41, you assert numerous objections, which makes it unclear in some instances whether documents have been withheld based on those objections. I note in many instances, you generally incorporated all documents disclosed or produced in the Hawaii District Court action as part of your response. I understand that this may require reliance on productions made in the Hawaii District Court action and we are certainly not requesting that the Government duplicate earlier efforts. My concern here is that the Government confirm *as to this action and these document requests*, the Government has completed a diligent inquiry for all documents that are responsive to these requests and that all such documents have been produced.

Request Nos. 6 and 7 seek information related to the Kingman Reef National Wildlife Refuge. These documents are relevant to ownership and may disclose positions and/or admissions by the Government of plaintiffs' ownership. As well, these documents shed light on the appropriation issue, again, demonstrating a potential admission on the Government's part of plaintiff's ownership. The Government's objection-only response does not disclose whether there are responsive documents. Please amend your answer and produce all responsive documents to this request.

The Government agreed to produce documents responsive to Request No.18 only to the extent they "refer or relate to title to or ownership of Kingman Reef." My concern here is that search may have been drawn so narrow as to exclude from consideration documents that are reasonably calculated to lead to the discovery of admissible evidence on all of the issues identified by the Court – ownership, title, possession and control, and to the *terra nullius* and *ultra vires* issues have been produced. We therefore ask for clarification on that issue, and if appropriate a supplemental response.

EXHIBIT 6H

Request Nos. 40 and 41 seeks all documents related to the ownership of coral reefs, submerged lands, lagoons or water within a three mile radius of coral reefs. This information is directly relevant to plaintiffs' claims of *ownership* of Kingman Reef, the surrounding reefs and its lagoon.

**B. Objections Based on Privilege**

The rest of this letter concerns your claims of privilege and we specifically refer to plaintiffs' document request, set one. The Government has not provided any privilege logs in this case. Please confirm that no documents have been withheld based on a claim of privilege, other than the documents identified on the privilege logs in the Hawaii District Court action. If any additional documents have been withheld based on a claim of privilege, please provide a log as soon as possible.

In the Hawaii District Court action, the Government withheld hundreds of documents which are described in several logs and indices. We were in the process of meeting and conferring with Donna Fitzgerald, the Government's counsel in that case, about those privilege claims when that case was dismissed. You will recall that I proposed picking up with the meet and confer process that was under way between plaintiffs' counsel and Donna Fitzgerald about the Government's privilege logs in the Hawaii District Court action. By agreement, I believe on September 28, 2007, you advised that the Government in this case would not adopt the Government's privilege logs from the Hawaii District Court action. To resolve this issue, we served new discovery requests identifying specific documents listed on the earlier referenced privilege log, which we had already stated were not, in our view, properly withheld.

We specified in Request Nos. 21, 22, 23 and 24 of our first Request for Production, in this action, those documents that were earlier identified in the Government's privilege logs, and that either appeared not to be privileged, or that were not described with sufficient particularity to enable us to evaluate the claim of privilege. The Government has already collected these documents and indexed them, so there would clearly be no burden to the Government in producing these documents.

At the recent discovery conference, the Court indicated that discovery would not be limited by a particular date or time line. By example, a document dated 1978, for example, might be relevant to matters concerning the issues of ownership. Objections on that basis should be withdrawn. Objections based on the fact that some of the District Court discovery was limited to issue of abandonment is not a legitimate basis for failing to produce the documents in this action. The documents listed in several of the logs were collected in connection with the initial disclosures before the District Court limited the scope of

EXHIBIT 6H

discovery. The scope of discovery was not limited until March of 2006, and documents we requested in Request Nos. 21 and 22 were collected and logged prior to that. They were listed on those privilege logs because they were relevant to the title and ownership, and are therefore relevant to this case. We therefore ask that the Government withdraw its objections (based on relevance) to Request Nos. 21 and 22.

The documents requested in Nos. 23 and 24 may be related to abandonment, but that does not necessarily mean that they are not relevant or reasonably calculated to lead to the discovery of admissible evidence of title, ownership, control, possession, or the *terra nullius* or *ultra vires* issues. Most of the documents specified in Request No. 23 pertain to the Government's regulation of Naval Defensive Sea Areas and Naval Airspace Reservations. The Government has at times seemed to argue that the Navy at one time owned Kingman Reef. The documents identified in Request No. 23 may touch on the issue of to the extent whether the Navy owned or controlled Kingman Reef, or whether regulation by the Navy is necessarily coextensive with ownership by the Navy. Request No. 24 identifies documents that pertain to the transfer of "custody" of Kingman Reef from the Navy to the Department of the Interior. These documents are also very likely to touch on issues of ownership, title, control, possession and jurisdiction, and are therefore properly discoverable in this case. Please withdraw the Government's relevance objection to those requests as well.

The only plausible objection to producing the documents identified in Request Nos. 21, 22, 23 and 24 is privilege, but the Government has not provided a privilege log in this case. Please do so as soon as possible, and make sure you provide more information than was provided in the District Court action, so that we can evaluate the privilege claim.

The balance of my discussion pertains to the earlier privilege log, which we understand you've not adopted in this case. However, in the interest of saving time, we address some of those issues here.

In the privilege log, we ask that any claim of privilege be supported by information sufficient to permit an analysis the legitimacy of the claim. In the Government's response to Request No. 21, the Government states that document 21j was withheld based on the attorney-client privilege, but neither the response nor the October 17, 2005 privilege log identifies the author or recipient of the document, or the privileged nature of the communication. Merely stamping a document attorney client privilege does not make it privileged. Other documents that were withheld based on the attorney-client privilege appear not to be privileged communications. For example, Requests 21a-d and 22a-f are inter-office communications. Were they authored by attorneys? If not, explain why they are privileged. If they were sent to attorneys among others, that does not make them privileged, unless the purpose of the communication was to obtain legal advice. Merely including an attorney on a group distribution does not create a privilege.

EXHIBIT 6H

The Government's assertion of the deliberative process privilege is even more problematic. 63 documents, which plaintiffs requested in Nos. 22z-ff, 22rr, 22tt, 22uu, 22aaa, 22bbb, 22ddd, 22fff-iii, 23d, 23e, 23h-m, and 24a-bb, were all withheld in the District Court action based on the deliberative process privilege. The Government's broad assertion of that qualified privilege is procedurally defective and substantively erroneous.

A large number of the documents are not privileged because they are not predecisional. The Government has the burden of establishing that each of these documents was predecisional. Twenty of the documents identified in these requests (Nos. 22aa-ff, 22aaa, 22ddd, 22fff-iii, 24m-o, 24q, 14v-y, and 24aa) do not meet the latter requirement, since they were prepared **after** the announcement of the decision to establish the Kingman Reef National Wildlife Refuge. Those documents should be produced for that reason alone.

It is impossible to tell whether some of the other documents are predecisional, since the log does not include dates for all documents. In order to establish that these documents are actually predecisional, the Government must establish when those documents were prepared, and pinpoint the decision to which they relate, and which they predate, and how they relate to that decision. *Cobell v. Norton*, 213 F.R.D. 1, 4-5 (D.D.C. 2003); *citing Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987)

The Government also must establish that each document was deliberative. This burden cannot be met through the cursory listing of a document on an attorney-prepared log. To the contrary, the head of the agency or department head with control over the matter must, after personal consideration of the issue, provide an affidavit that describes the precise reason for preserving the confidentiality of the documents, including how each document was designed to and did contribute directly to the formulation of important public policy. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866-688 (D.C. Cir.1980); *Evans v. City of Chicago*, 231 F.R.D. 302, 317 (N.D. Ill); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 405 n. 11 (D.C. Cir. 1984). The Government did not meet that burden, and should now produce the documents. *Pacific Gas & Elec. Co. v. U.S.*, 70 Fed. Cl. 128, 134-44 (2006).

Documents prepared by Government personnel that were not considered by persons at the very highest levels of Government are not protected by the deliberative process privilege. *Scott v. Board of Education of City of East Orange*, 219 F.R.D. 333, 337 (D.N.J. 2004). Most of the documents the Government withheld under this claim of privilege were prepared by and communicated to people who did not fall into that category, and/or related to routine decisions, not policy formulation at the higher levels of Government. Therefore, they do not fall within the deliberative process privilege. *Id.*

Even if the Government had met its burden of establishing that any of these

EXHIBIT 6H

documents are both deliberative and predecisional, any factual material that is severable from the information protected under the deliberative process privilege must be disclosed. *Cobell*, 213 F.R.D. at 6. Moreover, the deliberative process privilege is a qualified one, and the court will weigh factors that may counterbalance the Government's need for confidentiality, including the relevance of the documents to the litigation. *Id.* at 5; *Schreiber v. Society for Savings Bancorp, Inc.*, 11 F.3d 217, 220-21 (D.C. Cir. 1993).

Two documents, identified in Request Nos. 21g and 21h, were withheld based on a confidentiality promise to The Nature Conservancy. This is not a valid basis for refusing to produce otherwise discoverable documents.

Finally, two documents, identified in Request Nos. 23b and 23c, were withheld because they are classified. Please provide information, obtained from a department head, about the dates, authors and subject matter of the documents, and about the consequences of disclosing those documents to plaintiffs in this case. *Northrop*, 751 f.2d at 405 n. 11.

I look forward to working with you on the prompt resolution of these important discovery issues.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.ltr.Tardiff v-2. 2-6-08.tyc.wpd

EXHIBIT 6H

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant hereby supplements and amends its prior responses to request for production numbers 21 through 24 in Plaintiff's first set of requests for production of documents.[1] In addition, without waiving any previously stated objections, Defendant is producing several additional documents, which are described below.

## GENERAL OBJECTIONS (APPLICABLE TO EACH REQUEST FOR PRODUCTION)

In addition to the specific objections listed below in response to each individual Request for Production, Defendant refers to and incorporates by reference the general objections set forth in Defendant's Responses to Plaintiffs First Set of Requests for Production of Documents (served November 14, 2007). Without waiving these general objections, Defendant supplements its responses to Plaintiffs' Requests for Productions, numbers 21 through 24, as follows.

[1]Defendant's original responses to Plaintiff's first set of requests for production of documents were served on November 14, 2007. Defendant's first supplemental response to those requests for production were served on December 13, 2007.



EXHIBIT 6I

21. The following documents that are listed in the Index of Documents Withheld From Release as Initial Disclosures Due to Privilege, dated October 17, 2005: [a. – o.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States, No. CV-05-00151-JMS (D. Hawaii). The privileges as to these documents have not been waived by Defendant. Moreover, the proper venue for challenging Defendant's assertions of privilege as to these documents was in the district court action, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates provided to Plaintiffs of the privileged documents in KRAI v. United States (D. Hawaii), the documents withheld as privileged generally relate to the designation of Kingman Reef as a National Wildlife Refuge ("NWR"). The decision to designate Kingman Reef as a NWR is not subject to challenge by Plaintiffs in this case, nor is it subject to judicial review by the Court of Federal Claims. Moreover, discovery as to the decision to designate Kingman Reef as a NWR goes well beyond the scope of discovery allowed by the Court, and is not likely to lead to the discovery of any additional admissible evidence on the underlying question of title to or ownership of Kingman Reef, or on any of the other limited issues on which discovery has been allowed.

