IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KINGMAN REEF ATOLL INVESTMENTS, L.L.C., et al., | ) | |
| Plaintiffs, | ) | No. 06-828L |
| v. | ) | |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WITH RESPECT TO REQUESTS FOR PRODUCTION NUMBERS 21–24**

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

MARIEL COMBS
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

FRANK R. JIMENEZ
General Counsel
ROBERT J. SMITH
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE, Room 236
Washington Navy Yard, DC 20374-5013

Electronically filed: June 23, 2008

# TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Discovery Has Been Limited by the Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. Plaintiffs' RFPs Seek Discovery on Matters That Exceed the Limited Scope of Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C. Defendant Is Not Required to Identify Privileged Documents That Are Not "Otherwise Discoverable" in this Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D. Defendant's Invocation of the Deliberative Process Privilege is Limited in Scope and Properly Supported. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

## CASES

*Air Pegasus of D.C., Inc. v. United States*,
424 F.3d 1206 (Fed. Cir. 2005). . . . . . . . . . 2

*Cobell v. Norton*,
213 F.R.D. 1 (D.C. Cir. 2003). . . . . . . . . . 17

*Dairyland Power Cooperative v. United States*,
79 Fed. Cl. 709 (2007). . . . . . . . . . 18

*Dept. of the Interior v. Klamath Water Users Protective Association*,
532 U.S. 1 (2001).. . . . . . . . . . 15, 18

*Florsheim Shoe Co. v. United States*,
744 F.2d 787 (Fed. Cir. 1984). . . . . . . . . . 6

*In re Sealed Case*,
121 F.3d 729 (D.C. Cir. 1997). . . . . . . . . . 15

*Kingman Reef Atoll Investments, LLC v. United States*,
545 F. Supp.2d 1103 (D. Haw. 2007). . . . . . . . . . 1, 3

*Marriott Int'l Resorts L.P. v. United States*,
437 F.3d 1302 (Fed. Cir. 2006). . . . . . . . . . 12

*Sierra Club v. Kempthorne*,
488 F. Supp.2d 1188 (S.D. Ala. 2007).. . . . . . . . . . 15

## RULES

Fed. R. Civ. P. 26(b). . . . . . . . . . 15

RCFC 12(b)(1). . . . . . . . . . 2

RCFC 26(b). . . . . . . . . . passim

## STATUTES

28 U.S.C. § 2501. . . . . . . . . . 2

INDEX OF DEFENDANT'S EXHIBITS

| Defendant's Exhibit No. | Description |
|---|---|
| 1 | Letter dated July 3, 2007, from Donna S. Fitzgerald, Dept. of Justice Attorney, to Therese Cannata, Cannata, Ching & O'Toole, Re: *Kingman Reef Atoll Investments, LLC v. USA*, CV05-00151 (D. Hawaii). |
| 2 | Excerpt of Brief filed by Plaintiff KRAI, in *Kingman Reef Atoll Investments, LLC v. USA*, CV05-00151 (D. Hawaii). |
| 3 | Attachment to privileged Memorandum dated September 16, 1998, from the Regional Director, Pacific Region, Fish & Wildlife Service, to the Director of the Fish & Wildlife Service, Re: Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries (marked as US501 – US511). |
| 4 | Certification of Administrative Record (with Index) for the Establishment of Kingman Reef National Wildlife Refuge (marked as FWS00001 – FWS000012) |

In accordance with Rules 26, 34 and 37 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant hereby responds to and opposes Plaintiffs' motion to compel a further response to Plaintiffs' Requests for Production (Set One), request numbers 21 through 24. Each of these requests seek the production of documents that were identified and withheld as privileged in the quiet title action brought by Plaintiff Kingman Reef Atoll Investments LLC ("KRAI") in federal district court, Kingman Reef Atoll Investments LLC v. United States, Civ. No. 05-cv-151 (D. Haw.). KRAI's quiet title claims were dismissed for lack of jurisdiction on the ground that those claims were barred by the applicable 12-year statute of limitations. KRAI v. United States, 545 F. Supp.2d 1103 (D. Haw. 2007), appeal pending, No. 07-16817 (9th Cir.). Plaintiffs' motion to compel either the production of these documents or the production of a privilege log for these documents is based on the erroneous premise that, despite the clear limitations imposed on discovery by the Court, Plaintiffs are entitled to conduct discovery and demand the production of all documents that pertain, in any way, to Kingman Reef. As set forth below, discovery has been limited and the requests for production ("RFPs") at issue in Plaintiffs' motion exceed those limitations. Accordingly, Defendant's objections and responses to those RFPs are proper and Plaintiffs' motion to compel should be denied.