Further, Defendant has reviewed the privileged documents requested by Plaintiffs in Request for Production number 21 and has determined that only two of those documents are potentially responsive to Plaintiffs' request for all documents that refer to or relate to title to or



EXHIBIT 61

ownership of Kingman Reef. The first is the document identified in 21.j., titled "July 12, 2001 list of documents regarding Kingman Reef-Summary of Ownership Claims, Events and Related Issues, Facts, and Comments." This document was withheld on the basis of attorney-client privilege, that privilege has not been waived, and Defendant re-asserts that privilege in this case. This document was prepared in connection with litigation and is also protected attorney work product. The second document that is potentially responsive is identified in 21.m. as "December 3, 2001 fax cover sheet from Ron Swan to Carolyn Bohan transmitting a November 30, 2001 letter from Richard A. DuBey [and Christian Porter] to Thomas Helper [AUSA, D. Hawaii] regarding Kingman Reef." The fax cover sheet was withheld as a privileged attorney-client communication. The attachment is a confidential settlement communication that is protected under F.R.E. 408. Moreover, this letter is from KRAI's attorneys, including its attorney of record in this case. Accordingly, although Defendant is obligated to protect this document as a confidential communication, the document is also in the possession and control of Plaintiff KRAI. These documents are listed and described on the index of privileged documents attached hereto.

The remaining documents identified in Request for Production number 21 are not relevant to the underlying question of title to or ownership of Kingman Reef, or to any other issue identified as within the limited scope of discovery allowed by the court.



EXHIBIT 61

22. The following documents that are listed in the Index of Documents Released as Initial Disclosure, dated January 12, 2006: [a. – z., aa. – zz., aaa. – iii.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack those assertions of privilege in this case.

In addition, as is evident from the descriptions and dates provided to Plaintiffs of the privileged documents in KRAI v. United States (D. Hawaii), the documents withheld as privileged are recent documents that relate to the period of time preceding and encompassing the Department of Navy's transfer of Kingman Reef to the Department of the Interior, and the subsequent designation of Kingman Reef as a National Wildlife Refuge ("NWR"). The Navy's decision to "excess" Kingman Reef and transfer this property to Interior, and the Secretary's decision to designate Kingman Reef as a NWR are not subject to challenge by Plaintiffs in this case, nor subject to judicial review by the Court of Federal Claims. Moreover, discovery as to the Navy's decision to transfer Kingman Reef to Interior, and as to Interior's decision to designate Kingman Reef as a NWR, goes well beyond the scope of discovery allowed by the Court, and is not likely to lead to the discovery of any additional admissible evidence on the underlying question of title to or ownership of Kingman Reef, or on any of the other limited issues on which discovery has been allowed.



EXHIBIT 61

Further, Defendant has reviewed the privileged documents requested by Plaintiffs in Request for Production number 22 and has determined that only three of the documents requested by Plaintiffs are potentially responsive to Plaintiffs' request for all documents that refer to or relate to title to or ownership of Kingman Reef or any other issue identified as within the limited scope of discovery allowed by the court. These three documents are the related e-mail messages identified in paragraphs 22.d., 22.e. and 22.f. These e-mails are privileged attorney-client communications and are withheld from production on that basis.

Defendant further notes that the two related e-mail messages identified in paragraphs 22.v. and 22.w. have been disclosed or produced and are in the record. One copy of these e-mails is marked as FLD00676-FLD00677.

In addition, in paragraph 22.b. plaintiffs request a document identified as "[t]he March 5, 1997 note from Pat Laley to Paul Sullivan regarding the copies of the letter from R.L. Russell, to John D. Clouse regarding access to Kingman Reef." The requested note does not refer or relate to title or ownership of Kingman Reef or any other issue on which discovery has been allowed by the court in this case. Moreover, even if the requested note were relevant, it is a communication responding to a request by Paul M. Sullivan of the Navy's Office of Counsel, Pacific Division, and is therefore privileged. The referenced letter from R.L. Russell, to John D. Clouse regarding access to Kingman Reef, dated March 18, 1994, was included in defendant's initial disclosures to plaintiff in the district court action and appears at Tab 253 of those disclosures. The attachment to the letter appears at Tab 255 of those same initial disclosures.

The remaining documents identified in Request for Production number 22 are not relevant to the underlying question of title to or ownership of Kingman Reef, or to any other issue identified as within the limited scope of discovery allowed by the court.



EXHIBIT 61

23. The following documents that are listed in the Index to Federal Defendants' Third Set of Initial Disclosures, dated November 30, 2006: [a.–m.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case. In addition, as is evident from the descriptions and dates of the documents provided to Plaintiffs in KRAI v. United States (D. Hawaii), the documents withheld as privileged – some of which are classified military documents – are not relevant to the underlying question of ownership or title or any other issue identified as within the limited scope of discovery that the court has permitted on jurisdictional issues.

Nonetheless, Defendant has undertaken a review of these recent documents to determine whether any of those documents are potentially responsive to Plaintiffs' request for all documents that refer to or relate to title to or ownership of Kingman Reef or any other issue identified as within the limited scope of discovery allowed by the court. The documents requested by Plaintiffs in paragraphs 23.b., 23.c. and 23.g. were previously identified as classified military documents and were withheld on that basis. These documents remain classified and Defendant has not waived any privilege with respect to such documents. Defendant's review of those documents in connection with this case confirms that the classified documents requested by Plaintiffs do not refer or relate to title to or ownership of Kingman Reef,



EXHIBIT 61

or to any other issue identified as within the limited scope of discovery allowed by the court.

Defendant also has reviewed the remaining non-classified Navy documents requested by Plaintiffs in paragraph 23, and confirms that none of these documents refer or relate to title to or ownership of Kingman Reef, or any other issue identified as within the limited scope of discovery allowed by the court. Instead, as the document descriptions previously provided to Plaintiffs suggest, these documents generally relate to access to Naval Defensive Sea Areas, including instructions or regulations governing the issuance of entry authorizations to such areas. Defendant further notes that although Defendant previously identified and withheld drafts of Navy instructions regarding access to such areas as privileged, Defendant disclosed or produced the final versions of the referenced instructions to Plaintiffs in connection with the district court action.



EXHIBIT 61

24. The following documents that are listed in the Federal Defendants' Index of Privileged Documents Withheld From Third Set of Initial Disclosures, dated February 8, 2007: [a.–z., aa.–bb.].

DEFENDANT'S RESPONSE:

Defendant objects to this request on several grounds. First, Plaintiffs are asking for the production of documents that were identified and withheld as privileged in the quiet title action involving Kingman Reef, KRAI v. United States (D. Hawaii). The privilege as to these documents has not been waived by Defendant and the proper venue for challenging the defendants' assertion of privilege as to these documents was in that case, and the time for presenting such a challenge has passed. Plaintiffs are not entitled to collaterally attack the assertions of privilege in this case.

In addition, as is evident from the descriptions and dates of the documents provided to Plaintiffs in KRAI v. United States (D. Hawaii), the documents withheld as privileged largely relate to the transfer of Kingman Reef from the Department of the Navy to the Department of the Interior, related discussions regarding a draft executive order, with a few documents relating to Navy discussions on commenting to the Environmental Assessment for Kingman Reef. The decision to transfer Kingman Reef from Navy to Interior and the subsequent designation of Kingman Reef as a NWR are not subject to challenge by Plaintiffs in this case, nor subject to judicial review by the Court of Federal Claims. Moreover, discovery as to the Navy's decision to transfer Kingman Reef to Interior, and as to Interior's decision to designate Kingman Reef as a NWR, goes well beyond the scope of discovery allowed by the Court, and is not likely to lead to the discovery of any additional admissible evidence on the underlying question of title to or ownership of Kingman Reef, or on any of the other limited issues on which discovery has been



EXHIBIT 6I

allowed.

Further, Defendant has undertaken a review of all of the documents identified in Plaintiffs' Request for Production number 24 to determine whether any of those documents relate or refer to title to or ownership of Kingman Reef or any of the other limited issues on which discovery has been permitted by the Court. Based on this review, Defendant has identified three documents that are potentially responsive to Plaintiffs' request for all documents that refer or relate to title to or ownership of Kingman Reef: 24.a. (US1939–US1948), 24.b. (US1949–US1951), and 24.v (US1994). Defendant hereby withdraws its prior assertion of privilege as to these three documents and is producing copies of the documents with this supplemental response. In so doing, Defendant does not waive its assertion of privilege as to any other documents.

The remaining documents identified in Request for Production number 24 do not refer or relate to title to or ownership of Kingman Reef, and are not relevant to any other issue identified as within the limited scope of discovery allowed by the court.



EXHIBIT 61

**SUPPLEMENTAL DOCUMENT PRODUCTION**

Pursuant to RCFC 26(e) and RCFC 34, Defendant hereby supplements its prior document disclosures and production by producing the following documents.

Additional documents from the Department of the Navy:

Outgoing Mail Record signed by M.W. Shelton, RADM, CEC, USN, marked as US0347. An unsigned copy of this Outgoing Mail Record was previously disclosed to Plaintiffs and appears in Defendant's Initial Disclosures in the district court action at Tab 296.

Navy Routing Slip, dated Feb. 17, 2000, Subject: Kingman Reef, with attached Memorandum dated Feb. 17, 2000, for the Deputy Chief of Naval Operations (Logistics) from Elsie L. Munsell, Deputy Assistant Secretary (Environment and Safety), Subj: Kingman Reef, and fax cover sheet. These documents are marked as US0348– US0351. Defendant notes that several copies of the Munsell memorandum were previously disclosed or produced by Defendant and are in the record.



EXHIBIT 61

Dated: March 12, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

Diane Hoobler
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

Robert J. Smith
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE, Room 236
Washington Navy Yard, DC 20374-5013



EXHIBIT 61

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S INDEX OF DOCUMENTS WITHHELD FROM PRODUCTION DUE TO PRIVILEGE**

In accordance with RCFC 26(b)(5), Defendant hereby supplements its prior responses to Plaintiffs' requests for the production of documents in this case with this index of documents that are potentially responsive to Plaintiffs' requests for documents that refer or relate to the underlying question of title to or ownership of Kingman Reef, or to any of the other issues on which discovery has been allowed by the Court.

1. Kingman Reef NWR [National Wildlife Refuge] – Summary of Ownership Claims, Events and Related Issues, Facts and Comments, dated July 12, 2001, and marked as privileged attorney/client communication. This document was prepared in connection with litigation and is also protected attorney work product.