## I. PROCEDURAL BACKGROUND

In this action, Plaintiffs[1] alleged that they acquired title to Kingman Reef in 1922, and that Defendant's designation of Kingman Reef as a National Wildlife Refuge in 2001 constituted a taking of that private property. Compl., pp. 2-3 (Doc. 1). On March 30, 2007, Defendant moved under RCFC 12(b)(1) to dismiss Plaintiffs' takings claims because those claims accrued

[1]The term "Plaintiffs," as used herein, encompasses the named plaintiffs and their predecessors-in-interest, including the Fullard-Leo family and Palmyra Copra Company.

no later than 1938 and are thus time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. Def.'s Mot. to Dismiss (Doc. 15). This motion was premised on the assumption – made only for the purposes of that motion – that Plaintiffs acquired a property interest in Kingman Reef in 1922, as they allege.[2] During a subsequent telephone conference with the parties, the Court indicated that it was proving difficult to resolve the statute of limitations issue without also addressing standing and the underlying questions of title and ownership of Kingman Reef. During this same conference call, the Court identified and allowed discovery on four limited issues: (1) the underlying question of ownership and title to Kingman Reef; (2) claims and decisions concerning ownership and title by both parties; (3) the *ultra vires* issue as it pertains to the 1934 Executive Order; and (4) the *terra nullius* theory as it pertains to claims of title or ownership of Kingman Reef. See Joint Request for Further Instruction, filed Dec. 13, 2007 (Doc. 46); Order, dated Sept. 10, 2007 (Doc. 40) (allowing discovery "[a]s discussed with the parties" at the status conference of September 7). Discovery on these limited issues was originally set to close on February 8, 2008. See Order of Sept. 10, 2007 (Doc. 40). However, during the telephonic status conference held on April 10, 2008, the Court extended that deadline to June 30, 2008, at Plaintiffs' request.

Plaintiffs' motion to compel addresses Defendant's objections and responses to Plaintiffs'

---

[2]It is Defendant's position that Plaintiffs did not acquire any private ownership interests in or title to Kingman Reef by virtue of their actions in 1922 and, consequently, do not have standing to bring a takings claim involving this property. Def.'s Answer, p. 23 (Doc. 7). The question of whether Plaintiffs possess private property rights to Kingman Reef is also the threshold merits question presented by their takings claim. If Plaintiffs cannot meet their burden of proving that they own Kingman Reef, the Court does not reach the question of whether that property has been taken. See Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir. 2005) (holding that the court does not reach the question of whether a taking occurred "without first identifying a cognizable property interest").

RFP numbers 21 through 24. These RFPs were served on October 5, 2007, as part of Plaintiffs' first set of requests for production.[3] Pl. Ex. 6F (Doc. 58-2). In RFP 21, Plaintiffs requested the production of 15 documents that had been withheld from Defendant's first set of initial disclosures and identified on a privilege log dated October 17, 2005, in the quiet title action.[4] The documents in question are primarily e-mails and other documents from the 2000-2001 time period that were identified as privileged attorney-client communications in the QTA. See Pls.' Ex. 6A (QTA privilege log); Pls.' Ex. 6F (RFP 21).

Defendant's initial objections and responses to these requests were served on November 14, 2007. Pls.' Ex. 6G (Doc. 58-3). Defendant objected that this and other requests "are directed to or encompass matters that go well beyond the scope of discovery that was allowed by the Court at this stage of the case." Id. at 1 (Doc. 53-3, p. 1). In its supplemental responses to RFP 21, Defendant further explained that the documents requested generally relate to the designation of Kingman Reef as a national wildlife refuge, and that discovery as to this decision "goes well beyond the scope of discovery allowed by the Court, and is not likely to lead to the discovery of

---

[3]Plaintiffs' first set of RFPs is dated October 4, 2007, but was served by mail and by electronic mail on October 5, 2007.