2. Fax cover sheet dated December 3, 2001, from Ron Swan [Dept. of the Interior, Office of the Solicitor, Pacific Northwest Region] to Carolyn Bohan [Fish & Wildlife Service], with courtesy copy sent to Pete Raynor [Office of the Solitior] and Mike Young [Office of the Solicitor], transmitting a November 30, 2001



EXHIBIT 6J

letter from attorneys Richard A. DuBey and Christian Porter to Assistant U.S. Attorney Thomas Helper captioned "Confidential Settlement Communication Subject to FRE 408" in the matter of *Kingman Reef Atoll Investments, LLC, et al. v. United State Department of the Interior, et al.*, Case No. CV 01-00122. regarding Kingman Reef." The fax cover sheet is withheld as a privileged attorney-client communication. The confidential settlement communication attached to and transmitted with the fax cover sheet is protected under F.R.E. 408. Moreover, Defendant notes that the letter transmitted by this fax is from plaintiff KRAI's attorneys, including its attorney of record in this case. Accordingly, although Defendant is obligated to protect this document as a confidential communication, the document is also in the possession and control of Plaintiff KRAI.

3. Three related e-mails related to the transfer of Kingman Reef from the Navy to the Department of the Interior. These e-mails are privileged attorney-client communications and are withheld on that basis.

   a. E-mail from Rob O. Fetter to Glenn M. Miyashiro, Angela M. Ryan [Navy attorney], Charlie Cocks, Joe Hautzenroder, cc to Dave Watts, Pete Check, Dennis Pacht, Dallas Conley and Jeffrey Tubello. Subject: Kingman Reef. Sent Thursday, Feb. 24, 2000 6:01AM. (Tab No. 276)

   b. E-mail from Dennis Pacht to R. Fetter, G. Miyahshiro, A. Ryan, C. Cocks, J. Hautzenroder, cc to D. Watts, P. Check, D. Pacht, D. Conley, J Tubello



EXHIBIT 6J

and Jill C. Kaya. Subject: Kingman Reef. Sent Thursday, Feb. 24, 2000 1:46 PM (Tab No. 275).

c. E-mail from Angela Ryan, to D. Pacht, R. Fetter, G. Miyashiro, C. Cocks, J. Hautzenroder, cc to D. Watts, P. Check, D. Conley, J Tubello, J. Kaya. and sullivanpm@efdpac.navfac.navy.mil. Subject: Kingman Reef. Sent Monday, Feb. 28, 2000 12:00 PM (Tab No. 274).

Dated: March 12, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:
Diane Hoobler
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

Robert J. Smith
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE, Room 236
Washington Navy Yard, DC 20374-5013

EXHIBIT 6J

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of March, 2008, a copy of the foregoing **Defendant's Index of Documents Withheld From Production Due to Privilege** was served via first class U.S. mail, postage prepaid, to the following counsel of record for Plaintiffs and Plaintiffs' Of Counsel:

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Therese Y. Cannata
Cannata, Ching & O'Toole, LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Kristine S. Tardiff
Kristine S. Tardiff

EXHIBIT 61

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL INDEX OF DOCUMENTS WITHHELD FROM PRODUCTION DUE TO PRIVILEGE (APRIL 8, 2008)**

In accordance with RCFC 26(b)(5), Defendant hereby supplements its prior responses to Plaintiffs' requests for the production of documents in this case with this index of documents that are potentially responsive to Plaintiffs' requests for documents that refer or relate to the underlying question of title to or ownership of Kingman Reef, or to any of the other issues on which discovery has been allowed by the Court. Each of these potentially responsive documents is withheld from production on the ground that the document is privileged.

The following acronyms are used in the privilege log:

| | |
|---|---|
| ASFW | Assistant Secretary Fish & Wildlife |
| AUSA | Assistant United States Attorney |
| FWS | Fish & Wildlife Service |
| DOI | Department of the Interior |
| EIS | Environmental Impact Statement |
| FOIA | Freedom of Information Act |
| HQ | Headquarters (DC) |
| NMFS | National Marine Fishery Service |
| NWR | National Wildlife Refuge |
| RO | Regional Office |
| R1 | Region 1 |
| SOL | Solicitor's Office |



EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0352-353 | E-Mail | 5/21/2001 2:01 PM | Steve Siegel, DOI/SOL | Forrest Cameron, FWS R1<br><br>cc: Carolyn Bohan, FWS R1 | E-Mail requesting FWS position regarding issues raised by plaintiffs in litigation involving Kingman Reef NWR | Attorney-Client Communication |
| US0352 | E-Mail | 5/22/2001 2:36 PM | Forrest Cameron, RO/R1/FWS | Steve Siegel, DOI/SOL<br><br>cc: Carolyn Bohan; Georgia Shirilla; Catherine Sheppard, Ben Harrison, Scott Wise; Charles Houghten (all RO/R1/FWS) | E-Mail responding to S. Siegel's request for FWS position on issues in litigation involving Kingman Reef NWR | Attorney-Client Communication |
| US0355-357 | E-Mail | 5/1/2001 5:24 PM | Robert Morean, AUSA, Hawaii District, U.S. Attorney's Office | Steve Siegel, DOI/SOL | E-mail report of meeting of with plaintiffs' counsel in Kingman Reef litigation | Attorney-Client Communication |
| US0355 | E-Mail | 5/1/2001 6:04 PM | Steve Siegel, DOI/SOL | Carolyn Bohan, FWS R1; Forrest Cameron, FWS R1.<br><br>cc: Robin Friedman, HQ/SOL/DOI | E-mail forwarding report of meeting with plaintiffs' counsel in Kingman Reef and posing questions to FWS regarding the litigation | Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0354 | E-Mail | 5/3/2001 7:18 AM | Robin Friedman, DOI/SOL | Steve Siegel, DOI/SOL<br><br>cc: Carolyn Bohan, FWS R1; Forrest Cameron, FWS R1 | E-mail providing attorney comments on Kingman Reef litigation (in response to 5/1/2001 email from S. Siegel) | Attorney-Client Communication |
| US0354 | E-Mail | 5/8/2001 12:11 AM | Carolyn Bohan, FWS R1 | Steve Siegel, DOI/SOL; Robin Friedman, DOI/SOL | E-mail providing comments back on Kingman Reef litigation | Attorney-Client Communication |
| US0354 | E-Mail | 5/8/2001 6:11 PM | Steve Siegel, DOI/SOL | Carolyn Bohan, FWS R1; Robin Friedman, DOI/SOL<br><br>cc: Forrest Cameron, FWS R1 | E-mail regarding Kingman Reef litigation and report from R. Morean, AUSA | Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0360-361 | E-Mail | 6/11/2007 6:56 PM | Larry Mellinger, DOI/SOL | To: Carolyn Bohan; Geoff Haskett; Mamie Parker; Alan Palisoul; Ren Lohoefener; Kameran Olney.<br><br>cc: Randal Bowman, Andrew Gude, Barry Stieglitz, Don Palawski; Don Steffleck; Doug Vandegraft; Estyn Mead; Jerry Leinecke; Patrick Leonard; Chanelle Williams; Cathy Enoch; Frances Jackson; Judy Gartner; Judy Lundberg | Review of NMFS Western Pacific Region's Draft Programmatic EIS on Fishery Ecosystem Plans. E-mail includes legal analysis of FWS authority over territorial seas at NWRs. | Attorney Work Product and Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0360 | E-Mail | 6/12/2007 11:42 AM | Carolyn Bohan, FWS | To: Larry Mellinger, DOI/SOL; Geoff Haskett; Mamie Parker; Alan Palisoul, DOI/SOL; Ren Lohoefener; Kamaran Onley<br><br>cc: Randal Bowman, ASFW; Andrew Gude, Barry Stieglitz, Don Palawski; Don Steffleck; Doug Vandegraft; Estyn Mead; Jerry Leinecke; Patrick Leonard; Chanelle Williams; Cathy Enoch; Frances Jackson; Judy Gartner; Judy Lundberg, Forrest Cameron, Charles Houghten (all FWS) | Responding to e-mail from L. Mellinger of 6/11/2007 | Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0359-360 | E-Mail | 6/12/2007 8:59 AM | Randal Bowman, DOI | To: Carolyn Bohan, FWS.<br><br>cc: Alan Palisoul, DOI/SOL; Andrew Gude; Barry Stieglitz, Catherine Sheppard; Cathy Enoch; Charles Houghten; Don Palawski; Don Steffleck; Doug Vandegraft; Estyn Mead; Forrest Cameron; Frances Jackson; Geoff Haskett; Jerry Leinecke, Judy Gartner; Judy Lundberg; Kameran Onley; Larry Mellinger, DOI/SOL; Mamie Parker; Patrick Leonard; Ron Lohoefener; Stephen Moore. | Responding to legal analysis in email from L. Mellinger of 6/11/2007 | Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0358 | E-Mail | 6/12/2007 7:44 AM | Randal Bowman, Dept. of the Interior, Office of the Secretary | To Catherine Sheppard, FWS<br><br>cc: Alan Palisoul, DOI/SOL; Andrew Gude; Barry Stieglitz; Carolyn Bohan; Cathy Enoch; Charles Houghten; Don Palawski; Don Steffleck; Doug Vandegraft; Estyn Mead; Forrest Cameron; Frances Jackson; Geoff Haskett; Georgia Shirilla; Jerry Leinecke; Judy Gartner; Judy Lundberg; Kameran Onley; Larry Mellinger, DOI/SOL; Mamie Parker; Patrick Leonard; Ron Lohoefener; Stephen Moore. | Further comments on legal analysis in Email from L. Mellinger of 6/11/2007 | Attorney-Client Communication |
| US0362-368 | Draft paper/ legal memo. | Undated | -- | -- | DRAFT: Basis for FWS Authority over Remote Island Refuges. Prepared by Randal Bowman, DOI, Office of the Secretary, for review by attorneys in the Solicitor's Office | Attorney-Client Communication |



EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0369 – 373 | Memo. (Draft) | Undated | Regional Director, Pacific Region, FWS | Director, FWS | Subject: Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries. Memorandum provides recommendations with respect to the creation of several NWRs, (Marked "Confidential, Predecisional Document, Not For Distribution"). The dated and signed copy of this memo. is marked as US0496–US0501. | Deliberative Process |
| US0374 – 375 | Memo/ Notes | 7/22/1998 | – | Molly Ross; Sean Skaggs; Jeff Donohoe; Nancy Fanning; Pete Raynor (DOI/SOL); Robin Friedman (DOI/SOL); Alan Palisoul (DOI/SOL). | Memo/notes regarding NWR Plan (including proposed Kingman Reef NWR), captioned as "FOIA Exempt –Predecisional–Attorney-Client Privilege." These notes document a meeting with attorneys in the Solicitor's Office. | Attorney-Client Communication |