[4]In the district court action, Plaintiff KRAI did not challenge Defendant's assertions of privilege through the filing of a motion to compel. Instead, KRAI waited until Defendant had filed its second motion to dismiss and argued in its opposition brief that the district court should "deny or postpone Defendant's motion to dismiss to permit discovery and a full determination of the merits." Def. Ex. 2 (Pls.' Opp. at 18). In granting Defendant's motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the district court implicitly rejected this request. KRAI v. United States, 545 F. Supp.2d 1103 (D. Haw. 2007). Any outstanding discovery disputes that the parties had not raised with the district court were necessarily rendered moot by this decision. Plaintiffs are not entitled to collaterally attack privilege claims made in the district court action simply because both cases involve Kingman Reef. Instead, the only privilege challenge properly presented in Plaintiffs' motion is a challenge to the withholding of privileged documents that are "otherwise discoverable" *in this case*.

admissible evidence on the underlying question of title to or ownership of Kingman Reef, or on any of the other limited issues on which discovery has been allowed." Def.'s Suppl. Resp. to RFP 21 (Pls.' Ex. 6I, Doc. 58-3, pp. 42). Without waiving these and other objections, Defendant further responded that it

> reviewed the privileged documents in connection with this case and this request for production and has determined that only two of those documents are potentially responsive to Plaintiffs' request for all documents that refer to or relate to title to or ownership of Kingman Reef.

Def.'s Resp. to RFP 21 (Pls.' Ex. 6G, Doc. 58-3); Def.'s Suppl. Resp. to RFP 21 (Pls.' Ex. 6I, Doc. 58-3). Defendant identified those documents and the applicable privilege in its response to RFP 21, and also provided this information in a separately produced log of documents withheld as privileged. See Pls.' Ex. 6J (Doc. 58-3, pp. 52-55). Plaintiffs do not dispute that these documents were properly withheld from production due to privilege. Pls.' Mot. at 6.

RFPs 22 through 24, and Defendant's objections and responses to those RFPs follow this same pattern. RFP 22 seeks the production of documents that were identified on a privilege log dated January 12, 2006, and withheld from Defendant's initial disclosures in the QTA. RFP 23 seeks the production of documents that were identified on a privilege log dated November 26, 2006, and withheld from Defendant's third set of initial disclosures in the QTA. Finally, RFP 24 seeks the production of documents – including classified military documents – that were identified on a privilege log dated February 8, 2008, and withheld from Defendant's third set of initial disclosures in the QTA. See Pls.' Ex. 6F (Doc. 58-2) (Pls.' RFP Nos. 22-24); Pls.' Ex. 6B-D (QTA Priv. Logs). Defendant objected to each of these requests as exceeding the scope of discovery allowed by the Court (and other grounds), but agreed to review the requested documents to determine whether any of those documents were responsive to Plaintiffs' request

for all documents that refer or relate to title to or ownership of Kingman Reef or any other issue identified as within the scope of discovery allowed by the Court.

Through this process, Defendant identified a number of documents that were listed on the QTA privilege logs but in fact had been produced. Defendant identified those documents in its discovery responses and also informed Plaintiffs as to the location of the documents in the record. See Def.'s Suppl. Resp. to RFP 22 (Pls.' Ex. 6I, Doc. 58-3, pp. 44-45). Defendant also identified a number of documents that were potentially responsive to Plaintiffs' request for all documents that refer or relate to title or ownership of Kingman Reef. Defendant withdrew the deliberative process privilege assertion it made in the QTA as to three such documents and produced those documents to Plaintiffs. See Def.'s Suppl. Resp. to RFP 24 (Pls.' Ex. 6I, Doc. 58-3). The remaining responsive documents were identified as privileged in Defendant's discovery responses and in a separately produced privilege log.[5] See Def.'s Suppl. Resp. to RFPs 21-24 (Pls.' Ex. 6I); Def.'s Index of Withheld Docs. (Pls.' Ex. 6J, Doc. 58-3, pp. 52-55).

Plaintiffs now move for an order compelling a further response to RFP numbers 21 through 24. Specifically, Plaintiffs request that Defendant be ordered to produce the requested documents "without further delay if they are not privileged. If they are privileged, the government should be required to back up its privilege claims with the specific information required by law." Pls.' Mot. at 2. Plaintiffs also challenge Defendant's withholding of a single document (in both draft and final form) on the grounds of deliberative process. This document is identified on a supplemental privilege log dated April 8, 2008, and fully supported by a

[5]In addition to its formal discovery responses and objections, the process followed by Defendant in responding to RFPs 21 through 24 was explained to Plaintiffs in letters to Plaintiffs' counsel dated April 9, 2008 (Pls.' Ex. 6L), and April 28, 2008 (Pls.' Ex. 6N).

declaration from the Director of the U.S. Fish & Wildlife Service. Pls.' Ex. 6K (Doc. 58-3, pp. 56-66); Pls.' Ex. 6N (Doc. 58-3, pp. 77-83) (cover letter); Pls.' Ex. 6O (Doc. 58-3, pp. 84-87) (supporting declaration).