EXHIBIT 6K

| Doc. No. | Doc. Type | Date | From | To | Description | Privilege |
|---|---|---|---|---|---|---|
| US0478 | Memo/ Note | 7/8/1998 | Bill Brown | Don Barry,<br>John Berry, and<br>John Leshy (DOI Solicitor) | Requesting advice from and participation of Solicitor's Office in initial work relative to coral reef protection. | Attorney Client Communication |
| US0496–501 | Memo. | 9/16/1998 | Acting Regional Director, Pacific Region | Director, FWS | Subject: Coral Reef Initiative in the Pacifc: National Wildlife Refuge Boundaries (Marked as "Confidential, Predecisional Document, Not for Distribution"). This is a signed and dated copy of the undated memo. marked as US0369–US0373. | Deliberative Process<br><br>NOTE: This assertion of privilege does not include the attachment to this memo., which is produced as US0502-511. |

EXHIBIT 6K

Dated: April 8, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

Kristine S. Tardiff

KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:
Diane Hoobler
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232



EXHIBIT 6K

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Defendant's Supplemental Index of Documents Withheld From Production Due to Privilege** was served by electronic mail on April 8, 2008, and by first class U.S. mail, postage prepaid, on April 9, 2008, to the following counsel of record for Plaintiffs and Plaintiffs' Of Counsel:

Christian P. Porter
Brooks Tom Porter & Quitiquit, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
Email to: cporter@btpqlaw.com

Therese Y. Cannata
Cannata, Ching & O'Toole, LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Kristine S. Tardiff
Kristine S. Tardiff



EXHIBIT 6K

**U.S. Department of Justice**

*Environment & Natural Resources Division*
*Natural Resources Section*

*90-1-23-12048*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

April 9, 2008

**By Electronic Mail**

Therese Y. Cannata
Michael M. Ching
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111
Email to: tcannata@ccolaw.com

Re: *Kingman Reef Atoll Investments v. United States*, No. 06-828L (Fed. Cl.) – Discovery

Counsel:

This letter follows up on some issues that we have discussed by telephone regarding document production and responds to the related issues raised in your letters of February 7, 2008, and March 21, 2008.

Scope of Searches Conducted for Documents

Your letter of February 7th poses some questions regarding the Government's search for documents and whether documents have been withheld based on objections made by Defendant in its responses to Plaintiffs' first set of requests for production of documents ("RFPs").

To begin with, as you note, in responding to RFPs in this case both parties have relied in part on the document disclosures and production in the quiet title action ("QTA"). Indeed, we note that in addition to referring Defendant to their document production in the QTA, Plaintiffs have produced only 11 documents in this action (batestamped as PCC0001–PCC0028) and that all of those documents were also disclosed or produced in the QTA. Likewise, Defendant's discovery responses refer Plaintiffs to the documents it disclosed or produced in the QTA. The additional documents identified by Defendant in this case (batestamped as US0001 to US0511) also include several documents that were previously disclosed or produced.

We agree that both sides have an independent obligation in this case to ensure that their prior searches for documents related to Kingman Reef were broad enough to encompass documents that are relevant to the topics on which the Court has permitted discovery and responsive to the discovery requests that are consistent with the Court's instructions. As noted in prior

EXHIBIT 6L

correspondence to Plaintiffs in the QTA, Defendant's search for documents in that case was extremely broad. Specifically, Defendant searched for and produced all non-privileged documents pertaining to Kingman Reef. The searches conducted were not limited in terms of time or in terms of subject matter. The lengthy list of agencies and offices searched is included in the letter of July 3, 2007, from DOJ attorney Donna Fitzgerald, to Therese Cannata. We have confirmed with each of the agencies identified in that letter that its search for documents in the QTA was broad enough to encompass all documents related to or referring to any question of title or ownership of Kingman Reef, or the other topics on which discovery has been permitted by the Court. In addition, the records of the General Services Administration and of several facilities maintained by the National Archives & Records Administration ("NARA") have been separately searched in connection with this case.[1] Finally, in responding to Plaintiffs' document production requests in this case, Defendant undertook an additional search of records of the Fish & Wildlife Service ("FWS"). This additional search included a review of FWS files regarding Palmyra, which were not previously searched in connection with the QTA (see letter of July 3, 2007), as well as FWS files regarding the Department of the Interior's coral reef initiative. The additional documents identified by the FWS as a result of this more recent search are the subject of *Defendant's Third Supplemental Response to Plaintiffs' Requests for Production of Documents* (served April 8, 2008).

Your letter of February 7th also raises concerns about whether Defendant is withholding any documents based on relevancy objections, such as Defendant's position that the documents relevant to the underlying question of whether Plaintiffs acquired any private property interests in or title to Kingman Reef in 1922 turns on the historical events and applicable law, rather than on any statements found in more recent documents. Our objections based on relevancy correctly state Defendant's position and will not be withdrawn. However, as noted above, Defendant's search for documents pertaining to Kingman Reef was not limited in terms of dates or time-frames based on this objection. In addition, we have not withheld any documents based on this objection. For example, there are documents related to the designation of Kingman Reef as a national wildlife refuge that include a reference to title or ownership issues. Although Defendant does not believe that these documents are relevant to the resolution of the underlying question of title to or ownership of Kingman Reef, those documents have either been produced or, if privileged, identified on a privilege log.

In sum, we believe that the searches conducted for documents related to Kingman Reef, both here and in the QTA, have been diligent, thorough and comprehensive. With service of *Defendant's Third Supplemental Response to Plaintiffs' Requests for Production of Documents*, our responses to Plaintiffs' RFPs in this case is now complete. If you have any further questions about Defendant's responses to Plaintiffs' RFPs, please let me know.

---

[1]Documents obtained from NARA-San Bruno were marked as US0001 through US0148 and were produced on November 14, 2007. Documents obtained from the Franklin D. Roosevelt Presidential Library, which is administered by NARA, were marked as US0149 through US0238 and also were produced on November 14, 2007. See Def.'s Responses to Pls.' First Set of Requests for Production (served Nov. 14, 2007).

EXHIBIT 6L

Plaintiffs' First Set of Requests for Production – Privilege Issues

Your letter of February 7th also raises concerns about whether Defendant was withholding any documents on the basis of privilege, and you correctly noted that at that time we had not yet produced a privilege log. We have since provided Plaintiffs with two privilege logs and corresponding supplemental responses to Plaintiffs' RFPs.

On March 12, 2008, we served Plaintiffs with *Defendant's Second Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents*. These written discovery responses supplemented and amended our prior responses to RFP numbers 21 through 24. RFP numbers 21 through 24 asked for the production of documents that had been identified and withheld as privileged in the QTA. As detailed in our supplemental responses, we undertook a review of these documents to determine whether any of the documents related or referred to the underlying question of title to or ownership of Kingman Reef, or to any other issue identified as within the limited scope of discovery allowed by the Court in this case.

Only a small number of the documents identified as privileged in the QTA were responsive or potentially responsive to the requests in this case for documents related to title or ownership of Kingman Reef, or the other issues on which discovery has been allowed.[2] The prior assertions of privilege with respect to these documents were reviewed in connection with this case.[3] The

[2]Your letter of February 7, 2008, incorrectly assumes and states that all of the documents identified on the privilege logs prepared by Defendant in the QTA were identified "because they were relevant to the title and ownership" of Kingman Reef. Pls.' Letter of Feb. 7, 2008, at 4. To the contrary, as noted above, Defendant's search for documents in connection with the QTA was a search for all documents pertaining to Kingman Reef. As described in our supplemental responses to RFP 21 through 24, only a small number of documents identified on the privilege logs from the QTA are responsive or potentially responsive to the issues on which discovery has been permitted in this case.

[3]Your letter of February 7, 2008 incorrectly asserts that we earlier refused to "adopt" the government's privilege logs of the QTA action. As detailed in my letter of September 28, 2007, we informed you at that time that we did not agree with your suggestion that we should simply "take up where we left off" with respect to privilege issues raised in the QTA and rendered moot by the District Court's decision of August 27, 2007, which is now on appeal to the Ninth Circuit. Instead, what we have done in this case is review all of the documents identified and withheld as privileged in the QTA. As described above and in *Defendant's Second Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents* (served March 12, 2008), those documents that are related or referred to issues on which discovery has been allowed in this case have been separately identified on privilege logs in this case or have been produced (either based on a withdrawal of a previously asserted privilege or a determination that the document had previously been disclosed or released).

Also, contrary to your assertion in your February 7th letter that you and Ms. Fitzgerald were in the midst of discussing the scope of the government's privilege logs when the QTA

EXHIBIT 6L

documents that are privileged were identified in *Defendant's Index of Documents Withheld From Production Due To Privilege*, which was served on March 12, 2008, along with *Defendant's Second Supplemental Responses to Plaintiffs First Set of Requests for Production of Documents*. In addition, we withdrew our prior assertion of privilege as to three documents requested in RFP 24. Those documents were produced to you on March 12, 2008. Finally, our review of the documents requested in RFP 21 through 24 revealed that a small number of documents listed as privileged had in fact been disclosed or produced to Plaintiffs. The identification of those documents in our supplemental responses included citations to the record where Plaintiffs can locate these documents.

In addition, Defendant served Plaintiffs with its *Third Supplemental Response to Plaintiffs' First Set of Requests for Production of Documents* on April 8, 2008. Some of the documents that are the subject of this third supplemental response are privileged and those documents have been identified on an index or privilege log produced with that supplemental response.

The remaining privilege issues raised in your letter of February 7, 2008, relate to documents that are not responsive to requests for the production of documents related to title or ownership of Kingman Reef or any of the other issues on which this Court has allowed discovery. In addition, we note that many of the issues raised in your letter of February 7, 2008, were previously raised and addressed between the parties in the QTA.

For example, you state that "[t]wo documents, identified in Request Nos. 21g and 21h, were withheld based on a confidentiality promise to The Nature Conservancy" and assert that "[t]his is not a valid basis for refusing to produce otherwise discoverable documents." To begin with, these documents have no relevance to the issues on which this Court has permitted discovery and therefore are not discoverable in connection with this case. Moreover, the issues raised in your letter with respect to these documents were previously addressed by Defendant in the QTA. With respect to the document requested in RFP 21g, the privilege log of October 17, 2005, indicates that we produced the letter of March 22, 2001, from Suzanne Case to Anne Badgley, and withheld only the attachments to that letter. As explained in the letter of July 3, 2007, from Donna Fitzgerald to Therese Cannata, the attachment to that letter "are a copy of the Purchase and Sale Agreement between The Nature Conservancy and the Fullard-Leo family" and "a copy of the Licensing Agreement for fishing operations at Palmyra Atoll between Palmyra Development Company, Inc., and Palmyra Pacific Enterprises LLC." The document requested in RFP 21h is a two-page excerpt of this same licensing agreement. Thus, we continue to be perplexed by your demand that we produce a document regarding Palmyra that your clients presumably already have in their possession.

---

action was dismissed, you waited until after discovery had closed and the parties were on the eve of summary judgment briefing, to raise objections to privilege logs that the government had produced almost two years earlier (Oct., 2005 privilege log), and several months earlier (Feb., 2007 privilege log). See July 3, 2007 Letter from Ms. Fitzgerald to Ms. Cannata. Moreover, Plaintiffs' objections regarding discovery conducted in the QTA were rendered moot by the district court's final decision in the QTA and cannot be litigated in this case.