## II. ARGUMENT

It is well-established that questions regarding "the scope and conduct of discovery are . . . committed to the discretion of the trial court." Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984). In this case, given the significant jurisdictional issues presented by Plaintiffs' claims, the Court properly imposed limits on scope of discovery. Although Plaintiffs do not challenge those limitations directly, their motion to compel is based on the erroneous premise that, despite these clear limitations, they are entitled to conduct discovery and demand the production of all documents that pertain, in any way, to Kingman Reef. To the contrary, discovery has been limited, portions of Plaintiffs' RFP numbers 21 through 24 exceeded the scope of discovery allowed by the Court, and Defendant's objections and responses to those RFPs were thus properly presented. Plaintiffs' motion to compel seeks the production of a privilege log or the production of documents that are not discoverable within the meaning of RCFC 26(b), as limited by this Court's specific instructions to the parties. Accordingly, for the reasons set forth below, Plaintiffs' motion to compel should be denied.

### A. Discovery Has Been Limited by the Court

Discovery in this case is limited by the applicable rules of the Court as well as by the Court's specific orders regarding the scope of discovery.

Beginning with the Court's rules, RCFC 26(b) provides that

> [u]nless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged,

that is relevant to the claim or defense of any party . . . .

RCFC 26(b)(1). The rule further provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In addition, all discovery conducted under the Court's rules "is subject to the limitations imposed by RCFC 26(b)(2)(i), (ii), and (iii)." Id.

In this case, Plaintiffs' "claim" is that the government's designation of Kingman Reef as a national wildlife refuge constituted a taking of their private property interests in Kingman Reef. This claim is premised on the allegation that Plaintiffs acquired private title to Kingman Reef in 1922. The defenses asserted to this claim include: (1) that the Court lacks jurisdiction over Plaintiffs' takings claims because such claims accrued no later than 1938 and are thus time-barred by the applicable six-year statute of limitations; and (2) that Plaintiffs did not acquire private title to Kingman Reef in 1922, as they allege, and thus have no private property rights to or interests in Kingman Reef. Def.'s Mot. to Dismiss (Doc. 15); Def.'s Answer, p. 23 (Doc. 7).

Under RCFC 26(b), unless otherwise limited by the Court's orders, Plaintiffs would be entitled to obtain discovery "regarding any matter, not privileged, that is relevant to" their takings claim or the defenses asserted to that claim. However, the scope of discovery otherwise allowed by RCFC 26(b) has been limited by the Court to the underlying question of ownership and title to Kingman Reef and the other issues identified above that relate or potentially relate to the significant jurisdictional issues in this case. Accordingly, the premise underlying Plaintiffs-motion – that they are entitled to the production of all documents that pertain in any way to Kingman Reef – is incorrect.[6] In addition, as set forth below, the RFPs at issue in this briefing

---

[6]Under RCFC 26(b)(1), the court also has discretion, for good cause shown, to expand the scope of discovery to allow "discovery of any matter relevant to the subject matter involved in

exceed the limitations imposed by the Courts' general rules and specific orders by requesting documents that are not discoverable in this case.