EXHIBIT 6L

The index/privilege log of March 12, 2008, and the supplemental index/privilege log of April 8, 2008, meet the requirements of RCFC 26(b)(5) with respect to providing sufficient identifying information to allow Plaintiffs to assess the assertion of privilege. In addition, Defendant's second and third supplemental responses to Plaintiffs' RFPs should respond to the other issues raised in your letter of February 7th. If you have any specific concerns about the adequacy of the information for any entry in the privilege logs that you have received since your letter of February 7th, or about the content of Defendant's supplemental responses, please let me know.

Sincerely,

Kristine S. Tardiff
Trial Attorney

cc (by email): Christian P. Porter
Donna Yamamoto

EXHIBIT 6L

CANNATA,
CHING &
O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

April 18, 2008

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC, et al. v. The United States of America*
(United States Federal Court of Claims, Case No. 06-828L)

Dear Ms. Tardiff:

Below is a discussion of several issues that remain outstanding concerning the document requests directed to the government. I have not discussed here the depositions, but to summarize on that we have: (1) written deposition questions to Mr. Brown, which you will accept service of; (2) the deposition of Mr. Feder, set for April 28; and (3) the deposition of Ms. Case, potentially proceeding on April 29 (depending on Mr. Fogg's response to our letter of today's date).

**A. The Discovery Conference on April 10, 2008**

Turning first to the "documents only" subpoena to various government agencies, you advised Judge Horn that since the named party in this action is the United States of America, all governmental agency deponents are encompassed in a document request addressed to the government. As such, you explained, compliance with any document request to the individual agencies will be your responsibility. In that regard, the judge inquired whether you would provide written assurances that the Department of State, the Department of the Interior, the Department of the Navy, the Fish and Wildlife Service, and the General Services Administration had each conducted a diligent search, and have produced all documents responsive to the document requests attached to the Rule 30(b)(6) subpoenas addressed to those agencies. My earlier point had been that we'd like to have each agency verify that the search was completed, etc. You agreed, and we therefore ask that you forward those written assurances to me as soon as possible.

EXHIBIT 6M

We are not suggesting a specific format, and we most assuredly do not want to request more paper in this case. However, we would ask for a statement that clearly and unequivocally confirms that each agency served has searched for, collected and produced all documents requested in the Rule 30(b)(6) subpoenas and in plaintiffs' Request for Production of Documents ("RFP"). If any agency limited the scope of its search for documents based on the government's position that the scope of discovery in this case was limited by the Court, please state what those limitations were, and what records were either not searched or not collected based on those limitations. Please also state whether any agency withheld any documents based on the government's position that the scope of discovery has been limited. If any documents have been withheld, please state which agencies have withheld documents that are responsive to the requests, and provide a description of the documents that have been withheld.

Judge Horn also directed, by agreement of the parties, that you provide us a detailed description of the State Department's record-keeping so that we can better understand where the documents came from, and to the extent some sources are open to the public, we can conduct our own investigation. This was in lieu of taking the State Department designee's deposition. We'd ask for that as soon as possible.

Finally, Judge Horn encouraged us to make one last effort to meet and confer regarding the government's responses to plaintiffs' interrogatories and RFP before filing a motion to compel. We present that below for your consideration. This, I might add, takes off from your letter dated April 9, 2008. Given our June 30, 2008 cut-off date for this phase of discovery, it is our intent to file a motion to compel by the end of next week if we cannot resolve these matters.

**B. The Further Meet and Confer Issues**

1. **<u>RFP numbers 6 and 7</u>**

Your April 9, 2008 letter does not respond to the question at page 2 of my February 7, 2008 letter – whether the government searched for and produced all documents responsive to these requests. Please do so.

2. **<u>RFP number 18</u>**

Your April 9, 2008 letter does not respond to my request for clarification at page 2 of my February 7, 2008 letter. Please clarify whether the government searched for, collected and produced all documents called for in that request, without limitation as to subject matter.

3. **<u>RFP numbers 21 through 24</u>**

You state at page 2 of your April 9, 2008 letter that the government is not withholding

EXHIBIT 6M

any documents based on objections as to relevancy. However, elsewhere, it appears that the government is, in fact, withhold and declining to discuss the broad category of documents determined *by the government* to be irrelevant or outside the scope of discovery. Specifically, the government has failed to produce all but a handful of the scores of documents specifically identified in RFP number 21 through 24, and has refused to provide privilege logs in this case based on the contention that the documents are not relevant to the issues on which Judge Horn has ordered discovery. The problem presented is that your office has already located, collected, reviewed and indexed each of these documents. Relevance is not a valid basis for refusing to produce these documents, particularly since there is no burden or expense in producing them at this juncture. Nevertheless, the government continues to refuse to either produce these documents or assert a claim of privilege as to them in this case.

The documents are specifically identified by date and author in most cases, and, needless to say, you know where they are. These documents are responsive to specific requests. You assert that the vast majority of these documents, all of which pertain to Kingman Reef, are not relevant to the issues as to which Judge Horn has ordered discovery, but they should be produced if they are not privileged because they are reasonably calculated to lead to the discovery of admissible evidence as to those issues, and producing documents that have already been collected reviewed and indexed by your office will entail no burden or expense. Your April 9th letter basically ignores the discussion in my February 7, 2008 letter about the relevance of the documents, and focuses instead on two documents identified in RFP numbers 21g and 21h. At page 4 of your letter, you assert that we "presumably already have" the documents. If that is true, they are not privileged and should be produced. However, it appears from the descriptions that the documents you have withheld are different from the copies of the documents in our possession. The document requested in RPD #21g is specifically described in the government's privilege log as having "handwritten notes in the margins."

Thus, the only conceivable objection to producing the documents called for in RFP numbers 21 through 24 is privilege. You should either produce the documents, or provide detailed information supporting any claim of privilege. To the extent you may be asserting the deliberative process privilege as to any of those documents, an affidavit from an agency or department head is necessary. Please refer to pages 4 to 6 of my letter regarding the inadequacy of the privilege logs prepared in the QTA case.

There is no merit to your suggestion that the government is not required to support privilege claims as to these documents because discovery was "closed" in the QTA case, and "plaintiffs' objections regarding discovery in the QTA were rendered moot" by the District Court's dismissal of that action. After March 6, 2006, discovery in the QTA case was limited to the issue of abandonment, and plaintiffs were precluded from pursuing discovery on any other issues, including ownership. In any event, there was never a discovery cut-off in the QTA case. The fact that the government's privilege claims as to these documents in the QTA

EXHIBIT 6M

case were never litigated does not give the government the right to withhold these documents in this case if they are not in fact privileged.

For all of these reasons, we request that you immediately produce the documents or state good cause for continuing to withhold them.

4. **RFP number 41**

Your April 9, 2008 letter does not state whether the government has searched for, collected and produced documents responsive to the request. Please do so.

5. **Interrogatories Set One, numbers 2 and 3**

Your April 9 letter ignores our request for a supplemental response to these interrogatories. We ask that you provide this as well.

6. **Defendant's Supplemental Index of Documents Withheld From Production Due to Privilege**

Your privilege log does not identify the author of Document No. US0374-75, and does not state that the purpose of the communication was for obtaining legal advice. The mere presence of attorneys at a meeting about the proposed Kingman Reef NWR does not make the entire meeting a privileged communication. If part of the communication pertained to legal advice, would it be possible to redact the privileged material from the document, and produce the rest of the document?

The privilege log does not state who Don Barry or John Berry were. Since they were apparently recipients of document number US0478, any claim of privileged may have been waived. Was the document only one communication to a lawyer, or multiple communications, some of which may not be privileged? If so, please produce a redacted document.

For the reasons stated in my February 7, 2008 letter at pages 5-6, the deliberative process privilege cannot be asserted in an attorney-prepared privilege log. Please either produce documents nos. US0496-501 and US0369-373, or provide an affidavit from the head of the agency or department head with control over the matter who has personally considered the issue of whether these documents can be disclosed. The affidavit must describe the precise reason for preserving the confidentiality of the documents, including how each document was designed to and did contribute directly to the formulation of important public policy. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866-68 (D.C. Cir. 1980); *Dairyland Power Cooperative v. U.S.*, 77 Fed. Cl. 330, 336-37 (Fed. Cl. 2007). Please provide that affidavit, or produce the documents.

EXHIBIT 6M

7. **Defendant's Third Supplemental Response To Plaintiffs' First RFP**

The government has no claim of privilege as to document US0443, the fourth page of the fax from Chuck Cook at The Nature Conservancy to Robert Smith. The government has no standing to claim a privilege held by a third party. Please produce the document immediately.

Finally, while we told Judge Horn that we did not see the need for a written order explaining her rulings on April 10th, I think a minute order stating those rulings would be helpful in terms of tracking discovery in this case. If you agree, I'd like to send a letter request to the court.

We thank you for your continuing courtesy in this matter. I am more than willing to review any of this by telephone if it would speed things along.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.ltr.Tardiff.meet&confer.4-18-08.tyccaj.wpd

EXHIBIT 6M

U.S. Department of Justice

Environment & Natural Resources Division
Natural Resources Section

*90-1-23-12048*

Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

Direct Dial 603-230-2583
Facsimile 603-225-1577
E-Mail kristine.tardiff@usdoj.gov

April 28, 2008

**By Facsimile**

Therese Y. Cannata
Cannata, Ching & O'Toole LLP
100 Pine Street, Suite 1775
San Francisco, CA 94111

Re: *Kingman Reef Atoll Investments v. United States*, No. 06-828L (Fed. Cl.) – Discovery

Dear Ms. Cannata:

This letter follows up on discovery issues identified in your letter of April 18, 2008, as well as some issues raised in earlier correspondence.

Written Deposition Questions to Mr. William Brown

As indicated during our telephone call with Judge Horn on April 10, 2008, we have agreed to accept service of written deposition questions to William Brown. We have informed Mr. Brown of the Court's decision to allow Plaintiffs to inquire about his knowledge of title or ownership issues involving Kingman Reef through such questions. We will transmit those questions to Mr. Brown as soon as we receive them from you.

Description of State Department Record-Keeping

Our letter of April 22, 2008, provides a detailed description of the State Department's maintenance and dispersal of historical records, along with links to the State Department and National Archive website pages with further information. If you have any further questions on this matter, please let us know.

The Document Subpoenas to Government Agencies

During our telephone call with Judge Horn on April 10, 2008, you raised the issue of the subpoenas served on the various government agencies in connection with this case. I explained why the government had objected to those subpoenas. Although we discussed your request that each agency provide some written assurances regarding its search for documents, the Court ultimately determined during our telephone conference that this additional step was "not necessary" in light of

EXHIBIT 6N

the fact that the government has responded to Plaintiffs' requests for the production of documents.