B. Plaintiffs' RFPs Seek Discovery on Matters That Exceed the Limited Scope of Discovery

Plaintiffs' motion requests that the Court order that the documents requested in RFPs 21 through 24 are "a part of the universe of documents in the Claims Court action[.]" Pls.' Mot. at 7. In other words, Plaintiffs seek a ruling from the Court that the requested documents are "discoverable" within the meaning of RCFC 26 and therefore subject to production under RCFC 34, which allows for the production of documents regarding matters "within the scope of RCFC 26(b)." However, Plaintiffs fail to establish any link between the requested documents and the issues on which discovery has been permitted. Instead, Plaintiffs describe the "precise issue" presented by their motion as "whether the government should be compelled to produce or properly establish as privileged certain documents already identified *as pertaining in some way* to Kingman Reef." Pls.' Mot. at 4 (emphasis added). See also Pls.' Mot. at 1 ("By this motion to compel, plaintiffs seek the production of 124 specific documents *that pertain to Kingman Reef*") (the privilege logs from the QTA "demonstrate that the [requested] documents *pertain to Kingman Reef*") (emphasis added). Plaintiffs' own description of the issue presented to the Court illustrates the erroneous premise of their motion – that they are entitled to conduct and obtain discovery on any matter that pertains in any way to Kingman Reef. To the contrary, as set forth above, discovery has been limited in this case to four discrete issues. Documents that are not relevant to any of these issues or that do not appear "reasonably calculated to lead to the

---

the action." There has been no such order in this case. Accordingly, Plaintiffs are not entitled to conduct discovery on "any matter relevant to" Kingman Reef.

discovery of admissible evidence" on those issues are not subject to discovery in this lawsuit.

The RFPs at issue in this case request the production of documents that were identified on privilege logs produced by Defendant in the district court action. These privilege logs identified documents that were withheld from production in connection with the initial disclosures in that case. Defendant's search for documents as part of its initial disclosures in the district court action was extremely broad. As Plaintiffs have been informed on numerous occasions, that search was for all documents pertaining to Kingman Reef. See Pls.' Ex. 6L (Doc. 58-3, p. 67-68) (Ltr. from K. Tardiff to T. Cannata and M. Ching, dated April 9, 2008); Def. Ex. 1 (Ltr. from D. Fitzgerald, DOJ Attorney, to T. Cannata, dated July 3, 2007, at pp. 1-2) ("As to the document production in this case, as we have said several times, our search and production has been limited to files and documents pertaining to Kingman Reef.").[7] The breadth of this search resulted in the disclosure of documents, as well as the identification of privileged documents, that pertain to Kingman Reef generally, but do not necessary relate to the quiet title claim and defenses at issue in the district court action, to the takings claim and defenses at issue in this case, or to the more limited issues on which discovery has been permitted in this case.

The discovery limits set by the Court in this case do not permit Plaintiffs to demand the production of all documents that simply "pertain" to Kingman Reef. Instead, under RCFC 26(b)(1), Plaintiffs may only obtain discovery regarding "any matter, no privileged, that is relevant to" the four issues on which the Court has permitted discovery. Consistent with the applicable discovery rules and these limitations, Defendant properly objected to RFPs 21 through

[7]The letter of July 3, 2007, that is filed with this opposition brief as Defendant's Exhibit 1, was filed by Plaintiff KRAI in the district court action as part of its opposition to Defendant's motion to dismiss. See KRAI v. United States, No. 05-cv-151, PACER Doc. 123-3.

24 as exceeding the scope of discovery. Defendant then responded to the RFPs by reviewing each of the documents requested for the purposes of determining whether any of those documents were responsive to requests for production that fell within the scope of discovery, such as Plaintiffs' request for all documents related to title and ownership of Kingman Reef.[8] Any documents that were responsive to such requests or otherwise relevant to the issues on which the Court has permitted discovery were either produced or identified on a privilege log.

Plaintiffs' request that the Court find that the documents requested in RFPs 21 through 24 are subject to discovery in this action fails to establish any link between the requested documents and the issues on which discovery has been permitted. For example, the documents requested in RFPs 21 and 22 are mostly e-mails from 2000 and 2001. Pls.' Ex. 1-4, 6A, 6B and 6F. The descriptions of these documents in the QTA privilege logs show that the Department of the Interior documents requested in RFP 21 relate generally to the designation of Kingman Reef as a national wildlife refuge and that the Department of Navy documents requested in RFP 22 relate to the period of time preceding and encompassing the Department of Navy's transfer of Kingman Reef to the Department of the Interior. See Pls.' Ex. 6A-6B. Plaintiffs contend, in a conclusory manner, that "anything about this transaction is reasonably calculated to lead to the discovery of

---

[8]Plaintiffs suggest that Defendant should not be permitted to make a determination of whether the requested documents are responsive to discovery requests that fall within the scope of discovery or are otherwise relevant to the issues on which discovery has been permitted. Yet this is precisely the process that this Court's discovery rules contemplate. Relevancy, as defined in RCFC 26(b)(1), is a threshold requirement of all discovery. In responding to requests for the production of documents in any case, the responding party is not obligated or required to produce documents that are irrelevant to the claim or defense of any party. RCFC 26(b)(1). The determination of whether a document is responsive to a pending request and relevant within the meaning of RCFC 26(b)(1) is always made, in the first instance, by the responding party. In this case, Defendant is not required to produce documents that are not relevant to the issues on which the Court has permitted discovery.

admissible evidence of ownership." Pls.' Mot. at 10. However, to the extent that any documents pertaining generally to either the transfer of Kingman Reef from Navy to Interior, or the subsequent designation of Kingman Reef as a national wildlife refuge, make any reference to title or ownership issues, those documents have either been produced or identified as privileged.