In addition to our responses to Plaintiffs' requests for the production of documents, my letter to you of April 9, 2008, specifically addresses and describes the scope of the government's searches for documents in response to Plaintiffs' document requests. Our search for and production of documents in connection with this case is consistent with the Court's instructions, which limited discovery to certain issues, and also fully complies with the discovery rules set forth in the Rules of the Court of Federal Claims.

Request for Production Numbers 6 and 7

Plaintiffs' letters of April 18, 2008, and February 7, 2008, ask "whether the government searched for and produced all documents responsive" to RFP numbers 6 and 7. Pls.' Ltr. of April 18, 2008, at 2.

Plaintiffs' request for production ("RFP") number 6 asks for "[a]ll documents that refer, relate to, evidence or memorialize the legislative intent in establishing the Kingman Reef National Wildlife Refuge." Our objection to this request was stated as follows:

> Defendant objects to this request as irrelevant to the questions regarding title to or ownership of Kingman Reef or any other jurisdictional issues on which the Court has allowed discovery. In addition, the establishment of the Kingman Reef National Wildlife Refuge is not subject to challenge by Plaintiffs in this case, nor subject to review by the Court of Federal Claims. Further, the legislative history of the authorizing legislation for the creation of National Wildlife Refuges is a matter of public record that is equally accessible to Plaintiffs through the legal research of their attorneys.

Def.'s Resp. to Pls.' RFPs No. 6 (served Nov. 14, 2007). As you are aware, Kingman Reef National Wildlife Refuge was created by Order No. 3223 of the Secretary of the Interior, rather than by a specific act of Congress. *See* Complaint Exhibit 39. The statutory authority and other authority for this Secretarial Order is cited in Section 2 of Order No. 3223. To the extent that RFP number 6 is requesting the legislative history of the authorizing statutes cited in Section 2 of Order No. 3223, Defendant has objected to this request and has not undertaken a separate search for such legislative history. In addition to having absolutely no relevance to any of the limited issues on which the Court has allowed discovery, this is legal research and is not a proper subject of a discovery request. Legislative history is also a matter of public record and is equally accessible to Plaintiffs.

Plaintiffs' request for production number 7 asks for "[a]ll documents that refer, relate to or concern, including but not limited to public comment, the establishment of the Kingman Reef National Wildlife Refuge." Defendant's objection to this request was as follows:

> Defendant objects to this request as irrelevant to the questions regarding title to or ownership of Kingman Reef or any other jurisdictional issues on which the Court has allowed discovery, and also beyond the scope of

EXHIBIT 6N

> discovery allowed by the Court. In addition, the establishment of the Kingman Reef National Wildlife Refuge is not subject to challenge by Plaintiffs in this case, nor subject to review by the Court of Federal Claims.

Def.'s Resp. to Pls.' RFPs No. 7 (served Nov. 14, 2007). Plaintiffs' request for all documents related to "the establishment of Kingman Reef National Wildlife Refuge" is overly broad and goes well beyond the discovery limitations imposed by the Court.

As explained in my letter of April 9, 2008, we confirmed in connection with this litigation that prior searches were broad enough to encompass all documents related to or referring to any question of title or ownership of Kingman Reef, or the other topics on which discovery has been permitted by the Court. As noted in that letter, we did not limit our search for such documents to any particular time period. Accordingly, such searches did encompass the time period leading up to and including the establishment of Kingman Reef National Wildlife Refuge in January of 2001, and any documents from that time period that refer or relate to the underlying question of title to or ownership of Kingman Reef, or any other issue on which the Court has allowed discovery, have been either produced or identified on the privilege logs for this case. Nothing further is required at this time in connection with this case.[1]

Request for Production Number 18

In RFP number 18, Plaintiffs requested "[a]ll documents that refer or relate to Kingman Reef." We objected to this request as overly broad and exceeding the scope of discovery on jurisdictional questions allowed by the Court. Without waiving our objections, we interpreted this request "as limited to all documents that refer or relate to title to or ownership of Kingman Reef[.] Def.'s Resp. to RFP No. 18 (served Nov. 14, 2007). As described in more detail in my letter of April 9, 2008, Defendant did conduct a search for such documents that was not limited to any particular time period. All documents responsive to RFP number 18, as limited in our objection, have been produced or identified on the privilege logs provided to you in connection with this litigation.

---

[1]Notwithstanding the limits on discovery imposed by the Court and Defendant's proper objections to RFP numbers 6 and 7, we note that there is no shortage of documents in the record that relate to the establishment of Kingman Reef National Wildlife Refuge but are not relevant to the underlying question of title to or ownership of Kingman Reef or any other matter on which the Court has allowed discovery. Some of these documents have been filed by the Plaintiffs with the Court in this case. *See, e.g.,* Complaint Exhibits 28-29 and 33-39 (Doc. 10-13); Pls.' Supplemental Exhibits (Doc. 37). Other documents that are part of the record and available to Plaintiffs include USD001-USD421 (documents produced to Plaintiffs in the QTA on June 28, 2007, from the U.S. Department of the Interior, Office of Budget), and FWS00001-FWS00515 (the certified administrative record for *KRAI v. United State,* No. 01-00122, D. Hawaii).

EXHIBIT 6N

Request for Production Numbers 21 through 24

In RFP numbers 21 through 24, Plaintiffs have demanded the production of documents that were identified and withheld as privileged in the quiet title action brought by Plaintiff KRAI in federal district court. Our original and supplemental responses to RFP numbers 21 through 24, as well as my letter of April 9, 2008, provide a detailed explanation of our review of these documents in connection with this case and RFP numbers 21 through 24.

Our handling in this case of the documents that were identified as privileged in connection with the QTA is entirely consistent with the Rules of the Court of Federal Claims and the limits imposed on discovery by the Court at this stage of the case. Specifically, the Court has limited discovery to the underlying question of title to or ownership of Kingman Reef and a few other jurisdictional issues. Defendant has properly objected to Plaintiffs' numerous requests for the production of documents that exceed these court-imposed limitations. Plaintiffs are not entitled to conduct discovery on matters that exceed the court-imposed limitations on discovery. Your repeated contention that we are "withholding" documents from Plaintiffs is misplaced for the same reason. Documents that have no relevance to the issues on which discovery has been permitted, or are not "reasonably calculated to lead to the discovery of admissible evidence" on those same issues, are not discoverable by Plaintiffs at this stage of the case. For these same reasons, we are not required to produce a privilege log identifying privileged documents that have absolutely no relevance to any of the limited issues on which discovery has been allowed by the Court. Contrary to Plaintiffs' assertions, relevance is a limitation on discovery in all cases, including this one. *See* RCFC 26(b)(1).

With respect to your specific question on the documents requested in RFP 21.g. and RFP 21.h., as stated in prior correspondence we previously produced the letter referenced in RFP 21.h. and you do not dispute that Plaintiffs have a copy of the Licensing Agreement between Palmyra Development Company and Palmyra Pacific Enterprises that was attached to that letter. Moreover, the two pages of that same licensing agreement that are described in RFP 21.g. were produced to you by letter of July 13, 2007. *See* Letter of July 13, 2007, from Donna Fitzgerald, Dept. of Justice, to Therese Cannata. Plaintiffs' demand that we produce these documents again is unreasonable, particularly when these particular documents have no relevance to the issues on which the Court has permitted discovery in this case.

Request for Production Number 41

In RFP number 41, Plaintiffs requested "[a]ll documents that refer to, summarize or describe the ownership of coral reefs, and submerged lands, lagoons or waters within a three-mile radius of coral reefs." Defendant objected to this request "as overly broad and not relevant to the questions on which discovery has been allowed by the Court in this case." Def.'s Resp. to RFP 41 (served Nov. 14, 2007). Despite this objection, at page 4 of your letter of April 18, 2008, you've asked us to state "whether the government has searched for, collected and produced documents responsive to this request."

EXHIBIT 6N

The scope of our search for documents both in connection with the quiet title action and in connection with this litigation is described in my letter of April 9, 2008. In connection with this case, we have confirmed that our searches for documents were broad enough to encompass all documents referring or related to title or ownership issues involving Kingman Reef, or any of the other issues on which the Court has permitted discovery. To the extent that any such documents included any reference to "ownership of coral reefs, and submerged lands, lagoons or waters within a three-mile radius of coral reefs," those documents have either been produced or identified as privileged on the privilege logs produced to Plaintiffs in connection with this case. However, consistent with the objection stated in our response to RFP number 41, Defendant has not undertaken a broader search of documents related to ownership of other coral reefs in the oceans of the world, either by the United States or by other sovereign nations.[2]

Notwithstanding the limitations on discovery in this case and the objections properly made by Defendant in its written response to RFP number 41, we note that Plaintiffs have been provided with documents that are generally responsive to RFP number 41 even though those documents do not specifically refer to Kingman Reef. For example, we produced a letter dated November 14, 1995, from Allen P. Stayman, Director, Office of Insular Affairs, U.S. Department of the Interior, to Peter Savio, responding to a question regarding the ownership and control of waters around Palmyra.[3] In that letter, Mr. Stayman informed Mr. Savio that,

> In our view, the Federal sovereign, the United States of America, holds unquestioned title to the lands and waters up to but not above the line of mean high tide and seaward to a line three geographical miles distant from a U.S. jurisdiction's coastlines. As with any other State or territory of the United States, title to the lands and waters up to but not above the line of mean high tide and seaward to a line three geographical miles distant from a United States jurisdiction's coastlines are held by the United States as an incident of sovereignty unless Congress conveys title to another party. . . . Title to the submerged lands surrounding Palmyra, however, remain in the United States, notwithstanding the private ownership of the island. . . . The interest of the Fullard-Leos and your company ends at the water mark.

---

[2]We also note that the ownership of coral reefs generally, as well as the ownership of submerged lands, lagoons or water within a three-mile radius of coral reefs is a question of law. Defendant is not required, under the Court's discovery rules, to conduct legal research for Plaintiffs.

[3]There are numerous copies of this letter in the record. The most recently produced copy, marked as US0441-442, was included in Defendant's Third Supplemental Responses to Plaintiffs' First Set of Requests for Production (April 8, 2008). Another copy, marked as FWS01062-1063, is included in the certified administrative record for *KRAI v. United States*, No. 01-00122 (D. Hawaii).

EXHIBIT 6N

US0441-442. The position stated in this letter is with respect to Palmyra is consistent with the legal position stated in Defendant's response to Plaintiffs' Interrogatory number 2 that "[o]nly the small portion of Kingman Reef that is above sea level could potentially be held in private ownership."

Interrogatories (Set One), Numbers 2 and 3

Your letter of April 18 incorrectly states that our letter of April 9 "ignores" Plaintiffs' request for a supplemental response to interrogatories 2 and 3. My electronic mail message to you of April 9, 2008 (3:26PM), by which the April 9th letter was transmitted, specifically stated that our April 9th letter "addresses some document production and privilege issues raised in prior correspondence." I acknowledged in that same e-mail that your letter of February 7th also asked questions regarding Defendant's responses to two interrogatories and I expressly stated that "I am reviewing those issues and will address them in a separate letter."