To illustrate why all documents pertaining generally to the transfer of Kingman Reef from the Navy to Interior should be discoverable in this case, Plaintiffs point to an e-mail exchange that Defendant *did produce*. In the referenced e-mail of April 10, 2002, a Navy employee inquired regarding the status of Kingman Reef, commenting that "[t]he last I heard was that there was a snag over who actually owns it." Pls.' Ex. 6Q (Doc. 58-3, p. 91). Defendant also produced the responding e-mail, which states that "[o]n Kingman Reef, a law suit was filed by private parties claiming ownership." Id. Although this document has no relevance to the resolution of the underlying question of whether Plaintiffs acquired private title to Kingman Reef in 1922, as they allege in their Complaint and as they must prove in this case, Defendant employed the broad definition of relevance set forth in RCFC 26(b)(1) and produced the document because it makes reference to the ownership of Kingman Reef. Contrary to demonstrating why all of the documents requested in RFPs 21 through 24 should be deemed discoverable in this case, the production of these e-mails by Defendant demonstrates the Defendant has fully complied with the rules and Court orders regarding discovery by producing (or identifying as privileged) documents that are arguably relevant to the issues on which discovery has been permitted, or that appear reasonably calculated to lead to the discovery of admissible evidence on those issues. Nothing more is required in this case.

Similarly, Plaintiffs demand the production of all documents that generally relate to the Navy's regulation of access to Naval Defensive Sea Areas. Pls.' Mot. at 11. Again, to illustrate

why the Court should compel the discovery of all such documents, Plaintiffs point to a document actually produced by Defendant that relates to access and also makes reference to ownership. Id. Once again, Plaintiffs' example demonstrates Defendant's compliance with the rules and the Court's orders regarding discovery in this case. The example does not demonstrate that documents requested in RFP 23 are otherwise discoverable. Indeed, Defendant reviewed these documents and confirmed in its response to RFP 23 that the requested documents "do not relate or refer to title or ownership of Kingman Reef, or to any other issue identified as within the limited scope of discovery allowed by the Court." Def.'s Suppl. Resp. to RFP 23 (Pls.' Ex. 6I, Doc. 58-3). Plaintiffs' motion fails to establish that the requested documents are related to any issue on which discovery has been allowed.[9]

Finally, Plaintiffs contend that Defendant should be required to produce the documents requested in RFPs 21 to 24 simply because the burden of producing those documents, or identifying those documents as privileged, is small given the prior proceedings in the district court action. This argument ignores the fact that the documents in question are not subject to discovery in this case. Some of the requested documents were withheld in the district court

---

[9]Although Defendant has not formally asserted privileges in this case for documents that are not discoverable in connection with this case, Defendant notes that several of the documents requested in RFP 23 were identified in the QTA as classified military documents. Such documents may be subject to the states secrets privilege which, when invoked, is an "absolute privilege" that cannot be overcome even by a showing of a "compelling need" for the documents. Marriott Int'l Resorts L.P. v. United States, 437 F.3d 1302, 1307 (Fed. Cir. 2006). The process for formally invoking the states secrets privilege is a time-consuming process that involves obtaining a supporting declaration from the head of the agency in question, in this case the Secretary of the Navy. Id. at 1306. Plaintiffs' attempt to force Defendant to assert its states secrets privilege and defend that privilege in this case as to documents that have no bearing on any of the limited issues on which discovery has been permitted is patently unreasonable and unduly burdensome within the meaning of RCFC 26(b)(2), and should be soundly rejected by the Court.

action on grounds of deliberative process; others were withheld because they are classified military documents. Requiring Defendant to assert, support and defend those privileges with respect to documents that do not relate or pertain to the issues on which discovery has been permitted is unreasonable and burdensome. See n.10, *supra*.