We have reviewed our responses to Plaintiffs' interrogatories 2 and 3 and believe that those responses are adequate. The historical facts that are relevant to the underlying question of title to or ownership of Kingman Reef are all derived from the documents that have been disclosed or produced by the parties. To the extent that Plaintiffs are asking Defendant to further explain the legal basis for its contention that Kingman Reef has never been transferred from the United States or any other sovereign nation into private ownership, our objection to that aspect of Plaintiffs' request is no different than Plaintiffs' objection to Defendant's requests that Plaintiffs identify the laws under which Plaintiffs claim that they acquired private title to Kingman Reef in 1922. *See* Pls.' Resp. to Interrog. No. 8 (objecting to Defendant's interrogatory "to the extent that it seeks information regarding the legal basis for fee title ownership and private interests in Kingman Reef"); Pls.' Resp. to Interrog. No. 4 (objecting to Defendant's interrogatory "to the extent that its seeks information regarding legal basis for fee title ownership and private interests in Kingman Reef").

Interrogatories – Set Two

Plaintiffs' demand that Defendant supplement its responses to interrogatory numbers 2(a)–(e) in Plaintiffs' second set of interrogatories fails to acknowledge or respond to Defendant's objection that this entire set of interrogatories exceeds the numerical limit imposed on interrogatories under RCFC 33(a). Absent resolution of that objection, Plaintiffs are not entitled to any further or supplemental response to these interrogatories which, in any event, are cumulative and duplicative of the interrogatories contained in Plaintiffs' first set of interrogatories.

Plaintiffs' Questions Regarding Defendant's Supplemental Privilege Log

With respect to the document marked as US0374-75, which we have identified on our privilege log and withheld as a privileged attorney-client communication, the author of this memorandum/notes is not identified on the document, which is why we did not also assert a work product privilege in addition to the attorney-client privilege. However, the document makes a record of a meeting with attorneys from the Solicitor's Office at the Department of the Interior. We

EXHIBIT 6N

are not claiming that the mere presence of attorneys at this meeting makes the document privileged. Instead, the memorandum in question documents both the provision of legal advice during the meeting and also identifies a number of legal matters that required follow-up by the Solicitor's Office. Accordingly, the entire document is properly identified and withheld as privileged.

With respect to the memorandum marked as US0478 – Don Barry and John Berry are identified as two of the recipients of this privileged attorney-client communication, along with John Leshy, who was the Solicitor of the Department of the Interior at the time (1998). At the time of this communication, Don Barry and John Berry were both employees of the Department of the Interior. Accordingly, there was no waiver of the privilege by including Don Barry and John Berry in the communication. The memorandum is also a single communication.

Finally, you've objected to our listing of US0496-501 and US0369-373 on our privilege log because those documents were withheld under the deliberative process privilege. We explained the absence of a supporting declaration in my e-mail to you of April 9, 2008 as follows:

> Also, you'll note that the supplemental privilege log that we provide[d] you with yesterday identified one document (in both draft and final form) that we have withheld under a claim of deliberative process. A declaration from the Fish & Wildlife Service supporting this assertion of privilege is forthcoming – but I didn't want to delay our supplemental production until I received the supporting declaration.

E-Mail from K. Tardiff to T. Cannata and M. Ching, April 9, 2008, 3:26PM. The supporting declaration was signed last week. A copy of that declaration is enclosed for your records.

<u>US0443 – Excerpt of Suzanne Case Memorandum</u>

As indicated in prior correspondence, the United States has not asserted any privilege with respect to the 1-page excerpt of the Suzanne Case memorandum marked as US0443. We withheld that page from our prior production pending resolution of The Nature Conservancy's ("TNC") assertion that the document was privileged. As a result of the telephone call between Plaintiffs, TNC's counsel and Defendant on April 22, 2008, the 1-page excerpt of the Case memorandum has now been produced to Plaintiffs by TNC. The copy of the 1-page excerpt located by Defendant and marked as US0443 was forwarded to both you and TNC's counsel by e-mail on April 23, 2008.

Sincerely,

Kristine S. Tardiff

Kristine S. Tardiff
Trial Attorney

Enclosure (Declaration of H. Dale Hall)
cc: M.Ching; C. Porter: D. Yamamoto

EXHIBIT 6N

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DECLARATION OF H. DALE HALL**

I, H. Dale Hall, declare as follows:

1. I am the Director of the U.S. Fish and Wildlife Service (FWS), an agency of the U.S. Department of the Interior, located in Washington, D.C. In my capacity as Director I am responsible to the Secretary of the Interior for the acquisition and administration of units of the National Wildlife Refuge System.

2. I am aware of the above-captioned lawsuit in which the plaintiffs have alleged that establishment of the Kingman Reef National Wildlife Refuge constituted a taking of their property.

3. I have reviewed all of the documents for which deliberative process privilege is asserted for purposes of confirming that they are pre-decisional and deliberative and that there would be harm to the FWS caused by their release.

4. In conducting my review, I applied the following principles: (1) the privilege protects from disclosure only documents that reflect advice, recommendations and deliberations

EXHIBIT 60

comprising part of a process by which government decisions are made or policies are formulated; (2) withheld material must be opinion, deliberation, advice, recommendation, or evaluation by those responsible for advising on the advantages and disadvantages of a proposed decision or policy; (3) withheld material must be directed toward formulation of a policy or decision being debated within the agency at the time; and (4) withheld material must be pre-decisional and must not merely comment upon an already established decision or policy.

5. In asserting the deliberative process privilege, FWS has narrowly limited its claim of privilege to those pre-decisional and deliberative documents the release of which would harm an important government interest by impairing the quality of administrative decision-making. The documents for which I am asserting the deliberative process privilege primarily involve deliberative discussions rather than factual matters. As described more specifically below, they involve candid communications from FWS personnel at the field and regional levels to the FWS headquarters office in Washington, D.C. and the Office of the Secretary of the Department of the Interior on issues related to establishment of the Kingman Reef National Wildlife Refuge. These documents are a direct part of the deliberative process in that the authors make recommendations or express opinion on policy matters.

6. Therefore, by this declaration I formally claim the deliberative process privilege for the two documents so identified in Defendant's Supplemental Index of Documents Withheld From Production Due To Privilege (hereafter referred to as the Supplemental Privilege Log).

EXHIBIT 60

7. The specific basis for invoking this privilege for each document is set forth below. The numbers below correspond to the bate-stamped numbers contained in the Supplemental Privilege Log.

8. US0369 – 373 - Undated and unsigned memorandum from Regional Director, Pacific Region, FWS, to the Director, FWS, entitled "Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries" and marked "Confidential, Predecisional Document, Not For Distribution." This memo provides the views and recommendations of the FWS Pacific Islands Fish and Wildlife Office (PIFWO) and the FWS Regional Office (RO) on proposals for action that had been suggested by the Counselor to the Secretary. It contains candid discussion and advice from the PIFWO and RO to the FWS Director for the Director's consideration in responding to the Secretary's office. It includes PIFWO and RO recommendations regarding creation of a national wildlife refuge at Kingman Reef for consideration up the chain of command. Release of this document could cause FWS personnel in field and regional offices in the future to be hesitant to provide their frank advice to the Director and the Secretary if such advice could be released to the public.

9. US0496 – 501 - Memorandum dated September 16, 1998, signed by Anne Badgley, Acting Regional Director, Pacific Region, FWS, to the Director, FWS, entitled "Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries" and marked "Confidential, Predecisional Document, Not For Distribution." This memo is the same as the document at US0369 – 373 except it is signed and dated. This copy was provided by William Brown. It is being withheld for the same reasons discussed above for US0369 – 373.

EXHIBIT 60

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C., on this 23rd day of April, 2008.

H Dale Hall

H. Dale Hall

EXHIBIT 60

CANNATA,
CHING &
O'TOOLE LLP
Attorneys at Law

Therese Y. Cannata
tcannata@ccolaw.com

May 23, 2008

**By E-Mail and U.S. Mail**
Kristine Tardiff
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301

Re: : *Kingman Reef Atoll Investments, LLC v. The United States of America* (United States Federal Court of Claims, Case No.: 06-828L)

Dear Ms. Tardiff:

Thank you for your letter of April 28, 2008. I stand corrected – we have confirmed that the documents sought by Requests 21g and 21h were produced. I now address the remaining issues in dispute.

We share the view that it is best to present the Court with as few disputed discovery issues as possible. In that regard, it is our intent to defer to a later date the issues that do not require immediate resolution. I currently intend to limit our motion to the following issues:

1. The documents, called for in Request Nos. 22-24, that were withheld in the Hawaii case based on claims of the deliberative process privilege and on the grounds that they are labeled "classified." We believe that the documents are reasonably calculated to lead to the discovery of admissible evidence as to which Judge Horn has ordered discovery, and that there will be no burden or expense to the government in either producing those documents, or establishing that the documents are privileged.

2. The two documents the government withheld recently based on the assertion of the deliberative process privilege. We believe that, even if that qualified privilege applies to these documents, the government's interest in protecting the confidentiality of the deliberative process is outweighed by the importance of these documents to this litigation.

3. That the Government prepare a more complete privilege log as to certain



EXHIBIT 6P

documents withheld in the Hawaii case on the basis of the attorney-client privilege, and in this case on the basis of relevance. Here, the problem is that we cannot determine based on the description provided if the documents are in fact privileged or relevant. These documents are called for by Request Nos. 21a-f, 21i, 21k-l, 21n-o, 22a, 22c, 22g-u, 22x-y, 22gg-ll, 22nn-oo, 22qq, 22vv-zz, 22ccc, 22eee, 23a, and 23f. So that we are clear here – we want the government to produce or log these documents, and if logged, we believe more complete descriptions are warranted.

Moving to another (but related) topic, I continue to be concerned about the completeness of the government's search for and production of document that are relevant or reasonably likely to lead to the discovery of admissible evidence of the issues as to which Judge Horn has ordered limited discovery. For example, I do not believe the government ever produced the document that was attached to the December 16, 2000 email enclosed herewith. The reference suggests that the attachment was a "Kingman Ownership Inquiry." You have assured us and the Court that the government has thoroughly searched for and produced all documents that pertain to the issues identified by Judge Horn, including ownership. If, as I believe, the government's failed to produce the attachment to Ms. Ha's email, I request that you produce it, and also verify that all computers used by any government personnel who have been involved in any way with Kingman Reef, and particularly the computers used by witnesses who have been deposed in this case and in the Hawaii case, were thoroughly searched for any and all documents, including attachments to emails such as this one.

Let's talk next about a proposed briefing schedule and hearing date. We thank you for your continued courtesy and cooperation in this matter.