In sum, Plaintiffs' motion to compel should be rejected. The portions of the RFPs at issue in that motion exceed the limited scope of discovery. Although the requested documents pertain to Kingman Reef generally, they do not pertain or relate to any of the issues on which discovery has been permitted. Accordingly, those documents are not subject to discovery in this case and Plaintiffs are not entitled to the production of those documents, or to the production of a privilege log as to those documents.

C. Defendant Is Not Required to Identify Privileged Documents That Are Not "Otherwise Discoverable" in this Case

Plaintiffs' thinly-veiled effort to force Defendant to assert privileges as to documents that are not discoverable in this case so that they can then challenge those privilege claims also contradicts the applicable discovery rules.

This Court's rule regarding the identification of privileged information states:

> [w]hen a party withholds information *otherwise discoverable* under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

RCFC 26(b)(5)(A) (emphasis added). There is no similar requirement for documents that are not "otherwise discoverable." As explained in the Advisory Committee Notes for the 1993 amendments to Fed. R. Civ. P. 26(b) – which is identical to RCFC 26(b) – "[t]he obligation to

provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" The Advisory Committee notes further explain that,

> If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Fed. R. Civ. P. 26(b), Advisory Committee Notes, 1993 Amendments.

In this case, the RFPs in question exceed the scope of discovery by demanding the production of documents that are not otherwise discoverable within the meaning of RCFC 26(b). Under the applicable discovery rules, Defendant is not required to conduct a privilege review of such documents, nor is it required to identify those documents as privileged under RCFC 26(b)(5)(A). Accordingly, Plaintiffs' motion to compel such a response should be denied.

If, however, the Court determines that the requested documents are discoverable in this case, the correct procedure is that described in the Advisory Committee notes quoted above. Specifically, upon such a determination, the Court should then instruct Defendant to produce any such documents that are not privileged and to identify those documents that are privileged. If Plaintiffs then wish to challenge Defendant's privilege claims, including, as appropriate, formal assertions of a privilege accompanied by a supporting declaration, it could do so based on the

privilege logs produced in this case.[10]

D. Defendant's Invocation of the Deliberative Process Privilege is Limited in Scope and Properly Supported

In section IV of their motion, Plaintiffs seek the production of a single document – in both draft and final form – identified in Defendant's supplemental privilege log and withheld under the deliberative process privilege. Pls.' Mot. at 16-17; Pls.' Ex. 5 (Doc. 58, p. 37).

The deliberative process protects "'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Dept. of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (citation omitted). The privilege is said to rest "on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance "the quality of agency decisions" . . . by protecting open and frank discussion among those who make them within the Government . . . ." Id. See also Sierra Club v. Kempthorne, 488 F. Supp.2d 1188, 1190 (S.D. Ala. 2007) (explaining that a document is deliberative "'if the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and, thereby, undermine the agency's ability to perform its functions'" (citation omitted)). In contrast, documents that state or explain a decision that already has been made are not protected by the deliberative process privilege. In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). In addition, the privilege does not protect information that is

[10]Defendant notes that with respect to the privilege claims made in connection with this case, Plaintiffs' motion only challenges Defendant's invocation of the deliberative process privilege as to a single document (in draft and final form). See Section II.D., *infra*. Plaintiffs' have not challenged Defendant's withholding of a number of documents as privileged attorney-client communications.

purely factual. Id.

The document sought by Plaintiffs is a memorandum from the Regional Director, Pacific Region, Fish & Wildlife Service ("FWS"), to the Director of the FWS on the subject of "Coral Reef Initiative in the Pacific: National Wildlife Refuge Boundaries." See Pls.' Ex. 6K (privilege log). The final, signed version of this memorandum is dated September 16, 1998. Id. Defendant withheld the memorandum, which is marked as "Confidential, Predecisional, Not for Distribution," but produced the 9-page attachment to this memo, which was factual in nature. Id.; Def. Ex. 3 (copy of attachment marked as US502-511).