Very truly yours,

CANNATA, CHING & O'TOOLE LLP

THERESE Y. CANNATA

TYC:hs
cc: Christopher P. Porter
Donna H.Yamamoto
800362.ltr.Tardiff.meet and confer 5-23-08.cajtyc.wpd

EXHIBIT 6P



Phyllis Ha
12/16/2000 04:35 PM

To: Forrest Cameron/RO/R1/FWS/DOI@FWS, Georgia Shirilla/RO/R1/FWS/DOI@FWS, Charles Houghten/RO/R1/FWS/DOI@FWS, Cathy Osugi/RO/R1/FWS/DOI@FWS
cc:
Subject: Re: Kingman Ownership Inquiry-Mr. Zultan

Thanks for the update, Forrest.

I understand Georgia is assigned to look this up? What are we going to do to resolve this issue in time?

We could amend the Final EA in the "ownership" section to include language that states:

"A private family has claimed ownership to Kingman Reef and submerged lands, although no documentation supporting the ownership claim was found during title searches that were done by the Navy (U.S. GAO 1997), and none was provided to the Service at final printing. The Service will fully evaluate any claims to ownership by a third party prior to Refuge establishment, and would amend the Refuge proposal, as necessary.

If a private ownership is proved, the Service would re-evaluate its ability to establish the Refuge through acquisition of an interest at Kingman Reef, in compliance with its national willing-seller policy, and other applicable laws."

---

My concern is this: Are we going to move forward with completing our decision document, or let this claim stall the proposal? If the former, how do we address the claim, and yet acknowledge it's there. If the latter, we would not make the deadline.

--

Thanks,

Phyllis

EXHIBIT 6P

## Oklesson, Gail E (NAVFACHQ)

**From:** Pacht, Dennis (EFDPAC)
**Sent:** Wednesday, April 10, 2002 5:48 PM
**To:** Oklesson, Gail E (NAVFACHQ)
**Subject:** RE: Kingman Reef

Gail, glad to hear the SRF package to about to be released. Can you please provide me with a copy.

On Kingman Reef, a law suit was filed by private parties claiming ownership. USF&WS has the lead. We have done very little except answer two or three FOIA requests. Whatever happened to the proposed Executive Order transferring the island to Interior? Last I heard was that it did not get signed at the end of the Clinton administration and it was stuck somewhere in OMB. It would be nice if it were finalized to remove the Navy from the picture completely. But in view of the law suit, I doubt if anyone is pushing it - so it will probably be in limbo until a judgment is entered and all appeal rights have lapsed. That sounds like it will be a long, long time.

Good luck in your new job. Dennis

-----Original Message-----
**From:** Oklesson, Gail E (NAVFACHQ)
**Sent:** Wednesday, April 10, 2002 8:27 AM
**To:** Pacht, Dennis (EFDPAC)
**Subject:** Kingman Reef

Hi Dennis, I thought I would let you know that I have been offered a promption to a Supervisory GS-14 with the ATF. I will here for about 30-90 days while they process my top secret clearance. So I am getting my projects in order to hand over to Lisa Grossman. I also wanted to let you know that Ray signed off on SRF Guam and it is with Howard to sign out...hopefully by Friday to CNO..
Can you let me know what the status is on Kingman Reef. The last I heard was that there was a snag over who actually owns it.

Thanks a mil,
Gail



EXHIBIT 6Q

US1992

WESTERN
PACIFIC
REGIONAL
FISHERY
MANAGEMENT
COUNCIL

4 September 1997

Jusdon Feder
NOAA General Counsel, SW
501 W. Ocean Blvd, #4770
Long Beach CA 90802-4213

Dear Judson:

As you are aware, recent events around some of the islands within the Council's purview have prompted us to review the question of jurisdiction over waters within near-shore areas.

A fisherman intending to catch bottomfish around Midway Island in August was informed by the harbor master there that he was not allowed to fish within 50 miles of the island. Questions have thus been asked on the legality of this decision and how far offshore the jurisdiction the Department of the Interior stretches. An executive order in 1903, places public lands that exist at Midway Islands under the control of the Navy Department and defines boundaries between latitudes 28°5' and 28°25' North and longitudes 77°10' and 177°30'W. This amounts to a 23 x 20 mile rectangle (see enclosed figure). Similarly, the recent executive order transferring the island to the Department Interior states the same coordinates.

The question is what jurisdiction does the Department of the Interior and US Fish & Wildlife Service have over commercial bottom fishing activities? The remarks from the harbor master suggest he was enforcing the 50 nmi closed area for longlining around the Northwest Hawaiian Islands. I understand that the areas closed to fishing activity of any kind around USFWS refuges varies. For example in the Northwestern Hawaiian Islands, closed areas extend out to the 10 fm contour and to the 20 fm contour at Necker. At Howland & Baker and Jarvis Islands USFWS jurisdiction extend to 3 nmi. Midway is somewhat different because there is a recreational fishing activity permitted inside and outside the atoll but USFWS claim that no commercial fishing is permitted within the rectangle as defined by the latitude and longitude coordinates, and this authority is assumed under the Presidential executive order which transfers the island from the Navy to Interior. Can you give us a legal opinion on this. How far from the shore does the USFWS jurisdiction actually extend (and does it extend to the sea bed, banks and reefs), and how close to the island may commercial fishermen operate.

EXHIBIT 6R

The other issue at the moment is jurisdiction around Palmyra and Kingman Reef. A Big Island fisherman has been fishing around Palmyra Island and Kingman Reef and is interested in

expanding operations there to include shipping out fish on a sea plane. The owners of Palmyra and Kingman Reef (the Fullard Leo family) and their legal representative, Mr Peter Savio believe that they have jurisdiction over territorial waters extending out to 3 nmi, but this is not recognized by the Federal Government. Accordingly, fishermen may be at liberty to fish all the way up to the beach around Palmyra and Kingman Reef, but risk the threat of legal action from the owners. Again we need another legal opinion on whether the island owners do indeed have authority over the territorial waters of both Palmyra and Kingman Reef, or that this is not the case.

I have included a copy of the 1995 memo from Ted Beuttler to Martin Hochman regarding the issue of jurisdiction around the US territories. I have also enclosed all the documentation we have available on both Midway and Palmyra/Kingman Reef. Please can you review the Beuttler memo and update it with respect to Midway, Palmyra and Kingman Reef. We need to know how close fishermen may legally fish at all three locations and be able to have an up-to-date document that we can hand to them advising them of their rights.
Mahalo!

Sincerely,

Kitty M. Simonds
Executive Director

cc: Council Members

EXHIBIT 6R

Author: Robert P Smith at 1PO-PIE
Date: 04/17/2000 12:09 PM
l1
Receipt Requested
TO: Rosalyn Worthan at DOI, william_brown@ios.doi.gov at -INTERNET, Dan Ashe at FWS, karen_sprecher_keating@ios.doi.gov at -INTERNET, molly_ross@ios.doi.gov at -INTERNET, PETE_RAYNOR@ios.doi.gov at -INTERNET, Jeffery M Donahoe at FWS, roger_mcmanus@ios.doi.gov at -INTERNET, Anne Badgley at FWS, justin_johnson@ios.doi.gov at -INTERNET, Patricia Ball at FWS, jessica_jenkins@ios.doi.gov at -INTERNET, jackie_ellis@ios.doi.gov at -INTERNET, Dave Wesley at FWS, Georgia Shirilla at FWS, Catherine Sheppard at FWS
Subject: Re: Meeting Request - Kingman

------------------------------------ Message Contents

We are available anytime either Tuesday or Wednesday. It will be more humane for those of us in the islands to start the conference call in the afternoon EDT. We are now six hours earlier than Washington D.C. I now hear the time being proposed is 4pm EDT On Tuesday--Mahalo!

For what its worth, our early thinking from the field goes as follows:

1. Interior should get Kingman Reef from Navy through using the "Midway model" i.e., an initial MOU between Interior and Navy which sets out a roadmap for the transfer, and then:

2. A new Executive Order, similar to the E.O. establishing Midway NWR.

3. Our NEPA compliance for the new refuge should take place prior to the new E.O.

4. I believe the proposal for the new refuge (and the one which we take to Commerce) should be the Kingman Reef fast lands and 3-nm around those lands as a refuge boundary. Again, this is exactly what Navy has now, and follows the Midway model. If Commerce wants to get more reef/ocean into marine protection status (no take zone, etc.), they could do so beyond the 3-nm Naval Defense Seas--soon-to-become refuge boundaries. I believe there will be some pressure for Commerce to establish a broader marine protection area vis-a-vis mandates of the E.O. on coral reef protection and the Coral Reef Task Force.

In the face of the blow back from the HINWR boundary issue, I believe it is important to appear reasonable at Kingman. Certainly an initial ask for only what the Navy now has, fast land plus 3-nm, is reasonable. We should get no bona fide kick from the commercial fishing industry, since ostensibly they have never had access to Naval Defense Seas at Kingman Reef for commercial fishing purposes. Again, the "Midway model" for refuge boundaries at Kingman Reef would naturally exclude commercial fishing, with Naval Defensive Seas, just as in the case with Midway Atoll NWR.

If the language in a new E.O. wants to expand marine refuge boundaries beyond 3-nm, I think that's great, I do believe that a more cautious approach initially may seem more reasonable, such as that outlined above.

The final unknown to this proposal is reaction from the Fullard-Leo family, who have had an historic claim to ownership at Kingman Reef. Does Navy or Interior contact them early in the process? Should we ask for their proof of ownership as part of the Navy/FWS transfer process?

EXHIBIT 65

Somebody let us know the final telephone call time/date. At least one potential participant, who has recently been to Kingman, would like to call in from a remote location. Is it possible for this call to be on AT&T "call me" conference call?

Aloha,
Robert

P.S.
I'm going to try to get everyone some digital photos of Kingman Reef today.
RPS

____________________ Reply Separator ____________________
Subject: Meeting Request - Kingman
Author: Rosalyn Worthan at DOI
Date: 04/17/2000 7:13 AM

Importance: High

---

Rosalyn Worthan
04/14/2000 04:57 PM

To: William Brown/SIO/OS/DOI@DOI, Roger McManus/SIO/OS/DOI@DOI, PETE RAYNOR@DOI, KAREN SPRECHER KEATING@DOI, Dan Ashe/ARW/R9/FWS/DOI@FWS, Anne Badgley/RO/R1/FWS/DOI@FWS, Molly Ross/ASFW/OS/DOI@DOI, Justin Johnson/PMB/OS/DOI@DOI, Robert P Smith@FWS
Patricia Ball/ARW/R9/FWS/DOI@FWS, Jessica Jenkins/SIO/OS/DOI@DOI, Jackie a/SIO/OS/DOI@DOI

How Does Wednesday, April 19 at 4:00p.m. EST look for everyone?

Subject: Meeting Request - Kingman

I apologize for the lateness of this request. Stephen would like to have a meeting/conference call on the above subject on Tuesday, April 19 at time when we get everyone in a room and by phone. I will be out of the office on Monday, but will be reachable through e-mail. Please let me know as soon as you get this message, what time you have available on Tuesday and possibly Wednesday.

Thanks for your cooperation.

Rosalyn

** Note to Pete and Karen - - please feel free to bring an others you feel need to be included in this meeting.

EXHIBIT 65