This memorandum, in both draft and final form, falls squarely within the bounds of the deliberative process privilege. As set forth in the supporting declaration of H. Dale Hall, the Director of the FWS, "[i]n asserting the deliberative process privilege, FWS has narrowly limited its claim of privilege to those pre-decisional and deliberative documents the release of which would harm an important government interest by impairing the quality of administrative decision-making." Hall Decl., ¶ 5 (Pls.' Ex. 6O, Doc. 58-3, p. 85). Mr. Hall determined that the document at issue – in both its draft and final form – "primarily involved deliberative discussions rather than factual matters" and also involved "candid communications from FWS personnel at the field and regional levels to the FWS headquarters in Washington, D.C. and the Office of the Secretary of the Department of the Interior on issues related to establishment of the Kingman Reef National Wildlife Refuge." Id. Mr. Hall further stated that "[t]hese documents are a direct part of the deliberative process in that the authors make recommendations or express opinions on policy matters." Id. The description of the documents in question on Defendant's privilege log and the supporting declaration of H. Dale Hall establish that the documents in question were part of the deliberative process that preceded the decision to designate Kingman Reef as a national

wildlife refuge.

Once the elements of the deliberative process have been met, "the burden shifts to the party opposing the privilege to establish that its need for the information outweighs the interest of the government in preventing disclosure of the information." Cobell v. Norton, 213 F.R.D. 1, 5 (D.C. Cir. 2003). Plaintiffs have not met this burden.

Plaintiffs do not dispute that the elements of deliberative process are met with respect to the FWS memorandum. Pls.' Mot. at 17. Instead, Plaintiffs contend that the memorandum lost its protection after the Secretary of the Interior issued his final decision designating Kingman Reef as a national wildlife refuge. Pls.' Mot. at 17. In making this argument, Plaintiffs cite to case law stating that "'even if the document is predecisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public.'" Cobell, 213 F.R.D. at 5 (quoting Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)). Here, the 1998 memorandum in question and the earlier draft of that memorandum contain "candid communication" on issues related to the Interior's Coral Reef Initiative, including the establishment of the Kingman Reef National Wildlife Refuge. This memorandum was not adopted as the agency position on any issue, nor was the memorandum used by the agency in its dealings with the public. Instead, the decision of the Secretary to designate Kingman Reef as a national wildlife refuge is documented in the Secretary's decision of January 18, 2001 (Compl. Ex. 39, Doc. 13, p. 78), and in the administrative record supporting that decision.[11]

---

[11] A number of documents contained in the Administrative Record for the Establishment of the Kingman Reef National Wildlife Refuge have been filed by the parties in this case. See Def. Ex. 4 (Certification of Administrative Record). For example, in addition to the Secretary's order, the record includes the Finding of No Significant Impact related to that decision (Compl.

Documentation containing an agency's deliberative process preceding a final decision does not lose its protection simply because a decision is eventually made. To the contrary, the purpose of protecting an agency's deliberative process is "to enhance 'the quality of agency decisions' . . . by protecting open and frank discussion among those who make them within the Government . . . ." Klamath, 532 U.S. at 8-9. To require the disclosure of an agency's candid internal discussions after the decision under discussion has been made would "stifle [the] honest and frank communications within the agency" that the privilege is intended to protect. Dairyland Power Co-op v. United States, 79 Fed. Cl. 709, 719 (2007).

Plaintiffs have not met their burden of establishing that, in connection with the limited discovery that the Court has allowed, it requires disclosure of deliberative process related to the decision to designate Kingman Reef as a national wildlife refuge, particularly where Plaintiffs have been provided with the decision itself, the administrative record related to that decision, and the 9-page factual attachment to the privileged memoranda. Plaintiffs' motion to compel the production of the documents withheld in this case on deliberative process grounds should therefore be denied.

## III. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' motion to compel in its entirety.

---

Ex. 38), the Environmental Assessment for the Proposed Kingman Reef National Wildlife Refuge (Compl. Ex. 33), the Preliminary Project Proposal (Compl. Ex. 22), a memorandum authorizing the proposal to proceed with the planning phase for the proposal (Compl. Ex. 23), a news release seeking public comment on the proposal (Compl. Ex. 35), and comment letters (Compl. Ex. 36).

Dated: June 23, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL (603) 230-2583
FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

OF COUNSEL:

MARIEL COMBS
United States Department of the Interior
Office of the Solicitor
Pacific Northwest Region
500 NE Multnomah St., Suite 607
Portland, OR 97232

FRANK R. JIMENEZ
General Counsel
ROBERT J. SMITH
Assistant Chief (Environmental Litigation)
Navy Litigation Office
720 Kennon Street, SE, Room 236
Washington Navy Yard, DC 20374-5013